IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | Civil Action No. 2:18-cv-00722-RCM |
| Plaintiffs, | The Honorable Robert C. Mitchell |
| v. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Defendant. | |

## ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM

AND NOW COMES Defendant Pennsylvania Skill Games, LLC ("Pennsylvania Skill Games"), by and through its undersigned counsel, and files the following Answer and Affirmative Defenses and Counterclaim to Plaintiffs POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic's ("POM of Pennsylvania") and Savvy Dog Systems, LLC's ("Savvy Dog") Complaint.

### ANSWER

### NATURE OF THE ACTION

1.      The averments of Paragraph 1 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the averments of Paragraph 1 of POM of Pennsylvania's and Savvy Dog's Complaint are denied.

### PARTIES

2.      After reasonable investigation, Pennsylvania Skill Games lacks knowledge or information sufficient to form a belief about the truth of the averments of Paragraph 2 of POM of Pennsylvania's and Savvy Dog's Complaint, and therefore, they are denied.

13105531v1

3. After reasonable investigation, Pennsylvania Skill Games lacks knowledge or information sufficient to form a belief about the truth of the averments of Paragraph 3 of POM of Pennsylvania's and Savvy Dog's Complaint, and therefore, they are denied.

4. Admitted in part. Denied in part. By way of further response, it is admitted that Pennsylvania Skill Games is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 1 Constitution Boulevard, Aliquippa, PA 15001. By way of further response, after reasonable investigation, Pennsylvania Skill Games lacks knowledge or information sufficient to form a belief about the truth of the averments of Paragraph 4 of POM of Pennsylvania's and Savvy Dog's Complaint regarding the alleged January 1, 2017 license agreement by and between Savvy Dog and POM of Pennsylvania, and therefore, they are denied. By way of further response, it is denied that Savvy Dog is the owner of the Marks (as that term is defined in POM of Pennsylvania's and Savvy Dog's Complaint) and that POM of PA is the exclusive licensee of the Marks.

**JURISDICTION AND VENUE**

5. The averments of Paragraph 5 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required. To the extent a response is required, the averments of Paragraph 5 of POM of Pennsylvania's and Savvy Dog's Complaint are denied.

6. The averments of Paragraph 6 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required. To the extent a response is required, it is admitted that Pennsylvania Skill Games is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 1 Constitution Boulevard, Aliquippa, PA 15001. By way of further response, the

13105531v1

remaining averments of Paragraph 6 of POM of Pennsylvania's and Savvy Dog's Complaint are denied.

## FACTS

7.      After reasonable investigation, Pennsylvania Skill Games lacks knowledge or information sufficient to form a belief about the truth of the averments of Paragraph 7 of POM of Pennsylvania's and Savvy Dog's Complaint, and therefore, they are denied.  By way of further response, it is admitted that POM of Pennsylvania's alleged predecessor-in-interest, Pace-O-Matic, Inc. ("Pace-O-Matic"), designs and manufactures hardware, electronic components, and software for electronic video game machines.  By way of further response, it is denied that Pace-O-Matic's electronic video game machines conform to the requirements of Pennsylvania law.

8.      After reasonable investigation, Pennsylvania Skill Games lacks knowledge or information sufficient to form a belief about the truth of the averments of Paragraph 8 of POM of Pennsylvania's and Savvy Dog's Complaint, and therefore, they are denied.  By way of further response, it is admitted that Pace-O-Matic markets its electronic video game machines using the PENNSYLVANIA SKILL trademark and that it has done so since 2013 with Pennsylvania Skill Games' permission, which permission was given conditioned on Pace-O-Matic fulfilling its obligations under an oral agreement reached with Pennsylvania Skill Games in 2013.

9.      After reasonable investigation, Pennsylvania Skill Games lacks knowledge or information sufficient to form a belief about the truth of the averments of Paragraph 9 of POM of Pennsylvania's and Savvy Dog's Complaint regarding the alleged June 1, 2017 license agreement between Savvy Dog and POM of Pennsylvania, and therefore, they are denied.  By way of further response, it is denied that Savvy Dog is the owner of the Marks and that POM of PA is the exclusive licensee of the Marks.

13105531v1

10. After reasonable investigation, Pennsylvania Skill Games lacks knowledge or information sufficient to form a belief about the truth of the averments of Paragraph 10 of POM of Pennsylvania's and Savvy Dog's Complaint, and therefore, they are denied. By way of further response, it is admitted that Pace-O-Matic markets its electronic video game machines in Pennsylvania using the PENNSYLVANIA SKILL trademark in combination with design elements, and that it has done so since 2013 with Pennsylvania Skill Games' permission, which permission was given conditioned on Pace-O-Matic fulfilling its obligations under an oral agreement reached with Pennsylvania Skill Games in 2013.

11. After reasonable investigation, Pennsylvania Skill Games lacks knowledge or information sufficient to form a belief about the truth of the averments of Paragraph 11 of POM of Pennsylvania's and Savvy Dog's Complaint, and therefore, they are denied. By way of further response, it is admitted that Pace-O-Matic and Miele Manufacturing, Inc. ("Miele Manufacturing") sell and distribute electronic video game machines throughout the Commonwealth of Pennsylvania to various individuals and entities, including Pennsylvania Skill Games.

12. Denied. The averments of Paragraph 12 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required. To the extent a response is required, the averments of Paragraph 12 of POM of Pennsylvania's and Savvy Dog's Complaint are denied. By way of further response, it is denied that Savvy Dog is the owner of the Marks and that POM of PA is the exclusive licensee of the Marks.

13. Denied as stated. By way of further response, it is only admitted that Pennsylvania Skill Games has purchased hardware, electronic components, and software for electronic video game machines from Pace-O-Matic and Miele pursuant to an oral agreement

13105531v1

entered into by and between Pennsylvania Skill Games and Pace-O-Matic in 2013 and an Equipment Purchase Agreement entered into by and between Pennsylvania Skill Games and Pace-O-Matic and Miele on May 20, 2015.

