**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | Civil Action No. 2:18-cv-00722-RCM |
| Plaintiffs, | The Honorable Robert C. Mitchell |
| v. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Defendant. | |

**Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES**

1.      **Identification of counsel and unrepresented parties**.  Set forth the names,  addresses, telephone and fax numbers and e-mail addresses of each unrepresented  party and of each counsel and identify the parties whom such counsel represent:

*Plaintiffs POM OF PENNSYLVANIA, LLC and SAVVY DOG SYSTEMS, LLC,* represented by:

Julian E. Neiser (Pa. Id. No. 87306)
SPILMAN THOMAS & BATTLE, PLLC
One Oxford Centre, Suite 3440
301 Grant Street
Pittsburgh, PA  15219
Telephone (412) 325-1116
Fax  (412) 325-3324
jneiser@spilmanlaw.com

*Defendant PENNSYLVANIA SKILL GAMES, LLC*, represented by:

C. James Zeszutek, Esq.
Pa. I.D. No. 22071
Nicholas J. Godfrey, Esq.
Pa. I.D. No. 312031
DINSMORE & SHOHL LLP
1300 Six PPG Place
Pittsburgh, PA 15222
412.281.5000 (t)
412.281.5055 (f)
james.zeszutek@dinsmore.com
nicholas.godfrey@dinsmore.com

2.   **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc.):

This case arises out of out of a dispute regarding the ownership and use of the common law trademark/service mark "PENNSYLVANIA SKILL" and the ownership and the designation of the origin and creation of the PENNSYLVANIA SKILL game.

3.   **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

The Rule 26(f) conference was held by telephone conference call on August 3, 2018, beginning at 10:00 a.m. Present during the entire conference was Julian E. Neiser and Theo A. Collins for the Plaintiffs and Nicholas J. Godfrey for the Defendant.

4.   **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court**: (Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

The Rule 16 Initial Scheduling Conference has been scheduled by the Court to be held on August 27, 2018 at 1:30 p.m., in Courtroom 9B, Room 9240, Joseph F. Weis, Jr. U.S. Courthouse, 7th Avenue and Grant Street, Pittsburgh, PA 15219.

5.   **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

None is anticipated.

6.   **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

The parties have discussed and selected Mediation, following the completion of at least some discovery.

7.   **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court**:

The parties have agreed to exchange Fed. R. Civ. P. Rule 26(a) Disclosures on or before August 24, 2018.

8. **Subjects on which fact discovery may be needed**.  (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

The parties anticipate needing fact discovery regarding the ownership and use of the common law trademark/service mark "PENNSYLVANIA SKILL," as well as the parties' contractual relationship.

9. **Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery.  In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below.  The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date.  Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

The parties have elected by agreement to schedule a Post-Discovery Status Conference at the conclusion of Fact Discovery.

   a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**  August 24, 2018

   b. **Date by which any additional parties shall be joined:**  October 5, 2018

   c. **Date by which the pleadings shall be amended:**  October 5, 2018

   d. **Date by which fact discovery should be completed:**  February 4, 2018

   e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**  N/A

   f. **Date by which plaintiffs'/counterclaim plaintiff's expert reports should be filed:**  N/A

   g. **Date by which depositions of plaintiffs'/counterclaim plaintiff's expert(s) should be completed:**  N/A

h.  **Date by which defendant's/counterclaim defendants' expert reports should be filed:** N/A

i.  **Date by which depositions of defendant'/counterclaim defendants' expert(s) should be completed: N/A**

j.  **Date by which third party expert's reports should be filed:** N/A

k.  **Date by which depositions of third party's expert(s) should be completed:** N/A

10. **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations**:

The parties have agreed to exchange Fed. R. Civ. P. Rule 26(a) Disclosures on or before August 24, 2018.

11. **Please answer the following questions in regard to the discovery of electronically stored information ("ESI")**:

a.  **ESI.** Is either party seeking the discovery of ESI in this case?

