**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | Civil Action No. 2:18-cv-00722-RCM |
| | The Honorable Robert C. Mitchell |
| Plaintiffs, | |
| v. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Defendant. | |

## ORDER IMPLEMENTING FEDERAL RULE OF EVIDENCE 502(d)

This Order Implementing Federal Rule of Evidence 502(d) (the "Clawback Order") is made and entered into by and between POM of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, Savvy Dog Systems, LLC, Pace-O-Matic, Inc., and Miele Manufacturing, Inc., on the one hand, and Pennsylvania Skill Games, LLC, on the other hand (sometimes referred to individually herein as a "Party" and sometimes referred to collectively herein as the "Parties") pursuant to Federal Rules of Civil Procedure 26(f) and 16(b), Local Civil Rule 26.2, and this Court's Guidelines for the Discovery of Electronically Stored Information.

### I.   NO WAIVER BY DISCLOSURE.

Subject to the provisions of this Clawback Order, if a Party (the "Producing Party") discloses information in connection with the pending litigation that the Producing Party thereafter claims to be protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture – in this or any other federal, state, arbitration, or any other proceeding – of any claim of privilege or protection

that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

## II.   NOTIFICATION REQUIREMENTS; BEST EFFORTS OF RECEIVING PARTY.

A Producing Party must promptly notify the party receiving the Protected Information (the "Receiving Party") in writing that it has disclosed the Protected Information without intending a waiver by the disclosure.  The notification by the Producing Party shall include as specific an explanation as possible why the Protected Information is covered by the attorney-client privilege, the work product doctrine, or other applicable privilege or protection.  Upon such notification, the Receiving Party must – unless it contests the claim of attorney-client privilege, the work product doctrine, or other applicable privilege or protection in accordance with Paragraph III – promptly (a) notify the Producing Party that it will make best efforts to identify and return, sequester, or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (b) provide a certification that it will cease further review, dissemination, and use of the Protected Information. For purposes of this Clawback Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered.  If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored Protected Information.

## III.   CONTESTING CLAIMS OF PRIVILEGE OR PROTECTION AS TRIAL PREPARATION MATERIAL.

If the Receiving Party contests the claim of attorney-client privilege, the work product doctrine, or other applicable privilege or protection, the Receiving Party must – within 30 days of receipt of the notification referenced in Paragraph II – move the Court for an Order finding that the material referenced in the notification does not constitute Protected Information.  This

2

Motion must be filed (with Court approval) under seal and cannot assert the fact or circumstance of the disclosure as a ground for determining that the material does not constitute Protected Information. Pending resolution of the Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than as required by law to be served with a copy of the sealed Motion.

## IV. STIPULATED TIME PERIODS

The parties may stipulate to extend the time periods set forth in Paragraphs II and III.

## V. BURDEN OF PROVING PRIVILEGE OR PROTECTION

The Producing Party retains the burden – upon challenge pursuant to Paragraph III – of establishing the privileged or protected nature of the Protected Information.

## VI. *IN CAMERA* REVIEW

Nothing in this Clawback Order limits the right of any Party to petition the Court for an *in camera* review of the Protected Information.

## VII. VOLUNTARY AND SUBJECT MATTER WAIVER

This Clawback Order does not preclude a Party from voluntarily waiving the attorney-client privilege, the work product doctrine, or other applicable privilege or protection. The provisions of Federal Rule of Evidence 502(a) apply when the Producing Party uses or indicates that it may use information produced under this Clawback Order to support a claim or defense.

## VIII. RULE 502(B)(2)

The failure to take reasonable steps to prevent the disclosure shall not give rise to a waiver of the privilege or protection.

3

## IX.    OTHER CLAWBACK AND CONFIDENTIALITY OBLIGATIONS

This Clawback Order does not affect or rescind any clawback agreement or order governing protection of confidentiality information to which the parties have otherwise agreed.

## X.    SEVERABILITY

The invalidity or unenforceability of any provisions of this Clawback Order shall not affect the validity or enforceability of any other provisions of this Clawback Order, which shall remain in full force and effect.

**(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)**

Respectfully submitted,

SPILMAN THOMAS & BATTLE, PLLC

Dated: August 20, 2018          By:    /s/ Julian E. Neiser
                                       Julian E. Neiser, Esq.
                                       Pa. I.D. No. 87306
                                       One Oxford Centre, Suite 3440
                                       Pittsburgh, PA 15219

                                       *Counsel for POM of Pennsylvania, LLC,
                                       t/d/b/a Pace-O-Matic, Savvy Dog Systems,
                                       LLC, Pace-O-Matic, Inc. and Miele
                                       Manufacturing, Inc.*

                                       DINSMORE & SHOHL LLP

Dated: August 20, 2018          By:    /s/ C. James Zeszutek
                                       C. James Zeszutek, Esq.
                                       Pa. I.D. No. 22071
                                       Nicholas J. Godfrey, Esq.
                                       Pa. I.D. No. 312031
                                       DINSMORE & SHOHL LLP
                                       1300 Six PPG Place
                                       Pittsburgh, PA 15222
                                       412.281.5000 (t)
                                       412.281.5055 (f)
                                       james.zeszutek@dinsmore.com
                                       nicholas.godfrey@dinsmore.com

                                       *Counsel for Pennsylvania Skill Games, LLC*

                                       **BY THE COURT:**

Dated Aug 27 2018

                                       Mitchell, J.

5