**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | CIVIL ACTION NO. 2:18-CV-00722-RCM<br><br>CONSOLIDATED |
| Plaintiffs/Counterclaim Defendants, | The Honorable Robert C. Mitchell |
| v. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Defendant/Counterclaim Plaintiff. | |

--------------------------------------------------------------------------------------------------------------

PENNSYLVANIA SKILL GAMES, LLC

Plaintiff,

v.

PACE-O-MATIC, INC. and MIELE MANUFACTURING, INC.,

Defendants.

**DEFENDANT MIELE MANUFACTURING, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF PENNSYLVANIA SKILL GAMES, LLC'S COMPLAINT**

NOW COMES Defendant Miele Manufacturing, Inc. (hereinafter referred to as "Miele"), by and through its undersigned counsel and files the within Answer and Affirmative Defenses to Plaintiff Pennsylvania Skill Games LLC's Complaint as follows:

**THE PARTIES**

1.      Admitted upon information and belief.

2.      Admitted.

3.      Admitted.

## JURISDICTION AND VENUE

4.      Paragraph 4 of the Complaint calls for a conclusion of law to which no response is required. Further, Miele denies any allegation that it "caused harm or tortious injury in the Commonwealth of Pennsylvania by an act or omission in or outside the Commonwealth of Pennsylvania."  Otherwise, Miele does not object to personal jurisdiction of this Court.

5.      Paragraph 5 of the Complaint calls for a conclusion of law to which no response is required. Miele denies any violation of the Lanham Act, 15 U.S.C. § 1125. However, Miele does not challenge subject matter jurisdiction.

6.      Paragraph 6 of the Complaint calls for a conclusion of law to which no response is required. Miele denies any violation of the Lanham Act, 15 U.S.C. § 1125. However, Miele does not challenge subject matter jurisdiction.

7.      Admitted that venue is proper. Miele denies any alleged "omissions" or any liability to Plaintiff Pennsylvania Skill Games, LLC (hereinafter referred to as "Pennsylvania Skill Games").

## FACTUAL BACKGROUND

8.      Denied as stated. Upon information and belief, Pennsylvania Skill Games sells or leases gaming machines created by Pace-O-Matic, Miele and others. After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 8 of the Complaint, specifically, Miele does not know what Pennsylvania Skill Games means by "operator."

9. After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 9, the same being denied.

10. After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 10 of the Complaint, the same being denied. Further, Pennsylvania Skill Games was not created until May 11, 2015, so it is impossible for Pennsylvania Skill Games to have used the PENNSYLVANIA SKILL mark prior to that date.

11. After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 11 of the Complaint, the same being denied.

12. After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 12 of the Complaint, the same being denied.

13. After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 13 of the Complaint, the same being denied.

14. After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 14 of the Complaint, the same being denied. Paragraph 14 also calls for conclusions of law to which no response is required, the same being denied.

15. After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 15 of the Complaint, the same being denied.

16. After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 16 of the Complaint, the same being denied.

17. Denied as stated. The only agreement between the parties is embodied in the written contract attached to the Pennsylvania Skill Games Complaint as Exhibit B, which was

drafted by Pennsylvania Skill Games. Reference is made to that document for an accurate description of its contents.

18.    After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 18 of the Complaint, the same being denied.

19.    After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 19 of the Complaint, the same being denied.

20.    After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 20 of the Complaint, the same being denied.

21.    After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 21 of the Complaint, the same being denied.

22.    It is Miele's understanding that Pace-O-Matic placed a video game machine in the American Italian Club for a controlled pickup. After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the remaining averments of Paragraph 22 of the Complaint, the same being denied.

23.    It is Miele's understanding that Pace-O-Matic successfully challenged the legality of the referenced video game machine in the Court of Common Pleas of Beaver County. After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the remaining averments of Paragraph 23 of the Complaint, the same being denied.

24.    Reference is made to the opinion attached as Exhibit A to the Complaint for an accurate statement of its contents and any deviation from its express terms is denied. After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 24 of the Complaint, the same being denied.

25.    Paragraph 25 of the Complaint calls for a conclusion of law to which no response is required. To the extent that a response is required, the averments of Paragraph 25 are denied. Admitted only that Pace-O-Matic and Miele entered into the Equipment Purchase Agreement with Pennsylvania Skill Games, which was drafted by Pennsylvania Skill Games.  Reference is made to that document for an accurate description of its contents and any deviation from its express terms is denied. The existence of any "oral contract" is expressly denied. All remaining averments are denied.

26.    The averments of Paragraph 26 of the Complaint purport to characterize the contents of a written agreement.  Reference is made to the contents of the Equipment Purchase Agreement for an accurate description of its contents and any deviation from its express terms is denied.

