## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

                Plaintiffs/Counterclaim
                Defendants,

        v.

PENNSYLVANIA SKILL GAMES, LLC,

                Defendant/Counterclaim
                Plaintiff.

CIVIL ACTION NO. 2:18-CV-00722-RCM

CONSOLIDATED

The Honorable Robert C. Mitchell

-------------------------------------------------------------------------------------------------------------------

PENNSYLVANIA SKILL GAMES, LLC

                Plaintiff,

        v.

PACE-O-MATIC, INC. and MIELE
MANUFACTURING, INC.,

                Defendants.

### DEFENDANT PACE-O-MATIC, INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES TO
### PLAINTIFF PENNSYLVANIA SKILL GAMES, LLC'S COMPLAINT

NOW COMES Defendant Pace-O-Matic, Inc. (hereinafter referred to as "Pace-O-Matic"), by and through its undersigned counsel and files the within Answer and Affirmative Defenses to Plaintiff Pennsylvania Skill Games LLC's Complaint as follows:

### THE PARTIES

1.      Admitted upon information and belief.

2.      Admitted.

3.    Admitted.

## JURISDICTION AND VENUE

4.    Paragraph 4 of the Complaint calls for a conclusion of law to which no response is required. Further, Pace-O-Matic denies any allegation that they "caused harm or tortious injury in the Commonwealth of Pennsylvania by an act or omission in or outside the Commonwealth of Pennsylvania." Otherwise, Pace-O-Matic does not object to personal jurisdiction of this Court.

5.    Paragraph 5 of the Complaint calls for a conclusion of law to which no response is required. Pace-O-Matic denies any violation of the Lanham Act, 15 U.S.C. § 1125. However, Pace-O-Matic does not challenge subject matter jurisdiction.

6.    Paragraph 6 of the Complaint calls for a conclusion of law to which no response is required. Pace-O-Matic denies any violation of the Lanham Act, 15 U.S.C. § 1125. However, Pace-O-Matic does not challenge subject matter jurisdiction.

7.    Admitted that venue is proper. Pace-O-Matic denies any alleged "omissions" or any liability to Plaintiff Pennsylvania Skill Games, LLC (hereinafter referred to as "Pennsylvania Skill Games").

## FACTUAL BACKGROUND

8.    Denied as stated. Upon information and belief, Pennsylvania Skill Games sells or leases gaming machines created by Pace-O-Matic and others. After reasonable investigation, Pace-O-Matic is without information sufficient to form a belief as to the truth of the averments of Paragraph 8 of the Complaint, specifically, Pace-O-Matic does not know what Pennsylvania Skill Games means by "operator."

9.    Denied.

2

10.     After reasonable investigation, Pace-O-Matic is without information sufficient to form a belief as to the truth of the averments of Paragraph 10 of the Complaint, the same being denied. Further, Pennsylvania Skill Games was not created until May 11, 2015, so it is impossible for Pennsylvania Skill Games to have used the PENNSYLVANIA SKILL mark prior to that date.

11.     After reasonable investigation, Pace-O-Matic is without information sufficient to form a belief as to the truth of the averments of Paragraph 11 of the Complaint, the same being denied.

12.     Admitted in part and denied in part. Admitted that the PENNSYLVANIA SKILL mark has become distinctive with consumers and distributors, manufacturers, and operators in the electronic video game machine industry. It is denied that Pennsylvania Skill Games has any ownership in the PENNSYLVANIA SKILL mark or that its efforts or expenditures had anything to do with the distinctiveness or meaning of the mark. After reasonable investigation, Pace-O-Matic is without information sufficient to form a belief as to the truth of the remaining averments of Paragraph 12 of the complaint, the same being denied.

13.     Admitted in part and denied in part. Admitted that the PENNSYLVANIA SKILL mark has acquired goodwill and reputation with consumers and distributors, manufacturers, and operators in the electronic video game machine industry. It is denied that Pennsylvania Skill Games has any ownership in the PENNSYLVANIA SKILL mark or that its efforts or expenditures had anything to do with the goodwill or reputation of the mark. All other averments are denied. After reasonable investigation, Pace-O-Matic is without information sufficient to form a belief as to the truth of the remaining averments of Paragraph 13 of the complaint, the same being denied.

14.     After reasonable investigation, Pace-O-Matic is without information sufficient to form a belief as to the truth of the averments of Paragraph 14 of the Complaint, the same being denied. Paragraph 14 of the Complaint also calls for conclusions of law to which no response is required, the same being denied. After reasonable investigation, Pace-O-Matic is without information sufficient to form a belief as to the truth of the remaining averments of Paragraph 14 of the complaint, the same being denied.

