## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC t/d/b/a                CIVIL ACTION NO. 2:18-cv-722
PACE-O-MATIC, and SAVVY DOG                     Consolidated
SYSTEMS, LLC,

                        Plaintiffs,             JURY TRIAL DEMANDED

            v.

PENNSYLVANIA SKILL GAMES, LLC,

                        Defendant.

## FIRST AMENDED COMPLAINT

Plaintiffs POM of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, and Savvy Dog Systems, LLC, (collectively, "Plaintiffs"), bring this action by and through its attorneys, SPILMAN, THOMAS & BATTLE, PLLC, against defendant Pennsylvania Skill Games, LLC ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action for infringement of Plaintiffs' common-law trademark/service marks for the words PENNSYLVANIA SKILL and related design (the aforementioned word mark and design are individually referred to herein as a "Mark" or collectively referred to herein as "the Marks"), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for related claims under the statutory and common laws of the Commonwealth of Pennsylvania, all arising from the Defendant's unauthorized use of the Marks in connection with the distribution, marketing, advertising, promotion, and/or sale of Defendant's electronic games and software plays.

## PARTIES

2.      Plaintiff POM of Pennsylvania, LLC ("POM") is a limited liability company formed under the laws of Wyoming, trading and doing business as Pace-O-Matic, with its principal place of business in Duluth, Georgia.

3.      Plaintiff Savvy Dog Systems, LLC ("Savvy Dog") is a limited liability company formed under the laws of Wyoming, with its principal place of business in Duluth, Georgia.

4.      POM is the exclusive licensee of the Marks in the Commonwealth of Pennsylvania under a license agreement between Savvy Dog and POM dated January 1, 2017. Defendant Pennsylvania Skill Games, LLC ("PSG") is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, (formed in May 2015) with its principal place of business at 1 Constitution Boulevard, Aliquippa, Pennsylvania 15001.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) relating to unregistered trademark infringement and false designation of origin.

6.      Venue is proper in the Western District under 28 U.S.C. § 1391(b)(1), in that Defendant PSG resides in this district; and under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

2

**FACTS**

7.      Plaintiff POM is a manufacturer and developer of innovative games for the coin-op industry for the Commonwealth of Pennsylvania.  POM's games conform to all state law requirements for the markets it serves.

8.      POM markets its games under the mark PENNSYLVANIA SKILL and has continuously used the mark in association with its game software, game consoles, game software leasing, and related goods and services since at least September 4, 2013.

9.      Savvy Dog is has licensed the trademark PENNSYLVANIA SKILL and other intellectual property to POM for the exclusive use in the Commonwealth of Pennsylvania.  under a license agreement dated June 1, 2017.

10.      In addition to the word mark, POM uses various combination marks with design elements for the mark PENNSYLVANIA SKILL in association with the aforementioned goods and services.

11.      POM sells and distributes its PENNSYLVANIA SKILL goods and services throughout the Commonwealth of Pennsylvania to it distributor who, in turn, distributes it to route operators including PSG.

12.      Savvy Dog is the owner of various marks for PENNSYLVANIA SKILL through common law usage and Pennsylvania registration through its licensee POM.

13.      On or about May 20, 2015, PSG purchased equipment from the predecessor-in-interest, Pace-O-Matic, Inc, pursuant to an Equipment Purchase Agreement, which included PENNSYLVANIA SKILL terminals and hardware components that comply with Pennsylvania state law.

14.     On information and belief, subsequent to entering into the Equipment Purchase Agreement, PSG began promoting its games through its domain name, wwww.pennsylvaniaskillgames.com, and in doing so, knowingly misrepresenting to the public that PSG is the source of the goods and services for PENNSYLVANIA SKILL.

15.     On information and belief, on or about March 30, 2018, PSG filed trademark applications in the U.S. Patent and Trademark Office, Serial No. 87856441, for the word mark PENNSYLVANIA SKILL (Exhibit A) and Serial No. 87856442 for the combination mark PENNSYLVANIA SKILL and design (Exhibit B), collectively, "the Trademark Applications."

