**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC,<br><br>     Plaintiffs,<br><br>v.<br><br>PENNSYLVANIA SKILL GAMES, LLC,<br><br>     Defendant. | Civil Action No. 2:18-cv-00722-RCM<br>Consolidated<br><br>The Honorable Robert C. Mitchell |

**PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Protective Order has been entered by Court.

**Proceedings and Information Governed.**

1.     This Protective Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information, or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The documents and information protected includes, but is not limited to, answers to interrogatories, answers to requests for admissions, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given, or filed in this action that are designated by a party as "Confidential," "Confidential – Attorneys' Eyes Only" or "Confidential – Restricted" (collectively, "Protected Information") in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

2.      For purposes of this Protective Order:

(a)      The "Confidential" designation shall mean that the document contains confidential information within the scope of Fed. R. Civ. P. 5.2, or is comprised of trade secrets or commercial information which is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(7), or other information required by law or agreement to be kept confidential.

(b)      The "Confidential – Attorneys' Eyes Only" designation shall mean that the document is comprised of Confidential Information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter.

(c)      The "Confidential – Restricted" designation shall mean extremely sensitive information that may relate to, or lead to, the discovery or disclosure of Confidential or Classified Information (as defined in Paragraph 12 below), the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

(d)      Protected Information does not include, and this Protective Order shall not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3.	Protected Information may be designated in the following manner:

(a)	Documents and things produced during the course of this litigation within the scope of Paragraph 2(a) above may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL**

(b)	Documents and things produced during the course of this litigation within the scope of Paragraph 2(b) above may be designated by the producing party as containing Confidential – Attorneys' Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

(c)	Documents and things produced during the course of this litigation within the scope of Paragraph 2(c) above may be designated by the producing party as containing Confidential – Restricted Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL – RESTRICTED**

(d)	A party may designate information disclosed at a deposition as Protected Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition.  If no such designation is made at the time of the deposition, any party shall have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Protected Information.  If no such designation is made at the deposition or within such fourteen (14) calendar day period (during which period, the transcript shall be treated as Confidential –

Attorneys' Eyes Only information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Protected Information. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

(e)   It is the responsibility of counsel for each party to maintain materials containing Protected Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

## Inadvertent Failure to Designate.

4.   The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

## Challenge to Designations.

5.   A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have fourteen (14) days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this fourteen (14)

day time frame, and after the conference required under Local Rule 37.1, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information.  Until any dispute under this Paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

<u>**Disclosure and Use of Confidential Information.**</u>

6.    Information designated as Confidential or Confidential – Attorneys' Eyes Only may only be used for purposes of preparation, trial, and appeal of this action.  Confidential or Confidential – Attorneys' Eyes Only Information may not be disclosed or used under any circumstances for any other purpose.  Confidential or Confidential – Attorneys' Eyes Only may not be used or disclosed to any non-party to obtain Confidential or Confidential – Attorneys' Eyes Only Information.   The provisions of Local Rule 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Protective Order.

7.    Subject to Paragraph 9 below, Confidential Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order:  (a) two (2) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions; (b) two (2) in-house counsel; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks and legal clerks; (e) experts or consultants; (f) any persons requested by counsel to furnish services such as photocopying, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (g) the Court and its personnel.

8.     Subject to paragraph 9 below, Confidential – Attorneys' Eyes Only Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order:  (a) two (2) in-house counsel; (b) outside counsel for the receiving party in this action; (c) supporting personnel employed by (a) and (b), such as paralegals, legal secretaries, data entry clerks and legal clerks employed by (a) and (b); (d) experts or consultants; (e) any persons requested by counsel to furnish services such as photocopying, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (f) the Court and its personnel.

9.     Further, prior to disclosing Confidential Information or Confidential – Attorneys' Eyes Only Information to a receiving party's proposed expert or consultant, the receiving party shall provide to the producing party a signed Confidentiality Agreement in the form attached hereto as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry.  The producing party shall thereafter have fourteen (14) days from receipt of the Confidentiality Agreement to object to any proposed individual.  Such objection must be made for good cause and in writing, stating with particularity the reasons for objection.  Failure to object within fourteen (14) days shall constitute approval.  If the parties are unable to resolve any objection, the receiving party may apply to the Court to resolve the matter.  There shall be no disclosure to any proposed individual during the fourteen (14) day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection or the Court has ruled upon any resultant motion.

10.    Counsel shall be responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order.  Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached hereto as Exhibit B.

11.    Confidential or Confidential – Attorneys' Eyes Only Information may be disclosed to a person not already allowed access to such information under this Protective Order if:

(a)    the information was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

(b)    the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(c)    counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this Paragraph, only the reporter, the person, his or her counsel, the Court and its personnel, and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of the Protected Information.  Disclosure of material pursuant to this Paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

### Disclosure and Use of Confidential – Restricted Information.

12.    To the extent production of information related to, or may lead to the discovery of, Confidential or Classified Information as designated by or on behalf of the United States and/or its related entities and contractors, a producing party may designate such information as

Confidential – Restricted Information if it comprises or includes sensitive, confidential, proprietary, classified, or trade secrets.

13.     The parties agree to cooperate in good faith so as to protect the producing party's Protected Information designated as Confidential – Restricted Information while not unreasonably hindering the receiving party's ability to efficiently and effectively conduct the prosecution or defense of this action.

