11707576v2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

                    Plaintiffs/Counterclaim
                    Defendants,

        v.

PENNSYLVANIA SKILL GAMES, LLC,

                    Defendant/Counterclaim
                    Plaintiff.

CIVIL ACTION NO. 2:18-CV-00722-RCM
Consolidated

The Honorable Robert C. Mitchell

## AMENDED ANSWER TO COUNTERCLAIM AND AFFIRMATIVE DEFENSES

NOW COME Plaintiffs/Counterclaim Defendants POM of Pennsylvania, LLC, t/d/b/a

Pace-O-Matic, and Savvy Dog Systems, LLC (collectively, hereinafter referred to as "Plaintiffs"

or "Counterclaim Defendants"), by and through their undersigned counsel and file the within

Answer to Counterclaim and Affirmative Defenses as follows:

## THE PARTIES

1.      Admitted upon information and belief.

2.      Admitted.

3.      Admitted.

## JURISDICTION AND VENUE

4.      Paragraph 4 of the Counterclaim calls for a conclusion of law to which no

response is required. Further, Plaintiffs deny any allegation that they "caused harm or tortious

injury in the Commonwealth of Pennsylvania by an act or omission in or outside the

11707576v2

Commonwealth of Pennsylvania." Otherwise, Counterclaim Defendants do not object to personal jurisdiction of this Court.

5.    Paragraph 5 of the Counterclaim calls for a conclusion of law to which no response is required. Counterclaim Defendants deny any violation of the Lanham Act, 15 U.S.C. § 1125. However, Counterclaim Defendants do not challenge subject matter jurisdiction.

6.    Paragraph 6 of the Counterclaim calls for a conclusion of law to which no response is required. Counterclaim Defendants deny any violation of the Lanham Act, 15 U.S.C. § 1125. However, Plaintiffs do not challenge subject matter jurisdiction.

7.    Admitted that venue is proper. Counterclaim Defendants deny any alleged "omissions" or any liability to Counterclaimant.

## FACTUAL BACKGROUND

8.    Denied as stated. Upon information and belief, Pennsylvania Skill Games sells or leases gaming machines created by Counterclaim Defendants and others. After reasonable investigation, Counterclaim Defendants are without information sufficient to form a belief as to the truth of the averments of Paragraph 8 of the Counterclaim, specifically, Counterclaim Defendants do not know what Counterclaim Plaintiff means by "operator."

9.    Denied.

10.    After reasonable investigation, Plaintiffs are without information sufficient to form a belief as to the truth of the averments of Paragraph 10 of the Counterclaim, the same being denied. Further, Counterclaimant was not created until May 11, 2015, so it is impossible for Counterclaimant to have used the PENNSYLVANIA SKILL mark prior to that date.

2

11707576v2

11.    After reasonable investigation, Counterclaim Defendants are without information sufficient to form a belief as to the truth of the averments of Paragraph 11 of the Counterclaim, the same being denied.

12.    Admitted in part and denied in part. Admitted that the PENNSYLVANIA SKILL mark has become distinctive with consumers and distributors, manufacturers, and operators in the electronic video game machine industry. It is denied that Counterclaimant has any ownership in the PENNSYLVANIA SKILL mark or that its efforts or expenditures had anything to do with the distinctiveness or meaning of the mark. All other averments are denied.

13.    Admitted in part and denied in part. Admitted that the PENNSYLVANIA SKILL mark has acquired goodwill and reputation with consumers and distributors, manufacturers, and operators in the electronic video game machine industry. It is denied that Counterclaimant has any ownership in the PENNSYLVANIA SKILL mark or that its efforts or expenditures had anything to do with the goodwill or reputation of the mark. All other averments are denied.

14.    After reasonable investigation, Counterclaim Defendants are without information sufficient to form a belief as to the truth of the averments of Paragraph 14 of the Counterclaim, the same being denied. Paragraph 14 of the Counterclaim also calls for conclusions of law to which no response is required, the same being denied.

15.    Denied.

16.    Denied.

17.    Denied as stated. The only agreement between the parties is embodied in the written contract attached to the Pennsylvania Skill Games, LLC counterclaim as Exhibit B, which has been terminated and is unenforceable. All other averments are denied.

