## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>PENNSYLVANIA SKILL GAMES, LLC,<br><br>      Defendant. | Civil Action No. 2:18-cv-00722-RCM<br><br>The Honorable Patricia L. Dodge |

### MOTION TO WITHDRAW AS ATTORNEY

C. James Zeszutek, Esq., Nicholas J. Godfrey, Esq., Jeffrey M. Stacko, Esq., and Dinsmore & Shohl LLP (collectively, "Dinsmore") hereby move this Court, pursuant to Local Civil Rule 83.2.C.4, for an Order permitting it to withdraw as counsel for Pennsylvania Skill Games, LLC in these consolidated cases (*POM of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, et al. v. Pennsylvania Skill Games, LLC* at Civil Action No. 2:18-cv-00722 and *Pennsylvania Skill Games, LLC v. Pace-O-Matic, Inc., et al.* at Civil Action No. 2:18-cv-00941).

### I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1.      These consolidated cases arise out of a dispute regarding the ownership and use of the common law trademark/service mark "PENNSYLVANIA SKILL" and the ownership and the designation of the origin and creation of the PENNSYLVANIA SKILL electronic video game, as well as a dispute regarding the parties' respective rights and obligations under an Equipment Purchase Agreement.

2.      On June 14, 2019, this Court entered an Order setting a deadline of July 31, 2019 for the completion of fact discovery.  (*See* CM/ECF Doc. No. 42).

15685224.1

3.     On July 8, 2019, this Court entered a Case Management Order setting a deadline of September 16, 2019 for the submission of Expert Disclosures and Expert Reports, a deadline of October 14, 2019 for the submission of Responsive Expert Reports, a deadline of October 28, 2019 for the submission of Reply Expert Reports, a deadline of November 15, 2019 for the completion of Expert Depositions, a deadline of January 27, 2020 for the submission of Motions for Summary Judgment, a deadline of February 24, 2020 for the submission of Responses to Motions for Summary Judgment, and a deadline of March 9, 2020 for the submission of Replies to Responses to Motions for Summary Judgment.  (*See,* Minute Entry for July 8, 2019 Case Management Conference, no CM/ECF Doc. No.).

4.     This Court's July 8, 2019 Minute Entry also scheduled a Post-Discovery Status Conference for December 17, 2019 at 9:30 a.m.  (*See,* Minute Entry for July 8, 2019 Case Management Conference, no CM/ECF Doc. No.).

## II.    DISCOVERY AND SETTLEMENT NEGOTIATIONS

5.     To date, POM of Pennsylvania, LLC ("POM of Pennsylvania") has served a First Set of Interrogatories and a First, Second, and Third Set of Requests for Production of Documents to Pennsylvania Skill Games, LLC ("Pennsylvania Skill Games") and Pennsylvania Skill Games has served a First Set of Interrogatories and a First Set of Requests for Production of Documents to POM of Pennsylvania, Savvy Dog Systems, LLC ("Savvy Dog"), Pace-O-Matic, Inc. ("Pace-O-Matic"), and Miele Manufacturing, Inc. ("Miele Manufacturing").

6.     Pennsylvania Skill Games has provided written responses and produced documents in response to POM of Pennsylvania's First Set of Interrogatories and First and Second Set Requests for Production of Documents, POM of Pennsylvania, Savvy Dog, Pace-O-Matic, and Miele Manufacturing have provided written responses in response to Pennsylvania

15685224.1

Skill Games' First Set of Interrogatories, and POM of Pennsylvania, Savvy Dog, Pace-O-Matic, and Miele Manufacturing have produced documents in response to Pennsylvania Skill Games' First Set of Requests for Production of Documents.

7. The parties have also taken several Depositions of the parties' principals and employees and some non-party witnesses.

8. The parties participated in Mediation before Mark D. Shepard, Esq. of Babst Calland Clements and Zomnir, P.C. Although the parties did not resolve these consolidated cases at Mediation, the parties continued to participate in settlement negotiations in good faith. *See* CM/ECF Docs. Nos. 23 24, 26, and 28. In fact, the parties spent much of their time over the past several months engaged in meaningful settlement negotiations, but ultimately, the parties were not able to resolve these consolidated cases.

9. Accordingly, the parties are now working to schedule some additional Depositions of the parties' principals and employees, as well as an inspection of Pennsylvania Skill Games' electronic video game machines, and to complete the exchange of written discovery and document productions, including, potentially, some additional written discovery and Depositions of some non-party witnesses.

## III.   WITHDRAWAL AS ATTORNEY

10. In accordance with the February 2013 Comment to Local Civil Rule 83.4.C, Dinsmore is setting forth the basis for its withdrawal in a manner consistent with the applicable provisions of the Pennsylvania Rules of Professional Conduct, and specifically, Comment 3 to Pennsylvania Rule of Professional Conduct 1.16.

