**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | CIVIL ACTION NUMBER: 2:18-cv-00722-PLD |
| Plaintiffs, v. | The Hon. Patricia L. Dodge |
| PENNSYLVANIA SKILL GAMES, LLC, | **PENNSYLVANIA SKILL GAMES' REPLY TO DEFENDENTS' JOINT OPPOSITION TO MOTION FOR JOINDER PURSUANT TO FED.R.CIV.P. 19** |
| Defendant. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Plaintiff, v. | |
| PACE-O-MATIC, INC. and MIELE MANUFACTURING, INC. | |
| Defendant. | |

## PENNSYLVANIA SKILL GAMES' REPLY TO DEFENDENTS' OPPOSITION TO MOTION FOR JOINDER OF PARTIES PURSUANT TO FED.R.CIV.P. 19

Counsel for Pace-O-Matic, Inc., ("Pace-O-Matic"), Miele Manufacturing, Inc., ("MMI"), POM of Pennsylvania, LLC ("POM"), and Savvy Dog Systems, LLC ("Savvy Dog") filed a unified response by their shared legal counsel ("**POM Parties**").[1]

Timing is not an issue, as Fed.R.Civ.P. 19 is preserved by Fed.R.Civ.P. 12(h)(2), contemplating a motion even "at trial." The exhibits attached to the POM Parties' Brief in Opposition are either not germane to the focused question or support Pennsylvania Skill Games' motion.

---

1 The professional responsibility propriety of the joint counsel in representing all these parties is beyond the scope of the present motion. However, that fact is notable on the merits to grant the motion for joinder.

Even a brief review of <u>Exhibit 11</u> (corporate structure) demonstrates the conglomerate that the POM Parties created *after* the Pace-O-Matic agreements set forth in <u>Exhibit 7</u> (January 29, 2015) and <u>Exhibit 9</u> (May 20, 2015). It is incontrovertible that the two referenced agreements only reference Pace-O-Matic. This fact is corroborated by the POM Parties themselves; to wit: their <u>Exhibit A</u> and <u>Exhibit D</u> fail to support their opposition, but they actually support the joinder, by their admission, in that operative documents they put before this Court only reference Pace-O-Matic. And, even the Order of Court identified in <u>Exhibit 4</u> only mentions Pace-O-Matic. And, yet, Pace-O-Matic is not a party in the Pace-O-Matic Case. The reason is simply this: the failure of the POM Parties to bring an action with Pace-O-Matic is a constructive admission and manifestation of the intended scheme to delay, defraud and to avoid Pace-O-Matic's liability.

It is a fact that Pace-O-Matic, Inc. is not, but must be, a party to the Pace-O-Matic Case; it has not pleaded or defended in the Pace-O-Matic case. It is also a fact that "Miele" has been exposed to have such ambiguity that to do justice, all the "Miele" must be joined as interested, or discovery on that issue should be granted to sort it out.[2]

The unified POM Parties further argue themselves out of court. At Page 4 of their brief, the POM Parties assert that Pennsylvania Skill Games is a small local family business. They also admit that Pace-O-Matic itself (not POM Parties, or any of the entities to be joined) operates throughout the country; therefore, again supporting joinder. Indeed, Pace-O-Matic is still doing its traditional business. <u>Exhibit 18</u>. Everything is Pace-O-Matic, and, yet, Pace-O-Matic is not a party to the Pace-O-Matic Case.

---

2 It has only become ambiguous after discovery, for example, "MDM Ventures DBA Miele Manufacturing" (<u>Exhibit 5</u>, <u>Exhibit 16.2</u>; Miele, Inc. (<u>Exhibit 16.1</u>), Miele Manufacturing and Distribution, LLC (<u>Exhibit 16.3</u>); Louis Miele t/d/b/a "Miele Manufacturing" <u>Exhibit 9</u>, or any of the foregoing and/or others t/d/b/a "Miele Amusements" claiming to have the distribution rights of "Miele" (<u>Exhibit 18</u>).

Pennsylvania Skill Games requests this Court to notice the subtlety at Page 4 of the POM Parties' brief: "PSG is essentially a one-man operation run by a young man in his early 20s with literally no expertise in the business." Again, this condescension exposes exactly the bully tactic by a nationwide enterprise to thwart collection and enforcement of rights. When the POM Parties signed the contracts at Exhibit 7 and Exhibit 9 they needed Pennsylvania Skill Games, and after having gotten what they wanted, tossed it aside, taking its name and exclusive territory. Moreover, the POM Parties will not cooperate in good faith. At Page 4, fn. 1, the POM Parties raise an issue of "illegal games." This issue was brought to the undersigned's attention by a letter from the POM Parties' attorney, at Exhibit 19. The "notice" was so devoid of good faith clarity and detail, that the undersigned responded with the letter at Exhibit 20. Even though the information is discoverable and claimed to be relevant by the POM Parties, they have refused to respond in good faith. That is, they did not respond in the requested three days or at any time to date.

