## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

POM OF PENNSYLVANIA LLC, ET AL.,    )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )        Civil Action No. 2:18-cv-00722-PLD
                                    )
PENNSYLVANIA SKILL GAMES LLC        )
                                    )
            Defendant.              )

## THIRD PARTY PRO ATM, LLC'S
## MOTION TO MODIFY SUBPOENA

Pursuant to Fed. R. Civ. P. 45(d)(1) and (d)(3)(A)(iv), and this Court's inherent power, third-party Pro ATM LLC ("PRO") hereby moves to modify the deposition and document subpoena served on Pro by defendant Pennsylvania Skill Games LLC ("PSG") and in support of this motion states as follows:

1.    PSG served its subpoena on PRO, which is not a party to this action, on June 24, 2020.  A copy of the subpoena is attached hereto as Exhibit A.

2.    The subpoena requires a representative of PRO to appear for an in-person deposition on July 8, 2020, and to produce requested documents.

3.    On Monday, June 29, 2020, counsel for PRO, who is 66 years old, reached out to PSG's counsel to determine what documents PSG was looking for and to express serious concern that an in-person deposition was being scheduled during a pandemic.

4.    PRO's counsel suggested that the deposition be postponed or held by video.

5.    Although acknowledging that remote, video-depositions are common, PSG's counsel was dismissive of PRO's counsel's concerns, and stressed that Pennsylvania had lifted

the state of emergency and that no one else was objecting to PSG's scheduling in-person depositions during the pandemic.

6.     PSG's counsel explained that the deposition was going to be held in a conference room large enough for fourteen people, though he did not know exactly how many people would be present.

7.     With pandemic cases spiking in Western Pennsylvania as the week progressed, PRO's representative also did not want to expose himself to the risk of an in-person deposition.

8.     Consequently, on Thursday morning, July 2, 2020, PRO's counsel again reached out to PSG's counsel to obtain PSG's agreement to take the deposition by video or for a postponement, whichever PSG preferred.

9.     During the discussion, PRO's counsel indicated that PRO was not seeking to avoid producing documents or testifying, and PRO would be willing to provide the requested documents early electronically as well as to testify remotely or at a time after the Covid-19 pandemic had passed.

10.    PRO's counsel explained that if no agreement were reached, PRO would have no choice but to seek an order from the Court to permit the deposition to be done by video or to be postponed, and if forced to motion practice, would seek fees.

11.    PSG's counsel indicated that he needed to consult with his client before responding to PRO's request.

12.    During the telephone call, PSG's counsel and PRO's counsel agreed that if they were unable to agree amongst themselves, it would be useful if they and counsel for Plaintiff POM of Pennsylvania, Inc. ("POM") were to reach out to the Court by telephone for guidance that might enable everyone to avoid motion practice.

13.     Late Thursday afternoon, PSG's counsel emailed PRO's counsel rejecting any postponement or video deposition, on the ground that health concerns relating to the Covid-19 pandemic were not specific or good enough reasons for taking the deposition by video or postponing it.

14.     In follow-up emails, POM's counsel indicated that he too was uncomfortable with the scheduling of in-person depositions and would make himself available for a call to the Court.

15.     By then it was late in the afternoon, and PSG's counsel did not indicate that he was available for a call.

16.     Consequently, to avoid inconveniencing the Court by filing this Motion at the last minute, PRO's counsel advised counsel for PSG and POM that it would be filing this Motion electronically.

WHEREFORE, PRO respectfully requests that this Court modify the subpoena served on PRO to provide for a remote video deposition only at PSG's sole expense or, alternatively, for the postponement of the deposition until the Covid-19 pandemic has passed.  PRO further requests that it be compensated its attorneys' fees incurred for this Motion pursuant to Fed. R. Civ. P. 45(d)(1).

A Proposed Order is being filed this day.

Dated:  July 2, 2020                                       Respectfully Submitted,

/s/ Joseph Leibowicz
Joseph Leibowicz, Esquire
PA I.D. No. 64365

LEIBOWICZ LAW LLC
610 Smithfield Street
Pittsburgh, Pennsylvania 15222
Telephone: (412) 281-5202
Telecopy:  (412) 281-5238
Attorney for Third-Party PRO ATM LLC

3

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of July 2020, the foregoing was electronically filed with the Clerk of the Court through the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/ Joseph Leibowicz
   Joseph Leibowicz