**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

        Plaintiffs,

        V.

PENNSYLVANIA SKILL GAMES, LLC,

        Defendant.

PENNSYLVANIA SKILL GAMES, LLC,

        Plaintiff,

        V.

PACE-O-MATIC, INC. and MIELE MAN-
UFACTURING, INC.

        Defendant.

CIVIL ACTION NUMBER:
2:18-cv-00722-PLD

The Hon. Patricia L. Dodge

**PENNSYLVANIA SKILL GAMES RE-
SPONSE IN OPPOSITION TO PROATM
MOTION TO MODIFY SUBPOENA**

**PENNSYLVANIA SKILL GAMES' RESPONSE IN OPPOSITION
TO PROATM MOTION TO MODIFY SUBPOENA**

AND NOW, comes PENNSYLVANIA SKILL GAMES, by and through its counsel:

1.    The undersigned is sensitive to the issues revolving around COVID-19. The undersigned regularly and dutifully makes courteous accommodations for counsel and deponents as necessitated by the circumstances.

2.    The undersigned strongly prefers in-person depositions, for well-established reasons. The undersigned has experience with video depositions, conducted when necessary with added cost and complexity. It is the opinion of the undersigned that in-person depositions are more effective for both substantive and procedural reasons.

3.    Since Commonwealth of Pennsylvania Governor Wolf lifted his Stay Order, the undersigned has already conducted depositions without objection of counsel, has scheduled numerous depositions in the near future without the objection of counsel, and has not received any objections whatsoever regarding in-person depositions—except for this one objection at issue.[1] Because the undersigned and other attorneys are reasonably satisfied to conduct in-person depositions, in conjunction, of course, with prudent masking and distancing, the objection raised appears not to be based upon legal constraints or exceptional personal facts, but, rather, generalized personal philosophies, concerns or fears.

4.    This Court should know that the undersigned has no hardness of heart for personal concerns or fears regarding COVID-19.  The issue is simply one of objective standards and practices and how judicial processes resume in light of what appears to be an indefinite continuing COVID-19 scenario.  Waiting for COVID-19 to subside by the end of summer is likely to be met with an increase in viruses with the oncoming flu season.

---

[1] This is not to say that the undersigned or other counsel or parties have not *discussed* video depositions, but only that there have been no objections to in-person depositions.  *Preferences, fears, concerns*, and personal philosophies are as individual as each attorney and the respective party, but this is the first "objection" received among multiple cases and depositions.

5.      The undersigned needs regularly to schedule depositions as a crucial part of the legal process.  Some of the deponents will be younger, older, etc.  "Good cause" to quash or otherwise modify a subpoena needs to be met with some form of exceptional good-cause circumstances.  The process itself requires some form of objectivity to further systemic stability.

6.      Restaurants are open, retail stores are open, liquor stores are open, and a plethora of other social processes are open.  Of course, prudence reasonably dictates masks and distancing to minimize reasonable probabilities of any infection that might statistically improbably be present in the first place.

7.      A systemic standard fails if each deponent can raise general subjective virus philosophies, insecurities, concerns and fears.

8.      The only claimed unique fact is that counsel for the deponent is 66 years old and acts personally more conservatively where others may act less conservatively in similar circumstances.  See, Exhibit 1.  This is not a fact that grounds good cause to quash or otherwise modify a subpoena, and to quash or to modify a subpoena on that basis would have the effect of creating a good cause exception as a matter of law that is undefined for a range of years or personal circumstances.  The undersigned has no idea if the basis is similar for a 65 year old or a 63 year old, or how much concern or fear is rational as a legal standard.

9.      No objective health infirmity has been asserted, but only the age of counsel and a subjective general concern or fear of the deponent corporate designee.  This is not good cause as a matter of rational probabilities or, moreover, not good cause when statistically coupled with prudent distancing and simply wearing a mask.  The moving party has failed to meet its burden.

WHEREFORE, Pennsylvania Skill Games prays that the Motion to Modify Subpoena be denied.

Dated: July 2, 2020

s/Gregg R. Zegarelli

Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.

Administrative Office:
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
v.412.833.0600
f.412.833.0601
mailroom.grz@zegarelli.com

4

## CERTIFICATE OF SERVICE

I hereby certify my belief that a true and correct copy of the foregoing Response in Opposition was served upon the following counsel via the Court's CM/ECF System on the date set forth below:

July 2, 2020

Julian E. Neiser, Esq.
SPILMAN THOMAS & BATTLE, PLLC
jneiser@spilmanlaw.com

And served upon the following counsel via U.S. Postal Service, postage prepaid, and by electronic mail:

Joseph Leibowicz, Esq.
Leibowicz Law LLC
610 Smithfield Street
Suite 300
Pittsburgh, PA 15222
joseph@leibowicz-law.com

Respectfully submitted,

s/Gregg R. Zegarelli

Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.

Administrative Office:
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
v.412.833.0600
f.412.833.0601
mailroom.grz@zegarelli.com