**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

      Plaintiffs,

      V.

PENNSYLVANIA SKILL GAMES, LLC,

      Defendant.

PENNSYLVANIA SKILL GAMES, LLC,

      Plaintiff,

      V.

PACE-O-MATIC, INC. and MIELE MAN-
UFACTURING, INC.

      Defendants.

CIVIL ACTION NUMBER:
2:18-cv-00722-PLD

The Hon. Patricia L. Dodge

**PENNSYLVANIA SKILL GAMES' RE-PLY TO PACE-O-MATIC AND MEILE MANUFACTURING RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO SUPPLEMENT OR OTHERWISE TO AMEND COMPLAINT**

1.      Defendants do not *deny* their action, but only *defend* their action. [*See* ¶¶72–73, ¶88; Defendants' Response in Opposition (hereafter "**Defendants' Brief**"), P.8–9, 12] Defendants increased pricing 60% <u>only</u> for Pennsylvania Skill Games.  The malicious act of raising the pricing <u>only</u> for Pennsylvania Skill Games was not <u>*merely a price change*</u> as qualified even within their own citation. [*See, e.g.,* Defendants' Brief at P.5, ¶3, P.11, ¶2 ("<u>merely</u> making...").

The claim is overtly plausible as retaliatory; to wit, the context is an untenable <u>60% increase only to Plaintiff</u>, not 5% increase to one, and not a 60% increase to all, but a 60% increase to one—the Plaintiff; the act itself screams as a retaliatory interference, and that is the proper inference.[1]

---

1 *See,* Defendants' Brief, P.13, ¶3 ("a competitor").  There is no mention for the cause of the condition professed.

2.    Fed.R.Civ.P. 8(a)(2) requires only a short and plain statement of the claim, which was clearly satisfied as pleaded.  It is a known tactic of pleading rhetoric to present a volume of argument on the maximum of unlimited things that were not pleaded, but could be pleaded, rather than the effect of the minimum facts actually pleaded.[2]

3.    Defendants set forth pages and pages of argumentative disputed trial facts—even in desperation submitting evidence,[3]—clearly arguing themselves out of court.  To present such a significant volume of disputed trial facts in violation of the applicable standard clearly contradicts failure of plausibility.  *Defendants protest too much.*  Even if the standard of Fed.R.Civ.P. 12(b)(6) is applicable on a *first-time* proffered supplemental amendment for a new overt act by Defendants:

> **In reviewing a district court's dismissal of a complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, our review is plenary and we apply the same test as the district court. "A motion to dismiss pursuant to Rule 12(b)(6) may be granted *only if,* accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1420 (3d Cir.1997) (c*iting Bartholomew v. Fischl,* 782 F.2d 1148, 1152 (3d Cir.1986)). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Id.* (*quoting Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)).**

*Maio v. Aetna, Inc.,* 221 F.3d 472, at 481 (3rd Cir. 2000) (emphasis added)

If—if—Defendants had raised the price 60% on all the operators (which would plausibly cause mass hysteria), and if we speculate to that ghost of a claim, it would be a different claim. But, it is not.  The averment, accepted as true, is that there was a no-notice, after-the-fact, withdrawal only from Pennsylvania Skill Games' bank account, in June, 2020, for a malicious and

---

2 *E.g.,* the gist of short and plain; to wit, "The at-will employee was terminated on June 18, 2020, only because she was a black woman."  "On June 18, 2020, with malice aforethought, the man entered the shop and shot his ex-wife's lover between the eyes killing him."

3 POM attached a disputed Exhibit C, which is scandalous, impertinent and immaterial for this purpose and the applicable legal standard to be applied at this stage of the process.

retaliatory purpose as averred.[4] [¶¶72–73, 88]  Whether Defendants are "allowed" to do the act they desperately want this Court to believe, is a trial question. ¶78.[5]  *Cf., Marino v. Indus. Crating Co.,* 358 F.3d 241, 247 (3d Cir.2004) ("[For] summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.' *quoting Anderson v. Liberty Lobby,* 477 U.S. 242, at 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

4.      Defendants claim to need more and more facts at Defendants' Brief, P.7, ¶2.  This is disingenuous, particularly in light of the admissions of Defendants' Brief.  Defendants already know every Terminal ID for which that retaliatory injurious fee has been charged, they know each date and time they did it, by their own admission, by volunteering trial facts in "How Fills Work."

