IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>PENNSYLVANIA SKILL GAMES, LLC,<br><br>Defendant. | Civil Action No. 18-722 |
| PENNSYLVANIA SKILL GAMES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>PACE-O-MATIC, INC. and MIELE MANUFACTURING, INC.<br><br>Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Pennsylvania Skill Games, LLC ("PSG") seeks to amend its complaint in this consolidated action. Pace-O-Matic, Inc. and Miele Manufacturing, Inc., oppose PSG's motion. For the reasons discussed herein, PSG's motion will be denied.

**I.   Relevant Procedural History**

POM of Pennsylvania, LLC, t/d/b/a Pace-O-Matic ("POM") and Savvy Dog Systems, LLC ("Savvy Dog") commenced an action against PSG in May 2018. PSG responded with an Answer, Affirmative Defenses and Counterclaim and also filed a separate lawsuit against POM and Miele Manufacturing, Inc. ("Miele") in this Court at Civil Action No. 18-941. These lawsuits were consolidated in August 2018.

In December 2018, the Court set a deadline of January 11, 2019, for the parties to amend their pleadings. (ECF No. 27.) PSG did not amend its Complaint. POM and Savvy Dog filed a timely Amended Complaint (ECF No. 29) to which PSG responded with an Answer, Affirmative Defenses and Counterclaim in February 2019. (ECF No. 30.) The pleadings closed after POM and Savvy Dog responded to PSG's counterclaims in April 2019. (ECF No. 35.)

On July 8, 2019, the Court met with the parties and established the remaining case management deadlines, including scheduling a post discovery status conference for December 17, 2019. A week before the scheduled post discovery status conference, PSG's former counsel moved to withdraw as counsel for PSG. (ECF No. 45.) The Court granted the motion and stayed the case for sixty days to allow PSG to retain new counsel. (ECF No. 47 ¶ 2.) In that order, the Court specified that upon PSG's retention of new counsel, the Court would hold a conference to establish a deadline for completion of limited additional fact discovery and to schedule the remaining case management deadlines. (*Id.*)

PSG's present counsel entered his appearance in February 2020 (ECF No. 51) and immediately sought to join additional parties to the lawsuit. (ECF No. 52.) At a subsequent case management conference held on March 3, 2020, PSG's counsel advised the Court that he anticipated additional written discovery regarding certain financial information and that he might seek to amend PSG's claims. The parties agreed that if PSG's pending motion for joinder was denied, an additional ninety days of discovery may be necessary. On April 20, 2020, the Court denied PSG's motion for joinder. (ECF No. 61.) At the parties' request, the Court granted two extensions of time to complete discovery. (ECF No. 63, 69.) Discovery is now scheduled to close on October 15, 2020. (ECF No. 69.)

PSG seeks to amend its complaint against POM and Miele to add two more causes of action. (ECF No. 70.) PSG's motion is fully briefed (ECF Nos. 72, 75) and ripe for disposition.

## II.  Legal Standard

When a party seeks to amend a pleading after a responsive pleading has been served, it may do so "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997).

But "when a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies." *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) (quoting Fed. R. Civ. P. 16). "[W]hether 'good cause' exists under Rule 16(b)(4) depends in part on a plaintiff's diligence. *Id.* (citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84–85 (3d Cir. 2010); *Eastern Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000)).

As the Third Circuit has recently explained, "[a] party must meet this [good cause] standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." *Premier* at 319.

## III.  Discussion

In seeking to amend its claims, PSG relies solely on the liberal standard of Rule 15(a) without addressing, or even acknowledging, the threshold issue of good cause under Rule 16(b)(4). PSG's failure to address this standard is a sufficient basis to deny PSG's motion. As explained

below, however, even if PSG's motion is independently analyzed under the Rule 16(b)(4) standard, good cause is lacking.

The original deadline to amend pleadings in this case was January 11, 2019. PSG's counsel advised the Court during the March 3, 2020 conference that he might seek to amend PSG's claims after conducting discovery regarding certain financial information. The parties agreed that if PSG's pending motion for joinder was denied, an additional discovery period of ninety days might be necessary. The joinder motion was denied on April 20, 2020. Despite two subsequent extensions of discovery, no amendment was sought by PSG prior to August 31, 2020.

PSG alleges in its proposed amendment that "on or about late June, 2020, Plaintiff discovered that certain withdrawals from [PSG's] bank account had occurred without notice or permission; to wit: [POM and Miele] had unilaterally without notice or permission increased the price of computer play fills, from $1,325 to $2,120, or a 60% increase in price." (ECF No. 70-1 ¶ 72; *see* ECF No. 74.) Thus, PSG had notice of the facts that would support its proposed additional claims no later than June 2020.[1] Based on the information acquired in June, PSG now seeks to amend its complaint to add claims of interference with contractual and prospective business relations and civil conspiracy. (ECF No. 70-1.)

In order to meet the good cause standard, it is PSG's burden to show that it exercised due diligence. *Premier*, 970 F.3d at 319. It has failed to meet this burden, and nothing in the record independently supports an inference of due diligence. Assuming that the alleged improper conduct occurred in June 2020, PSG provides no explanation or justification for why it waited at least two

---

[1] Contrary to the suggestion in its Reply Brief, the proposed amendment does not allege that these events took place in June 2020. It alleges that in late June 2020, PSG *discovered* that certain withdrawals *had* occurred. PSG does not allege when the withdrawals were made. For purposes of deciding the present motion, however, the Court will construe the proposed amendment as alleging that both the withdrawals and PSG's discovery of the withdrawals occurred in June 2020.

months to seek leave to amend, particularly in an action in which its claims against POM and Miele have been pending since July 2018.

Notably, in July 2020, the parties jointly sought and obtained a further extension of the discovery deadline until October 15, 2020. Despite possessing the relevant information from its own bank account since June 2020, PSG neither moved to amend its claims at that time nor asserted that it required additional time, or discovery, in order to do so. Instead, PSG waited until August 31, 2020, forty-five days before the close of discovery, to file its motion. Due to the timing of its motion, there would have been insufficient time within the current discovery deadline for any motions practice, if required, and for the parties to conduct discovery related to the two new claims. In a consolidated action in which the parties' claims were originally asserted in 2018 and discovery has been extended multiple times, extending discovery yet again is not warranted when PSG offers no explanation or justification for its lack of due diligence.

As such, the Court declines to permit amendment because PSG has failed to meet the good cause standard of Rule 16(b)(4). Because PSG has not done so, the Court need not consider the more liberal standard of Rule 15(a) or reach the issue of futility raised by POM and Miele.

Therefore, this 13th day of October, 2020, it is ORDERED that Pennsylvania Skill Games' Motion to Supplement or Otherwise to Amend Complaint is **DENIED**.

BY THE COURT:

_____
PATRICIA L. DODGE
United States Magistrate Judge