IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

        Plaintiffs,

        V.

PENNSYLVANIA SKILL GAMES, LLC,

        Defendant.

PENNSYLVANIA SKILL GAMES, LLC,

        Plaintiff,

        V.

PACE-O-MATIC, INC. and MIELE MAN-
UFACTURING, INC.

        Defendants.

CIVIL ACTION NUMBER:
2:18-cv-00722-PLD

The Hon. Patricia L. Dodge

**PENNSYLVANIA SKILL GAMES' RE-
QUEST FOR RECONSIDERATION OF
ORDER DATED OCTOBER 13, 2020,
DENYING PLAINTIFF'S MOTION
FOR LEAVE TO SUPPLEMENT OR
TO OTHERWISE AMEND COM-
PLAINT [ECF 76]**

A motion for reconsideration will be granted if necessary to correct a clear error of law or to prevent manifest injustice. *Hirsch Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied,* 47 U.S. 1171 (1986). The undersigned asserts that this Court's basis for denying Plaintiff leave to file a first amended complaint [ECF 76, "**Order**"], filed in August, 2020 [ECF 70], for new causal facts that occurred in only recently in late June, 2020, was clear error and a manifest injustice for the reasons stated herein.

Pennsylvania Skill Games sought an amendment only after new facts arose, recently during the course of the litigation, including for reasons expressly contemplated by Fed.R.Civ.P. 15(d).[1]

What appears to be the gravamen of the Court's basis for denial of leave to amend is based upon Fed.R.Civ.P. 16(b)(4), which relates to a non-existent request for a modification of the fact discovery scheduling order. [Order, P.3, ¶5]  The Court states that Plaintiff does not address that rule, but the undersigned respectfully asserts that Plaintiff was not seeking a modification to any scheduling order.  [ECF 75, "**Reply**", P.5, ¶2].  Plaintiff does not require any modification to the schedule arising from the request to supplement and none was sought.  [Id.]

Moreover, the record is clear that the grounding event occurred by the act of Defendants well after the March 4, 2020,[2] status conference; the event was solely caused by the recent acts of Defendants, and it is clearly erroneous to assert that Defendants can escape a new cause of action based upon the recent causal facts, by some effect of a scheduling order that existed prior to the averred causal facts. [Fed.R.Civ.P. 15(d)]

This Court references a citation to Fed.R.Civ.P. 15(a) at P.3, ¶2, but fails to address that standard, moving to the assessment to "good cause" for a non-existent modification of the schedule.  [*See, e.g.,* P.3, ¶3, ¶4, ¶5; P.4, ¶1, ¶4; P.5, ¶3]  Effectively, the Court has opined that the body of established law established by the United States Supreme Court and Third Circuit Court of Appeals regarding application of Rule 15, "Leave to Supplement or Otherwise Amend" (undue delay, bad faith, dilatory motive, and futility), all of which are presumptive burdens in favor of

---

[1]Plaintiff in the action at issue, Pennsylvania Skill Games, LLC, has never previously filed for an amendment.  Although not referenced by the Court in the Order at P.2, ¶1, after the dates referenced in the Order, Defendants in the action at issue also filed and were granted leave to file an Amended Answer and Affirmative Defenses during the period that Pennsylvania Skill Games was unrepresented and during the stay referenced in the Order at P.2, ¶3. The date of filing Defendants' amendment was February 4, 2020, well-after January 11, 2019 as referenced in the Order at P2, ¶1. [ECF 48–50]

[2] Although substantively immaterial, the Order references the status conference to have occurred on March 3, 2020, at P.2, ¶4, which, to keep the record clear, was actually March 4, 2020.  [ECF 3/04/2020]

amendment, is subsumed by a "good faith" 16(b)(4) standard, which is the opposite presumption, even when the new fact is by the unclean hands of the adverse party and moving party does not request a modification to the schedule. That is, unlike a Rule 15(a) generic context that also requires a scheduling change, the context at issue is specifically a Rule 15(d) context for which Plaintiff has not also requested a scheduling change.

Plaintiff did not request a modification to the schedule in its motion for leave, and if the January 11, 2019 deadline to amend is the applicable deadline after which amendments are not permitted, even for causal facts that do not exist on that date, it is clearly error. Plaintiff could not amend on or prior to January 11, 2019, when the causal facts did not exist until late June, 2020.

At P.5, ¶2 of the Order, the Court hypothesizes that non-existent motion practice "if required" would not be sufficient. Respectfully, there is simply no motion practice pending and the context of any such motion practice is basing a ruling on mere speculation, not meeting the presumption in favor of Plaintiff's motion. [*See,* Reply, P.2–5.] Moreover, respectfully, the Court appears to conflate the parties and their requests; to wit: On the one hand, Plaintiff indicated that it had already served timely discovery regarding the retaliatory price increases, which is relevant as a discovery or trial question as already averred in the record. Plaintiff does not require additional time for discovery for its motion. [Reply, P.5, ¶2] On the other hand, Defendants are already in control of the facts related to their retaliatory actions [Reply, P.5, ¶2]; however, even if there is some claimed prejudice to *Defendants* in the existing discovery time-table, then it is Defendants who can assert some tangible fact in a curative motion to extend the discovery for their benefit, their unclean hands notwithstanding. Plaintiff is not trying to and does not need to extend the schedule; if, and only if, Defendants seek an extension with cause, then they can make the application in due course and this Court can craft an appropriate order as justice requires. Lastly on

3

this point, discovery disputes and motion practice following the discovery period are common and beyond the implication of the Order that discovery motion practice occur entirely within the discovery timetable, at P.5, ¶2.

