13423655

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a    CIVIL ACTION NO. 2:18-CV-00722-PLD
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,                        CONSOLIDATED

        Plaintiffs/Counterclaim    The Honorable Patricia L. Dodge
        Defendants,

        v.

PENNSYLVANIA SKILL GAMES, LLC,

        Defendant/Counterclaim
        Plaintiff.

--------------------------------------------------------------------------------------------------------------------

PENNSYLVANIA SKILL GAMES, LLC

        Plaintiff,

        v.

PACE-O-MATIC, INC. and MIELE
MANUFACTURING, INC.,

        Defendants.

### RESPONSE TO MOTION FOR RECONSIDERATION

AND NOW COMES Pace-O-Matic, Inc. (hereinafter referred to as "Pace-O-Matic" or

"Pace"), Savvy Dog Systems, LLC (hereinafter referred to as "Savvy Dog" or "SD"), POM of

Pennsylvania, LLC (hereinafter referred to as "POM") and Miele Manufacturing, Inc.

(hereinafter referred to as "Miele")(the "Responding Parties") and files the within Response to

Motion for Reconsideration, stating as follows:

### RESPONSE

1.      PSG offers no new evidence in support of its Motion and should be rejected on

that reason alone.

13423655

2.      In footnote 3, PSG refers to correspondence from counsel for the Responding Parties to support the contention that ample time remained to complete discovery on the matters raised in PSG's proposed Second Amended Complaint. However, that was not the intent of the letter, nor were any related issues ever discussed. This letter was one of many, many attempts to limit PSG's scope of 30(b)(6) depositions and to accommodate PSG's numerous discovery requests. This letter does not address, nor would it ever, "room" in the schedule for even more claims by PSG. Its purpose was confined to remaining discovery for matters already at issue in the current pleadings—and nothing else. Use of this letter for the purpose offered by PSG is misleading.

3.      To be precise, counsel for Responding Parties advised PSG in writing on June 19, 2020 regarding the fill increase, three days prior to the letter attached as Exhibit 1.1 to PSG's Motion for Reconsideration.

4.      Exhibits 1.1. and 1.2 are letters from PSG counsel that lack any context and may give the suggestion that PSG has been denied "fills" of its machines, thus suggesting improper conduct. Such a contention is incorrect. PSG has always been able to purchase fills, it cannot use an online portal because PSG refuses to use the necessary software—and for no other reason.

5.      The exhibit attached as Exhibit 1.2 (an August 11, 2020 letter to counsel for PSG) has no bearing on PSG's Motion for Leave except to perhaps put unrelated factual assertions in front of the Court. Exhibit 1.2 purports to claim, incorrectly, that the Responding Parties are "blocking" the purchase of fills, and offers an incomplete statement regarding fills on certain machines. In reality, one limited group of machines were "blocked" from receiving new fills because those machines were re-sold to third parties, a practice that is is not permitted without prior authorization from Pace-O-Matic.

13423655

6.      In response to Exhibit 1.2, the Responding Parties sent the letter attached hereto as Exhibit A, which provides a response to PSG's assertions and provides necessary context to the extent the Court needs it.

7.      PSG also suggests in its Motion for Reconsideration that there would be time under the current schedule to engage in motions practice, if needed. This is incorrect. Even if the amendment were granted, a Motion to Dismiss would certainly follow.

8.      With respect to Footnote 1 of the Motion for Reconsideration, PSG notes that the Responding Parties were granted leave to amend their answer and affirmative defenses. As this Court is aware, this amendment merely harmonized affirmative defenses between the consolidated actions and was done with express consent of prior counsel. The filing was delayed merely because it appeared that a settlement was imminent during the fall/winter of 2019. This point by PSG is a red herring.

9.      To the extent the Court is reconsidering its prior Order, which was correct in every way, it is worth restating PSG's position that under the applicable standards, PSG must still explain why it sat on a potential claim for months and is further attempting to belabor this case. Regardless, even if PSG acted expeditiously, it has not stated a claim for which relief could be granted. It has not, and cannot, cite to any contractual, statutory, or other basis to state a claim against the Responding Parties.

## **CONCLUSION**

This Honorable Court's order denying leave to amend is appropriate and need not be reconsidered. This matter must end and come to resolution at summary judgment before spending any more time on experts, residual discovery, or anything outside of a decision on the

13423655

merits. Permitting an amendment of the Complaint at this juncture will made what should be a straightforward fact pattern even more convoluted.

The POM Parties request that this Honorable Court deny Pennsylvania Skill Games, LLC's Motion for Reconsideration.

Respectfully submitted,

SPILMAN THOMAS & BATTLE, PLLC

By:/s/ Julian E. Neiser
    Julian E. Neiser
    Pa. Id. No. 87306

    One Oxford Centre, Suite 3440
    301 Grant Street
    Pittsburgh, PA  15219

    T:  (412) 325-1116
    F:  (412) 325-3324
    E:  jneiser@spilmanlaw.com

**Attorneys for Pace-O-Matic, Inc., Savvy Dog Systems, LLC, POM of Pennsylvania, LLC, and Miele Manufacturing, Inc.**

13423655

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | CIVIL ACTION NO. 2:18-CV-00722-PLD |
| Plaintiffs/Counterclaim Defendants, | CONSOLIDATED<br><br>The Honorable Patricia L. Dodge |
| v. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Defendant/Counterclaim Plaintiff. | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing **Motion for Leave** was served

upon counsel of record this 19th day of October, 2020 via ECF:

Via email to mailroom.grz@zegarelli.com

Gregg R. Zegarelli, Esquire
Technology & Entrepreneurial
  Ventures Law Group, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA  15241-2565

**Counsel for Pennsylvania Skill Games, LLC**

SPILMAN THOMAS & BATTLE, PLLC

By:  /s/ Julian E. Neiser
      Julian E. Neiser