# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

   Plaintiffs,

   V.

PENNSYLVANIA SKILL GAMES, LLC,

   Defendant.

PENNSYLVANIA SKILL GAMES, LLC,

   Plaintiff,

   V.

PACE-O-MATIC, INC. and MIELE MAN-
UFACTURING, INC.

   Defendants.

CIVIL ACTION NUMBER:
2:18-cv-00722-PLD

The Hon. Patricia L. Dodge

**PENNSYLVANIA SKILL GAMES'
SUR-REPLY BRIEF**

1.  Plaintiff introduced the two letters *for the purpose of* supporting the issue of *timing* as to the cause of action arising in late June, 2020 and the filing to amend in August, 2020, which Plaintiff believes is reasonable as a matter of law, or should be acceptable by inference and applicable burdens in the sound discretion of this Court. The question before this Court is easily and efficiently managed now, and the jury should have the benefit of the question now, without the burden, cost and complications of appellate and potential remand issues. The applicable standards favor ruling in favor of Plaintiff, and Defendants fail to address the legal standards.

2.       Defendants obfuscate the issue, or simply admit Plaintiff's point, with the submission of the August 14, 2020, letter.  First, Defendants admit the *timing* of inquiry, which supports Plaintiff's point.  Second, *by obvious omission,* and even with Plaintiff's *second* inquiry, Defendants' letter yet does not address the precise question of the retaliatory price increase.  The letter does address certain other issues in the dispute, but, for the *second* time, it still does not address the precise issue of the *retaliatory pricing increase*.  The letter purposefully obfuscates the question in a lot of noise on other issues.  There is simply no response from Defendants to the retaliatory cause of action referenced or at issue before this Court, following *two* inquiries.  There is no response, because Defendants' recently imposed 60% retaliatory price increase is simply ungrounded and is, in fact, *retaliatory.*

3.       Defendants cannot profit by their own choice of late timing, or escape responsibility for injury to Plaintiff by their own unclean hands.  The jury should have the benefit of the question.

4.       *If Defendants* need to seek relief regarding the discovery schedule, they can file an appropriate motion when that issue is ripe for consideration.  Even so, there is simply *no prejudice whatsoever* in granting Plaintiff's motion to amend, with or without an accommodation to the discovery timetable to accommodate *Defendants*, *if Defendants* should make such a request in due course.

WHEREFORE, Pennsylvania Skill Games prays that this Court GRANT reconsideration of its Order dated October 13, 2020 [ECF 76].

Dated: October 20, 2020

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717
TECHNOLOGY & ENTREPRENEURIAL
  VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Pittsburgh, PA 15241-2565, USA
v.412.833.0600 f.412.833.0601

# CERTIFICATE OF SERVICE

I hereby certify my belief that a true and correct copy of the foregoing Request for Reconsideration was served upon the following counsel via the Court's CM/ECF System on the date set forth below:

October 20, 2020

Julian E. Neiser, Esq.
SPILMAN THOMAS & BATTLE, PLLC
jneiser@spilmanlaw.com

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com