## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

        Plaintiffs,

        V.

PENNSYLVANIA SKILL GAMES, LLC,

        Defendant.

_____

PENNSYLVANIA SKILL GAMES, LLC,

        Plaintiff,

        V.

PACE-O-MATIC, INC. and MIELE MAN-
UFACURING, INC.

        Defendant.

_____

CIVIL ACTION NUMBER:
2:18-cv-00722-PLD

The Hon. Patricia L. Dodge

**AMENDED COMPLAINT AMENDING
THE COMPLAINT OF PENNSYLVA-
NIA SKILL GAMES FILED ON JULY
18, 2018**

## AMENDED COMPLAINT

      AND NOW, comes PENNSYLVANIA SKILL GAMES ("**Plaintiff**"), by and through its

counsel, filing this Amended Complaint herewith, averring as follows:

### Adoption by Reference
### Fed.R.Civ.P. 10(c)

      Pursuant to Fed.R.Civ.P. 10(c), Plaintiff hereby adopts and incorporates by this reference

its Complaint, and the exhibits thereto, as filed and set forth by Plaintiff in 2:18-cv-00941 [Dkt.

1].

**COUNT VI**
**INTERFERENCE WITH CONTRACTUAL AND PROSPECTIVE**
**BUSINESS RELATIONS**

71.    Plaintiff hereby incorporates by this reference the averments previously set forth in the Complaint.

72.    On or about late June, 2020, Plaintiff discovered that certain withdrawals from Plaintiff's bank account had occurred without notice or permission; to wit: Defendants had unilaterally without notice or permission increased the price of computer play fills, from $1,325 to $2,120, or a 60% increase in price.

73.    Said increase in price is not a result of any material costs, market condition or universally increased amount to Defendants' other customers.  Rather, to the contrary, discovery indicates, and Plaintiff avers and believes, that this price increased is solely for retaliatory, interference and harassment reasons collateral to the breach of existing obligations set forth in Count IV.

74.    Said price increase is a significant increase in cost and interferes and has interfered with the existing and prospective contractual relations between Plaintiff and Plaintiff's customers, forcing Plaintiff to incur the concomitant loss of revenue, disruption to finances, reallocate time and resources, renegotiate relationships with customers, causing turmoil in customer relationships.

75.    Plaintiff has existing business relationships and expectancies with the probability of future economic benefit for the Plaintiff with its customers and prospective customers, regarding which the aforesaid actions by Defendants have interfered, as averred.

76.    Defendants, at the time he committed the acts complained of above, knew of such relationship or expectancy, or should have known of it.

77.    Except for the conduct of Defendants, Plaintiff was reasonably certain to have continued the business relationship or to have entered into business relationships upon the terms and conditions as were customary without significant unjustified unilateral, harassing and retaliatory bad faith action.

78.    The averred conduct of Defendants was and is intentional, capricious and malicious.  Such conduct has occurred and is occurring without justification or privilege.

79.    Defendants' conduct occurred with the motive and the sole purpose of a scheme of injuring Plaintiff for an improper purpose.

80.    The averred intentional, capricious and malicious actions by Defendants affect not only Plaintiff, but the interests of Plaintiff's customers.

81.    The averred intentional, capricious and malicious actions by Defendants affect Plaintiff's reputation for stability with Plaintiff's customers.

82.    The averred actions by Defendants are not commercially or legally justified, are not grounded on fair or appropriate commercial basis, and are not part of any general price increase necessitated by a commercially reasonable basis.

83.    Defendants' actions are a scheme, artifice and device reasonably calculated for the purpose to harm Plaintiff by interfering with Plaintiff business operations to force the submission of Plaintiff from continuing to assert Plaintiff's rightful claims in this action.

84.    There is no social interest in protecting the freedom of Defendants to act in the averred intentional, malicious and interfering manner.  Defendants' scheme is occurring because Defendants have power, without justification or authority, to interfere with Plaintiff and the relationship between Plaintiff and its existing and prospective business relations.

85.     Defendants' actions are without justification or authority, and have no lawful right to interfere with Plaintiff and the relationship between Plaintiff and its existing and prospective business relations.

86.     As a direct and proximate result, Plaintiff has suffered damage and will continue to suffer damage.

WHEREFORE, Pennsylvania Skill Games, LLC respectfully requests that this Court enter judgment in its favor on Count VI against Defendant Miele and Defendant Pace-O-Matic, as set forth in its Prayer for Relief and including punitive damages, and all other relief that the Court deems lawful.

## COUNT VII
## CIVIL CONSPIRACY

87.     Plaintiff hereby incorporates by this reference the averments previously set forth in this Amended Complaint.

88.     Defendant Miele and Defendant Pace-O-Matic have combined with a common purpose to do an unlawful act, or to do a lawful act by unlawful means, or for an unlawful purpose, as set forth above, including for a malicious extortive purpose of harassing and interfering with Plaintiff and Plaintiff's customers to extract Plaintiff's submission from proceeding with Plaintiff's rightful claims.

89.     As set forth above, Defendant Miele and Defendant Pace-O-Matic have done and are doing an overt act or overt acts in pursuance of their aforesaid common purpose.

90.     Defendant Miele and Defendant Pace-O-Matic share the same legal counsel, sharing and further reasonably evidencing a unitary interest and with imputed knowledge of the concert of their actions.

4

91.    As a direct and proximate result of the conspiratorial acts averred herein, Plaintiff has suffered damage and continues to suffer actual legal damage.

WHEREFORE, Pennsylvania Skill Games, LLC respectfully requests that this Court enter judgment in its favor on Count VII against Defendant Miele and Defendant Pace-O-Matic, as set forth in its Prayer for Relief and including punitive damages, and all other relief that the Court deems lawful.

Dated: August 31, 2020

Gregg R. Zegarelli                    11/3/2020

Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
   VENTURES LAW GROUP, P.C.

Administrative Office:
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
v.412.833.0600
f.412.833.0601
mailroom.grz@zegarelli.com

## CERTIFICATE OF SERVICE

I hereby certify my belief that a true and correct copy of the foregoing Amended Complaint was served upon the following counsel via the Court's CM/ECF System on the date set forth below:

November 3 , 2020

Julian E. Neiser, Esq.
SPILMAN THOMAS & BATTLE, PLLC
jneiser@spilmanlaw.com

Respectfully submitted,                               11/3/2020

Gregg R. Zegarelli

Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
  VENTURES LAW GROUP, P.C.

Administrative Office:
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
v.412.833.0600
f.412.833.0601
mailroom.grz@zegarelli.com