1368963

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC

    Plaintiffs,

v.

PENNSYLVANIA SKILL GAMES, LLC,

    Defendant.

CIVIL ACTION NO. 18-CV-00722-PLD

Hon. Patricia L. Dodge

## MOTION FOR PROTECTIVE ORDER

Pace-O-Matic, Inc., POM of Pennsylvania, LLC, Miele Manufacturing, Inc., and Savvy Dog Systems, LLC (collectively, the "POM Parties") move this Honorable Court pursuant to F.R.C.P. 26(c), 30(a)(2)(A)(i), and 30(a)(2)(A)(ii) for a Protective Order related to a Notice of Deposition issued by Pennsylvania Skill Games, LLC ("PSG").

## INTRODUCTION

1. PSG wants to take the deposition of the general counsel of Pace-O-Matic, Inc., B. Gregory Cline, Esq., with respect to interference with contract and civil conspiracy claims (among other things) alleged in ECF No. 87. As such, it issued a notice of deposition pursuant to F.R.C.P. 30(b)(6) that specifically calls on Attorney Cline to testify.

2. PSG has already taken 30(b)(6) depositions of all the POM Parties months ago and was able to make inquiries regarding its claims during that testimony[1]. In short, there is nothing that has occurred before, during, or since that time to justify yet another deposition or the retaking of a corporate designee deposition—let alone one that targets a general counsel and will obviously involve privileged discussions.

---

[1] Those claims are against Pace-O-Matic, Inc. and Miele Manufacturing, Inc. only.

-1-

1368963

3.      PSG also has failed to seek leave of court for what would be its 20th deposition in this case. There is no order in this case that permits more than ten depositions. Any depositions above this threshold were permitted by agreement of counsel and as a courtesy by the POM Parties. However, the POM Parties do not consent to the deposition of Attorney Cline and no further stipulation by counsel allows PSG to sidestep the requirement to obtain leave of court prior to issuing such a notice. See, F.R.C.P. 30(a)(2)(A)(i)[2].

4.      PSG is trying to take a second corporate designee deposition and even identifies a specific employee of a corporation it wants to depose. Similar to the procedure for taking more than ten depositions, taking a second designee deposition without consent or leave of court is improper. See, F.R.C.P. 30(a)(2)(A)(ii)(See, fn. 1 below).

5.      Further, it is within the discretion of the responding party to designate witnesses based upon the categories set forth in the discovery request. It is improper for PSG to choose a specific corporate designee, and if it wanted to depose a particular witness, it should have issued a subpoena or standard notice of deposition.

6.      All appropriate corporate designees of the POM Parties have been identified, produced, and deposed in prior depositions.

7.      Ultimately, PSG is seeking the deposition of Attorney Cline in a way that wholly disregards the rules, is excessive, oppressive, unnecessary, harassing, and creates undue burden and expense that is prejudicial to the POM Parties.

---

[2] A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):

(A) if the parties have not stipulated to the deposition and:

(i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;

(ii) the deponent has already been deposed in the case;

1368963

8.      Counsel for the POM Parties has included a certification in this Motion pursuant to F.R.C.P. 26(c)(1) and 37 that the movant has in good faith conferred or attempted to confer with the opposing party.

## ARGUMENT

9.      On December 28, 2020, counsel for PSG requested that Attorney Cline be made available for a deposition related to PSG's interference with contract and civil conspiracy claims.

10.     Counsel for the POM Parties advised that Mr. Cline would not be made available absent court order, that PSG has already had an opportunity to depose witnesses for both Pace and Miele related to *all matters* at issue in the case, and the subject matters on which PSG sought to depose Mr. Cline would be subject to attorney-client privilege.

11.     A meet and confer session occurred on these and other issues on January 13, 2021, but no resolution occurred.

12.     On January 14, 2021, PSG noticed the deposition of Attorney Cline for January 28, 2021 pursuant to FRCP 30(b)(6). A true and correct copy of the notice is attached hereto as Exhibit A.

13.     PSG knew prior to serving Exhibit A that it lacked the consent of the POM Parties to proceed with an additional deposition.

14.     It is unclear whether the POM Parties advised PSG regarding the need to seek leave of court to obtain yet another deposition, but that also is not the POM Parties' obligation to do so. However, all other issues set forth in this motion were discussed with PSG during the meet and confer session prior to the issuance of Exhibit A.

1368963

15.     PSG claims that discreet portions of the 30(b)(6) deposition of Miele Manufacturing necessitates the deposition of Mr. Cline. See, Exhibit A. Those cited portions of the deposition relied upon by PSG are attached hereto as Exhibit B for the Court's review.

16.     The deposition passages cited by PSG (Ex. B., pages 62-63) do not in any way support or justify PSG's demand to take yet another deposition in this case, especially considering the history of discovery in this matter and the substantial procedural barriers. To the contrary, this testimony suggests that PSG should direct its questions to Pace-O-Matic, which PSG was fully able to do.

17.     The timing of discovery further supports the position of the POM Parties. On October 5, 2020, PSG took the corporate designee deposition of Miele Manufacturing, Inc. and the individual deposition of Jeff Millay, a Miele employee. PSG inquired into the facts related to the alleged interference of contract and civil conspiracy claims.

18.     The only apparent limitation to the deposition of Miele was based upon a privilege objection related to a phone call involving Attorney Cline. See, Exhibit B, pg. 64, lines 1 through 17.

19.     On October 8 and 9, 2020, PSG took the corporate designee depositions of Pace-O-Matic, Inc., POM of Pennsylvania, and Savvy Dog Systems, LLC. PSG inquired into the facts related to the alleged interference of contract and civil conspiracy claims during those depositions.

