## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | CIVIL ACTION NO. 2:18-CV-00722-PLD |
| | CONSOLIDATED |
| Plaintiffs/Counterclaim Defendants, | The Honorable Patricia L. Dodge |
| v. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Defendant/Counterclaim Plaintiff. | |

------------------------------------------------------------------------------------------------------------------------

PENNSYLVANIA SKILL GAMES, LLC

Plaintiff,

v.

PACE-O-MATIC, INC. and MIELE MANUFACTURING, INC.,

Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES

AND NOW COMES Defendant Pace-O-Matic, Inc., Miele Manufacturing Inc., POM of Pennsylvania, LLC, and Savvy Dog Systems, LLC, (hereinafter referred to as the "Pace Defendants"), by and through their undersigned counsel and files the within Answer and Affirmative Defenses to Plaintiff Pennsylvania Skill Games LLC's Amended Complaint Amending Complaint as follows:

## Adoption by Reference

Pursuant to Pa.R.C.P. 10(c), the Pace Defendants adopt and incorporate by reference their pleadings filed at **Documents 35 and 50** in 2:18-cv-722.

## COUNT IV

71.    All previous paragraphs from the Pace Defendants' Amended Answer are incorporated herein by reference as if set forth at length.

72.    Admitted that the amount charged for fills increased. The remaining averments are denied.

73.    Denied. By way of further response, no contractual obligation exists between Pace-O-Matic, Inc., Miele Manufacturing, Inc., POM of Pennsylvania, LLC, and Savvy Dog Systems, LLC on one hand, and Pennsylvania Skill Games, LLC on the other. The underlying Equipment Purchase Agreement has been terminated years ago and abandoned by Pennsylvania Skill Games, LLC. To the extent that any contractual obligation could possibly remain, the Equipment Purchase Agreement expressly states that pricing is subject to change in the future.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

## COUNT V

87.    All previous paragraphs from the Pace Defendants Amended Answer are

incorporated herein by reference as if set forth at length.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

## AFFIRMATIVE DEFENSES

Pace-O-Matic, Inc., Miele Manufacturing, Inc., POM of Pennsylvania, LLC, and Savvy

Dog Systems, LLC reserve the right to amend these Affirmative Defenses.

## FIRST AFFIRMATIVE DEFENSE

1.    Pennsylvania Skill Games, LLC has failed to join indispensable parties, as it

complains of transactions or occurrences that occurred prior to the creation of Pennsylvania Skill

Games, LLC and asserts alleged rights that were neither properly sold nor assigned to

Pennsylvania Skill Games, LLC, to the extent those rights ever existed.

## SECOND AFFIRMATIVE DEFENSE

2.      Some or all of the claims of Pennsylvania Skill Games, LLC are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

3.      Some or all of the claims of Pennsylvania Skill Games, LLC are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

4.      Some or all of Pennsylvania Skill Games, LLC's claims are barred by the doctrine of unclean hands. Additionally, Pennsylvania Skill Games, LLC misrepresented its ability and willingness to serve as an operator of Pace-O-Matic, Inc. as part of a fraudulent inducement to have Pace-O-Matic, Inc. and Miele Manufacturing, Inc. enter into the Equipment Purchase Agreement.

## FIFTH AFFIRMATIVE DEFENSE

5.      Some or all of the claims of Pennsylvania Skill Games, LLC fail to state a claim for which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

6.      The claims of Pennsylvania Skill Games, LLC fail to establish the existence of an enforceable oral contract or establish the consideration offered in support of the enforceability of any contract alleged in this matter, to include any defenses available under the Uniform Written Obligations Act.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Pennsylvania Skill Games, LLC's claims are barred in whole or in part due to a lack of ownership or enforceable legal interest in the PENNSYLVANIA SKILL mark, by statute or common law.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Pennsylvania Skill Games, LLC's claims for breach of written and oral contract are barred due to a lack of consideration.

## NINTH AFFIRMATIVE DEFENSE

9.      Any ambiguities in the written contract relied upon by Pennsylvania Skill Games, LLC must be resolved in favor of Pace-O-Matic, Inc., Miele Manufacturing, Inc., POM of Pennsylvania, LLC, and Savvy Dog Systems, LLC, as Pennsylvania Skill Games LLC drafted the contract.

## TENTH AFFIRMATIVE DEFENSE

10.     Pennsylvania Skill Games, LLC's claims are barred in whole or in part due to the doctrines of waiver, estoppel, and/or accord and satisfaction.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Pennsylvania Skill Games, LLC's claims are barred in whole or in part due to a lack of legally compensable or actual damages, to include speculative damages.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Pennsylvania Skill Games, LLC is not entitled to injunctive relief, as it has not suffered any immediate and irreparable harm, is only seeking legal damages, and has failed to demonstrate a likelihood of success on the merits.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Pennsylvania Skill Games, LLC's claims are barred in whole or in part due to a failure to mitigate damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Pennsylvania Skill Games, LLC's claims are barred due to a false designation of origin of a trademark and a misrepresentation of facts related to the ownership of trademarks that are the intellectual property of one or more of the Pace Defendants. Pennsylvania Skill Games, LLC has misrepresented the origin of games and software to appear as if those games and software were manufactured by Pace-O-Matic, Inc., POM of Pennsylvania, LLC, Savvy Dog Systems, LLC, and/or Miele Manufacturing, Inc.; However the misrepresented games and software deployed by Pennsylvania Skill Games, LLC are manufactured by or licensed from other companies that do not offer games that are legal in Pennsylvania or are not made by Pace-O-Matic, Inc., Miele Manufacturing, Inc., POM of Pennsylvania, LLC, and/or Savvy Dog Systems, LLC.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Pennsylvania Skill Games, LLC's claims are barred because no oral contract existed between the parties on any matter and/or its terms are unenforceable. Further, the alleged

