IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 18-722 |
| vs. | ) ) | |
| PENNSYLVANIA SKILL GAMES, LLC, | ) ) | |
| Defendant. | ) ) | |
| PENNSYLVANIA SKILL GAMES, LLC, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| PACE-O-MATIC, INC. and MIELE MANUFACTURING, INC. | ) ) ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Pace-O-Matic, Inc. (Pace-O-Matic"), POM of Pennsylvania, LLC ("POM"), Miele Manufacturing, Inc. ("Miele Manufacturing") and Savvy Dog Systems, LLC ("Savvy Dog") (sometimes collectively referred to as the "POM Parties") have moved for a protective order with respect to a Notice of Deposition issued by Defendant Pennsylvania Skill Games, LLC ("PSG").

The Notice of Deposition was issued by PSG on January 14, 2021. It is entitled "Pennsylvania Skill Game's Notice of Deposition of Gregory Client (sic) Pursuant to F.R.C.P. 30(b)(6)" (the "Cline Notice"). The body of the Cline Notice states that it was issued pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, names Gregory Cline as the deponent, and states in part that:

> [T]he areas of inquiry continue in (a) below as previously noticed and for which the witness was not identified or produced to testify as a designee at that time, and (b) set forth below:

(a) [S]ince 2015 and thereafter, in the Commonwealth of Pennsylvania for operators of skill games, pricing policies for terminals and fills, discount and pricing programs, including increases to PSG and similarly to any other operators on or about June 2020, and letter of Julian Neiser, date June 19, 2020, as well as requirements for PSG and any other operators in Pennsylvania to use electronic, website, online or digital mechanisms to order terminals and fills;

(b) Testimony of Louis Miele at P62:L8–16 that the referenced price increase was the decision of Pace-O-Matic by Mr. Cline's direction; at P62:L21–22 that Pace-O-Matic controls the price of fills; at P63:L2–3 that Pace-O-Matic controls the market price. Accordingly, Mr. Cline should have been designated and must be deposed.

*See* Exhibit A to the Motion for Protective Order.

The POM Parties object to Mr. Cline's deposition on multiple grounds. They note that under F.R.C.P. 30(a)(2)(A), leave of court was required because the parties did not stipulate to this deposition, more than ten (10) depositions have been taken and a designee has already been deposed. *See* Rule 30(a)(2)(A)(i) and (ii), respectively. They note that as reflected in the 30(b)(6) Notices of Deposition issued to Pace-O-Matic, POM, Savvy Dog, and Miele Manufacturing, these entities were questioned about PSG's claims of tortious interference and conspiracy claims. As stated in those Notices, topic (a) in the Cline Notice was also a topic in each of these corporate depositions, all of which were taken no later than October 2020. (*See* topic (d) in Notices which are attached as part of Exhibit C to Motion for Protective Order.) With respect to topic (b) in the Cline Notice, the deposition of Louis Miele was taken on October 5, 2020. Mr. Miele identified Mr. Cline as the person who instructed him to raise prices, a central issue in PSG's tortious interference and conspiracy claims.

The POM Parties assert that the Cline Notice does not comply with Rule 30(b)(6) because the entity which has been noticed, not the noticing party, designates one or more persons to testify on its behalf. Therefore, it argues, PSG's attempt to designate Mr. Cline is improper. Moreover, a party cannot take a second 30(b)(6) deposition of the same party without leave of court, and all corporate parties have already been deposed.

2

PSG contends that as Mr. Miele testified that Mr. Cline directed him to commit the culpable acts, the relevance and weight of Mr. Cline's testimony is overwhelming.  It also states that the Cline Notice was mis-designated and should have referred to Rule 30(b)(1) rather than Rule 30(b)(6).

Notably, however, the body of the Cline Notice not only repeats the reference to Rule 30(b)(6) in its title, but also includes information that is required in a 30(b)(6) Notice. Unlike a notice of deposition issued to an individual under Rule 30(b)(1) for which no designation of topics is required, the Cline Notice specifically identifies two topics about which PSG seeks inquiry. With respect to topic (a), the notice specifically states that "areas of inquiry continue in (a) below *as previously noticed* and for which *the witness was not identified or produced to testify as a designee at that time*."

While PSG also asserts in the Cline Notice that "Mr. Cline should have been designated and must be deposed," the POM Parties are not required to consult with PSG regarding whom they choose to designate or designate the party PSG desires.  A designee of each of the POM Parties was deposed in October 2020 regarding topic (a). If PSG believed that the designee was improperly designated or failed to adequately testify about information known or reasonably available to him, it could have raised this with the POM Parties or filed a motion to that effect. It did not do so.

As the papers filed by the parties reflect, PSG became aware of Mr. Cline's involvement on October 5, 2020. It did not amend its 30(b)(6) Notices to inquire of the designees about topic (b) in the Cline Notice. Moreover, as indicated in the POM Parties' Reply, Daniel Warren, the designee for Pace-O-Matic, POM, and Savvy Dog, was deposed, testified about the fill increase which is the subject of topic (a) in the Cline Notice and was also asked about the conversation between Mr. Miele and Mr. Cline which is the subject of topic (b).

Based upon this history, coupled with the content of the Cline Notice, the Court concludes that PSG sought a second 30(b)(6) deposition of one or more of the POM Parties; however, there is no reasonable basis for permitting a second designee deposition.

PSG represents that despite the language in the Cline Notice, it is only seeking to depose Mr. Cline as an individual.  However, the revised Notice of Deposition identifies that same two topics as in the previous notice, again referencing the fact that "the areas of inquiry continue in (a) below as previously noticed and for which the witness was not identified or produced to testify as a designee at that time."  Again, PSG has not established any basis upon which to depose Mr. Cline as a corporate designee.

During the parties' email exchanges that are attached to PSG's response, PSG's counsel advised counsel for the POM Parties that "[u]pon review [sic] the Miele transcript, I would like to take a short deposition of Attorney Kline."  Similarly, PSG's response to the Motion for Protective Order indicates that it wishes to depose Mr. Cline because "[t]he only person who can testify first-hand as to why Mr. Cline said what he said [to Mr. Miele] is Mr. Cline" and "he is the best and only person to testify as to why he said what he said."

PSG's counsel advised counsel for the POM Parties within the discovery period that he wanted to depose Mr. Cline.  While the POM Parties objected in part because the number of depositions that have been taken to date exceed the number permitted without leave of court, they made no previous objection to exceeding that limit.  Moreover, while Mr. Cline is counsel for the POM Parties and may assert the attorney-client privilege as appropriate, he may also be a fact witness regarding the conversation with Mr. Miele, a subject that PSG represents is relevant to its claims.

4

For these reasons, the Motion for Protective Order will be granted in part and denied in part. PSG may depose Mr. Cline, but only as a fact witness in his individual capacity and only as to matters that are not protected by the attorney-client privilege. Mr. Cline is not a 30(b)(6) witness and any testimony that he gives is not in the capacity of a corporate designee of any of the parties. The deposition shall be completed no later than February 19, 2021. The subject matter of his deposition shall be limited to PSG's express representations about its purpose, that is, what Mr. Cline said to Mr. Miele and why he said it.

SO ORDERED this 9th day of February 2021.

s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge

5