14.    Denied as stated.  By way of further response, it is only admitted that Pennsylvania Skill Games maintains a website, www.pennsylvaniaskillgames.com, through which it advertises, markets, and promotes its electronic video game machines.  By way of further response, the remaining of Paragraph 14 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the remaining averments of Paragraph 14 of POM of Pennsylvania's and Savvy Dog's Complaint are denied.

15.    Admitted.  By way of further response, the Trademark Applications (as that term is defined in POM of Pennsylvania's and Savvy Dog's Complaint) speak for themselves.  To the extent the averments of Paragraph 15 of POM of Pennsylvania's and Savvy Dog's Complaint misstate or mischaracterize the Trademark Applications, the same are denied.

16.    Denied.  The averments of Paragraph 16 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the averments of Paragraph 16 of POM of Pennsylvania's and Savvy Dog's Complaint are denied.

17.    Denied.  The averments of Paragraph 17 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the averments of Paragraph 17 of POM of Pennsylvania's and Savvy Dog's Complaint are denied.  By way of further response, it is denied that POM of Pennsylvania or Savvy Dog owns the Marks.

13105531v1

18.     Denied as stated.  By way of further response, it is only admitted that Pace-O-Matic, with the assistance of Pennsylvania Skill Games, successfully litigated the legality of certain electronic video game machines in the Court of Common Pleas of Beaver County, Pennsylvania at Docket No. MD-965-2013 (*In re Pace-O-Matic Equipment, Terminal ID No. 142613*) (the "Beaver County Criminal Case").

19.     Admitted in part.  Denied in part.  By way of further response, it is only admitted that the PENNSYLVANIA SKILL trademark is distinctive to the public and the electronic video game machine industry.  By way of further response, it is denied that POM of Pennsylvania or Savvy Dog owns the Marks.

20.     After reasonable investigation, Pennsylvania Skill Games lacks knowledge or information sufficient to form a belief about the truth of the averments of Paragraph 20 of POM of Pennsylvania's and Savvy Dog's Complaint, and therefore, they are denied.  By way of further response, is denied that POM of Pennsylvania or Savvy Dog owns the Marks.

21.     After reasonable investigation, Pennsylvania Skill Games lacks knowledge or information sufficient to form a belief about the truth of the averments of Paragraph 21 of POM of Pennsylvania's and Savvy Dog's Complaint, and therefore, they are denied.  By way of further response, it is admitted that Pace-O-Matic and Miele distribute and sell electronic video game machines using the Marks to various individuals and entities, including Pennsylvania Skill Games.

22.     After reasonable investigation, Pennsylvania Skill Games lacks knowledge or information sufficient to form a belief about the truth of the averments of Paragraph 22 of POM of Pennsylvania's and Savvy Dog's Complaint, and therefore, they are denied.  By way of further response, it is admitted that Pace-O-Matic and Miele distribute and sell electronic video

13105531v1

game machines using the Marks to various individuals and entities, including Pennsylvania Skill Games.

23.     After reasonable investigation, Pennsylvania Skill Games lacks knowledge or information sufficient to form a belief about the truth of the averments of Paragraph 23 of POM of Pennsylvania's and Savvy Dog's Complaint, and therefore, they are denied.  By way of further response, it is denied that Pace-O-Matic's electronic video game machines comply with Pennsylvania law.

24.     Admitted in part.  Denied in part.  By way of further response, it is only admitted that the PENNSYLVANIA SKILL trademark is distinctive to the public and the video game machine industry.  By way of further response, it is denied that POM of Pennsylvania or Savvy Dog owns the Marks.

**COUNT ONE**
**FALSE DESIGNATION OF ORIGIN**
**15 U.S.C. §§ 1125 et seq.**

25.     The averments of Paragraph 25 of POM of Pennsylvania's and Savvy Dog's Complaint do not require a response.

26.     Denied as stated.  By way of further response, it is only admitted Pennsylvania Skill Games is engaged in the operation of electronic video game machines and that it sells and operates electronic video game machines in Beaver County and elsewhere.

27.     Denied as stated.  By way of further response, it is only admitted that Pennsylvania Skill Games filed the Trademark Applications.  By way of further response, the Trademark Applications speak for themselves.  To the extent the averments of Paragraph 27 of POM of Pennsylvania's and Savvy Dog's Complaint misstate or mischaracterize the Trademark Applications, the same are denied.

13105531v1

28. Denied as stated. By way of further response, the Trademark Applications speak for themselves. To the extent the averments of Paragraph 27 of POM of Pennsylvania's and Savvy Dog's Complaint misstate or mischaracterize the Trademark Applications, the same are denied.

29. Denied. By way of further response, is denied that POM of Pennsylvania or Savvy Dog owns the Marks.

30. Denied as stated. By way of further response, Pennsylvania Skill Games' Trademark Applications and the trademark applications filed by Savvy Dog speak for themselves. To the extent the averments of Paragraph 30 of POM of Pennsylvania's and Savvy Dog's Complaint misstate or mischaracterize the Trademark Applications, the same are denied. By way of further response, is denied that POM of Pennsylvania or Savvy Dog owns the Marks.

31. Denied. The averments of Paragraph 31 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required. To the extent a response is required, the averments of Paragraph 31 of POM of Pennsylvania's and Savvy Dog's Complaint are denied. By way of further response, is denied that POM of Pennsylvania or Savvy Dog owns the Marks. By way of further response, it is denied that Pennsylvania Skill Games is infringing upon the Marks.

32. Denied. The averments of Paragraph 32 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required. To the extent a response is required, the averments of Paragraph 32 of POM of Pennsylvania's and Savvy Dog's Complaint are denied. By way of further response, is denied that POM of Pennsylvania or Savvy Dog owns the Marks.

13105531v1

33. Denied. By way of further response, the averments of Paragraph 33 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required. To the extent a response is required, after reasonable investigation, Pennsylvania Skill Games lacks knowledge or information sufficient to form a belief about the truth of the averments of Paragraph 33 of POM of Pennsylvania's and Savvy Dog's Complaint, and therefore, they are denied.

34. Denied. The averments of Paragraph 34 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required. To the extent a response is required, the averments of Paragraph 34 of POM of Pennsylvania's and Savvy Dog's Complaint are denied. By way of further response, it is admitted that Pennsylvania Skill Games distributes and operates electronic video game machines using its PENNSYLVANIA SKILL trademark.