Yes.

b.  **ESI Discovery Plan.**

The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in Appendix LCvR 26.2C-CHECKLIST to the Local Rules and have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI Discovery Plan.

c.  **Preservation.** Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?

The parties have agreed to take steps to preserve electronic data and potentially relevant ESI, and counsel have each instructed their clients that they have a duty to preserve all ESI in native format and all other documents related to this action. The parties have further agreed that, in the event that any issues arise regarding the preservation of electronic data or ESI, the parties shall meet and confer to resolve any such issues before engaging in motions practice.

d.  **ADR.** Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?

Yes. The parties have agreed to complete at least some discovery prior to conducting Mediation.

e.      **Clawback Agreement.**

The parties have reviewed Fed R. Civ. P. 26(b)(5), Fed. R. Evid. 502, and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and request the entry of an Order implementing Federal Rule of Evidence 502(d), such as the model Order set forth in Appendix LCvR 16.1.D to the Local Rules, and filed with this Fed. R. Civ. P. 26(f) Report of the Parties.

f.      **EDSM and E-Mediator.**  Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case?

No.

g.      **Other.**  Identify all outstanding disputes concerning any ESI issues:

The parties have agreed that, in the event that any issues arise regarding the discovery of ESI, the parties shall meet and confer to resolve any such issues before engaging in motions practice.

12.     Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post- Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):

The parties have elected by agreement to schedule a Post-Discovery Status Conference at the conclusion of Fact Discovery.

a.      **Settlement and/or transfer to an ADR procedure;**

b.      **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

c.  **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

d.  **Dates by which parties' pre-trial statements should be filed;**

e.  **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

f.  **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

g.  **Dates proposed for final pre-trial conference;**

h.  **Presumptive and final trial dates.**

13.  **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c)**:

Although not pursuant to Fed. R. Civ. P. 16(b) or 26(c), the parties are submitting a Joint Motion to Consolidate Related Cases Pursuant to Fed. R. Civ. P. 42(a) and respectfully requesting that this Court consolidate Civil Action No. 2:18-cv-00722-RCM captioned POM of Pennsylvania, LLC, t/d/b/a Pace-O-Matic and Savvy Dog Systems, LLC v. Pennsylvania Skill Games, LLC and Civil Action No. 2:18-cv-00941-RCM captioned Pennsylvania Skill Games, LLC v. Pace-O-Matic, Inc. and Miele Manufacturing, Inc. for all purposes, including discovery and trial, pursuant to Fed. R. Civ. P. 42(a).

14.  **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role**:

N/A

15.  **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached**:

N/A

16.     **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration**:

The parties have discussed settlement, and have agreed to complete at least some discovery prior to conducting Mediation.

Respectfully submitted,

SPILMAN THOMAS & BATTLE, PLLC

Dated: August 20, 2018          By:     /s/ Julian E. Neiser
                                        Julian E. Neiser, Esq.
                                        Pa. I.D. No. 87306
                                        One Oxford Centre, Suite 3440
                                        Pittsburgh, PA 15219

                                        *Counsel for POM of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, Savvy Dog Systems, LLC, Pace-O-Matic, Inc. and Miele Manufacturing, Inc.*

                                        DINSMORE & SHOHL LLP

Dated: August 20, 2018          By:     /s/ C. James Zeszutek,
                                        C. James Zeszutek, Esq.
                                        Pa. I.D. No. 22071
                                        Nicholas J. Godfrey, Esq.
                                        Pa. I.D. No. 312031
                                        DINSMORE & SHOHL LLP
                                        1300 Six PPG Place
                                        Pittsburgh, PA 15222
                                        412.281.5000 (t)
                                        412.281.5055 (f)
                                        james.zeszutek@dinsmore.com
                                        nicholas.godfrey@dinsmore.com

                                        *Counsel for Pennsylvania Skill Games, LLC*