27.    The averments of Paragraph 27 of the Complaint purports to characterize the contents of a written agreement.  Reference is made to the contents of the Equipment Purchase Agreement for an accurate description of its contents and any deviation from its express terms is denied.

28.    After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 28 of the Complaint, the same being denied.

29.    The averments of Paragraph 29 of the Complaint purport to characterize the contents of a written agreement.  Reference is made to the contents of the Equipment Purchase Agreement for an accurate description of its contents and any deviation from its express terms is denied. Paragraph 29 also calls for conclusions of law to which no response is required, the same being denied.

30.     Reference is made to the filings set forth in Paragraph 30 for an accurate depiction of their contents. The averments of Paragraph 30 call for conclusions of law to which no response is required, the same being denied. After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 30 of the Complaint, the same being denied.

31.     The averments of Paragraph 31 call for conclusions of law to which no response is required, the same being denied. After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 31 of the Complaint, the same being denied.

32.     Reference is made to the filings set forth in Paragraph 32 for an accurate depiction of their contents. The averments of Paragraph 32 call for conclusions of law to which no response is required, the same being denied. After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 32 of the Complaint, the same being denied.

33.     It is denied that Miele has knowingly manufactured, sold, transferred, and/or assigned electronic video game machines in Pennsylvania that contain games of chance and/or are not in compliance with Commonwealth law. The averments of Paragraph 33 also call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 33 are denied.

34.     It is denied that Miele has knowingly manufactured, sold, transferred, or assigned electronic video game machines in Beaver County that conflict with any contract. The averments of Paragraph 34 also call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 34 are denied. After reasonable investigation,

6

Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 34 of the Complaint, the same being denied.

35.    The averments of Paragraph 35 call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 35 are denied.

36.    It is denied that Miele has knowingly manufactured, sold, transferred, or assigned electronic video game machines in Pennsylvania that contain games of chance or are not in compliance with Commonwealth law. The averments of Paragraph 36 also call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 36 are denied.

37.    It is denied that Miele has knowingly manufactured, sold, transferred, or assigned electronic video game machines in Pennsylvania that contain games of chance or are not in compliance with Commonwealth law. To the contrary, the electronic video game machines at issue manufactured by Miele contain skill games determined to be legal in the Beaver County Criminal Case. The averments of Paragraph 37 also call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 37 are denied.

38.    It is denied that Miele has knowingly manufactured, sold, transferred, or assigned electronic video game machines in Pennsylvania that contain games of chance or are not in compliance with Commonwealth law. To the contrary, the electronic video game machines manufactured by Miele contain skill games determined to be legal in the Beaver County Criminal Case. The averments of Paragraph 38 also call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 38 are

denied. After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 38, the same being denied.

**COUNT I**
**FALSE DESIGNATION OF ORIGIN**
**VIOLATION OF § 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(A)**

39.     The averments of Paragraph 39 of the Complaint incorporate prior paragraphs of the Complaint and therefore, no response is required.  To the extent a response is required, Miele incorporates by reference all corresponding paragraphs of their Answer to Counterclaim as if the same were set forth at length herein.

40.     The averments of Paragraph 40 call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 40 are denied. It is Miele's understanding, upon information and belief, that POM of Pennsylvania and/or Savvy Dog is using the PENNSYLVANIA SKILL mark in Pennsylvania.

41.     It is denied that Miele has knowingly manufactured, sold, transferred, or assigned electronic video game machines in Pennsylvania that contain games of chance or are not in compliance with Commonwealth law. The averments of Paragraph 41 call for conclusions of law to which no response is required, the same being denied. After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the remaining averments of Paragraph 41, the same being denied.

42.     The averments of Paragraph 42 call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 42 are denied. After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 42, the same being denied.

43.     It is denied that any association is suggested by Miele with Pennsylvania Skill Games.  By way of further response, all games manufactured by Miele were adjudicated as legal in Pennsylvania and continue to be in legal compliance with Commonwealth law.

44.     It is denied that any attribution to Pennsylvania Skill Games is required. Paragraph 44 calls for a conclusion of law to which no response is required, the same being denied.

45.     Paragraph 45 of the Complaint calls for conclusions of law to which no response is required.  To the extent that a response is required, these averments are denied.  By way of further response, after reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 45, the same being denied.

46.     Paragraph 46 of the Complaint calls for conclusions of law to which no response is required.  To the extent that a response is required, these averments are denied.  By way of further response, after reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 46, the same being denied.

47.     Paragraph 47 of the Complaint calls for conclusions of law to which no response is required. To the extent that a response is required, these averments are denied.  By way of further response, after reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of the Paragraph 47, the same being denied.