15.     Denied.

16.     Denied.

17.     Denied as stated. The only agreement between the parties is embodied in the written contract attached to the Pennsylvania Skill Games Complaint as Exhibit B.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied as stated.  Pace-O-Matic, through counsel, negotiated a controlled pickup of a video game machine for the purpose of obtaining an inspection and a judicial ruling on legality of the gaming system. Counsel for Pace-O-Matic arranged for a gaming machine to be placed in the Italian American Club in Beaver County Pennsylvania, which did in fact occur sometime between October 1, 2013 and November 19, 2013. Pennsylvania Skill Games had no involvement in this process, nor was there any relationship of any sort between Pennsylvania Skill Games prior to this time. Further, Pennsylvania Skill Games did not exist at the time of the controlled pickup, as Pennsylvania Skill Games, LLC was not organized as a limited liability company until May 11, 2015. It is admitted only that counsel for Pace-O-Matic hired Albert

4

Unis, Sr., as an individual, to place a Pace-O-Matic game in the Italian American Club. The remaining averments are denied.

22.    Admitted in part and denied in part. Pace-O-Matic admits only that a Pace-O-Matic machine was placed in the Italian American Club by Albert Unis, Sr., who served only as a limited vendor for the very specific purpose of placing a machine in that location to enable a controlled law enforcement pickup.  Pace-O-Matic incorporates Paragraph 21 of its Answer herein as if set forth at length. The remaining averments are denied.

23.    Denied that plaintiff provided any assistance in the referenced litigation. Pace-O-Matic incorporates Paragraphs 21 and 22 of its Answer herein as if set forth at length.

24.    Denied. Reference is made to the opinion attached as Exhibit A to the Complaint for an accurate statement of its contents and any deviation from its express terms is denied.

25.    Paragraph 25 of the Complaint calls for a conclusion of law to which no response is required. To the extent that a response is required, the averments of Paragraph 25 are denied. Admitted only that Pace-O-Matic and Miele Manufacturing, Inc. (hereinafter referred to as "Miele Manufacturing") -- who are parties to this litigation -- entered into the Equipment Purchase Agreement with Pennsylvania Skill Games which was drafted by Pennsylvania Skill Games.  Reference is made to that document for an accurate description of its contents and any deviation from its express terms is denied. The existence of any "oral contract" is expressly denied.

26.    The averments of Paragraph 26 of the Complaint purport to characterize the contents of a written agreement.  Reference is made to the contents of the Equipment Purchase Agreement for an accurate description of its contents and any deviation from its express terms is denied.

27.     The averments of Paragraph 27 of the Complaint purports to characterize the contents of a written agreement.  Reference is made to the contents of the Equipment Purchase Agreement for an accurate description of its contents and any deviation from its express terms is denied.

28.     After reasonable investigation, Pace-O-Matic is without information sufficient to form a belief as to the truth of the averments of Paragraph 28 of the Complaint, the same being denied.

29.     The averments of Paragraph 29 of the Complaint purport to characterize the contents of a written agreement.  Reference is made to the contents of the Equipment Purchase Agreement for an accurate description of its contents and any deviation from its express terms is denied.

30.     Reference is made to the filings set forth in Paragraph 30 for an accurate depiction of their contents. The averments of Paragraph 30 call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 30 are denied.

31.     The averments of Paragraph 31 call for conclusions of law to which no response is required, the same being denied. Additionally, Paragraph 31 purports to characterize the contents of a written document. Reference is made to that document for an accurate depiction of its contents and any deviation from that document is denied.

32.     Reference is made to the filings set forth in Paragraph 32 for an accurate depiction of their contents and any deviation therefrom is denied. The averments of Paragraph 32 call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 32 are denied.

33.     It is denied that Pace-O-Matic has knowingly sold, transferred, and/or assigned electronic video game machines in Pennsylvania that contain games of chance and/or are not in compliance with Commonwealth law. To the contrary, the electronic video game machines at issue from Pace-O-Matic contain skill games determined to be legal in the Beaver County Criminal Case. The averments of Paragraph 33 also call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 33 are denied.

34.     It is denied that Pace-O-Matic has knowingly sold, transferred, or assigned electronic video game machines that violate any contract. The averments of Paragraph 34 also call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 34 are denied.

35.     The averments of Paragraph 35 call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 35 are denied.

36.     It is denied that Pace-O-Matic has knowingly sold, transferred, or assigned electronic video game machines in Pennsylvania that contain games of chance or are not in compliance with Commonwealth law. To the contrary, the electronic video game machines at issue from Pace-O-Matic contain skill games determined to be legal in the Beaver County Criminal Case. The averments of Paragraph 36 also call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 36 are denied.