16.     PSG falsely and with deceptive intent has alleged exclusive rights in the Marks by completing, signing, and submitting the Trademark Applications with prior knowledge that POM is the actual source of the goods and services identified in the Trademark Applications.

17.     As a result of its widespread, continuous and exclusive use of the PENNSYLVANIA SKILL Mark to identify its PENNSYLVANIA SKILL game machines and POM as their source and registration with the Commonwealth of Pennsylvania, Plaintiffs own valid and subsisting federal statutory and common law rights to the PENNSYLVANIA SKILL mark.

18.     POM has litigated the legality of its proprietary game equipment and software under the Mark in various venues, at considerable expense and time, including a case in Beaver County, Pennsylvania, Docket No. M.D. 965-2013, in which said games and software were adjudicated to be compliant and legal under Pennsylvania law.  See Memorandum Opinion and Order dated December 23, 2014 (Exhibit C).

4

19.     Plaintiffs' PENNSYLVANIA SKILL Mark is distinctive to both the consuming public and Plaintiffs' trade.

20.     POM has expended substantial time, money, and resources marketing, advertising, and promoting the game equipment and software sold under the PENNSYLVANIA SKILL Marks including through POM's marketing, advertising, and promotional efforts and channels for goods or services under the Marks.

21.     POM, through its licensees and authorized distributors, distributes, provides and sells the PENNSYLVANIA SKILL game machines under the PENNSYLVANIA SKILL Marks in all Pennsylvania counties, as well as to distributors with locations outside of Pennsylvania.

22.     POM offers and sells its PENNSYLVANIA SKILL game machines under its PENNSYLVANIA SKILL Marks to its distributor in Pennsylvania, Miele Manufacturing, who in turn distributes the PENNSYLVANIA SKILL game machines to various route operators and locations for use in gaming arcades, restaurants, bars and other public entertainment venues.

23.     The PENNSYLVANIA SKILL game machines POM offers under the PENNSYLVANIA SKILL Mark are high quality game machines and utilize associated software customized to comply with state-specific regulations.

24.     As a result of POM's expenditures and efforts, the PENNSYLVANIA SKILL Mark has come to signify the high quality of the PENNSYLVANIA SKILL game machines designated by the PENNSYLVANIA SKILL Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiffs POM and Savvy Dog.

5

## COUNT ONE
## FALSE DESIGNATIONS OF ORIGIN
## 15 U.S.C. §1125 et seq.

25.     Paragraphs 1 through 24 are hereby incorporated by reference in their entirety.

26.     Upon information and belief, PSG is engaged in leasing and operation of arcade games, and specifically PSG is an operator that places POM's PENNSYLVANIA SKILL game in PSG's route locations around Beaver County, Pennsylvania.

27.     Without POM's authorization, and upon information and belief, beginning after POM acquired protectable exclusive rights in the Marks, PSG filed its two trademark applications, Ser. No. 87856442 and 87856441 in the U.S. Patent and Trademark Office, alleging, *inter alia,* that PSG believes that it is the owner of the trademark/service mark sought to be registered (the "Infringing Mark"); that the mark is in use in commerce on or in connection with electronic gaming machines monetary prizes and services, namely, providing the use of electronic gaming machines featuring games of skill and which provide monetary prizes.

28.     According to the aforementioned applications, PSG allegedly first used the marks in commerce on June 1, 2015 -- more than one year after POM began using the marks in commerce.

29.     PSG knew or reasonably should have known that the statements made in the trademark applications were false, and that POM was and is the actual owner of the mark, and the manufacturer and source of the game machines bearing the mark PENNSYLVANIA SKILL.

30.     The trademark applications filed by PSG are identical to POM's Marks, including both the word mark and the combination mark including the design element.