14.     Protected Information designated as Confidential – Restricted Information shall be subject to all of the protections afforded to Confidential – Attorneys' Eyes Only Information and may be disclosed only to the authorized individuals to whom Confidential – Attorneys' Eyes Only Information may be disclosed, as set forth in paragraph 8, with the exception that no Confidential – Restricted Information may be disclosed to any person outside trial counsel's employ without prior notice and opportunity for the producing party to object.  Further, all persons given access to Confidential – Restricted Information shall be required to sign the Confidentiality Agreement in the form attached hereto as Exhibit B.

15.     This Protective Order shall not limit any right a non-party may have to seek further restrictions and limitations related to any Protected Information they and/or their employees and former employees may produce.

16.     The receiving party shall maintain a record of any individual who has inspected any portion of Confidential – Restricted Information.  The receiving party shall maintain any Confidential – Restricted Information in a secured, locked area under the supervision and control of an individual authorized to be in possession of the information.  The receiving party may also temporarily keep Confidential – Restricted Information at (a) the Court for any proceedings where the use of the Confidential – Restricted Information may be relevant; (b) the site of any

depositions where the use of the Confidential – Restricted Information may be relevant, provided the party producing such information is given notice and opportunity to object; and (c) any intermediate location reasonably necessary to transport copies (*e.g.*, at a hotel prior to a Court proceeding or deposition) as long as the receiving party takes reasonable steps to secure the Confidential – Restricted Information.

17.     Confidential – Restricted Information may only be transported by the receiving party at the direction of a person authorized to be in possession of the information by hand carry, Federal Express, or other similar reliable courier. Highly Confidential – Source Code Information may not be transported or transmitted electronically over a network of any kind, including a LAN, intranet, or the internet, except as required by the Court pursuant to Paragraph 18 below.

18.     The receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format without the producing party's permission, except as is necessary to create documents that, pursuant to the Court's rules, procedures, or orders, must be filed or served electronically.  The receiving party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Any paper copies used during a deposition shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

**<u>Non-Party Information.</u>**

19.     The existence of this Protective Order shall be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony.  Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

## Filing Documents with the Court.

20.     In the event that any party wishes to submit Protected Information to the Court, such party shall follow the procedures prescribed by the Court, including obtaining leave of Court prior to filing any documents under seal.

## No Prejudice.

21.     Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Protected Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

## Conclusion of Litigation.

22.     Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order

shall be under an obligation to destroy or return to the producing party all materials and documents containing Protected Information, and to certify to the producing party such destruction or return. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

## Other Proceedings.

23.     By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Protective Order that may be subject to a motion to disclose another party's information designated as Protected Information pursuant to this Protective Order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

## Remedies.

24.     It is Ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

25.     Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Order.


                                              Respectfully submitted,

                                              SPILMAN THOMAS & BATTLE, PLLC

Dated: April 8, 2019             By:    /s/ Julian E. Neiser
                                        Julian E. Neiser, Esq.
                                        Pa. I.D. No. 87306
                                        One Oxford Centre, Suite 3440
                                        Pittsburgh, PA 15219

                                        *Counsel for POM of Pennsylvania, LLC,
                                        t/d/b/a Pace-O-Matic, Savvy Dog Systems,
                                        LLC, Pace-O-Matic, Inc. and Miele
                                        Manufacturing, Inc.*

                                        DINSMORE & SHOHL LLP

Dated: April 8, 2019             By:    /s/ Nicholas J. Godfrey
                                        C. James Zeszutek, Esq.
                                        Pa. I.D. No. 22071
                                        Nicholas J. Godfrey, Esq.
                                        Pa. I.D. No. 312031
                                        DINSMORE & SHOHL LLP
                                        1300 Six PPG Place
                                        Pittsburgh, PA 15222
                                        412.281.5000 (t)
                                        412.281.5055 (f)
                                        james.zeszutek@dinsmore.com
                                        nicholas.godfrey@dinsmore.com

                                        *Counsel for Pennsylvania Skill Games,*

                                        *LLC***BY THE COURT**



                                        _____

                                        Mitchell, J.

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>PENNSYLVANIA SKILL GAMES, LLC,<br><br>        Defendant. | Civil Action No. 2:18-cv-00722-RCM<br>Consolidated<br><br>The Honorable Robert C. Mitchell |

## CONFIDENTIALITY AGREEMENT
## FOR EXPERT, CONSULTANT, OR EMPLOYEES OF ANY PARTY

I hereby affirm that:

Information, including documents and things, designated as "Protected Information," as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Protected Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court.

I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Protected Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings

prepared by me containing any Protected Information are to be returned to counsel who provided me with such documents and materials.


Dated: _____                    _____

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, <br><br>     Plaintiffs, <br><br> v. <br><br> PENNSYLVANIA SKILL GAMES, LLC, <br><br>     Defendant. | Civil Action No. 2:18-cv-00722-RCM <br> Consolidated <br><br> The Honorable Robert C. Mitchell |

**CONFIDENTIALITY AGREEMENT**
**FOR THIRD-PARTY VENDORS**

I hereby affirm that:

Information, including documents and things, designated as "Protected Information," as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Protected Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court.


Dated: _____     _____