18.    Denied.

3

19. Denied. Counterclaim Defendants incorporate Paragraph 17 of its Answer herein as if set forth at length. All other allegations are denied.

20. The averments of Paragraph 20 of the Counterclaim call for conclusions of law to which no response is required, the same being denied. All remaining averments are denied.

21. Denied.

22. Denied as stated. Pace-O-Matic, Inc., through counsel, negotiated a controlled pickup of a video game machine for the purpose of obtaining an inspection and a judicial ruling on legality of the gaming system. Counsel for Pace-O-Matic, Inc. arranged for a gaming machine to be placed in the American Italian Club in Beaver County Pennsylvania, which did in fact occur sometime between October 1, 2013 and November 19, 2013. Counterclaimant had no involvement in this process, nor was there any relationship of any sort between Counterclaimant prior to this time. Further, Counterclaimant did not exist at the time of the controlled pickup, as Pennsylvania Skill Games, LLC was not organized as a limited liability company until May 11, 2015. It is admitted only that counsel for Pace-O-Matic, asked Albert Unis, III, as an individual, to place a Pace-O-Matic game in the American Italian Club. All other allegations are denied.

23. Admitted in part and denied in part. Counterclaim Defendants admit only that a Pace-O-Matic machine was placed in the American Italian Club by Albert Unis, III, who at the request of Pace-O-Matic's counsel, placed a machine in that location to enable a controlled law enforcement pickup. Counterclaim Defendants incorporate Paragraph 22 of its Answer herein as if set forth at length. All other allegations are denied.

24. Denied. Counterclaim Defendants incorporate Paragraphs 22 and 23 of their Answer herein as if set forth at length.

4

25.    Denied. Reference is made to the opinion attached as Exhibit A to the Counterclaim for an accurate statement of its contents and any deviation from its express terms is denied.

26.    Paragraph 26 of the Counterclaim calls for a conclusion of law to which no response is required. To the extent that a response is required, the averments of Paragraph 26 are denied. Admitted only that Pace-O-Matic, Inc. and Miele Manufacturing, Inc. -- who are not parties to this litigation -- entered into the Equipment Purchase Agreement with Pennsylvania Skill, LLC, which, upon information and belief, was drafted by Pennsylvania Skill, LLC. Reference is made to that document for an accurate description of its contents and any deviation from its express terms is denied. The existence of any "oral contract" is expressly denied. Reference is made to Exhibit B for an accurate description of its contents and any deviation therefrom is denied.

27.    The averments of Paragraph 27 of the Counterclaim purport to characterize the contents of a written agreement.  Reference is made to the contents of the Equipment Purchase Agreement for an accurate description of its contents and any deviation from its express terms is denied.  It is expressly denied that any "oral agreement" exists between PSG and any other party to this consolidated litigation. Paragraph 27 also calls for a conclusion of law to which no response is required, the same being denied.

28.    The averments of Paragraph 28 of the Counterclaim purport to characterize the contents of a written agreement.  Reference is made to the contents of the Equipment Purchase Agreement for an accurate description of its contents and any deviation from its express terms is denied.  Paragraph 28 also calls for a conclusion of law to which no response is required, the same being denied.

11707576v2

29.     After reasonable investigation, Counterclaim Defendants are without information sufficient to form a belief as to the truth of the averments of Paragraph 29 of the Complaint, the same being denied.

30.     The averments of Paragraph 30 of the Counterclaim purport to characterize the contents of a written agreement.  Reference is made to the contents of the Equipment Purchase Agreement for an accurate description of its contents and any deviation from its express terms is denied.

31.     No response is required to any averments in Paragraph 31 that relate to entities not part of this litigation. The averments of Paragraph 31 call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 31 are denied. Reference is made to the underlying terminated contract for an accurate depiction of its contents.

32.     No response is required to any averments in Paragraph 32 that relate to entities not part of this litigation. The averments of Paragraph 32 call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 32 are denied.

33.     No response is required to any averments in Paragraph 33 that relate to entities not part of this litigation. The averments of Paragraph 33 call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 33 are denied.