11. A number of issues have arisen between Dinsmore and Pennsylvania Skill Games, and professional considerations necessitate Dinsmore's withdrawal as counsel for Pennsylvania

15685224.1

Skill Games in these consolidated cases pursuant to the Pennsylvania Rules of Professional Conduct, and specifically, Pennsylvania Rules of Professional Conduct 1.16(a) and 1.16(b)(1), (4), and (6).[1]

12.    This Motion to Withdraw as Attorney complies with Local Civil Rule 83.2.C.4 insofar as the reasons requiring withdrawal have been stated with specificity, and while the name of Pennsylvania Skill Games' succeeding counsel is not yet known, Pennsylvania Skill Games can be contacted through Albert Unis, IV, its Managing Member, as follows:

> Albert Unis, IV
> Pennsylvania Skill Games, LLC
> 1 Constitution Boulevard
> Aliquippa, PA 15001
> 412-992-1157
> albert@pennsylvaniaskillgames.com

13.    Dinsmore has attempted, through several telephone calls and e-mail communications, to obtain Pennsylvania Skill Games' consent to this Motion to Withdraw as Attorney.  However, Pennsylvania Skill Games is not willing to consent to this Motion to Withdraw as Attorney until it can obtain succeeding counsel.

14.    Although Dinsmore's withdrawal as counsel is required pursuant to Pennsylvania Rule of Professional Conduct 1.16(a), Dinsmore's withdrawal as counsel is also permitted pursuant to Pennsylvania Rule of Professional Conduct 1.16(b), insofar as withdrawal can be accomplished without material adverse effects on Pennsylvania Skill Games if the Court enters the Proposed Order of Court submitted herewith and provides Pennsylvania Skill Games with

---

[1] *See,* Pa. R. Prof. Conduct 1.16(a) and 1.16(b)(1), (4), and (6) ("[W]here representation has commenced, [a lawyer] shall withdraw from the representation of a client if: (1) the representation will result in violation of the Rules of Professional Conduct or other law."); *see, also,* Pa. Pa. R. Prof. Conduct 1.16(b)(1), (4), and (6) ("[A] lawyer may withdraw from representing a client if (1) withdrawal can be accomplished without material adverse effect on the interests of the client, . . . (4) the client insists upon taking action . . . with which the lawyer has a fundamental disagreement, . . . [and] (6) the representation . . . has been rendered unreasonably difficult by the client.")

15685224.1

time to interview and retain succeeding counsel in these consolidated cases and succeeding counsel with time to conduct some limited additional discovery.

15.     In addition, Dinsmore's withdrawal as counsel can be accomplished without prejudice to POM of Pennsylvania, Savvy Dog, Pace-O-Matic, and Miele Manufacturing, insofar as POM of Pennsylvania, Savvy Dog, Pace-O-Matic, and Miele Manufacturing may also need time to conduct some limited additional discovery and the parties have spent the last several months exhaustively attempting to reach a resolution of these consolidated cases, i.e., the parties have determined, as a result of settlement negotiations, that these consolidated cases will likely need to proceed to the dispositive motion stage and/or trial.  In addition, this Court has not yet established deadlines for the filing of pre-trial statements, *in limine* and *Daubert* motions and responses thereto, a date on which *in limine* and *Daubert* motions shall be heard, a date for a final pre-trial conference, or a date for trial.

16.     Indeed, the undersigned counsel and counsel for POM of Pennsylvania, Savvy Dog, Pace-O-Matic, and Miele Manufacturing agreed, in mid-July 2019, that they would suspend efforts to complete the limited additional discovery remaining in this case to focus the parties' time and resources on settlement negotiations, and counsel for POM of Pennsylvania, Savvy Dog, Pace-O-Matic, and Miele Manufacturing has represented to the undersigned counsel that he does not oppose this Motion to Withdraw as Attorney.

## IV.     CONCLUSION

17.     WHEREFORE, Dinsmore respectfully requests that this Court grant its Motion to Withdraw as Attorney in accordance with the Proposed Order of Court submitted herewith.

15685224.1

Respectfully submitted,

Dated: December 11, 2019                 /s/ C. James Zeszutek
                                         C. James Zeszutek, Esq.
                                         Pa. I.D. No. 22071
                                         Nicholas J. Godfrey, Esq.
                                         Pa. I.D. No. 312031
                                         Jeffrey M. Stacko, Esq.
                                         Pa. I.D. No. 314941
                                         DINSMORE & SHOHL LLP
                                         1300 Six PPG Place
                                         Pittsburgh, PA 15222
                                         412.288.5861 (t)
                                         412.281.5000 (f)
                                         james.zeszutek@dinsmore.com
                                         nicholas.godfrey@dinsmore.com
                                         jeffrey.stacko@dinsmore.com

15685224.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Withdraw as Attorney was served upon the following this 11th day of December, 2019 via the Court's CM/ECF System and/or E-Mail:

Julian E. Neiser, Esq.
SPILMAN THOMAS & BATTLE, PLLC
One Oxford Centre, Suite 3440
301 Grant Street
Pittsburgh, PA  15219

*Via the Court's CM/ECF System*

Albert Unis, IV, Managing Member
Pennsylvania Skill Games, LLC
1 Constitution Boulevard
Aliquippa, PA 15001

*Via E-Mail*
*albert@pennsylvaniaskillgames.com*
*pennsylvaniaskillgames@gmail.com*

/s/ C. James Zeszutek
C. James Zeszutek, Esq.

15685224.1