The POM Parties make some reference to date priorities, at their P.3. This is to no avail on the focused merits of the Motion to Join. However, the matter will be refuted hereby nonetheless: Pennsylvania Skills Games was using the name in 2010 (Exhibit 1), the use was continuing in 2011 by three (3) affidavits (Exhibit 2.1–2.3), Pace-O-Matic "needed a new name" for its skill product as of August 12, 2012 (Exhibit 3), and the formative seminal "controlled pickup" upon which the entire Pennsylvania market was established was coordinated by Pennsylvania Skill Games', with its long time customer, The Italian American Club. (Exhibit 4; Exhibit 1).

Pace-O-Matic is now divided into a complex conglomerate of entities by its own creation. It is convenient rhetoric to suggest that joining parties to this action is complex, when the POM Parties have, by their own unclean hands, created it. Justice requires the joinder.

Savvy Dog and POM of Pennsylvania claim to be "successors in interest"; however, the

entire structure is a sham, for the purpose of avoiding liability on the seminal Pennsylvania market. The POM Parties' Initial Disclosures identify three agreements purporting to assign rights after the fact, Exhibit 21. The Savvy Dog and POM of Pennsylvania documents are attached as Exhibits 22.1–22.2.[11] The documents clearly identify a mere technical shift without substance or any value for the conveyed rights. There is no arm's length parties, no value, and the same control.

The Court will notice that the entities are created by the usual representatives, all employed, as best as discovery has yielded to date, by Pace-O-Matic. After review of the public records, there are no known independent offices for any of the entities, each of which uses a "registered agent" in lieu of a real independent place of business, relying exclusively upon Pace-O-Matic resources. Michael Pace, who has his own email address "michael.pace@paceomatic.com" (Exhibit 10) would appear to have registered the entities, sometimes using "donna.beck@paceomatic.com" (Exhibits 12.1, 12.2, 12.3, 12.7, 12.8, 12.9, 12.10, 12.15, 12.16, 12.19), and sometimes using "christine.santelli@paceomatic.com" (Exhibits 12.4, 12.11). The emails evidence that operations are part of the Pace-O-Matic infrastructure and employment infrastructure.[12] There are simply too many "badges of fraud." The transfers (1) were to an insider; (2) retention of effective possession or control (Exhibit 24); (3) the transfers waere concealed (and prohibited by implication (see Motion ¶9, P.5, Exhibit 9); (4) suit was threatened; (5) the transfer was of a significant assets grounding all of its Pennsylvania business; (6) assets were removed or concealed; (7) no fair consideration was paid for the asset transferred or to cover the amount of the obligation or liability.

---

11 The Michael Pace Agreement referenced in the Initial Disclosure does not appear to have been produced, although the reference by the Initial Disclosures directly implicates him in the scheme.

12 Each of the Wyoming documents, page 2, sets forth expressly, W.S. 6-5-308 "Penalty for filing false document" with the checkbox checked, "I am the person whose signature appears on the filing..." In the event that evidence or forensic evidence identifies, *eg,* Donna Beck or Christine Santelli actually filing the document, the filing itself would be a fraud by Wyoming law. Either Michael Pace is implicated directly for the filings, with some business purpose of using other staff email addresses rather than his own, or the filings are fraudulent. See, Exhibit 23, implying that Michael Pace has his "team" to do these filings, rather than doing them himself, making the filings fraudulent.

The identity of "Miele" is ambiguous, and even POM of Pennsylvania issues confusing ambiguous communications. To wit, legal counsel for the POM Parties identifies claimants as "POM of Pennsylvania, LLC d/b/a Pace-O-Matic (Exhibit 25.1; Exhibit 19), even though there is no fictitious name registered in Pennsylvania for that fictitious name (Exhibit 25.2), which, in the context of Exhibit 18 and Pace-O-Matic's continued operations in exactly the same space, is confusing to any ordinary business person, District Attorneys, Attorney Generals, or other enforcement agencies. (See, also, Exhibit 15, "Savvy Dog Systems LLC DBA Pace-O-Matic, Inc.") Discovery will prove that the entities to be joined are alter-egos of Pace-O-Matic, with jurisdictional issued determined in accordance therewith. *Adam v. Saenger,* 303 U.S. 59, 67–68, 58 S.Ct. 454, 458, 82 L.Ed. 649 (1938) (POM Parties waive jurisdiction/venue by instituting suit).

The law is clear that joinder may be ordered if a party's interest may be impaired legally or practically. Rule 19 does not require the absent party to actually possess an interest, but only that the moving party show that the absent party claims an interest. *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); *EEOC v. Peabody Western Coal Co.*, 610 Fed.3d 1070 (9th Cir. 2010). Discovery is not limited to the merits, but also for a variety of fact-oriented issues may arise during litigation not related to the merits to illuminate issues on which a district court must rule. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978); *cf. Nehemiah v. Athletics Congress,* 765 F.2d 42, 1985 U.S.App. LEXIS 19886 (3d Cir. 1985).

Dated: March 3, 2020

s/Gregg R. Zegarelli
Pa. I.D. #52717
TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Pittsburgh, PA 15241-2565, USA
v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

5

**CERTIFICATE OF SERVICE**

I hereby certify my belief that a true and correct copy of the foregoing Motion for Joinder was served upon the following counsel via the Court's CM/ECF System on the date set forth below:

March 3, 2020

Julian E. Neiser, Esq.
SPILMAN THOMAS & BATTLE, PLLC
jneiser@spilmanlaw.com

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.

Administrative Office:
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com