5.      At P.4 of Defendants' Brief, ¶2, Defendants assert that the Court has "full discretion" to deny leave to amend, which is incorrect or grossly misstated by Defendants.  At P.4, ¶3 Defendants go on to mischaracterize that this Court "can deny" on the grounds of bad faith, undue delay, prejudice, or futility.  To be forthright and clear, an amendment can be denied *only if* justified on the grounds of bad faith, undue delay, prejudice, or futility.  *Shane v. Fauver,* 213 F.3d 113 at 116, 46 Fed.R.Serv.3d 957 (3rd Cir. 2000) ("dismissal without leave to amend is justified *only on* the grounds of bad faith, undue delay, prejudice, or futility") (emphasis supplied).  *In re Burlington, supra,* 114 F.3d at 1434 ("The Supreme Court has cautioned that although 'the grant or denial of an opportunity to amend is within the discretion of the District Court,...outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of that

---

4 Just to frame it for the Court in a context of timing, gravity and proportionality, to Defendants' obvious increasing frustration, Plaintiff has so-far discovered that more than 400 violative terminals have been placed into Beaver County, with Defendants' advertised average machine revenue *to the operator* of $250 per week.  The injury is significant.

5 In Defendants' myriad of conclusory repeat buzzwords of "no facts" "fishing" etc., they seem to indicate some failure of pleading specificity as to the customer, which is disingenuous by their own admission in "How Fills Work." If form prevails, it is an easily curable item to plead the information Defendants already admit possessing.

discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules.'"), *quoting, Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

6.    Contrary to Defendants' suggestion, the effect of any 12(b)(6) applicability as set forth in *Burlington* needs to be reviewed with restraint, as Defendants would have this Court believe that Fed.R.Civ.P. 12(b)(6) has gobbled up the liberal standard of Fed.R.Civ.P. 15, in effect. A careful reading of the Opinion is that the standard of 12(b)(6) becomes applicable when there is futility in amendment.  This is the first attempt at amending by supplement for a new overt act, that occurred in June, 2020,[6] and there is simply no procedural history to support futility.

7.    Defendants raise a technical issue regarding the pleading of two counts as one, which, if form prevails, is an easy non-futile conformity amendment, although Pennsylvania courts have conjoined the claims.  *See, Pelagatti v. Cohen,* 370 Pa.Super. 422, 536 A.2d 1337 (Pa.Super 1987) ("To set forth a legally sufficient cause of action for intentional interference with contractual or prospective contractual relations..."). Even so, it is beyond dispute and admitted by Defendants that every fill order regards a contract with the venue in which the machine is placed, and the averred overt acts were and are purposeful, there was no privilege, and there was damage.  [*See,* ¶¶72–86; Defendants' Brief P.2, ¶6 ("come to financial arrangements")]

8.    Plaintiff pleaded in ¶88 an unlawful act or a lawful act done for an unlawful purpose.  Once again, Defendants argue in Defendants' Brief at P.12, ¶3, that they are accused of doing something "with their own property," defiantly saying "Pace and Miele they have the right to charge whatever they choose..."  To this joint defiant admission of combined interest or scheme,

---

6 The undersigned regrets that discovering an error in ¶72 when finalizing this Reply; specifically, the events at issue arose only recently in June, 2020, not as set forth previously in error as 2019.  An Errata to Exhibit 1 was filed at ECF 74.  There was written correspondence between the parties at the time and the undersigned trusts that there is no dispute over the applicable date of the averred events as occurring only recently in June, 2020.

Plaintiff points to the grounds of "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." *Strickland v. Univ. of Scranton,* 700 A.2d 979, 987–988 (Pa.Super. 1997). Plaintiff identified the parties, who share unity by clear admission of Defendants beyond any rational contention, with the overt act of increasing <u>only</u> the pricing of Pennsylvania Skill Games for the malicious retaliatory purposes as stated, with actual legal damage of the clearly pleaded 60% increase from $1,325 to $2,120 per fill. [*See, e.g.,* ¶¶72–74, ¶¶87–88]

9.      Any assertion of prejudice to Defendants is ungrounded by their unclean hands. The overt event occurred recently in June, 2020. Speculations aside, the scope of discovery is the same, notwithstanding the additional counts, although it does add the new circumstances to be explained within that scope.[7] This is a consolidated case of two cases, with five parties, four of which parties are represented by the same legal counsel. The undersigned will address discovery disputes when properly made.[8] No extension to discovery has been requested. Defendants admit already having a record of every fill with the retaliatory pricing. [Defendants' Brief, P.2, ¶6.]

Pennsylvania Skill Games prays for leave be GRANTED to file the Amended Complaint.

Dated: September 25, 2020

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Pittsburgh, PA 15241-2565, USA
v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

---

7 Plaintiff has propounded timely discovery requests to elicit the evidence required to prove its claims at trial. *Cf.,* fn. 4, *supra.*

8 *See.,* fn. 4, *supra.*

## CERTIFICATE OF SERVICE

I hereby certify my belief that a true and correct copy of the foregoing Reply Brief was served upon the following counsel via the Court's CM/ECF System on the date set forth below:

September 25, 2020

Julian E. Neiser, Esq.
SPILMAN THOMAS & BATTLE, PLLC
jneiser@spilmanlaw.com

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
  VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com