The Court references "due diligence" on the Rule 16(b)(4) standard, which has a "good cause" burden for requesting modification to a scheduling order, which is not at issue in this context. The cause of action arose in late June, 2020 for a motion for leave to amend filed—in the context of filing legal pleadings with new causes of action—almost immediately thereafter, in August, 2020. Respectfully, Plaintiff and its counsel are required a fair period to make inquiries, investigate the case, determine any repeating nature, prepare drafts and consider the legal implications, all within their respective previous schedules and in a disruptive catastrophic COVID-19 environment, well-known to this Court.[3]

The Court cites to the *Premier,* 970 F.3d 316, and related decisions, at Order P.4, ¶3, but a careful reading of those cases demonstrates that the Court is citing to Fed.R.Civ.P. 15(a), and the scheduling order implications with regard to old facts, rather than as applicable for supplementation by new facts contemplated by Rule 15(d) ("In its brief, Premier asked the District Court to apply Rule 15(a)."). This is a Rule 15(d) "supplement" context with *new causal facts,* and, unlike adding a party, Plaintiff's request expressly does not seek or require a modification of the schedule.

In summary:

1.    The scheduling order deadline of January 11, 2019, referenced by the Court at Order P.2, ¶1, is not applicable to a new cause of action arising from causal facts that occurred thereafter. [*See also,* fn. 1, *supra.*]

---

[3] See Exhibit 1, Declaration of Gregg Zegarelli, Esq. and exhibits thereto, with good faith inquiries as late as August 11, 2020. The undersigned recognizes technicalities on a motion for reconsideration of "new evidence" but believes that, as a matter of justice and sound discretion, that it has only now become material to the consideration since this Court has, *sua sponte* in its Order, shifted the burden to an arguably inapplicable Rule 16(b)(4) standard, not cited by Defendants [ECF 72]. The correspondence was addressed in the Reply. [*See*, Reply, P.4, fn. 6] *See, also,* Exhibit 2, in which counsel for Defendant indicates "plenty of time" remaining for discovery as of August 21, 2020.

2. The *Premier* case and the cases cited by the Court in the Order at P.3, ¶3 are directed to generic old-facts Rule 15(a) situations that are part of a Rule 16 scheduling order revision, not applicable for this context. Plaintiff's request for leave to supplement is based upon new-facts Rule 15(d), <u>not</u> seeking a modification to the schedule. Accordingly, the cases cited by the Court are not controlling or precedential for this context, or, in all fairness and discretion, the Court should recognize that the law is not so clear as to hold Plaintiff liable to address *sua sponte* Rule 16(b)(4) scheduling modifications when Plaintiff is not seeking a schedule modification.

3. The dates of the respective discovery extensions are not in dispute and not material to the precise matter before this Court. The deadlines to discovery have been stipulated, no dispute in that regard has been made of record. The causal facts occurred in late June, 2020, with the filing for leave in August, 2020. Plaintiff is entitled and obliged to conduct due diligence and an investigation prior to filing an amended pleading. As a matter of fair judicial discretion, the timing is *prima facie* reasonable, irrespective of a "good cause" standard or no "undue delay" burden standard.

4. Defendants are the averred culprits and chose the date of the averred action relating to the cause facts. In the context, Defendants have unclean hands and cannot and should not benefit from the timing being close to the end of discovery. As set forth in the Reply, P.4, ¶3, Defendants already admitted knowing of the location at issue. Even so, *if* Defendants need additional discovery time to cure some asserted and credible prejudice in the schedule—in due course for the context at that time—Defendants can make that assertion and an accommodation to the schedule can be made on Defendants' motion as appropriate to achieve justice.

Plaintiff simply seeks a fair trial allowing the jury to determine the facts and the remedy to which Plaintiff is entitled. Plaintiff files this Request for Reconsideration with great respect for the Court and Magistrate Judge, for the purpose of avoiding the injury, costs and complications of appellate review and remand.

WHEREFORE, Pennsylvania Skill Games prays that this Court GRANT reconsideration of its Order dated October 14, 2020 [ECF 76].

Dated: October 14, 2020

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717
TECHNOLOGY & ENTREPRENEURIAL
  VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Pittsburgh, PA 15241-2565, USA
v.412.833.0600 f.412.833.0601

5

## CERTIFICATE OF SERVICE

I hereby certify my belief that a true and correct copy of the foregoing Request for Reconsideration was served upon the following counsel via the Court's CM/ECF System on the date set forth below:

October 14, 2020

Julian E. Neiser, Esq.
SPILMAN THOMAS & BATTLE, PLLC
jneiser@spilmanlaw.com

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com