20.     The transcripts for both depositions were made available to the parties on or about December 7, 2020.

21.     PSG had a full and complete opportunity to depose both Pace and Miele corporate designees on the interference with contract and civil conspiracy claims. Based upon the notices

1368963

of deposition related to the aforementioned 30(b)(6) depositions, copies of which are attached hereto as a collective Exhibit C, appropriate witnesses were designated and deposed.

22.    PSG has not issued any notice or objection that the 30(b)(6) designees were improper and or incomplete except for one line buried in the body of Ex. A.

23.    Not only is the entirety of Exhibit A improper, its scope is excessive.

24.    Subsection (a) of Exhibit A sets forth a nested listing of areas of inquiry that go far beyond what could remotely justify a deposition of Attorney Cline. It states, verbatim:

> [S]ince 2015 and thereafter, in the Commonwealth of Pennsylvania for operators of skill games, pricing policies for terminals and fills, discount and pricing programs, including increases to PSG and similarly to any other operators on or about June 2020, and letter of Julian Neiser, date June 19, 2020, as well as requirements for PSG and any other operators in Pennsylvania to use electronic, website, online or digital mechanisms to order terminals and fills;

25.    This paragraph demonstrates the overreach of PSG. Keep in mind that the basis for PSG seeking the extraordinary step of deposing a company lawyer and achieving the milestone of doubling the number of depositions taken in this matter is based upon the testimony set forth in portions of Exhibit B. The areas of inquiry set forth above are far beyond that scope and easily could have been asked of any of the POM Parties designees. They were not.

26.    Next, PSG provides the following categories of testimony in subsection (b) of Exhibit A, which really is a series improper non-sequiturs and argument instead of an adequate Rule 30(b)(6) notice.

> Testimony of Louis Miele at P62:L8–16 that the referenced price increase was the decision of Pace-O-Matic by Mr. Cline's direction; at P62:L21–22 that Pace-OMatic controls the price of fills; at P63:L2–3 that Pace-O-Matic controls the market price. Accordingly, Mr. Cline should have been designated and must be deposed.

1368963

27.     To the extent that the POM Parties can even discern the areas of inquiry from the above segment of Exhibit A, there is absolutely no basis to depose Attorney Cline. In addition to the snippets offered by PSG, there was a full and complete inquiry related to the fill price increase to PSG. Attached hereto as Exhibit D is the extended testimony that occurred before and after the transcript sections cited by PSG for context.

28.     The Court will note, when put in context, there is no basis asserted by PSG to require any testimony from Attorney Cline.

29.     Based upon the foregoing, PSG had a full and complete opportunity to inquire into these areas with the corporate designees of Pace-O-Matic. Therefore, there is no need to depose its in-house lawyer.

30.     Considering all factors, there is no prejudice to PSG if the deposition does not proceed. Conversely, the moving parties will be prejudiced if the deposition goes forward.

31.     PSG and its new counsel have been afforded significant latitude over the past year and the POM Parties have over-compromised in an effort to keep costs down, as the expenses due to PSG's discovery have literally doubled the cost of this matter.

32.     However, the POM Parties cannot agree to this deposition and quashal of Exhibit A, thus forbidding the testimony, is appropriate.

33.     To the extent that this Honorable Court is willing to entertain PSG's request, the POM Parties request a limitation of the deposition to no more than one hour and the parties should agree on the scope of questioning in advance. If this Court deems it to be appropriate, the POM Parties request that PSG pay attorney fees for the deposition and preparation.

34.     Finally, Counsel for the POM Parties currently is scheduled to appear at a hearing in the United States Bankruptcy Court for the Eastern District of Pennsylvania at Docket No. 18-

1368963

17509 at 9:30 a.m. on January 28, 2021. Therefore counsel is unavailable for the majority of that day.

WHEREFORE, Movants request that this Honorable Court enter the attached Protective Order DENYING the requested deposition by Pennsylvania Skill Games, LLC and quashing the notice attached hereto as Exhibit A.

Respectfully submitted,

SPILMAN THOMAS & BATTLE, PLLC

By: /s/ Julian E. Neiser
     Julian E. Neiser
     Pa. Id. No. 87306
     One Oxford Centre, Suite 3440
     301 Grant Street
     Pittsburgh, PA  15219

     T:  (412) 325-1116
     F:  (412) 325-3324
     E:  jneiser@spilmanlaw.com

**Attorneys for Plaintiffs**

1368963

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC | CIVIL ACTION NO. 18-CV-00722-PLD |
| | Hon. Patricia L. Dodge |
| Plaintiffs, | |
| v. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Defendant. | |

## RULE 26(c)(1) and 37(a)(1) CERTIFICATION

I hereby certify that on January 13, 2021, I conferred in good faith with the counsel for the non-moving party in attempt to resolve the within discovery dispute without court intervention, but was unable to do so.

SPILMAN THOMAS & BATTLE, PLLC

/s/ Julian E. Neiser
Julian E. Neiser

1368963

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC

    Plaintiffs,

    v.

PENNSYLVANIA SKILL GAMES, LLC,

    Defendant.

CIVIL ACTION NO. 18-CV-00722-PLD

Hon. Patricia L. Dodge

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2021, I served the within Motion via ECF to:

Gregg R. Zegarelli, Esq.
2855 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241
Gregg.zegarelli@zegarelli.com

SPILMAN THOMAS & BATTLE, PLLC

/s/ Julian E. Neiser
Julian E. Neiser