6

terms of any "oral contract" asserted by Pennsylvania Skill Games, LLC are vague, ambiguous, without definite term, are not supported by adequate consideration, and are otherwise unenforceable. Further the Equipment Purchase Agreement has been terminated and otherwise abandoned.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Defendants assert the defense of ratification. Pennsylvania Skill Games, LLC had full knowledge of earlier acts of which it now complains, and it approved the acts of Defendants with full knowledge of these earlier acts. Pennsylvania Skill Games, LLC has ratified all acts of the Pace Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. Defendants assert the doctrine of waiver. Pennsylvania Skill Games, LLC knew that Plaintiffs had created a stylized and word mark of PENNSYLVANIA SKILL prior to the execution of the Equipment Purchase Agreement at issue in this litigation. Pennsylvania Skill Games, LLC also knew that Pace-O-Matic, Inc., Miele Manufacturing, Inc., POM of Pennsylvania, LLC, and Savvy Dog Systems, LLC were selling and distributing electronic gaming machines throughout the Commonwealth of Pennsylvania that would bear the trademark PENNSYLVANIA SKILL, and such sales and distributions would be to competitors of Pennsylvania Skill Games, LLC.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Defendants assert the defenses of estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

19. To the extent necessary, Defendants assert the defenses of fair use and collateral use.

## TWENTIETH AFFIRMATIVE DEFENSE

20. Some of Pennsylvania Skill Games, LLC's claims are barred due to a lack of contractual privity and because any agreement between Pennsylvania Skill Games, LLC and the Pace Defendants has expired, terminated, or has been abandoned.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Pennsylvania Skill Games, LLC lacks standing to bring their counterclaim or any claims asserted in its Amended Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Some or all of Pennsylvania Skill Games, LLC's claims are barred and/or or are limited by the statute of frauds.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Some or all of Pennsylvania Skill Games, LLC's claims are barred by the Uniform Commercial Code.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Some or all of Pennsylvania Skill Games, LLC's claims are barred because they do not constitute a valid work for hire agreement and any copyrights or any other intellectual

8

property rights owned by Pace-O-Matic, POM of Pennsylvania, or Savvy Dog, have not been transferred to Pennsylvania Skill Games, LLC.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    Pennsylvania Skill Games, LLC has abandoned its common law trademark rights to the extent any such rights ever existed. Further, Pennsylvania Skill Games, LLC is improperly attempting to assert a trademark right over a trade name.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    Some or all of Pennsylvania Skill Games, LLC's claims are barred by the parol evidence rule.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    Some or all of the Pace Defendants have a greater common law right to any trademark at issue in this case than Counterclaimant.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    The Equipment Purchase Agreement between the Pace Defendants and Pennsylvania Skill Games, LLC expressly permits the Pace Parties to change the amount of fills or software plays—without limitation. This reality precludes any claim of civil conspiracy against Pace-O-Matic, Inc. or Miele Manufacturing, Inc.

9

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.    The contractual clause relied upon by Pennsylvania Skill Games, LLC to claim a prohibition of a software play fill price increase expressly states that future price changes are permissible. Pennsylvania Skill Games, LLC has no basis or justification to bring these new claims against the Pace Defendants.

## THIRTIETH AFFIRMATIVE DEFENSE

30.    The software play fill price increase is legal, valid, justified, and privileged. Therefore, there can be no interference with contract

WHEREFORE, Defendant Pace-O-Matic, Inc. respectfully requests that this Court enter Judgment in its favor and against Plaintiff Pennsylvania Skill Games, LLC.

Respectfully submitted,

SPILMAN THOMAS & BATTLE, PLLC

By: /s/ Julian E. Neiser
    Julian E. Neiser
    Pa. Id. No. 87306

    T:  412-325-1116
    F:  412-325-3324
    E:  jneiser@spilmanlaw.com

    William P. Smith
    Pa. Id. No. 50352

    T:  412-325-1115
    F:  412-325-3324
    E:  wsmith@spilmanlaw.com

    One Oxford Centre, Suite 3440
    301 Grant Street
    Pittsburgh, PA  15219

    **Attorneys for Defendant Pace-O-Matic, Inc.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

CIVIL ACTION NO. 2:18-CV-00722-PLD

The Honorable Patricia L. Dodge

       Plaintiffs/Counterclaim
       Defendants,

       v.

PENNSYLVANIA SKILL GAMES, LLC,

       Defendant/Counterclaim
       Plaintiff.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing **Answer and Affirmative Defenses** was served upon the counsel of record this 1st day of February 2021 via ECF to all counsel of record.

                        SPILMAN THOMAS & BATTLE, PLLC

                        /s/ Julian E. Neiser
                        Julian E. Neiser