35. Denied. The averments of Paragraph 35 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required. To the extent a response is required, the averments of Paragraph 35 of POM of Pennsylvania's and Savvy Dog's Complaint are denied.

36. Denied. The averments of Paragraph 36 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required. To the extent a response is required, the averments of Paragraph 36 of POM of Pennsylvania's and Savvy Dog's Complaint are denied.

37. Denied. The averments of Paragraph 37 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required. To the extent a

response is required, the averments of Paragraph 37 of POM of Pennsylvania's and Savvy Dog's Complaint are denied.

38. Denied. The averments of Paragraph 38 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required. To the extent a response is required, the averments of Paragraph 38 of POM of Pennsylvania's and Savvy Dog's Complaint are denied.

39. Denied. The averments of Paragraph 39 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required. To the extent a response is required, the averments of Paragraph 39 of POM of Pennsylvania's and Savvy Dog's Complaint are denied.

40. Denied. The averments of Paragraph 40 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required. To the extent a response is required, the averments of Paragraph 40 of POM of Pennsylvania's and Savvy Dog's Complaint are denied.

41. Denied. The averments of Paragraph 41 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required. To the extent a response is required, the averments of Paragraph 41 of POM of Pennsylvania's and Savvy Dog's Complaint are denied.

42. Denied. The averments of Paragraph 42 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required. To the extent a response is required, the averments of Paragraph 42 of POM of Pennsylvania's and Savvy Dog's Complaint are denied.

WHEREFORE, Pennsylvania Skill Games, LLC demands that Judgment be entered in its favor and against POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic and Savvy Dog Systems, LLC.

**COUNT TWO**
**PENNSYLVANIA UNFAIR TRADE PRACTICES AND**
**CONSUMER PROTECTION LAW**
**73 P.S. §§ 201-1 et. seq.**

43.     The averments of Paragraph 43 of POM of Pennsylvania's and Savvy Dog's Complaint do not require a response.

44.     Denied.  The averments of Paragraph 44 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the averments of Paragraph 44 of POM of Pennsylvania's and Savvy Dog's Complaint are denied.

45.     Denied.  The averments of Paragraph 45 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the averments of Paragraph 45 of POM of Pennsylvania's and Savvy Dog's Complaint are denied.

46.     Denied.  The averments of Paragraph 46 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the averments of Paragraph 46 of POM of Pennsylvania's and Savvy Dog's Complaint are denied.

47.     Denied.  The averments of Paragraph 47 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the averments of Paragraph 47 of POM of Pennsylvania's and Savvy Dog's Complaint are denied.

48.     Denied.  The averments of Paragraph 48 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the averments of Paragraph 48 of POM of Pennsylvania's and Savvy Dog's Complaint are denied.

49.     Denied.  The averments of Paragraph 49 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the averments of Paragraph 49 of POM of Pennsylvania's and Savvy Dog's Complaint are denied.

WHEREFORE, Pennsylvania Skill Games, LLC demands that Judgment be entered in its favor and against POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic and Savvy Dog Systems, LLC.

**COUNT THREE**
**COMMON LAW TRADEMARK INFRINGEMENT**

50.     The averments of Paragraph 50 of POM of Pennsylvania's and Savvy Dog's Complaint do not require a response.

51.     Denied.  The averments of Paragraph 51 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the averments of Paragraph 51 of POM of Pennsylvania's and Savvy Dog's Complaint are denied.  By way of further response, is denied that POM of Pennsylvania or Savvy Dog owns the Marks.

52.     Denied.  The averments of Paragraph 52 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the averments of Paragraph 52 of POM of Pennsylvania's and Savvy Dog's

13105531v1

Complaint are denied. By way of further response, is denied that POM of Pennsylvania or Savvy Dog owns the Marks.

53.     Denied. The averments of Paragraph 53 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required. To the extent a response is required, the averments of Paragraph 53 of POM of Pennsylvania's and Savvy Dog's Complaint are denied. By way of further response, is denied that POM of Pennsylvania or Savvy Dog owns the Marks.

54.     Denied. The averments of Paragraph 54 of POM of Pennsylvania's and Savvy Dog's Complaint contain legal conclusions to which no response is required. To the extent a response is required, the averments of Paragraph 54 of POM of Pennsylvania's and Savvy Dog's Complaint are denied.

WHEREFORE, Pennsylvania Skill Games, LLC demands that Judgment be entered in its favor and against POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic and Savvy Dog Systems, LLC.

## COUNT FOUR
## DECLARATORY JUDGMENT

55.     The averments of Paragraph 55 of POM of Pennsylvania's and Savvy Dog's Complaint do not require a response.

56.     Admitted.

57.     Admitted in part. Denied in part. It is only admitted that Pennsylvania Skill Games filed the Trademark Applications, which speak for themselves. By way of further response, is denied that POM of Pennsylvania or Savvy Dog owns the Marks.

58.     Admitted. By way of further response, Pennsylvania Skill Games is the owner of the PENNSYLVANIA SKILL trademark as used in several forms, including, without limitation,

13105531v1

a stylized form and a standard character word form, used on or in connection with certain goods and services, including but not limited to electronic gaming machines, as well as all right, title, and interest in common law rights from uses on goods and services for which registrations have not yet been obtained.  By way of further response, is denied that POM of Pennsylvania or Savvy Dog owns the Marks.

59.     Denied as stated.  By way of further response, 28 U.S.C. § 2201 is a federal statute which speaks for itself.  To the extent the averments of Paragraph 59 of POM of Pennsylvania's and Savvy Dog's Complaint misstate or mischaracterize 28 U.S.C. § 2201, the same are denied.  By way of further response, is denied that POM of Pennsylvania or Savvy Dog owns the Marks.

WHEREFORE, Pennsylvania Skill Games, LLC demands that Judgment be entered in its favor and against POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic and Savvy Dog Systems, LLC.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.     POM of Pennsylvania's and Savvy Dog's Complaint fails to state claims, in whole or in part, upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.     POM of Pennsylvania's and Savvy Dog's claims are barred, in whole or in part, because POM of Pennsylvania and Savvy Dog do not own the Marks.