48.     Paragraph 48 of the Complaint calls for conclusions of law to which no response is required.  To the extent that a response is required, these averments are denied.  By way of further response, after reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of the Paragraph 48, the same being denied.

WHEREFORE, Defendant Miele Manufacturing, Inc. respectfully request that this Court enter Judgment in its favor and against Plaintiff Pennsylvania Skill Games, LLC.

**COUNT II**
**FALSE ADVERTISING**
**VIOLATION OF § 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(A)**

49.     The averments of Paragraph 49 of the Complaint incorporate prior paragraphs of the Complaint and therefore, no response is required.  To the extent a response is required, Miele incorporates by reference all corresponding paragraphs of its Answer and Affirmative Defenses to Complaint as if the same were set forth at length herein.

50.     The averments of Paragraph 50 call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 50 are denied. After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 50, the same being denied.

51.     Paragraph 51 of the Complaint calls for conclusions of law to which no response is required.  To the extent that a response is required, the averments of Paragraph 51 are denied. After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 51, the same being denied.

52.     Paragraph 52 of the Complaint calls for conclusions of law to which no response is required.  To the extent that a response is required, the averments of Paragraph 52 are denied.

53.     Paragraph 53 of the Complaint calls for conclusions of law to which no response is required.  To the extent that a response is required, the averments of Paragraph 53 are denied. After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 53, the same being denied.

54.     Paragraph 54 of the Complaint calls for conclusions of law to which no response is required. To the extent that a response is required, these averments are denied. By way of further response, after reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of the Paragraph 54, the same being denied.

55.     Paragraph 55 of the Complaint calls for conclusions of law to which no response is required. To the extent that a response is required, these averments are denied. By way of further response, after reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of the Paragraph 55, the same being denied.

56.     Paragraph 56 of the Complaint calls for conclusions of law to which no response is required. To the extent that a response is required, these averments are denied. By way of further response, after reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 56, the same being denied.

57.     Paragraph 57 of the Complaint calls for conclusions of law to which no response is required.  To the extent that a response is required, these averments are denied.  By way of further response, after reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of the Paragraph 57, the same being denied.

WHEREFORE, Defendant Miele Manufacturing, Inc. respectfully requests that this Court enter Judgment in its favor and against Plaintiff Pennsylvania Skill Games, LLC.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

58.     The averments of Paragraph 58 of the Complaint incorporate prior paragraphs of the Complaint and therefore, no response is required.  To the extent a response is required, Miele

11

incorporates by reference all corresponding paragraphs of its Answer and Affirmative Defenses to Plaintiff's Complaint as if the same were set forth at length herein.

59.     The averments of Paragraph 59 of the Complaint call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 59 are denied.   After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 59, the same being denied.

60.     The averments of Paragraph 60 of the Complaint call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 60 are denied.  After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 60, the same being denied.

61.     The averments of Paragraph 61 of the Complaint call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 61 are denied. After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 61, the same being denied.

62.     The averments of Paragraph 62 of the Complaint call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 62 are denied. After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 62, the same being denied.

WHEREFORE, Defendant Pace-O-Matic, Inc. respectfully requests that this Court enter Judgment in its favor and against Plaintiff Pennsylvania Skill Games, LLC.

## COUNT IV
## BREACH OF CONTRACT

63.    The averments of Paragraph 63 of the Complaint incorporate prior paragraphs of the Complaint and therefore, no response is required.  To the extent a response is required, Miele incorporates by reference all corresponding paragraphs of its Answer and Affirmative Defenses to Plaintiff's Complaint as if the same were set forth at length herein.

64.    The averments of Paragraph 64 of the Complaint call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 64 are denied.    After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 64, the same being denied.

65.    The averments of Paragraph 65 of the Complaint call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 65 are denied.

66.    The averments of Paragraph 66 of the Complaint call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 66 are denied.

WHEREFORE, Defendant Miele Manufacturing, Inc. respectfully requests that this Court enter Judgment in its favor and against Plaintiff Pennsylvania Skill Games, LLC.


## COUNT V
## COMMON LAW UNFAIR COMPETITION

67.    The averments of Paragraph 66 of the Complaint incorporate prior paragraphs of the Complaint and therefore, no response is required.  To the extent a response is required, Miele incorporates by reference all corresponding paragraphs of its Answer and Affirmative Defenses to Pennsylvania Skill Games' Complaint as if the same were set forth at length herein.

13

68.    The averments of Paragraph 68 of the Complaint call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 68 are denied and strict proof thereof is demanded at time of trial.  After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 68, the same being denied.

69.    The averments of Paragraph 69 of the Complaint call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 69 are denied and strict proof thereof is demanded at time of trial.  After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 69, the same being denied.