37.     It is denied that Pace-O-Matic has knowingly sold, transferred, or assigned electronic video game machines in Pennsylvania that contain games of chance or are not in compliance with Commonwealth law. To the contrary, the electronic video game machines at

issue from Pace-O-Matic contain skill games determined to be legal in the Beaver County Criminal Case. The averments of Paragraph 37 also call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 37 are denied.

38.     It is denied that Pace-O-Matic has knowingly sold, transferred, or assigned electronic video game machines in Pennsylvania that contain games of chance or are not in compliance with Commonwealth law. To the contrary, the electronic video game machines at issue from Pace-O-Matic contain skill games determined to be legal in the Beaver County Criminal Case. The averments of Paragraph 38 also call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 38 are denied.

## COUNT I
## FALSE DESIGNATION OF ORIGIN
## VIOLATION OF § 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(A)

39.     The averments of Paragraph 39 of the Complaint incorporate prior paragraphs of the Complaint and therefore, no response is required.  To the extent a response is required, Pace-O-Matic incorporates by reference all corresponding paragraphs of their Answer to Counterclaim as if the same were set forth at length herein.

40.     The averments of Paragraph 40 call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 40 are denied. It is admitted, however, that POM of Pennsylvania and/or Savvy Dog is using the PENNSYLVANIA SKILL mark in Pennsylvania, which is their legal right as owners of the mark. After reasonable investigation, Pace-O-Matic is without information sufficient to form a belief as to the truth of the remaining averments of Paragraph 40 of the complaint, the same being denied.

41.     The averments of Paragraph 41 call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 41 are denied. After reasonable investigation, Pace-O-Matic is without information sufficient to form a belief as to the truth of the remaining averments of Paragraph 41 of the complaint, the same being denied.

42.     The averments of Paragraph 42 call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 42 are denied. It is admitted upon information and belief that POM of Pennsylvania and/or Savvy Dog are using the PENNSYLVANIA SKILL mark in Pennsylvania, which is their legal right as owners of the mark, and POM of Pennsylvania and/or Savvy Dog are making the statements contained in Paragraph 42 because they are true.

43.     It is denied that any association is suggested by Pace-O-Matic with Pennsylvania Skill Games as stated in Paragraph 43.  By way of further response, all games provided by Pace-O-Matic were adjudicated as legal in Pennsylvania and continue to be in legal compliance with Commonwealth law.

44.     It is denied that any attribution to Pennsylvania Skill Games is required. Paragraph 44 calls for a conclusion of law to which no response is required, the same being denied. To the extent that a response is required, the averments of Paragraph 44 of the Compliant are denied.

45.     Paragraph 45 of the Complaint calls for conclusions of law to which no response is required.  To the extent that a response is required, these averments are denied.  By way of further response, after reasonable investigation, Pace-O-Matic is without information sufficient to form a belief as to the truth of the averments of Paragraph 45, the same being denied.

46.     Paragraph 46 of the Complaint calls for conclusions of law to which no response is required.  To the extent that a response is required, these averments are denied.  By way of further response, after reasonable investigation, Pace-O-Matic is without information sufficient to form a belief as to the truth of the averments of Paragraph 46, the same being denied.

47.     Paragraph 47 of the Complaint calls for conclusions of law to which no response is required. To the extent that a response is required, these averments are denied.  By way of further response, after reasonable investigation, Pace-O-Matic is without information sufficient to form a belief as to the truth of the averments of the Paragraph 47, the same being denied.

48.     Paragraph 48 of the Complaint calls for conclusions of law to which no response is required.  To the extent that a response is required, these averments are denied.  By way of further response, after reasonable investigation, Pace-O-Matic is without information sufficient to form a belief as to the truth of the averments of the Paragraph 48, the same being denied.

WHEREFORE, Defendant Pace-O-Matic, Inc. respectfully request that this Court enter Judgment in its favor and against Plaintiff Pennsylvania Skill Games, LLC.

## COUNT II
## FALSE ADVERTISING
## VIOLATION OF § 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(A)

49.     The averments of Paragraph 49 of the Complaint incorporate prior paragraphs of the Complaint and therefore, no response is required.  To the extent a response is required, Pace-O-Matic incorporates by reference all corresponding paragraphs of its Answer and Affirmative Defenses to Complaint as if the same were set forth at length herein.

50.     The averments of Paragraph 50 call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 50 are denied. After

reasonable investigation, Pace-O-Matic is without information sufficient to form a belief as to the truth of the remaining averments of Paragraph 50 of the complaint, the same being denied.