6

31.     PSG's trademark applications indicate a constructive intent to infringe upon POM's Marks by falsely designating PSG as the source of the goods and services that are actually the goods and services of POM.

32.     Upon information and belief, PSG has been engaged in the distribution, provision, advertising, and promotion of game machines -- bearing POM's Marks throughout Pennsylvania -- with the intent to misappropriate POM's marks for itself.

33.     PSG is merely one of POM's many customers throughout the Commonwealth of Pennsylvania and beyond who lease, purchase, or operate POM's game machines and custom software under various agreements, which bear the Marks that identify POM as the source of the goods and services.

34.     Upon information and belief, PSG offers and sells game machines under the PENNSYLVANIA SKILL marks through its route to restaurants, bars, gaming arcades and other entertainment venues featuring electronic games of skill and has installed non-compliant games in Pennsylvania using Ohio-compliant software and equipment in violation of its agreement with POM and in violation of Pennsylvania law.

35.     Upon information and belief, PSG is utilizing the Internet to advertise, sell, market, and/or distribute gaming machines that prominently display the PENNSYLVANIA SKILL Mark despite not having any legal authority to do so.

36.     Upon information and belief, the PENNSYLVANIA SKILL game machines PSG offers will harm the reputation of POM's goods and services for producing high quality, legally compliant game machines for use in Pennsylvania.

37.     PSG's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the PSG's PENNSYLVANIA SKILL game machines and have and are likely to deceive the relevant consuming public into believing, mistakenly, that PSG's PENNSYLVANIA SKILL non-compliant game machines originate from, are associated or affiliated with, or otherwise authorized by Plaintiffs.

38.     Upon information and belief, PSG's acts are willful and demonstrate deliberate intent to trade on the goodwill of the PENNSYLVANIA SKILL Mark, cause confusion and deception in the marketplace, and divert potential sales of POM's PENNSYLVANIA SKILL game machines to PSG.

39.     PSG's acts are causing, and unless restrained, will continue to cause damage and immediate, irreparable harm to POM and to its valuable reputation and goodwill with the consuming public for which POM has no adequate remedy at law.

40.     PSG's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of PSG's goods and services, and is likely to cause consumers to believe, contrary to fact, that PSG's goods/services are sold, authorized, endorsed, or sponsored by POM, or that PSG is in some way affiliated with or sponsored by POM. PSG's conduct therefore constitutes false designation of original common-law trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.     Upon information and belief, PSG has committed the foregoing acts of infringement and unfair competition with full knowledge of Plaintiffs' prior rights in the

8

PENNSYLVANIA SKILL Marks and with the willful intent to cause confusion and trade on Plaintiffs' goodwill.

42.     PSG's conduct is causing immediate and irreparable harm and injury to POM, and to its goodwill and reputation, and will continue to both damage POM and confuse the public unless enjoined by this court.

43.     Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, PSG's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
## PENNSYLVANIA UNFAIR TRADE PRACTICES AND
## CONSUMER PROTECTION LAW
### 73 P.S. §201-1 et. seq.

44.     Paragraphs 1 through 43 of the Complaint are hereby incorporated by reference in their entirety.

45.     PSG's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of PSG's goods and services, and is likely to cause consumers to believe, contrary to fact, that PSG's goods and services are sold, authorized, endorsed, or sponsored by Plaintiffs, or that PSG is in some way affiliated with or sponsored by Plaintiffs.

46.     PSG's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

9

47.     Upon information and belief, PSG's conduct as alleged herein is willful, is intended to, and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of PSG with Plaintiffs.

48.     PSG's conduct as alleged herein constitutes unfair competition in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law Section 201-1 *et. seq.*

49.     PSG's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiffs, and to their goodwill and reputation and will continue to both damage Plaintiffs and confuse the public unless enjoined by this court.