34.     No response is required to any averments in Paragraph 34 that relate to entities not part of this litigation. It is denied that Counterclaim Defendants have knowingly sold, transferred, and/or assigned electronic video game machines in Pennsylvania that contain games

6

11707576v2

of chance and/or are not in compliance with Commonwealth law. To the contrary, the electronic video game machines at issue from Counterclaim Defendants contain skill games determined to be legal in the Beaver County Criminal Case. The averments of Paragraph 34 also call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 34 are denied. It is expressly denied that PSG has any ownership interest in the PENNSYLVANIA SKILL mark.

35.     No response is required to any averments in Paragraph 35 that relate to entities not part of this litigation. It is denied that Counterclaim Defendants have knowingly sold, transferred, or assigned electronic video game machines in Pennsylvania that contain games of chance or are not in compliance with Commonwealth law. To the contrary, the electronic video game machines at issue from Counterclaim Defendants contain skill games determined to be legal in the Beaver County Criminal Case. The averments of Paragraph 35 also call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 35 are denied.

36.     No response is required to any averments in Paragraph 36 that relate to entities not part of this litigation. It is denied that Counterclaim Defendants have knowingly sold, transferred, or assigned electronic video game machines in Pennsylvania that contain games of chance or are not in compliance with Commonwealth law. To the contrary, the electronic video game machines at issue from Counterclaim Defendants contain skill games determined to be legal in the Beaver County Criminal Case. The averments of Paragraph 36 also call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 36 are denied.

37.     Admitted.

7

11707576v2

38.    Admitted in part and denied in part. Admitted that Savvy Dog did indeed file the trademark applications identified in Paragraph 38 of the Counterclaim. Reference is made to these filings for an accurate statement of their contents. It is denied that the filing was improper or that the filing contains any false claims because PSG has no trademark ownership of the PENNSYLVANIA SKILL mark.

## COUNT I
## FALSE DESIGNATION OF ORIGIN
## VIOLATION OF § 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(A)

39.    The averments of Paragraph 39 of the Counterclaim incorporate prior paragraphs of the Counterclaim and therefore, no response is required.  To the extent a response is required, Plaintiffs/Counterclaim Defendants incorporate by reference all corresponding paragraphs of their Answer to Counterclaim as if the same were set forth at length herein.

40.    No response is required to any averments in Paragraph 40 that relate to entities not part of this litigation. The averments of Paragraph 40 call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 40 are denied. It is admitted, however, that Counterclaim Defendants are using the PENNSYLVANIA SKILL mark in Pennsylvania, which is their legal right as owners of the mark. It is expressly denied that any oral agreement exists between PSG and any party to this consolidated litigation.

41.    No response is required to any averments in Paragraph 41 that relate to entities not part of this litigation. The averments of Paragraph 41 call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 41 are denied. It is expressly denied that any oral agreement exists between PSG and any party to this consolidated litigation.

8

11707576v2

42.     No response is required to any averments in Paragraph 42 that relate to entities not part of this litigation. The averments of Paragraph 42 call for conclusions of law to which no response is required, the same being denied. The remaining averments of Paragraph 42 are denied. It is admitted, however, that Counterclaim Defendants are using the PENNSYLVANIA SKILL mark in Pennsylvania, which is their legal right as owners of the mark, and Counterclaim Defendants are making the statements contained in Paragraph 42 because they are true.

43.     No response is required to any averments in Paragraph 43 that relate to entities not part of this litigation. It is denied that any association is suggested by Counterclaim Defendants with Pennsylvania Skill Games, LLC. By way of further response, all games provided by Counterclaim Defendants were adjudicated as legal in Pennsylvania and continue to be in legal compliance with Commonwealth law.

44.     No response is required to any averments in Paragraph 44 that relate to entities not part of this litigation. It is denied that any attribution to Counterclaimant is required. Paragraph 44 calls for a conclusion of law to which no response is required, the same being denied.

45.     No response is required to any averments in Paragraph 45 that relate to entities not part of this litigation. Paragraph 45 of the Counterclaim calls for conclusions of law to which no response is required. To the extent that a response is required, these averments are denied. By way of further response, after reasonable investigation, Counterclaim Defendants are without information sufficient to form a belief as to the truth of the averments of Paragraph 45, the same being denied.

46.     No response is required to any averments in Paragraph 46 that relate to entities not part of this litigation. Paragraph 46 of the Counterclaim calls for conclusions of law to which

9

11707576v2

no response is required. To the extent that a response is required, these averments are denied. By way of further response, after reasonable investigation, Counterclaim Defendants are without information sufficient to form a belief as to the truth of the averments of Paragraph 46, the same being denied.