### THIRD AFFIRMATIVE DEFENSE

3.     POM of Pennsylvania's and Savvy Dog's claims are barred, in whole or in part, because Pennsylvania Skill Games is the owner of the PENNSYLVANIA SKILL trademark as

13105531v1

used in several forms, including, without limitation, a stylized form and a standard character word form, used on or in connection with certain goods and services, including but not limited to electronic gaming machines, as well as all right, title, and interest in common law rights from uses on goods and services for which registrations have not yet been obtained.

## FOURTH AFFIRMATIVE DEFENSE

4.    POM of Pennsylvania's and Savvy Dog's claims are barred, in whole or in part, because Pennsylvania Skill Games is the source of the goods and services that are the subject of POM of Pennsylvania's and Savvy Dog's Complaint.

## FIFTH AFFIRMATIVE DEFENSE

5.    POM of Pennsylvania's and Savvy Dog's claims are barred, in whole or in part, because POM of Pennsylvania and Savvy Dog have sold and/or distributed electronic video game machines that contain games of chance and software plays which are not compliant with Pennsylvania law, including but not limited to 18 Pa. C.S. § 5513.

## SIXTH AFFIRMATIVE DEFENSE

6.    POM of Pennsylvania's and Savvy Dog's claims are barred, in whole or in part, because POM of Pennsylvania is in breach of and/or POM of Pennsylvania and/or Savvy Dog have caused the breach of Pennsylvania Skill Games' 2013 oral agreement with Pace-O-Matic and May 20, 2015 Equipment Purchase Agreement with Pace-O-Matic and Miele Manufacturing.

## SEVENTH AFFIRMATIVE DEFENSE

7.    POM of Pennsylvania's and Savvy Dog's claims are barred, in whole or in part, because Pennsylvania Skill Games has not used any false designation of origin, false or

13105531v1

misleading description of fact, or false or misleading representation of fact which has caused or is likely to cause confusion, mistake, or deception.

## EIGHTH AFFIRMATIVE DEFENSE

8. POM of Pennsylvania's and Savvy Dog's claims are barred, in whole or in part, because Pennsylvania Skill Games has not used any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which misrepresents the nature, characteristics, qualities, or geographic origin of its or another person's goods, services, or commercial activities

## NINTH AFFIRMATIVE DEFENSE

9. POM of Pennsylvania's and Savvy Dog's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## TENTH AFFIRMATIVE DEFENSE

10. POM of Pennsylvania's and Savvy Dog's claims are barred, in whole or in part, by failure and/or lack of consideration.

## ELEVENTH AFFIRMATIVE DEFENSE

11. POM of Pennsylvania's and Savvy Dog's claims are barred, in whole or in part, because POM of Pennsylvania and Savvy Dog have not suffered any damages or losses, and any such damages or losses which POM of Pennsylvania and Savvy Dog are seeking were caused, in whole or in part, by POM of Pennsylvania's and Savvy Dog's own conduct, acts, or omissions.

## TWELFTH AFFIRMATIVE DEFENSE

12. POM of Pennsylvania's and Savvy Dog's claims are barred, in whole or in part, because POM of Pennsylvania and Savvy Dog have not suffered any damages or losses, and any such damages or losses which POM of Pennsylvania and Savvy Dog are seeking were caused, in

13105531v1

whole or in part, by superseding, independent, unforeseeable, and/or intervening events, acts, or omissions of others not within the control or legal responsibility of Pennsylvania Skill Games.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.   POM of Pennsylvania's and Savvy Dog's claims are barred, in whole or in part, because POM of Pennsylvania and Savvy Dog failed to mitigate their damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.   POM of Pennsylvania's and Savvy Dog's claims are barred, in whole or in part, as a result of a failure of a condition precedent.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.   POM of Pennsylvania's and Savvy Dog's claims are barred, in whole or in part, as a result of a supervening impossibility or impracticality.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.   POM of Pennsylvania's and Savvy Dog's claims are barred, in whole or in part, because Pennsylvania Skill Games has complied in all respects with the terms and conditions of its 2013 oral agreement with Pace-O-Matic and its May 20, 2015 Equipment Purchase Agreement with Pace-O-Matic and Miele Manufacturing.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.   POM of Pennsylvania's and Savvy Dog's claims are barred, in whole or in part, by the doctrine of laches.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.   POM of Pennsylvania's and Savvy Dog's claims are barred, in whole or in part, by the doctrine of acquiescence.

13105531v1

## NINETEENTH AFFIRMATIVE DEFENSE

19.     POM of Pennsylvania's and Savvy Dog's claims are barred, in whole or in part, by the doctrine of ratification.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     POM of Pennsylvania's and Savvy Dog's claims are barred, in whole or in part, by the doctrine of unclean hands.

## COUNTERCLAIM

## THE PARTIES

1.     Pennsylvania Skill Games is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 1 Constitution Boulevard, Aliquippa, Pennsylvania 15001.

2.     POM of Pennsylvania is, according to its Complaint, a limited liability company organized and existing under the laws of the State of Wyoming, with its principal place of business in Duluth, Georgia, and the successor-in-interest to Pace-O-Matic

3.     Savvy Dog is, according to its Complaint, a limited liability company organized and existing under the laws of the State of Wyoming, with its principal place of business in Duluth, Georgia.

## JURISDICTION AND VENUE

4.     This Court has personal jurisdiction over POM of Pennsylvania and Savvy Dog pursuant to 42 Pa. C.S. § 5322 because each has, according to its Complaint, individually and in concert each other, (a) transacted business in the Commonwealth of Pennsylvania, (b) offered to and contracted to supply goods or services in the Commonwealth of Pennsylvania, and/or (c)

13105531v1

caused harm or tortious injury in the Commonwealth of Pennsylvania by an act or omission in or outside of the Commonwealth of Pennsylvania.