70.    The averments of Paragraph 70 of the Complaint call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 70 are denied. After reasonable investigation, Miele is without information sufficient to form a belief as to the truth of the averments of Paragraph 70, the same being denied.

WHEREFORE, Defendant Pace-O-Matic respectfully requests that this Court enter Judgment in its favor and against Plaintiff Pennsylvania Skill Games, LLC.

## AFFIRMATIVE DEFENSES

Miele reserves the right to amend these Affirmative Defenses.

## FIRST AFFIRMATIVE DEFENSE

1.    Pennsylvania Skill Games has failed to join indispensable parties, as it refers to transactions or occurrences that occurred prior to the creation of Pennsylvania Skill Games, LLC.

14

## SECOND AFFIRMATIVE DEFENSE

2.      Some or all of the Complaint is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

3.      Some or all of the Complaint is barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

4.      Some or all of Pennsylvania Skill Games' claims are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

5.      Some or all of the Complaint fails to state a claim for which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

6.      The Complaint fails to establish the existence of an enforceable oral contract or establish the consideration offered in support of its enforceability.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Pennsylvania Skill Games' claims are barred in whole or in part due to a lack of ownership or enforceable legal interest in the PENNSYLVANIA SKILL mark, by statute or common law.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Pennsylvania Skill Games' claims for breach of written contract are barred due to a lack of consideration.

15

## NINTH AFFIRMATIVE DEFENSE

9.      Any ambiguities in the written contract relied upon by Pennsylvania Skill Games must be resolved in favor of Miele, as Pennsylvania Skill Games drafted the contract.

## TENTH AFFIRMATIVE DEFENSE

10.      Pennsylvania Skill Games' claims are barred in whole or in part due to the doctrines of waiver, estoppel, and/or accord and satisfaction.

## ELEVENTH AFFIRMATIVE DEFENSE

11.      Pennsylvania Skill Games' claims are barred in whole or in part due to a lack of legally compensable or actual damages.

## TWELFTH AFFIRMATIVE DEFENSE

12.      Pennsylvania Skill Games is not entitled to injunctive relief, as it has not suffered any immediate and irreparable harm, is only seeking legal damages, and has failed to demonstrate a likelihood of success on the merits.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.      Pennsylvania Skill Games' claims are barred in whole or in part due to a failure to mitigate damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Pennsylvania Skill Games' claims are barred due to a false designation of origin of a trademark and a misrepresentation of facts related to the ownership of trademarks that are the intellectual property of POM of Pennsylvania and/or Savvy Dog.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Pennsylvania Skill Games' claims are barred because no oral contract existed between the parties and/or its terms are unenforceable.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Miele asserts the defense of ratification.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Pennsylvania Skill Games lacks standing to bring its Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Miele asserts the defenses of delay.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     To the extent necessary, Miele asserts the defenses of fair use and collateral use.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Some of Pennsylvania Skill Games' claims are barred due to a lack of contractual privity.

WHEREFORE, Defendant Miele Manufacturing, Inc. respectfully requests that this

Court enter Judgment in its favor and against Plaintiff Pennsylvania Skill Games, LLC.


Respectfully submitted,

SPILMAN THOMAS & BATTLE, PLLC

By:/s/ Julian E. Neiser
  Julian E. Neiser
  Pa. Id. No. 87306

  T:  412-325-1116
  F:  412-325-3324
  E:  jneiser@spilmanlaw.com

  William P. Smith
  Pa. Id. No. 50352

  T:  412-325-1115
  F:  412-325-3324
  E:  wsmith@spilmanlaw.com

  One Oxford Centre, Suite 3440
  301 Grant Street
  Pittsburgh, PA  15219

  **Attorneys for Defendant Miele
  Manufacturing, Inc.**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a              CIVIL ACTION NO. 2:18-CV-00722-RCM
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,                                             The Honorable Robert C. Mitchell

          Plaintiffs/Counterclaim
          Defendants,

          v.

PENNSYLVANIA SKILL GAMES, LLC,

          Defendant/Counterclaim
          Plaintiff.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Defendant Miele Manufacturing, Inc.'s Answer and Affirmative Defenses to Plaintiff Pennsylvania Skill Games, LLC's Complaint** was served upon the counsel of record this 14th day of September, 2018 via the Court's CM/ECF System:

> C. James Zeszutek, Esquire
> Nicholas J. Godfrey, Esquire
> Dinsmore & Shohl LLP
> 1300 Six PPG Place
> Pittsburgh, PA  15222
>
> **Counsel for Plaintiff Pennsylvania Skill Games, LLC**
>
> SPILMAN THOMAS & BATTLE, PLLC
>
> /s/ Julian E. Neiser
> Julian E. Neiser