51.     Paragraph 51 of the Complaint calls for conclusions of law to which no response is required.  To the extent that a response is required, the averments of Paragraph 51 are denied. After reasonable investigation, Pace-O-Matic is without information sufficient to form a belief as to the truth of the remaining averments of Paragraph 51 of the complaint, the same being denied.

52.     Paragraph 52 of the Complaint calls for conclusions of law to which no response is required.  To the extent that a response is required, the averments of Paragraph 52 are denied.

53.     Paragraph 53 of the Complaint calls for conclusions of law to which no response is required.  To the extent that a response is required, the averments of Paragraph 53 are denied.

54.     Paragraph 54 of the Complaint calls for conclusions of law to which no response is required. To the extent that a response is required, these averments are denied. By way of further response, after reasonable investigation, Pace-O-Matic is without information sufficient to form a belief as to the truth of the averments of the Paragraph 54, the same being denied.

55.     Paragraph 55 of the Complaint calls for conclusions of law to which no response is required. To the extent that a response is required, these averments are denied. By way of further response, after reasonable investigation, Pace-O-Matic is without information sufficient to form a belief as to the truth of the averments of the Paragraph 55, the same being denied.

56.     Paragraph 56 of the Complaint calls for conclusions of law to which no response is required. To the extent that a response is required, these averments are denied. By way of further response, after reasonable investigation, Pace-O-Matic is without information sufficient to form a belief as to the truth of the averments of Paragraph 56, the same being denied.

11

57.     Paragraph 57 of the Complaint calls for conclusions of law to which no response is required.  To the extent that a response is required, these averments are denied.  By way of further response, after reasonable investigation, Pace-O-Matic is without information sufficient to form a belief as to the truth of the averments of the Paragraph 57, the same being denied.

WHEREFORE, Defendant Pace-O-Matic, Inc. respectfully requests that this Court enter Judgment in its favor and against Plaintiff Pennsylvania Skill Games, LLC.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

58.     The averments of Paragraph 58 of the Complaint incorporate prior paragraphs of the Complaint and therefore, no response is required.  To the extent a response is required, Pace-O-Matic incorporates by reference all corresponding paragraphs of its Answer and Affirmative Defenses to Plaintiff's Complaint as if the same were set forth at length herein.

59.     The averments of Paragraph 59 of the Complaint call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 59 are denied.

60.     The averments of Paragraph 60 of the Complaint call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 60 are denied.

61.     The averments of Paragraph 61 of the Complaint call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 61 are denied.

62.     The averments of Paragraph 62 of the Complaint call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 62 are denied.

WHEREFORE, Defendant Pace-O-Matic, Inc. respectfully requests that this Court enter Judgment in its favor and against Plaintiff Pennsylvania Skill Games, LLC.

## COUNT IV
## BREACH OF CONTRACT

63.     The averments of Paragraph 63 of the Complaint incorporate prior paragraphs of the Complaint and therefore, no response is required.  To the extent a response is required, Pace-O-Matic incorporates by reference all corresponding paragraphs of its Answer and Affirmative Defenses to Plaintiff's Complaint as if the same were set forth at length herein.

64.     The averments of Paragraph 64 of the Complaint call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 64 are denied.

65.     The averments of Paragraph 65 of the Complaint call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 65 are denied.

66.     The averments of Paragraph 66 of the Complaint call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 66 are denied.

WHEREFORE, Defendant Pace-O-Matic, Inc. respectfully requests that this Court enter Judgment in its favor and against Plaintiff Pennsylvania Skill Games, LLC.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

67. The averments of Paragraph 67 of the Complaint incorporate prior paragraphs of the Complaint and therefore, no response is required. To the extent a response is required, Pace-O-Matic incorporates by reference all corresponding paragraphs of its Answer and Affirmative Defenses to Pennsylvania Skill Games' Complaint as if the same were set forth at length herein.

68. The averments of Paragraph 68 of the Complaint call for conclusions of law to which no response is required. To the extent a response is necessary, the averments of Paragraph 68 are denied. It is denied that anyone needed Pennsylvania Skill Games' "permission" to use the marks, because they are not owned by Pennsylvania Skill Games.

69. The averments of Paragraph 69 of the Complaint call for conclusions of law to which no response is required. To the extent a response is necessary, the averments of Paragraph 69 are denied. It is denied that anyone needed Pennsylvania Skill Games' "permission" to use the marks, because they are not owned by Pennsylvania Skill Games. The remaining averments are denied.