## COUNT THREE
## COMMON LAW TRADEMARK INFRINGEMENT

50.     Paragraphs 1 through 49 of the Complaint are hereby incorporated by reference in their entirety.

51.     As alleged herein, PSG has used Plaintiffs' common law trademarks without justification, license, or permission.

52.     Plaintiffs have common law rights in the aforementioned trademarks that are senior to any asserted by PSG.

53.     As such, PSG has violated Plaintiffs' common law trademark rights.

54.     Plaintiffs are entitled to recover actual damages, injunctive relief, and any other award this Court deems to be just and is valid under Pennsylvania law.

## COUNT FOUR
## DECLARATORY JUDGMENT

55.     Paragraphs 1 through 54 of the Complaint are hereby incorporated by reference in their entirety.

10

56.     An actual controversy exists between the parties as to the rights and obligations of each with respect to the Marks and the validity and enforceability of the Equipment Purchase Agreement.

57.     PSG has filed for federal registration of the Marks, which Plaintiffs challenge based upon common law and other statutory rights.

58.     PSG had also threatened state court litigation based upon its alleged rights to use the Marks and filed a separate lawsuit in this District regarding its claim to ownership of the Marks.

59.     Pursuant to 28 U.S.C. § 2201(a), this Court is empowered to declare the rights and other legal relations of the parties of this action with respect to ownership of the Marks.

60.     Plaintiffs contend they are the true and sole owners of the Marks, and Defendant has no rights whatsoever in their ownership.

61.     Further, POM of Pennsylvania and Savvy Dog dispute the enforceability and validity of the Equipment Purchase Agreement -- specifically that it fails for want of consideration, is vague, and requires a determination as a matter of law as to whether its terms have any force or effect against the parties.

62.     POM of Pennsylvania and Savvy Dog request that this Honorable Court declare as a matter of law that the "right of first refusal" contained in the Equipment Purchase Agreement is either unenforceable due to a lack of consideration or is more restrictive than alleged by Defendant.

63.     POM of Pennsylvania and Savvy Dog request that this Honorable Court declare as a matter of law that the Equipment Purchase Agreement is terminated, invalid, and of no force and effect.

11

64.     POM of Pennsylvania and Savvy Dog request that this Honorable Court declare as a matter of law the rights and remedies of the parties with respect to ownership of the Marks and the obligations of the parties to the Equipment Purchase Agreement.

**COUNT FIVE**
**COMMON LAW UNFAIR COMPETITION**

65.     Paragraphs 1 through 64 of the Complaint are hereby incorporated by reference in their entirety.

66.     PSG's attempts to trademark the PENNSYLVANIA SKILL name and its claims that it owns the trademark constitute unfair competition with Plaintiffs.

67.     PSG by using the PENNSYLVANIA SKILL name and claiming that it owns the name constitutes a passing off of Plaintiff's goods and services as its own.

68.     PSG has engaged in business practices that substantially interfere with Plaintiffs' ability to compete in the market, on the merits.

69.     In particular, and upon information and belief PSG has placed the PENNSYLVANIA SKILL Mark, or some variation thereof that is confusingly similar, on non-compliant video gaming machines in various locations within the Commonwealth of Pennsylvania.

70.     PSG has intermingled these non-compliant video gaming machines with compliant machines, which exposes Plaintiffs to liability and unwarranted law enforcement actions.

71.     PSG, upon information and belief, has revealed confidential information it obtained solely from Plaintiffs to third parties for the purposes of gaining an unfair competitive advantage over Plaintiffs and causing harm to Plaintiffs' business.

72.     Additionally, by filing for a federal trademark registration regarding the "PENNSYLVANIA SKILL" mark without any justification or factual basis and claiming

12

ownership of that mark -- despite having nothing to do with its creation -- PSG has engaged in unfair competition with Plaintiffs.