47. No response is required to any averments in Paragraph 47 that relate to entities not part of this litigation. Paragraph 47 of the Counterclaim calls for conclusions of law to which no response is required. To the extent that a response is required, these averments are denied. By way of further response, after reasonable investigation, Counterclaim Defendants are without information sufficient to form a belief as to the truth of the averments of the Paragraph 47, the same being denied.

48. No response is required to any averments in Paragraph 48 that relate to entities not part of this litigation. Paragraph 48 of the Counterclaim calls for conclusions of law to which no response is required. To the extent that a response is required, these averments are denied. By way of further response, after reasonable investigation, Counterclaim Defendants are without information sufficient to form a belief as to the truth of the averments of the Paragraph 48, the same being denied.

WHEREFORE, Plaintiffs/Counterclaim Defendants POM of Pennsylvania, LLC and Savvy Dog Systems, LLC respectfully request that this Court enter Judgment in their favor and against Defendant/Counterclaim Plaintiff Pennsylvania Skill Games, LLC.

## COUNT II
## FALSE ADVERTISING
## VIOLATION OF § 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(A)

49. The averments of Paragraph 49 of the Counterclaim incorporate prior paragraphs of the Counterclaim and therefore, no response is required. To the extent a response is required,

11707576v2

Plaintiffs/Counterclaim Defendants incorporate by reference all corresponding paragraphs of their Answer to Counterclaim as if the same were set forth at length herein.

50.     No response is required to any averments in Paragraph 50 that relate to entities not part of this litigation. The averments of Paragraph 50 call for conclusions of law to which no response is required, the same being denied. After reasonable investigation, Counterclaim Defendants lack information to form a belief as to the truth of the averments of Paragraph 50 of the Amended Counterclaim, the same being denied.

51.     No response is required to any averments in Paragraph 51 that relate to entities not part of this litigation. The averments of Paragraph 51 call for conclusions of law to which no response is required, the same being denied. After reasonable investigation, Counterclaim Defendants lack information to form a belief as to the truth of the averments of Paragraph 51 of the Amended Counterclaim, the same being denied.

52.     No response is required to any averments in Paragraph 52 that relate to entities not part of this litigation. The averments of Paragraph 52 call for conclusions of law to which no response is required, the same being denied. After reasonable investigation, Counterclaim Defendants lack information to form a belief as to the truth of the remaining averments of Paragraph 52 of the Amended Counterclaim, the same being denied.

53.     No response is required to any averments in Paragraph 53 that relate to entities not part of this litigation. The averments of Paragraph 53 call for conclusions of law to which no response is required, the same being denied. After reasonable investigation, Counterclaim Defendants lack information to form a belief as to the truth of the averments of the remaining averments of Paragraph 53 of the Amended Counterclaim, the same being denied.

11

11707576v2

54.    No response is required to any averments in Paragraph 54 that relate to entities not part of this litigation. The averments of Paragraph 54 call for conclusions of law to which no response is required, the same being denied. After reasonable investigation, Counterclaim Defendants lack information to form a belief as to the truth of the remaining averments of Paragraph 54 of the Amended Counterclaim, the same being denied.

55.    No response is required to any averments in Paragraph 55 that relate to entities not part of this litigation. Paragraph 55 of the Counterclaim calls for conclusions of law to which no response is required. To the extent that a response is required, these averments are denied. By way of further response, after reasonable investigation, Counterclaim Defendants are without information sufficient to form a belief as to the truth of the remaining averments of the Paragraph 55, the same being denied.

56.    No response is required to any averments in Paragraph 56 that relate to entities not part of this litigation. Paragraph 56 of the Counterclaim calls for conclusions of law to which no response is required. To the extent that a response is required, these averments are denied.

57.    No response is required to any averments in Paragraph 57 that relate to entities not part of this litigation. Paragraph 57 of the Counterclaim calls for conclusions of law to which no response is required. To the extent that a response is required, these averments are denied. By way of further response, after reasonable investigation, Counterclaim Defendants are without information sufficient to form a belief as to the truth of the remaining averments of the Paragraph 57, the same being denied.