5.      This Court has subject matter jurisdiction over Pennsylvania Skill Games' claims against POM of Pennsylvania and Savvy Dog pursuant to 28 U.S.C. § 1332 because (1) complete diversity of citizenship exists among the parties and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

6.      This Court also has subject matter jurisdiction over certain of Pennsylvania Skill Games' claims against POM of Pennsylvania and Savvy Dog pursuant to 28 U.S.C. § 1331 because the same arise under Section 43 of the Lanham Act, 15 U.S.C. § 1125.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events and omissions giving rise to Pennsylvania Skill Games' claims against POM of Pennsylvania and Savvy Dog occurred and/or continue to occur in this District.

## FACTUAL BACKGROUND

8.      Pennsylvania Skill Games is an operator of electronic video game machines.

9.      Pennsylvania Skill Games is the owner of the PENNSYLVANIA SKILL trademark as used in several forms, including, without limitation, a stylized form and a standard character word form, used on or in connection with certain goods and services, including but not limited to electronic gaming machines, as well as all right, title, and interest in common law rights from uses on goods and services for which registrations have not yet been obtained.

10.      Since at least 2010, Pennsylvania Skill Games has used the PENNSYLVANIA SKILL trademark in connection with the advertising, marketing, and promotion, and operation, of its electronic video game machines throughout the Commonwealth of Pennsylvania.

11.    Pennsylvania Skill Games has expended significant resources in connection with the use of its PENNSYLVANIA SKILL trademark in advertising, marketing, and promoting, and operating, its electronic video game machines.

12.    As a result of Pennsylvania Skill Games' expenditure of significant resources in connection with the use of its PENNSYLVANIA SKILL trademark in advertising, marketing, and promoting, and operating, its electronic video game machines, the PENNSYLVANIA SKILL trademark has become distinctive with consumers and distributors, manufacturers, and operators in the electronic video game machine industry.

13.    As a result of Pennsylvania Skill Games' expenditure of significant resources in connection with the use of its PENNSYLVANIA SKILL trademark in advertising, marketing, and promotion, and operating, its electronic video game machines, the PENNSYLVANIA SKILL trademark has acquired goodwill and reputation with consumers and distributors, manufacturers, and operators in the electronic video game machine industry.

14.    As a result of Pennsylvania Skill Games' expenditure of significant resources in connection with the use of its PENNSYLVANIA SKILL trademark in advertising, marketing, and promotion, and operating, its electronic video game machines, Pennsylvania Skill Games has acquired common law and/or statutory rights in its PENNSYLVANIA SKILL trademark.

15.    In or about 2012 or 2013, Pennsylvania Skill Games approached Pace-O-Matic regarding the possibility of Pennsylvania Skill Games and Pace-O-Matic jointly developing electronic video game machines compliant with Pennsylvania law, and specifically, 18 Pa. C.S. § 5513.

13105531v1

16.     In or about 2013, Pennsylvania Skill Games entered into an oral agreement with Pace-O-Matic to jointly develop electronic video game machines compliant with Pennsylvania law, and specifically, 18 Pa. C.S. § 5513.

17.     Pennsylvania Skill Games and Pace-O-Matic agreed that Pace-O-Matic, with the assistance of Pennsylvania Skill Games and Miele Manufacturing, would design and manufacture the electronic video game machines.

18.     Pennsylvania Skill Games and Pace-O-Matic agreed that the electronic video game machines would be advertised, marketed, and promoted, and operated, using the PENNSYLVANIA SKILL trademark, and that Pennsylvania Skill Games and Pace-O-Matic would collaborate to develop a stylized form of PENNSYLVANIA SKILL for use in connection with the advertisement, marketing, and promotion, and operation, of the electronic video game machines.

19.     Pennsylvania Skill Games and Pace-O-Matic also agreed that Pennsylvania Skill Games would advertise, market, and promote, and operate, the electronic video game machines, and be granted an exclusive right to advertise, market, and promote, and operate, the electronic video games machines in Beaver County, Pennsylvania.

20.     Pennsylvania Skill Games and Pace-O-Matic jointly designed and developed the electronic video game machines, including a stylized form of the PENNSYLVANIA SKILL trademark for use in connection with the advertisement, marketing, and promotion, and operation, of the electronic video game machines.

21.     Pace-O-Matic and Pennsylvania Skill Games subsequently worked together to submit their electronic video game machines to a representative of the Pennsylvania Liquor

13105531v1

Control Board for an informal opinion as to whether the electronic video game machines complied with Pennsylvania law, and specifically, 18 Pa. C.S. § 5513.

22.    Pennsylvania Skill Games then placed one of the electronic video game machines at the American Italian Club of Aliquippa, an entity with whom it had a long standing relationship, and Pace-O-Matic and Pennsylvania Skill Games worked with the Pennsylvania Bureau of Liquor Control Enforcement to organize a "controlled pick up," i.e., a seizure of the electronic video game machine.

23.    Pace-O-Matic, with the assistance of Pennsylvania Skill Games, then challenged the Pennsylvania Bureau of Liquor Control Enforcement's seizure of the electronic video game machine and requested a return of the electronic video game machine in the Beaver County Criminal Case.

24.    Pace-O-Matic, with the assistance of Pennsylvania Skill Games, successfully litigated the legality of the electronic video game machines and obtained a return of the electronic video game machine. A true and correct copy of an Opinion authored by the Court of Common Pleas of Beaver County in the Beaver County Criminal Case is attached hereto as **Exhibit A**.

25.    In furtherance of the oral agreement entered into by and between Pennsylvania Skill Games and Pace-O-Matic in 2013, on or about May 20, 2015, Pennsylvania Skill Games, on the one hand, and Pace-O-Matic and Miele Manufacturing, on the other hand, entered into an Equipment Purchase Agreement which provided for Pace-O-Matic and Miele Manufacturing to sell, transfer, and assign to Pennsylvania Skill Games hardware, electronic components, and software for electronic video game machines compliant with Pennsylvania law, and specifically,

18 Pa. C.S. § 5513. A true and correct copy of the Equipment Purchase Agreement is attached hereto as **Exhibit B**.

26. Pursuant to the Equipment Purchase Agreement, Pace-O-Matic and Miele Manufacturing agreed to sell, transfer, and assign to Pennsylvania Skill Games "Compliant Terminals" and "Hardware Components," i.e., electronic video game machines that contain the skill games and software plays determined to be legal in the Beaver County Criminal Case.