70. The averments of Paragraph 70 of the Complaint call for conclusions of law to which no response is required. To the extent a response is necessary, the averments of Paragraph 70 are denied.

WHEREFORE, Defendant Pace-O-Matic respectfully requests that this Court enter Judgment in its favor and against Plaintiff Pennsylvania Skill Games, LLC.

## **AFFIRMATIVE DEFENSES**

Pace-O-Matic reserves the right to amend these Affirmative Defenses.

## FIRST AFFIRMATIVE DEFENSE

1.      Pennsylvania Skill Games has failed to join indispensable parties, as it refers to transactions or occurrences that occurred prior to the creation of Pennsylvania Skill Games, LLC.

## SECOND AFFIRMATIVE DEFENSE

2.      Some or all of the Complaint is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

3.      Some or all of the Complaint is barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

4.      Some or all of Pennsylvania Skill Games' claims are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

5.      Some or all of the Complaint fails to state a claim for which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

6.      The Complaint fails to establish the existence of an enforceable oral contract or establish the consideration offered in support of its enforceability.

15

## SEVENTH AFFIRMATIVE DEFENSE

7.      Pennsylvania Skill Games' claims are barred in whole or in part due to a lack of ownership or enforceable legal interest in the PENNSYLVANIA SKILL mark, by statute or common law.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Pennsylvania Skill Games' claims for breach of written contract are barred due to a lack of consideration.

## NINTH AFFIRMATIVE DEFENSE

9.      Any ambiguities in the written contract relied upon by Pennsylvania Skill Games must be resolved in favor of Pace-O-Matic, as Pennsylvania Skill Games drafted the contract.

## TENTH AFFIRMATIVE DEFENSE

10.     Pennsylvania Skill Games' claims are barred in whole or in part due to the doctrines of waiver, estoppel, and/or accord and satisfaction.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Pennsylvania Skill Games' claims are barred in whole or in part due to a lack of legally compensable or actual damages.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Pennsylvania Skill Games is not entitled to injunctive relief, as it has not suffered any immediate and irreparable harm, is only seeking legal damages, and has failed to demonstrate a likelihood of success on the merits.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Pennsylvania Skill Games' claims are barred in whole or in part due to a failure to mitigate damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Pennsylvania Skill Games' claims are barred due to a false designation of origin of a trademark and a misrepresentation of facts related to the ownership of trademarks that are the intellectual property of POM of Pennsylvania and/or Savvy Dog.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Pennsylvania Skill Games' claims are barred because no oral contract existed between the parties and/or its terms are unenforceable.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Pace-O-Matic asserts the defense of ratification.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Pennsylvania Skill Games lacks standing to bring its Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Pace-O-Matic asserts the defenses of unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     To the extent necessary, Pace-O-Matic asserts the defenses of fair use and collateral use.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Some of Pennsylvania Skill Games' claims are barred due to a lack of contractual privity.

WHEREFORE, Defendant Pace-O-Matic, Inc. respectfully requests that this Court enter

Judgment in its favor and against Plaintiff Pennsylvania Skill Games, LLC.

Respectfully submitted,

SPILMAN THOMAS & BATTLE, PLLC

By:/s/ Julian E. Neiser
    Julian E. Neiser
    Pa. Id. No. 87306

    T:  412-325-1116
    F:  412-325-3324
    E:  jneiser@spilmanlaw.com

    William P. Smith
    Pa. Id. No. 50352

    T:  412-325-1115
    F:  412-325-3324
    E:  wsmith@spilmanlaw.com

    One Oxford Centre, Suite 3440
    301 Grant Street
    Pittsburgh, PA  15219

    **Attorneys for Defendant Pace-O-Matic, Inc.**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

              Plaintiffs/Counterclaim
              Defendants,

              v.

PENNSYLVANIA SKILL GAMES, LLC,

              Defendant/Counterclaim
              Plaintiff.

CIVIL ACTION NO. 2:18-CV-00722-RCM

The Honorable Robert C. Mitchell

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Defendant Pace-O-Matic,**

**Inc.'s Answer and Affirmative Defenses to Plaintiff Pennsylvania Skill Games, LLC's**

**Complaint** was served upon the counsel of record this 14th day of September, 2018 via the

Court's CM/ECF System:

> C. James Zeszutek, Esquire
> Nicholas J. Godfrey, Esquire
> Dinsmore & Shohl LLP
> 1300 Six PPG Place
> Pittsburgh, PA  15222
>
> **Counsel for Plaintiff Pennsylvania Skill Games, LLC**
>
> SPILMAN THOMAS & BATTLE, PLLC
>
> /s/ Julian E. Neiser
> Julian E. Neiser