73.    Defendant also has engaged in unfair competition by creating Internet web sites claiming it created, developed, and owns the technology behind skill based machines that are legal in Pennsylvania. These web sites feature prominently the PENNSYLVANIA SKILL Mark despite Defendant lacking any legal right to do so. Defendant also has made false representations online that it obtained a judicial ruling regarding the validity and legality of skill based machines in Pennsylvania despite having absolutely nothing to do with that case other than serving as a limited vendor to place one of the machines in the American Italian Club. Defendant also has represented to the consuming public that it and its principals had substantial involvement in the development and/or creation of legal skill games in Pennsylvania.

74.    To the contrary, Defendant is merely a minor operator of electronic gaming machines and does not and has never had any ownership of or involvement in the development or adjudication of legal skill game machines created solely by POM of Pennsylvania and its predecessor in interest.

75.    Since this lawsuit was filed, Defendant has, upon information and belief, knowingly and intentionally distributed illegal gaming machines that are falsely branded with the PENNSYLVANIA SKILL Mark in several locations within the Commonwealth.

76.    Since this lawsuit was filed, Defendant has, upon information and belief, colluded with third parties to knowingly and intentionally create competing Internet web sites that falsely designate the origin of the PENNSYLVANIA SKILL Mark and falsely describe the

13

ownership/development of skill games that are being sold under POM of Pennsylvania's brand, including a website at http:www.paskillgaming.com.

77. As a direct result of PSG's unfair competition, Plaintiffs have been and continue to be harmed.

## COUNT SIX
## VIOLATIONS OF THE PENNSYLVANIA TRADEMARK ACT

78. Paragraphs 1 through 77 of the Complaint are hereby incorporated by reference in their entirety.

79. Plaintiffs own trademarks that are protectable under the Pennsylvania Trademark Act 54 Pa.C.S.A. § 1101, et seq.

80. Defendant has no basis in fact or law for asserting any rights to use the PENNSYLVANIA SKILL Mark without Plaintiffs' permission.

81. As a result of Defendant's bad-faith and warrantless assertions regarding its alleged role in the creation and ownership of the PENNSYLVANIA SKILL Mark, Plaintiffs have been and continue to be damaged.

## COUNT SEVEN
## BREACH OF CONTRACT
## POM of Pennsylvania v. Pennsylvania Skill Games, LLC

82. Paragraphs 1 through 81 of the Complaint are hereby incorporated by reference in their entirety.

83. In the alternative to other counts alleged herein, and in the event that this Honorable Court declares as a matter of law that the Equipment Purchase Agreement is enforceable, Plaintiff

14

POM of Pennsylvania, as the assignee of the Equipment Purchase Agreement from its successor in interest, Pace-O-Matic, allege a first breach by Defendant.

84.     The Equipment Purchase Agreement requires Defendant to pay for machines and fills purchased from POM of Pennsylvania.

85.     Defendant has failed to make payments when due and currently owe a balance of $4,490 under invoice 19918, dated November 14, 2017, for equipment and fills received under the Equipment Purchase Agreement.

86.     Therefore, Defendant is in breach of the contract, which has resulted in financial damages to POM of Pennsylvania.

87.     Inherent in any contract is a duty of good faith and fair dealings.

88.     Defendant has breached the duty of good faith and fair dealings by engaging in conduct that is harmful to POM of Pennsylvania, to include abandoning the contract, failing to purchase equipment and fills as promised, engaging in unfair competition, filing unlawful trademark registrations for the PENNSYLVANIA SKILL Mark, co-mingling legal games created and manufactured by POM of Pennsylvania with illegal games, and other conduct that is contrary to a reasonable commercial relationship and faithfulness to an agreed common purpose.

### COUNT EIGHT
### QUANTUM MERUIT/UNJUST ENRICHMENT (Alternative Pleading)
### POM of Pennsylvania v. Pennsylvania Skill Games, LLC

89.     Paragraphs 1 through 88 of the Complaint are hereby incorporated by reference in their entirety.

90.     POM of Pennsylvania has conferred benefits on Pennsylvania Skill Games in the form of providing guidance, consulting, equipment, fills, and other benefits inherent in the

15

operation of a business that sells and/or distributes legal gaming machines in the Commonwealth of Pennsylvania.