WHEREFORE, Plaintiffs/Counterclaim Defendants POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic and Savvy Dog Systems, LLC respectfully request that this Court enter Judgment in their favor and against Defendant/Counterclaim Plaintiff Pennsylvania Skill Games, LLC.

11707576v2

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

58.    The averments of Paragraph 58 of the Counterclaim incorporate prior paragraphs of the Counterclaim and therefore, no response is required.  To the extent a response is required, Plaintiffs/Counterclaim Defendants incorporate by reference all corresponding paragraphs of their Answer to Counterclaim as if the same were set forth at length herein.

59.    The averments of Paragraph 59 of the Counterclaim call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 59 are denied.

60.    No response is required to any averments in Paragraph 60 that relate to entities not part of this litigation. The averments of Paragraph 60 of the Counterclaim call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 60 are denied.

61.    No response is required to any averments in Paragraph 61 that relate to entities not part of this litigation. The averments of Paragraph 61 of the Counterclaim call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 61 are denied.

62.    No response is required to any averments in Paragraph 62 that relate to entities not part of this litigation. The averments of Paragraph 62 of the Counterclaim call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 62 are denied. After reasonable investigation, Counterclaim Defendants lack information to form a belief as to the truth of the remaining averments of Paragraph 62 of the Counterclaim, the same being denied.

13

11707576v2

WHEREFORE, Plaintiffs/Counterclaim Defendants POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic and Savvy Dog Systems, LLC respectfully request that this Court enter Judgment in their favor and against Defendant/Counterclaim Plaintiff Pennsylvania Skill Games, LLC.

## COUNT IV
## BREACH OF CONTRACT

63.     The averments of Paragraph 63 of the Counterclaim incorporate prior paragraphs of the Counterclaim and therefore, no response is required.  To the extent a response is required, Plaintiffs/Counterclaim Defendants incorporate by reference all corresponding paragraphs of their Answer to Counterclaim as if the same were set forth at length herein.

64.     No response is required to any averments in Paragraph 64 that relate to entities not part of this litigation. The averments of Paragraph 64 of the Counterclaim call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 64 are denied.

65.     No response is required to any averments in Paragraph 65 that relate to entities not part of this litigation. The averments of Paragraph 65 of the Counterclaim call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 65 are denied.

66.     No response is required to any averments in Paragraph 66 that relate to entities not part of this litigation. The averments of Paragraph 66 of the Counterclaim call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 66 are denied.

14

11707576v2

WHEREFORE, Plaintiffs/Counterclaim Defendants POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic and Savvy Dog Systems, LLC respectfully request that this Court enter Judgment in their favor and against Defendant/Counterclaim Plaintiff Pennsylvania Skill Games, LLC.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

67.    The averments of Paragraph 67 of the Counterclaim incorporate prior paragraphs of the Counterclaim and therefore, no response is required.  To the extent a response is required, Plaintiffs/Counterclaim Defendants incorporate by reference all corresponding paragraphs of their Answer to Counterclaim as if the same were set forth at length herein.

68.    No response is required to any averments in Paragraph 68 that relate to entities not part of this litigation. The averments of Paragraph 68 of the Counterclaim call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 68 are denied and strict proof thereof is demanded at time of trial.  It is denied that anyone needed Counterclaimant's "permission" to use the marks, because those marks are not owned by Counterclaimant.

69.    No response is required to any averments in Paragraph 69 that relate to entities not part of this litigation. The averments of Paragraph 69 of the Counterclaim call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 69 are denied and strict proof thereof is demanded at time of trial.  It is denied that anyone needed Counterclaimant's "permission" to use the marks, because they are not owned by Counterclaimant.  After reasonable investigation, Counterclaim Defendants lack information to form a belief as to the truth of the remaining averments of Paragraph 69 of the Counterclaim, the same being denied.

15

11707576v2

70.     No response is required to any averments in Paragraph 70 that relate to entities not part of this litigation. The averments of Paragraph 70 of the Counterclaim call for conclusions of law to which no response is required.  To the extent a response is necessary, the averments of Paragraph 70 are denied.

WHEREFORE, Plaintiffs/Counterclaim Defendants POM of Pennsylvania, LLC and Savvy Dog Systems, LLC respectfully request that this Court enter Judgment in their favor and against Defendant/Counterclaim Plaintiff Pennsylvania Skill Games, LLC.