27. Pursuant to the Equipment Purchase Agreement, Pace-O-Matic and Miele Manufacturing also agreed to sell software plays for its electronic video game machines to Pennsylvania Skill Games, and to use all reasonable efforts to ensure that Pennsylvania Skill Games has access to software plays for its electronic video game machines for as long as Pace-O-Matic and Miele Manufacturing are in the market.

28. Pennsylvania Skill Games specifically sought to purchase *only* Compliant Terminals, i.e., electronic video game machines that contain the skill games and software plays determined to be legal in the Beaver County Criminal Case.

29. The Equipment Purchase Agreement also contained a "Right of First Refusal" provision for the benefit of Pennsylvania Skill Games relating to the placement of electronic video game machines and the purchase of software plays in Beaver County. Pursuant to the Right of First Refusal Provision, if Pennsylvania Skill Games opted not to place electronic video game machines in certain Beaver County locations, then Pace-O-Matic and Miele Manufacturing, through another vendor, could place electronic video game machines in those locations.

30. Pace-O-Matic and Miele Manufacturing, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania and Savvy Dog, have sold,

transferred, and assigned to Pennsylvania Skill Games certain electronic video game machines that do not contain the skill games and software plays determined to be legal in the Beaver County Criminal Case in breach of the Equipment Purchase Agreement and which instead contain games of chance and software plays which are not in compliance with Pennsylvania law, and specifically 18 Pa. C.S. § 5513.

31. Pace-O-Matic and Miele Manufacturing, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania and Savvy Dog, have also sold, transferred, and assigned electronic video game machines to other vendors for distribution in Beaver County, without first giving notice to Pennsylvania Skill Games of their intention to sell, transfer, and assign the same and without providing Pennsylvania Skill Games an opportunity to exercise its Right of First Refusal in breach of the Equipment Purchase Agreement.

32. In doing so, Pace-O-Matic and Miele Manufacturing, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania and Savvy Dog, are using Pennsylvania Skill Games' PENNSYLVANIA SKILL trademark on the electronic video game machines sold, transferred, and assigned to other vendors for distribution in Beaver County, without Pennsylvania Skill Games' permission, which permission was given conditioned on Pace-O-Matic fulfilling its obligations under the parties' oral agreement and the Equipment Purchase Agreement.

33. Moreover, upon information and belief, Pace-O-Matic and Miele Manufacturing, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania and Savvy Dog, have sold, transferred, and assigned to other vendors certain electronic video game machines that do not contain the skill games and software plays determined to be legal in the Beaver County Criminal Case, and which instead contain games of

chance and software plays which are not in compliance with Pennsylvania law, and specifically 18 Pa. C.S. § 5513, to other vendors for distribution in Beaver County and elsewhere.

34.     In doing so, Pace-O-Matic and Miele Manufacturing, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania and Savvy Dog, are using Pennsylvania Skill Games' PENNSYLVANIA SKILL trademark on electronic video game machines that do not contain the skill games and software plays determined to be legal in the Beaver County Criminal Case, and which instead contain games of chance and software plays which are not in compliance with Pennsylvania law, and specifically 18 Pa. C.S. § 5513, and that are being sold, transferred, and assigned to other vendors for distribution in Beaver County and throughout Pennsylvania, without Pennsylvania Skill Games' permission, which permission was given conditioned on Pace-O-Matic fulfilling its obligations under the parties' oral agreement and the Equipment Purchase Agreement.

35.     Pace-O-Matic and Miele Manufacturing, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania and Savvy Dog, are using Pennsylvania Skill Games' PENNSYLVANIA SKILL trademark to advertise, market, and promote their electronic video game machines, including by representing that their electronic video game machines are the "only legal skill game in Pennsylvania that makes any money," and that it is "completely legal to pay cash prizes," despite having knowledge that their electronic video game machines do not contain the skill games and software plays determined to be legal in the Beaver County Criminal Case, and instead contain games of chance and software plays which are not in compliance with Pennsylvania law, and specifically 18 Pa. C.S. § 5513.

13105531v1

36.     Pace-O-Matic and, upon information and belief based upon the averments of its Complaint, POM of Pennsylvania, POM of Pennsylvania and Savvy Dog, are claiming to be the prior and/or current owners/licensees of the PENNSYLVANIA SKILL trademark.

37.     On or about May 30, 2018, Savvy Dog filed two (2) trademark applications in the United States Patent and Trademark Office, Serial No. 87941545 for the word mark PENNSYLVANIA SKILL and Serial No. 87941440 for the combination mark PENNSYLVANIA SKILL and design, falsely claiming trademark rights identical to those owned by Pennsylvania Skill Games in the PENNSYLVANIA SKILL trademark and sought by Pennsylvania Skill Games in its own Trademark Applications.

## COUNT I
## FALSE DESIGNATION OF ORIGIN
## VIOLATION OF § 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(A)

38.     Pennsylvania Skill Games incorporates the preceding Paragraphs of this Answer and Affirmative Defenses and Counterclaim as if the same were set forth fully herein.

39.     Pace-O-Matic and Miele Manufacturing, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania and Savvy Dog, are using Pennsylvania Skill Games' PENNSYLVANIA SKILL trademark on electronic video game machines sold, transferred, and assigned to other vendors for distribution in Beaver County and elsewhere, without Pennsylvania Skill Games' permission, which permission was given conditioned on Pace-O-Matic fulfilling its obligations under the parties' oral agreement and the Equipment Purchase Agreement.

40.     Pace-O-Matic and Miele Manufacturing, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania and Savvy Dog, are using Pennsylvania Skill Games' PENNSYLVANIA SKILL trademark on electronic video game

13105531v1

machines that do not contain the skill games and software plays determined to be legal in the Beaver County Criminal Case, and which instead contain games of chance and software plays which are not in compliance with Pennsylvania law, and specifically 18 Pa. C.S. § 5513, and that are being sold, transferred, and assigned to other vendors for distribution in Beaver County and elsewhere, without Pennsylvania Skill Games' permission, which permission was given conditioned on Pace-O-Matic fulfilling its obligations under the parties' oral agreement and the Equipment Purchase Agreement.