91.     Pennsylvania Skill Games has accepted, appreciated and retained the benefits conferred on it by POM of Pennsylvania, which enabled Defendant to create a business in Pennsylvania selling legal skill games that were adjudicated as such through the sole and independent efforts of POM of Pennsylvania and its predecessor, Pace-O-Matic, Inc.

92.     It would be unjust for Pennsylvania Skill Games to retain those benefits without adequate compensation to POM of Pennsylvania.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs POM of Pennsylvania, LLC d/b/a Pace-O-Matic and Savvy Dog Systems, LLC pray for judgment against Defendant Pennsylvania Skill Games, LLC as follows:

1.     That PSG, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a.     using the POM and/or Savvy Dog Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine POM and/or Savvy Dog-branded PENNSYLVANIA SKILL product or is not authorized by POM and/or Savvy Dog to be sold in connection with the POM and/or Savvy Dog Trademarks;

16

b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine POM and/or Savvy Dog Branded Product or any other product produced by POM and/or Savvy Dog, that is not POM and/or Savvy Dog's or not produced under the authorization, control, or supervision of POM and/or Savvy Dog and approved by POM and/or Savvy Dog for sale under the POM and/or Savvy Dog Trademarks;

c.  committing any acts calculated to cause consumers to believe that PSG's Counterfeit POM and/or Savvy Dog Products are those sold under the authorization, control or supervision of POM and/or Savvy Dog, or are sponsored by, approved by, or otherwise connected with POM and/or Savvy Dog;

d.  further infringing the POM and/or Savvy Dog Trademarks and damaging POM and/or Savvy Dog's goodwill; and

e.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products or inventory not manufactured by or for POM, nor authorized by POM to be sold or offered for sale, and which bear any of POM's trademarks, including the PENNSYLVANIA SKILL trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof;

2.  Entry of an Order that PSG expressly abandon the Trademark Applications for registration of PENNSYLVANIA SKILL trademarks;

17

3.     Entry of an Order that, at POM's and/or Savvy Dog's choosing, the registrant of the PSG domain names www.pennsylvaniaskillgames.com or any other competing web site shall be changed from the current registrant to Savvy Dog, and that the domain name registry for the PSG domain name shall unlock and change the registrar of record for the PSG domain name to a registrar of POM's and/or Savvy Dog's selection, and that the domain name registrar shall take any steps necessary to transfer the PSG domain name to a registrar account of POM and/or Savvy Dog's selection; or that the same domain name registry shall disable the PSG domain name and render it inactive and non-transferable.

4.     That POM and/or Savvy Dog be awarded reasonable attorneys' fees and costs.

5.     Make a judicial declaration that Plaintiffs are the owners of the PENNSYLVANIA SKILL marks under common law rights.

6.     Make a judicial declaration that the Equipment Purchase Agreement is terminated, invalid, and of no force and effect.

18

7.       Award any other relief that this Court deems just and proper.

                                        Respectfully submitted,

                                        SPILMAN THOMAS & BATTLE, PLLC

Dated this 11th day of January, 2019        By: /s/ Julian E. Neiser
                                             Julian E. Neiser
                                             Pa. ID No. 87306
                                             William P. Smith
                                             Pa. ID No. 50352
                                             301 Grant Street
                                             One Oxford Centre, Suite 3440
                                             Pittsburgh, PA  15219
                                             T:  412-325-1116
                                             T:  412-325-1115
                                             F:  412-325-3324
                                             E:  jneiser@spilmanlaw.com
                                             E:  wsmith@spilmanlaw.com

                                        **Attorneys for Plaintiffs**

                                        **A JURY TRIAL IS DEMANDED
                                        PURSUANT TO F.R.C.P. 38**