## AFFIRMATIVE DEFENSES

Counterclaim Defendants reserve the right to amend these Affirmative Defenses.

## FIRST AFFIRMATIVE DEFENSE

1.     Counterclaimant has failed to join indispensable parties, as it refers to transactions or occurrences that occurred prior to the creation of Pennsylvania Skill Games, LLC.

## SECOND AFFIRMATIVE DEFENSE

2.     Some or all of the Counterclaim is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

3.     Some or all of the Counterclaim is barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

4.     Some or all of Pennsylvania Skill Games, LLC's claims are barred by the doctrine of unclean hands.

16

11707576v2

## FIFTH AFFIRMATIVE DEFENSE

5.      Some or all of the Counterclaim fails to state a claim for which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

6.      The Counterclaim fails to establish the existence of an enforceable oral contract or establish the consideration offered in support of its enforceability.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Pennsylvania Skill Games, LLC's claims are barred in whole or in part due to a lack of ownership or enforceable legal interest in the PENNSYLVANIA SKILL mark, by statute or common law.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Pennsylvania Skill Games, LLC's claims for breach of written contract are barred due to a lack of consideration.

## NINTH AFFIRMATIVE DEFENSE

9.      Any ambiguities in the written contract relied upon by Pennsylvania Skill Games, LLC must be resolved in favor of POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic and/or Savvy Dog Systems, LLC, as Pennsylvania Skill Games LLC drafted the contract.

11707576v2

## TENTH AFFIRMATIVE DEFENSE

10.     Pennsylvania Skill Games, LLC's claims are barred in whole or in part due to the doctrines of waiver, estoppel, and/or accord and satisfaction.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Pennsylvania Skill Games, LLC's claims are barred in whole or in part due to a lack of legally compensable or actual damages.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Pennsylvania Skill Games, LLC is not entitled to injunctive relief, as it has not suffered any immediate and irreparable harm, is only seeking legal damages, and has failed to demonstrate a likelihood of success on the merits.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Pennsylvania Skill Games, LLC's claims are barred in whole or in part due to a failure to mitigate damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Pennsylvania Skill Games, LLC's claims are barred due to a false designation of origin of a trademark and a misrepresentation of facts related to the ownership of trademarks that are the intellectual property of POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic and/or Savvy Dog Systems, LLC.

11707576v2

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Pennsylvania Skill Games, LLC's claims are barred because no oral contract existed between the parties and/or its terms are unenforceable.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Counterclaim Defendants assert the defense of ratification.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. Counterclaim Defendants assert the doctrine of waiver.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Counterclaim Defendants assert the defenses of estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

19. To the extent necessary, Counterclaim Defendants assert the defenses of fair use and collateral use.

## TWENTIETH AFFIRMATIVE DEFENSE

20. Some of Pennsylvania Skill Games, LLC's claims are barred due to a lack of contractual privity.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Counterclaimants lack standing to bring their counterclaim.

19

11707576v2

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Some or all of Counterclaimants' claims are barred by the statute of frauds.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Some or all of Counterclaimants' claims are barred by the Uniform Commercial

Code.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Some or all of Counterclaimants' claims are barred because they do not constitute

a valid work for hire agreement and any copyrights or any other intellectual property rights

owned by Pace-O-Matic, POM of Pennsylvania, or Savvy Dog, have not been transferred to

Counterclaimant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Counterclaimant has abandoned its common law trademark rights.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Some or all of Counterclaimant's claims are barred by the parol evidence rule.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     POM of Pennsylvania, LLC and/or Savvy Dog Systems, LLC have a greater

common law right than Counterclaimant.