41. Pace-O-Matic and Miele Manufacturing, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania and Savvy Dog, are using Pennsylvania Skill Games' PENNSYLVANIA SKILL trademark to advertise their electronic video game machines and representing that their electronic video game machines are the "only legal skill game in Pennsylvania that makes any money," and that it is "completely legal to pay cash prizes."

42. The message conveyed by Pace-O-Matic and Miele Manufacturing, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania and Savvy Dog, is that their electronic video game machines are associated with Pennsylvania Skill Games and contain the skill games and software plays determined to be legal in the Beaver County Criminal Case.

43. Pace-O-Matic and Miele Manufacturing, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania and Savvy Dog, do not give any attribution to Pennsylvania Skill Games as the owner of the PENNSYLVANIA SKILL trademark.

44. Pace-O-Matic's and Miele Manufacturing's, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania's and Savvy Dog's, use of the PENNSYLVANIA SKILL trademark is likely to cause confusion, mistake, or deception with respect to the origin and/or sponsorship of the electronic video game machines.

45. Pace-O-Matic's and Miele Manufacturing's, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania's and Savvy Dog's, use of the PENNSYLVANIA SKILL trademark creates an unwanted association between Pace-O-Matic and Miele Manufacturing and POM of Pennsylvania and Savvy Dog and Pennsylvania Skill Games. Pennsylvania Skill Games has a right to be free from such unwanted association.

46. Pace-O-Matic's and Miele Manufacturing's, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania's and Savvy Dog's, use of the PENNSYLVANIA SKILL trademark occurred in interstate commerce and was made in connection with goods and services that are being offered for sale in interstate commerce.

47. Pace-O-Matic's and Miele Manufacturing's, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania's and Savvy Dog's, use of the PENNSYLVANIA SKILL trademark constitute a false designation of origin under the Lanham Act, and creates unwanted associations between Pace-O-Matic and Miele Manufacturing and POM of Pennsylvania and Savvy Dog and Pennsylvania Skill Games, each of which has proximately caused Pennsylvania Skill Games to suffer irreparable harm and incur damages, including without limitation damage to its reputation, and Pace-O-Matic and Miele Manufacturing, and upon information and belief, POM of Pennsylvania and Savvy Dog, have wrongfully profited from the foregoing.

13105531v1

WHEREFORE, Pennsylvania Skill Games, LLC respectfully requests that this Court enter Judgment in its favor on Count I of its Counterclaim against Defendants POM of Pennsylvania, LLC and Savvy Dog Systems, LLC and grant Pennsylvania Skill Games, LLC the relief set forth in its Prayer for Relief.

## COUNT II
## FALSE ADVERTISING
## VIOLATION OF § 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(A)

48.    Pennsylvania Skill Games hereby incorporates the preceding Paragraphs of this Answer and Affirmative Defenses and Counterclaim as if the same were set forth fully herein.

49.    Pace-O-Matic and Miele Manufacturing, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania and Savvy Dog, have made, and are continuing to make, literally false statements of fact regarding their electronic video game machines.

50.    In the alternative, Pace-O-Matic and Miele Manufacturing, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania and Savvy Dog, have made substantially misleading statements regarding their electronic video game machines.

51.    Pace-O-Matic and Miele Manufacturing, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania and Savvy Dog, have intentionally set out to deceive Pennsylvania Skill Games' existing and prospective customers with respect to the legality of their electronic video game machines.

52.    The deliberate conduct of Pace-O-Matic and Miele Manufacturing, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania and Savvy Dog, is egregious in nature.

53.   In the alternative, Pace-O-Matic's and Miele Manufacturing's, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania's and Savvy Dog's, false or misleading statements have the tendency to deceive a substantial portion of the intended audience of customers.

54.   Pace-O-Matic's and Miele Manufacturing's, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania's and Savvy Dog's, false or misleading statements are material in that they are likely to influence purchasing decisions.

55.   Pace-O-Matic's and Miele Manufacturing's, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania's and Savvy Dog's, electronic video game machines travel in interstate commerce.

56.   Pace-O-Matic's and Miele Manufacturing's, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania's and Savvy Dog's, false or misleading statements have proximately caused Pennsylvania Skill Games to suffer irreparable harm and incur damages, including without limitation damage to its reputation, and Pace-O-Matic and Miele Manufacturing, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania and Savvy Dog, have wrongfully profited from such false and misleading statements.

WHEREFORE, Pennsylvania Skill Games, LLC respectfully requests that this Court enter Judgment in its favor on Count II of its Counterclaim against Defendants POM of Pennsylvania, LLC and Savvy Dog Systems, LLC and grant Pennsylvania Skill Games, LLC the relief set forth in its Prayer for Relief.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

57.    Pennsylvania Skill Games hereby incorporates all preceding Paragraphs of this Complaint as if the same were fully set forth herein.

58.    Pennsylvania Skill Games is the owner of the PENNSYLVANIA SKILL trademark as used in several forms, including, without limitation, a stylized form and a standard character word form, used on or in connection with certain goods and services, including but not limited to electronic gaming machines, as well as all right, title, and interest in common law rights from uses on goods and services for which registrations have not yet been obtained.

59.    Pace-O-Matic and Miele Manufacturing, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania and Savvy Dog, have used Pennsylvania Skill Games' trademark rights without justification and without Pennsylvania Skill Games' license or permission.

60.    Pace-O-Matic and Miele Manufacturing, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania and Savvy Dog, have violated Pennsylvania Skill Games' trademark rights.

61.    Pace-O-Matic's and Miele Manufacturing's, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania's and Savvy Dog's, infringement has proximately caused Pennsylvania Skill Games to suffer irreparable harm and incur damages, including, without limitation, damage to its reputation, and Pace-O-Matic and Miele Manufacturing, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania and Savvy Dog, have wrongfully profited from their infringement.