11707576v2

WHEREFORE, Plaintiffs/Counterclaim Defendants POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic and Savvy Dog Systems, LLC respectfully request that this Court enter Judgment in their favor and against Defendant/Counterclaim Plaintiff Pennsylvania Skill Games, LLC's in its Counterclaim and grant Plaintiffs/Counterclaim Defendants POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic and Savvy Dog Systems, LLC the relief set forth in their Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs/Counterclaim Defendants POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic and Savvy Dog Systems, LLC ("POM and/or Savvy Dog") pray for judgment against Defendant/Counterclaim Plaintiff Pennsylvania Skill Games, LLC ("PSG") as follows:

1.      That PSG, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

a.      using the POM and/or Savvy Dog Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine POM and/or Savvy Dog-branded PENNSYLVANIA SKILL product or is not authorized by POM and/or Savvy Dog to be sold in connection with the POM and/or Savvy Dog trademarks;

b.      passing off, inducing, or enabling others to sell or pass off any product as a genuine POM and/or Savvy Dog branded product or any other product

21

11707576v2

produced by POM and/or Savvy Dog, that is not POM and/or Savvy Dog's or not produced under the authorization, control, or supervision of POM and/or Savvy Dog and approved by POM and/or Savvy Dog for sale under the POM and/or Savvy Dog trademarks;

c. committing any acts calculated to cause consumers to believe that PSG's Counterfeit POM and/or Savvy Dog products are those sold under the authorization, control or supervision of POM and/or Savvy Dog, or are sponsored by, approved by, or otherwise connected with POM and/or Savvy Dog;

d. further infringing the POM and/or Savvy Dog trademarks and damaging POM and/or Savvy Dog's goodwill; and

e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products or inventory not manufactured by or for POM, nor authorized by POM to be sold or offered for sale, and which bear any of POM's trademarks, including the PENNSYLVANIA SKILL trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof;

2. Entry of an Order that PSG expressly abandon and or withdraw the trademark applications for registration of PENNSYLVANIA SKILL trademarks;

3. Entry of an Order that, at POM's and/or SavvyDog's choosing, the registrant of the Defendant/Counterclaim Plaintiff Pennsylvania Skill Games, LLC domain names www.pennsylvaniaskillgames.com shall be changed from the current registrant to Savvy Dog,

11707576v2

and that the domain name registry for the PSG domain name shall unlock and change the registrar of record for the PSG domain name to a registrar of POM's and/or Savvy Dog's selection, and that the domain name registrar shall take any steps necessary to transfer the PSG domain name to a registrar account of POM and/or Savvy Dog's selection; or that the same domain name registry shall disable the PSG domain name and render it inactive and non-transferable.

4.    That POM and/or Savvy Dog be awarded reasonable attorneys' fees and costs.

5.    Make a judicial declaration that Plaintiffs POM of Pennsylvania t/d/b/a Pace-O-Matic and Savvy Dog Systems, LLC are the owners of the PENNSYLVANIA SKILL marks under common law rights.

11707576v2

6.      Award any other relief that this Court deems just and proper, to include all available monetary damages.

Respectfully submitted,

SPILMAN THOMAS & BATTLE, PLLC

By:/s/ Julian E. Neiser
Julian E. Neiser
Pa. Id. No. 87306

T:  412-325-1116
F:  412-325-3324
E:  jneiser@spilmanlaw.com

William P. Smith
Pa. Id. No. 50352

T:  412-325-1115
F:  412-325-3324
E:  wsmith@spilmanlaw.com

One Oxford Centre, Suite 3440
301 Grant Street
Pittsburgh, PA  15219

**Attorneys for Plaintiffs/Counterclaim
Defendants POM of Pennsylvania,
LLC, t/d/b/a Pace-O-Matic, and Savvy
Dog Systems, LLC**

**A  TRIAL BY JURY PURSUANT TO F.R.C.P. 38 HERE BY IS DEMANDED  ON ALL
ISSUES SO TRIABLE.**

11707576v2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

        Plaintiffs/Counterclaim
        Defendants,

        v.

PENNSYLVANIA SKILL GAMES, LLC,

        Defendant/Counterclaim
        Plaintiff.

CIVIL ACTION NO. 2:18-CV-00722-RCM

The Honorable Robert C. Mitchell

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Answer to Counterclaim and Affirmative Defenses** was served upon the counsel of record this 16th day of April, 2019 via the Court's CM/ECF System:

        C. James Zeszutek, Esquire
        Nicholas J. Godfrey, Esquire
        Dinsmore & Shohl LLP
        1300 Six PPG Place
        Pittsburgh, PA  15222

        **Counsel for Defendant/Counterclaim Plaintiff Pennsylvania Skill Games, LLC**

        SPILMAN THOMAS & BATTLE, PLLC

        /s/ Julian E. Neiser
        Julian E. Neiser