13105531v1

WHEREFORE, Pennsylvania Skill Games, LLC respectfully requests that this Court enter Judgment in its favor on Count III of its Counterclaim against Defendants POM of Pennsylvania, LLC and Savvy Dog Systems, LLC and grant Pennsylvania Skill Games, LLC the relief set forth in its Prayer for Relief.

## COUNT IV
## BREACH OF CONTRACT

62.     Pennsylvania Skill Games hereby incorporates all preceding Paragraphs of this Complaint as if the same were fully set forth herein.

63.     By selling, transferring, and assigning to Pennsylvania Skill Games electronic video game machines that do not contain the skill games and software plays determined to be legal in the Beaver County Criminal Case and which instead contain games of chance and software plays which are not in compliance with Pennsylvania law, and specifically 18 Pa. C.S. § 5513, Pace-O-Matic and Miele Manufacturing, and upon information and belief based upon the averments of its Complaint, POM of Pennsylvania, have materially breached the terms and conditions of the Equipment Purchase Agreement.

64.     By selling, transferring, and assigning electronic video game machines to other vendors for distribution in Beaver County, without first giving notice to Pennsylvania Skill Games of their intention to sell, transfer, and assign the same and without providing Pennsylvania Skill Games an opportunity to exercise its Right of First Refusal, Pace-O-Matic and Miele Manufacturing, and upon information and belief based upon the averments of its Complaint, POM of Pennsylvania, have materially breached the terms and conditions of the Equipment Purchase Agreement.

65.     As a direct and proximate result of Pace-O-Matic's and Miele Manufacturing's, and upon information and belief based upon the averments of its Complaint, POM of

13105531v1

Pennsylvania's, material breaches of the terms and conditions of the Equipment Purchase Agreement, Pennsylvania Skill Games has suffered irreparable harm and damages.

WHEREFORE, Pennsylvania Skill Games, LLC respectfully requests that this Court enter Judgment in its favor on Count IV of its Counterclaim against Defendants POM of Pennsylvania, LLC and Savvy Dog Systems, LLC and grant Pennsylvania Skill Games, LLC the relief set forth in its Prayer for Relief.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

66.    Pennsylvania Skill Games hereby incorporates all preceding Paragraphs of this Complaint as if the same were set forth fully herein.

67.    Pace-O-Matic and Miele Manufacturing, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania and Savvy Dog, have engaged in common law unfair competition through deceptive marketing by placing Pennsylvania Skill Games' PENNSYLVANIA SKILL trademark on electronic video game machines without Pennsylvania Skill Games' permission.

68.    Pace-O-Matic and Miele Manufacturing, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania and Savvy Dog, have prepared and disseminated misleading information regarding their association with electronic video game machines without Pennsylvania Skill Games' permission.

69.    Pace-O-Matic's and Miele Manufacturing's, and upon information and belief based upon the averments of their Complaint, POM of Pennsylvania's and Savvy Dog's, unfair competition has proximately caused Pennsylvania Skill Games to suffer irreparable harm and incur damages, including, without limitation, damage to its reputation, and Pace-O-Matic and Miele Manufacturing, and upon information and belief based upon the averments of their

13105531v1

Complaint, POM of Pennsylvania and Savvy Dog, have wrongfully profited from their unfair competition.

WHEREFORE, Pennsylvania Skill Games, LLC respectfully requests that this Court enter Judgment in its favor on Count V against Defendants POM of Pennsylvania, LLC and Savvy Dog Systems, LLC and grant Pennsylvania Skill Games, LLC the relief set forth in its Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, Pennsylvania Skill Games, LLC demands Judgment in its favor and against POM of Pennsylvania, LLC and Savvy Dog Systems, LLC as follows:

    a.    For injunctive relief against POM of Pennsylvania, LLC and Savvy Dog Systems, LLC, as well as their officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them, prohibiting POM of Pennsylvania, LLC and Savvy Dog Systems, LLC from using and misappropriating Pennsylvania Skill Games, LLC's trademarks in connection with the advertising, marketing, and promoting, and operation of, electronic video game machines.

    b.    For injunctive relief against POM of Pennsylvania, LLC and Savvy Dog Systems, LLC, as well as their officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them, prohibiting POM of Pennsylvania, LLC and Savvy Dog Systems, LLC from further infringing on Pennsylvania Skill Games, LLC's trademarks;

c.    For an Order requiring Savvy Dog Systems, LLC to expressly abandon its Trademark Applications to the United States Patent and Trademark Office and to not challenge Pennsylvania Skill Games, LLC's Trademark Applications to the United States Patent and Trademark Office;

d.    For the imposition of a constructive trust on all profits and monies realized as a result of the conduct described throughout this Counterclaim;

c.    For joint and several liability among POM of Pennsylvania, LLC and Savvy Dog Systems, LLC;

d.    For restitution and disgorgement of monies acquired by POM of Pennsylvania, LLC and Savvy Dog Systems, LLC as a result of the conduct described throughout this Counterclaim;

e.    For compensatory damages, plus pre-judgment and post-judgment interest thereon at the maximum legal rate;

f.    For future lost profits; and

g.    For such other and further relief as the Court deems just and proper.

13105531v1

Respectfully submitted,

Dated: July 18, 2018

/s/ C. James Zeszutek

C. James Zeszutek, Esq.
Pa. I.D. No. 22071
Nicholas J. Godfrey, Esq.
Pa. I.D. No. 312031
DINSMORE & SHOHL LLP
1300 Six PPG Place
Pittsburgh, PA 15222
412.288.5861 (t)
412.281.5000 (f)
james.zeszutek@dinsmore.com
nicholas.godfrey@dinsmore.com

*Counsel for Pennsylvania Skill Games, LLC*

13105531v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses and Counterclaim was served upon the following this 18th day of July, 2018 via the Court's CM/ECF System:

> Julian E. Neiser, Esq.
> SPILMAN THOMAS & BATTLE, PLLC
> One Oxford Centre, Suite 3440
> 301 Grant Street
> Pittsburgh, PA  15219

/s/ C. James Zeszutek
C. James Zeszutek, Esq.

*Counsel for Pennsylvania Skill Games, LLC*

13105531v1