## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

      Plaintiffs,

      v.

PENNSYLVANIA SKILL GAMES, LLC,

      Defendant.

CIVIL ACTION NUMBER:
2:18-cv-00722-PLD

The Hon. Patricia L. Dodge

**PENNSYLVANIA SKILL GAMES'
EMERGENCY MOTION TO COMPEL
PRODUCTION - SUPPLEMENT**

PENNSYLVANIA SKILL GAMES, LLC,

      Plaintiff,

      v.

PACE-O-MATIC, INC. and MIELE MAN-
UFACTURING, INC.

      Defendants.

1.  Reference is made to Pennsylvania Skill Games' Motion to Compel, filed yesterday, February 16, 2021 [ECF 103], as well as this Court's Order, and partial summary ruling entered this morning [ECF 104] (the "**Order**").  In light of exigent timing constraints, the intervention of the Order summarily entered, and the fact that the Court *sua sponte* raised issues regarding discovery timing for its ruling that modifies the nature of the response, Pennsylvania Skill Games supplements the record so the other parties have an opportunity to address these facts.

2.  The parties have conducted "rolling" discovery.  Since the month of October, 2020 through to February 5, 2021, Miele Manufacturing, Pace-O-Matic, POM of Pennsylvania and/or Savvy Dog Systems have served an additional 1,612 documents.  *See,* Exhibit 8.

3.        On September 15, 2020, Plaintiff duly served the request for production set forth at

Exhibit 9.  The Court is directed to Request 6.iv, page 13, which requests:

> **Documents and communications referring to any "Unis" named person, or "Pennsylvania Skill Games,"** *whether or not those specific names are used* [1] **(or example, if "Unis" and "Pennsylvania Skill Games" are** *otherwise referred to or designated***).**

(emphasis added)

In the Combined Responses of all of the joint parties, Miele Manufacturing, Pace-O-Matic,

POM of Pennsylvania and Savvy Dog Systems, the response is simply "**Produced.**"  Exhibit 10,

at p. 10.  Yet, the documents were not produced as represented by counsel.  As late as February 5,

2021, similarly after the close of discovery, the undersigned received critical "you can't miss"

documents that were claimed to have been produced in Exhibit 10, but were not, exactly as is the

case with the recent disclosure of the documents requested in the Motion.  *See,* Exhibit 11.[2]

Accordingly, the undersigned would not know to file a motion to compel when the jointly

represented parties upon whom the requests for discovery were propounded: a) do not provide

drafts of otherwise responsive documents, notwithstanding that "drafts" are expressly included in

the definition in the request [E.g., Exhibit 6.1, II.1 definition of "documents"] and/or cover com-

munications; b) do not state any qualification in the response, but only an absolute "**Produced**" as

indicated in the Motion; and c) neither state any objection with specificity nor indicate that docu-

ments are being withheld pursuant to any objection as required by Fed.R.Civ.P. 34(b)(2)(C).

Moreover, good faith reliance is corroborated by extenuating issues, such as counsel's "we've

---

1   This language was specifically used because emails were not produced pursuant to prior requests [Exhibit 6] and the undersigned was trying to catch "clever filters" like references to Pennsylvania Skill Games by some other name. For example, "Albie" is the nickname of Albert Unis, IV, well-known to the parties and counsel, and so designated during depositions in this action.

2 Exhibit 11 was marked Attorney Eyes Only but that designation was withdrawn, and all information has been redacted except dates, non-confidential reference points, and confirmed demonstration of Mr. Neiser as an addressee.

produced every document" representations regarding the documents recently disclosed to exist [Motion, *fn. 2*] and, *e.g.,* Mr. Miele's "no emails" testimony at Exhibit 7, P63:L18–21, and, that the undersigned hereby declares under penalty of perjury that counsel for Miele Manufacturing, Pace-O-Matic, POM of Pennsylvania and Savvy Dog Systems, has similarly repeatedly indicated that nothing was withheld and had been produced, including all emails, notwithstanding that he and others are copied on the very emails that were not produced.[3]  Similarly, when the drafts were referenced in the Warren Deposition, counsel induced fair reliance with an explicit "produced every document" representation. [Exhibit 3, Warren Deposition, P47:L2–P50:L13]

Good faith confirmations by the undersigned are not waivers of the initial timely requests. The fact that the undersigned sent a crystal clear and focused letter to "lock down" the issue, addressing it again in the context of a deposition, does not operate to exculpate the continued failure of Miele Manufacturing, Pace-O-Matic, POM of Pennsylvania and Savvy Dog Systems to produce or accurately to respond to discovery requests as required by the Federal Rules.  This Supplement and the Motion identify critical items that are the subject of prior requests with "**Produced**" responses, which were untrue responses.  The undersigned was not expecting any new documents to be referenced, and was not expecting the production of absolutely critical June, 2020, emails to be produced all of a sudden either, after discovery, as late as February 5, 2021, never previously disclosed and well-known to exist.

The question is not why the undersigned did not file a motion to compel, but under what excuse have all four jointly represented parties, Miele Manufacturing, Pace-O-Matic, POM of Pennsylvania and Savvy Dog Systems, withheld documents that could have and should have been produced long ago, and were not produced under the pretense that production had been fully made.

---

3 It is one thing to say that the client made a mistake or did not give the attorney a document, but, here, Mr. Neiser was copied directly on the email only recently provided.

WHEREFORE, Pennsylvania Skill Games prays that its Motion to Compel Production be granted.

Dated: February 17, 2021

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Pittsburgh, PA 15241-2565, USA
v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

**CERTIFICATE OF SERVICE**

I hereby certify my belief that a true and correct copy of the foregoing Motion to Compel was served upon the following counsel via the Court's CM/ECF System on the date set forth below:

February 18, 2021

Julian E. Neiser, Esq.
SPILMAN THOMAS & BATTLE, PLLC
jneiser@spilmanlaw.com

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

# Pennsylvania Skill Games

# EXHIBIT 8

## Gregg R. Zegarelli

| | |
|---|---|
| **From:** | Marcia A. Craig <MCraig@spilmanlaw.com> |
| **Sent:** | Friday, October 2, 2020 5:17 PM |
| **To:** | DG Core Zegarelli |
| **Cc:** | Julian E. Neiser |
| **Subject:** | Attached Bates Stamped Documents Nos. POM 003103 - POM 003111 - POM of Pa et al v. PSG - Civil Action No. 18-cv-722 (USDC WD Pa.) [STB-WORKSITE.FID831017] |
| **Attachments:** | 2020 10 02 Ltr GRZegarelli Esq encl Seventh Set of Documents in Response to PSG's RFPD - POM of Pa et al v. PSG - Consolidated at No 18-cv-00722-PLD.pdf |
| **Categories:** | PSG |

*Sent on behalf of Julian E. Neiser, Esquire*

Dear Mr. Zegarelli,

Please see the attached cover letter that encloses Bates-Stamped Documents Nos. POM 003103

- POM 003111, and are responsive to Pennsylvania Skill Games Second Set of Requests for

Production of Documents in the above-referenced matter.

Best regards,
Marcia

**Marcia A. Craig**
Legal Secretary
Spilman Thomas & Battle, PLLC
One Oxford Centre, Suite 3440 301 Grant Street
Pittsburgh, PA 15219
O 412.325.3307
F 412.325.3324
MCraig@spilmanlaw.com



CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

CIRCULAR 230 DISCLOSURE: This Firm follows the requirements of IRS Circular 230 which directs us to inform you that the tax advice set forth in this electronic mail message may not be relied upon to establish good faith or reasonableness in order to avoid assertion of tax penalties. If you desire to rely upon the advice set forth in this electronic mail message in order to avoid assertion of a tax penalty, please contact the sender to discuss whether such an opinion can be rendered by this Firm.

**Gregg R. Zegarelli**

| | |
|---|---|
| **From:** | Marcia A. Craig <filetransfer@spilmanlaw.com> |
| **Sent:** | Wednesday, October 7, 2020 4:55 PM |
| **To:** | DG Core Zegarelli |
| **Subject:** | Access Pass: filetransfer.spilmanlaw.com - [NEWSENDER] - Message is from an unknown sender |

## Spilman Thomas & Battle Secure File Transfer — Access Pass

You have recently received a Secure Message:

- From: ██████@spilmanlaw.com

- Subject: Attached Bates-Stamped Documents POM 003112 - POM 003211 - POM v. PSG - Civil Action No. 18-cv-00722 Consolidated

- Message ID: ████████████████████████████████████

- Message UR████████████████████████████████

In order to access this message, please enter the following Access Pass in your Web Browser:

`Access Pass: vV8L-y3Ug-ssVe`

**Access Pass Email: mailroom.grz@zegarelli.com**

Please note that this Access Pass is unique to your email: **mailroom.grz@zegarelli.com** and will be used to identify you as having accessed this message and downloaded any attachments. Please do not share this Access Pass.



**Spilman Thomas & Battle Secure File Transfer —** LiquidFiles Appliance**:** https://filetransfer.spilmanlaw.com

1

## Gregg R. Zegarelli

| | |
|---|---|
| **From:** | Marcia A. Craig <MCraig@spilmanlaw.com> |
| **Sent:** | Friday, October 16, 2020 5:35 PM |
| **To:** | DG Core Zegarelli |
| **Cc:** | Julian E. Neiser |
| **Subject:** | Attached Passcode for the Link to POM 3882-4651 [STB-WORKSITE.FID831017] |
| **Categories:** | PSG |

*Sent on behalf of Julian E. Neiser, Esquire*

Dear Mr. Zegarelli,

The passcode to access the link where the above-referenced documents can be found is
**"6yhn&ujM."**

Best regards,
Marcia

**Marcia A. Craig**
Legal Secretary
Spilman Thomas & Battle, PLLC
One Oxford Centre, Suite 3440 301 Grant Street
Pittsburgh, PA 15219
O 412.325.3307
F 412.325.3324
MCraig@spilmanlaw.com



CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

CIRCULAR 230 DISCLOSURE: This Firm follows the requirements of IRS Circular 230 which directs us to inform you that the tax advice set forth in this electronic mail message may not be relied upon to establish good faith or reasonableness in order to avoid assertion of tax penalties. If you desire to rely upon the advice set forth in this electronic mail message in order to avoid assertion of a tax penalty, please contact the sender to discuss whether such an opinion can be rendered by this Firm.

## Gregg R. Zegarelli

| | |
|---|---|
| **From:** | Marcia A. Craig <MCraig@spilmanlaw.com> |
| **Sent:** | Monday, October 19, 2020 5:18 PM |
| **To:** | DG Core Zegarelli |
| **Cc:** | Julian E. Neiser |
| **Subject:** | Attached Bates-Stamped Documents POM 004652 - POM 004692 - POM of Pa et al v. PSG - Consolidated at NO. 18-cv-00722-PLD [STB-WORKSITE.FID831017] |
| **Attachments:** | 2020 10 19 Ltr GRZegarelli Esq encl POM Pace SD Financials Bates Stamped POM 004652 - POM 004692 - POM of Pa et al v. PSG - Consolidated at No 18-cv-00722-PLD.pdf; POM 004685 ATTORNEY EYES ONLY.XLSX |
| | |
| **Categories:** | PSG |

*Sent on behalf of Julian E. Neiser, Esquire*

Dear Mr. Zegarelli,

Please see the attached cover letter that encloses financial documents for POM of Pennsylvania, LLC, Pace-O-Matic, Inc., and Savvy Dog Systems, LLC in the above-referenced matter.

These documents are bates-stamped at Nos. **POM 004652 - POM 004692** and designated as **Attorney Eyes Only**.

There is an excel spread sheet that we are producing which is bates-stamped at number POM 004685, and being produced in its native format.  This spreadsheet is attached separately.

Also, please note that POM 004652 was inadvertently added to the production.  It is the "Pace-O-Matic" trademark.

Best regards,
Marcia

**Marcia A. Craig**
Legal Secretary
Spilman Thomas & Battle, PLLC
One Oxford Centre, Suite 3440 301 Grant Street
Pittsburgh, PA 15219
O 412.325.3307
F 412.325.3324
MCraig@spilmanlaw.com



CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review,

use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

CIRCULAR 230 DISCLOSURE: This Firm follows the requirements of IRS Circular 230 which directs us to inform you that the tax advice set forth in this electronic mail message may not be relied upon to establish good faith or reasonableness in order to avoid assertion of tax penalties. If you desire to rely upon the advice set forth in this electronic mail message in order to avoid assertion of a tax penalty, please contact the sender to discuss whether such an opinion can be rendered by this Firm.

## Gregg R. Zegarelli

| | |
|---|---|
| **From:** | Marcia A. Craig <MCraig@spilmanlaw.com> |
| **Sent:** | Monday, January 4, 2021 5:19 PM |
| **To:** | DG Core Zegarelli |
| **Cc:** | Julian E. Neiser |
| **Subject:** | Attached Bates Stamped Documents Nos. POM 004693 - POM 004695 [Gaming Report of 12-21-20] - POM of Pa et al v. PSG - Consolidated at No. 18-cv-00722-PLD [STB-WORKSITE.FID831017] |
| **Attachments:** | 2021 01 04 Ltr GRZegarelli Esq encl Bates Stamped POM 004694 - POM 004695 Gaming Report of 12-21-20.pdf |
| | |
| **Categories:** | PSG |

*Sent on behalf of Julian E. Neiser, Esquire*

Dear Mr. Zegarelli,

Please see the attached cover letter that encloses Pace-O-Matic's Incident No. 2020-60 Gaming Report dated December 21, 2020 in the above-referenced matter.

The Gaming Report is Bates Stamped at Nos. POM 004693 - POM 004695.

Best regards,
Marcia

**Marcia A. Craig**
Legal Secretary
Spilman Thomas & Battle, PLLC
One Oxford Centre, Suite 3440 301 Grant Street
Pittsburgh, PA 15219
O 412.325.3307
F 412.325.3324
MCraig@spilmanlaw.com



CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

CIRCULAR 230 DISCLOSURE: This Firm follows the requirements of IRS Circular 230 which directs us to inform you that the tax advice set forth in this electronic mail message may not be relied upon to establish good faith or reasonableness in order to avoid assertion of tax penalties. If you desire to rely upon the advice set forth in this electronic mail message in order to avoid assertion of a tax penalty, please contact the sender to discuss whether such an opinion can be rendered by this Firm.

**Gregg R. Zegarelli**

| | |
|---|---|
| **From:** | Marcia A. Craig <MCraig@spilmanlaw.com> |
| **Sent:** | Tuesday, February 2, 2021 4:08 PM |
| **To:** | DG Core Zegarelli |
| **Cc:** | Julian E. Neiser |
| **Subject:** | Attached Bates Stamped Documents Nos. POM 004696 - POM 004699   POM of Pa et al v. PSG - Consolidated at No. 18-cv-00722-PLD [STB-WORKSITE.FID831017] |
| **Attachments:** | 2021 02 02 Ltr GRZegarelli Esq encl Bates Stamped POM 004696 - POM 004699.pdf |
| | |
| **Categories:** | PSG |

*Sent on behalf of Julian E. Neiser, Esquire*

Dear Mr. Zegarelli,

Please see the attached cover letter enclosing Bates Stamped Documents at Nos. POM 004696 - POM 004699 in the above-referenced matter.

We have the following:

1. **POM 004696 - POM 004698:** Pace-O-Matic Gaming Report dated January 23, 2021 regarding the Meadville Moose Lodge designated as **Confidential;** and

2. **POM 004699:** Pa. Fill Price designated **Attorney Eyes Only.**

Best regards,
Marcia

**Marcia A. Craig**
Legal Secretary
Spilman Thomas & Battle, PLLC
One Oxford Centre, Suite 3440 301 Grant Street
Pittsburgh, PA 15219
O 412.325.3307
F 412.325.3324
MCraig@spilmanlaw.com



CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

CIRCULAR 230 DISCLOSURE: This Firm follows the requirements of IRS Circular 230 which directs us to inform you that the tax advice set forth in this electronic mail message may not be relied upon to establish good faith or reasonableness in order to avoid assertion of tax penalties. If you desire to rely

upon the advice set forth in this electronic mail message in order to avoid assertion of a tax penalty, please contact the sender to discuss whether such an opinion can be rendered by this Firm.

**Gregg R. Zegarelli**

| | |
|---|---|
| **From:** | Marcia A. Craig <MCraig@spilmanlaw.com> |
| **Sent:** | Wednesday, February 3, 2021 4:47 PM |
| **To:** | DG Core Zegarelli |
| **Cc:** | Julian E. Neiser |
| **Subject:** | Attached Bates-Stamped Documents POM 004700 - POM 004712   POM v. PSG - Civil Action No. 18-cv-00722-PLD (USDC WD Pa.) [STB-WORKSITE.FID831017] |
| **Attachments:** | 2021 02 03 Ltr GRZegarelli Esq encl Bates Stamped POM 004700 - POM 004712.pdf |
| | |
| **Categories:** | PSG |

*Sent on behalf of Julian E. Neiser, Esquire*

Dear Mr. Zegarelli,

Please see the attached cover letter enclosing Bates Stamped Documents at Nos. **POM 004700 - POM 004712** in the above-referenced matter.

These documents are designated as **Confidential.**

Best regards,
Marcia

**Marcia A. Craig**
Legal Secretary
Spilman Thomas & Battle, PLLC
One Oxford Centre, Suite 3440 301 Grant Street
Pittsburgh, PA 15219
O 412.325.3307
F 412.325.3324
MCraig@spilmanlaw.com



CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

CIRCULAR 230 DISCLOSURE: This Firm follows the requirements of IRS Circular 230 which directs us to inform you that the tax advice set forth in this electronic mail message may not be relied upon to establish good faith or reasonableness in order to avoid assertion of tax penalties. If you desire to rely upon the advice set forth in this electronic mail message in order to avoid assertion of a tax penalty, please contact the sender to discuss whether such an opinion can be rendered by this Firm.

## Gregg R. Zegarelli

| | |
|---|---|
| **From:** | Marcia A. Craig <MCraig@spilmanlaw.com> |
| **Sent:** | Friday, February 5, 2021 4:55 PM |
| **To:** | DG Core Zegarelli |
| **Cc:** | Julian E. Neiser |
| **Subject:** | Attached Bates-Stamped Documents POM 004713 - POM 004715   POM v. PSG - Civil Action No. 18-cv-00722-PLD (USDC WD Pa.) [STB-WORKSITE.FID831017] |
| **Attachments:** | 2021 02 05 Ltr GRZegarelli Esq encl Bates Stamped POM 004713 - POM 004715.pdf |
| | |
| **Categories:** | PSG |

*Sent on behalf of Julian E. Neiser, Esquire*

Dear Mr. Zegarelli,

Please see the attached cover letter enclosing Bates Stamped Documents **POM 004713 - POM 004715** in the above-referenced matter.

These documents are designated as **Confidential - Attorney Eyes Only.**

**Please be advised that we will also update the Privilege Log on these documents.**

Best regards,
Marcia


**Marcia A. Craig**
Legal Secretary
Spilman Thomas & Battle, PLLC
One Oxford Centre, Suite 3440 301 Grant Street
Pittsburgh, PA 15219
O 412.325.3307
F 412.325.3324
MCraig@spilmanlaw.com



CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

CIRCULAR 230 DISCLOSURE: This Firm follows the requirements of IRS Circular 230 which directs us to inform you that the tax advice set forth in this electronic mail message may not be relied upon to establish good faith or reasonableness in order to avoid assertion of tax penalties. If you desire to rely upon the advice set forth in this electronic mail message in order to avoid assertion of a tax penalty, please contact the sender to discuss whether such an opinion can be rendered by this Firm.

## Gregg R. Zegarelli

| | |
|---|---|
| **From:** | Marcia A. Craig <MCraig@spilmanlaw.com> |
| **Sent:** | Friday, October 2, 2020 5:17 PM |
| **To:** | DG Core Zegarelli |
| **Cc:** | Julian E. Neiser |
| **Subject:** | Attached Bates Stamped Documents Nos. POM 003103 - POM 003111 - POM of Pa et al v. PSG - Civil Action No. 18-cv-722 (USDC WD Pa.) [STB-WORKSITE.FID831017] |
| **Attachments:** | 2020 10 02 Ltr GRZegarelli Esq encl Seventh Set of Documents in Response to PSG's RFPD - POM of Pa et al v. PSG - Consolidated at No 18-cv-00722-PLD.pdf |
| **Categories:** | PSG |

*Sent on behalf of Julian E. Neiser, Esquire*

Dear Mr. Zegarelli,

Please see the attached cover letter that encloses Bates-Stamped Documents Nos. POM 003103

- POM 003111, and are responsive to Pennsylvania Skill Games Second Set of Requests for

Production of Documents in the above-referenced matter.

Best regards,
Marcia

**Marcia A. Craig**
Legal Secretary
Spilman Thomas & Battle, PLLC
One Oxford Centre, Suite 3440 301 Grant Street
Pittsburgh, PA 15219
O 412.325.3307
F 412.325.3324
MCraig@spilmanlaw.com



CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

CIRCULAR 230 DISCLOSURE: This Firm follows the requirements of IRS Circular 230 which directs us to inform you that the tax advice set forth in this electronic mail message may not be relied upon to establish good faith or reasonableness in order to avoid assertion of tax penalties. If you desire to rely upon the advice set forth in this electronic mail message in order to avoid assertion of a tax penalty, please contact the sender to discuss whether such an opinion can be rendered by this Firm.

## Gregg R. Zegarelli

| | |
|---|---|
| **From:** | Marcia A. Craig <filetransfer@spilmanlaw.com> |
| **Sent:** | Wednesday, October 7, 2020 4:55 PM |
| **To:** | DG Core Zegarelli |
| **Subject:** | Access Pass: filetransfer.spilmanlaw.com - [NEWSENDER] - Message is from an unknown sender |

# Spilman Thomas & Battle Secure File Transfer — Access Pass

You have recently received a Secure Message:

- From: ███████@spilmanlaw.com

- Subject: Attached Bates-Stamped Documents POM 003112 - POM 003211 - POM v. PSG - Civil Action No. 18-cv-00722 Consolidated

- Message ID: ████████████████████████

- Message UR█████████████████████████

In order to access this message, please enter the following Access Pass in your Web Browser:

`Access Pass: vV8L-y3Ug-ssVe`

**Access Pass Email: mailroom.grz@zegarelli.com**

Please note that this Access Pass is unique to your email: **mailroom.grz@zegarelli.com** and will be used to identify you as having accessed this message and downloaded any attachments. Please do not share this Access Pass.

---



**Spilman Thomas & Battle Secure File Transfer —** LiquidFiles Appliance**: https://filetransfer.spilmanlaw.com**

1

## Gregg R. Zegarelli

| | |
|---|---|
| **From:** | Marcia A. Craig <MCraig@spilmanlaw.com> |
| **Sent:** | Friday, October 16, 2020 5:35 PM |
| **To:** | DG Core Zegarelli |
| **Cc:** | Julian E. Neiser |
| **Subject:** | Attached Passcode for the Link to POM 3882-4651 [STB-WORKSITE.FID831017] |
| | |
| **Categories:** | PSG |

*Sent on behalf of Julian E. Neiser, Esquire*

Dear Mr. Zegarelli,

The passcode to access the link where the above-referenced documents can be found is
**"6yhn&ujM."**

Best regards,
Marcia

**Marcia A. Craig**
Legal Secretary
Spilman Thomas & Battle, PLLC
One Oxford Centre, Suite 3440 301 Grant Street
Pittsburgh, PA 15219
O 412.325.3307
F 412.325.3324
MCraig@spilmanlaw.com



---

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

CIRCULAR 230 DISCLOSURE: This Firm follows the requirements of IRS Circular 230 which directs us to inform you that the tax advice set forth in this electronic mail message may not be relied upon to establish good faith or reasonableness in order to avoid assertion of tax penalties. If you desire to rely upon the advice set forth in this electronic mail message in order to avoid assertion of a tax penalty, please contact the sender to discuss whether such an opinion can be rendered by this Firm.

**Gregg R. Zegarelli**

| | |
|---|---|
| **From:** | Marcia A. Craig <MCraig@spilmanlaw.com> |
| **Sent:** | Monday, October 19, 2020 5:18 PM |
| **To:** | DG Core Zegarelli |
| **Cc:** | Julian E. Neiser |
| **Subject:** | Attached Bates-Stamped Documents POM 004652 - POM 004692 - POM of Pa et al v. PSG - Consolidated at NO. 18-cv-00722-PLD [STB-WORKSITE.FID831017] |
| **Attachments:** | 2020 10 19 Ltr GRZegarelli Esq encl POM Pace SD Financials Bates Stamped POM 004652 - POM 004692 - POM of Pa et al v. PSG - Consolidated at No 18-cv-00722-PLD.pdf; POM 004685 ATTORNEY EYES ONLY.XLSX |
| | |
| **Categories:** | PSG |

*Sent on behalf of Julian E. Neiser, Esquire*

Dear Mr. Zegarelli,

Please see the attached cover letter that encloses financial documents for POM of Pennsylvania, LLC, Pace-O-Matic, Inc., and Savvy Dog Systems, LLC in the above-referenced matter.

These documents are bates-stamped at Nos. **POM 004652 - POM 004692** and designated as **Attorney Eyes Only**.

There is an excel spread sheet that we are producing which is bates-stamped at number POM 004685, and being produced in its native format.  This spreadsheet is attached separately.

Also, please note that POM 004652 was inadvertently added to the production.  It is the "Pace-O-Matic" trademark.


Best regards,
Marcia

**Marcia A. Craig**
Legal Secretary
Spilman Thomas & Battle, PLLC
One Oxford Centre, Suite 3440 301 Grant Street
Pittsburgh, PA 15219
O 412.325.3307
F 412.325.3324
MCraig@spilmanlaw.com



CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review,

use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

CIRCULAR 230 DISCLOSURE: This Firm follows the requirements of IRS Circular 230 which directs us to inform you that the tax advice set forth in this electronic mail message may not be relied upon to establish good faith or reasonableness in order to avoid assertion of tax penalties. If you desire to rely upon the advice set forth in this electronic mail message in order to avoid assertion of a tax penalty, please contact the sender to discuss whether such an opinion can be rendered by this Firm.

## Gregg R. Zegarelli

| | |
|---|---|
| **From:** | Marcia A. Craig <MCraig@spilmanlaw.com> |
| **Sent:** | Monday, January 4, 2021 5:19 PM |
| **To:** | DG Core Zegarelli |
| **Cc:** | Julian E. Neiser |
| **Subject:** | Attached Bates Stamped Documents Nos. POM 004693 - POM 004695 [Gaming Report of 12-21-20] - POM of Pa et al v. PSG - Consolidated at No. 18-cv-00722-PLD [STB-WORKSITE.FID831017] |
| **Attachments:** | 2021 01 04 Ltr GRZegarelli Esq encl Bates Stamped POM 004694 - POM 004695 Gaming Report of 12-21-20.pdf |
| | |
| **Categories:** | PSG |

*Sent on behalf of Julian E. Neiser, Esquire*

Dear Mr. Zegarelli,

Please see the attached cover letter that encloses Pace-O-Matic's Incident No. 2020-60 Gaming Report dated December 21, 2020 in the above-referenced matter.

The Gaming Report is Bates Stamped at Nos. POM 004693 - POM 004695.

Best regards,
Marcia

**Marcia A. Craig**
Legal Secretary
Spilman Thomas & Battle, PLLC
One Oxford Centre, Suite 3440 301 Grant Street
Pittsburgh, PA 15219
O 412.325.3307
F 412.325.3324
MCraig@spilmanlaw.com



CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

CIRCULAR 230 DISCLOSURE: This Firm follows the requirements of IRS Circular 230 which directs us to inform you that the tax advice set forth in this electronic mail message may not be relied upon to establish good faith or reasonableness in order to avoid assertion of tax penalties. If you desire to rely upon the advice set forth in this electronic mail message in order to avoid assertion of a tax penalty, please contact the sender to discuss whether such an opinion can be rendered by this Firm.

## Gregg R. Zegarelli

| | |
|---|---|
| **From:** | Marcia A. Craig <MCraig@spilmanlaw.com> |
| **Sent:** | Tuesday, February 2, 2021 4:08 PM |
| **To:** | DG Core Zegarelli |
| **Cc:** | Julian E. Neiser |
| **Subject:** | Attached Bates Stamped Documents Nos. POM 004696 - POM 004699   POM of Pa et al v. PSG - Consolidated at No. 18-cv-00722-PLD [STB-WORKSITE.FID831017] |
| **Attachments:** | 2021 02 02 Ltr GRZegarelli Esq encl Bates Stamped POM 004696 - POM 004699.pdf |
| | |
| **Categories:** | PSG |

*Sent on behalf of Julian E. Neiser, Esquire*

Dear Mr. Zegarelli,

Please see the attached cover letter enclosing Bates Stamped Documents at Nos. POM 004696 - POM 004699 in the above-referenced matter.

We have the following:

1.    **POM 004696 - POM 004698:**  Pace-O-Matic Gaming Report dated January 23, 2021 regarding the Meadville Moose Lodge designated as **Confidential;** and

2.    **POM 004699:**  Pa. Fill Price designated **Attorney Eyes Only.**

Best regards,
Marcia

**Marcia A. Craig**
Legal Secretary
Spilman Thomas & Battle, PLLC
One Oxford Centre, Suite 3440 301 Grant Street
Pittsburgh, PA 15219
O 412.325.3307
F 412.325.3324
MCraig@spilmanlaw.com



CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

CIRCULAR 230 DISCLOSURE: This Firm follows the requirements of IRS Circular 230 which directs us to inform you that the tax advice set forth in this electronic mail message may not be relied upon to establish good faith or reasonableness in order to avoid assertion of tax penalties. If you desire to rely

upon the advice set forth in this electronic mail message in order to avoid assertion of a tax penalty, please contact the sender to discuss whether such an opinion can be rendered by this Firm.

## Gregg R. Zegarelli

| | |
|---|---|
| **From:** | Marcia A. Craig <MCraig@spilmanlaw.com> |
| **Sent:** | Wednesday, February 3, 2021 4:47 PM |
| **To:** | DG Core Zegarelli |
| **Cc:** | Julian E. Neiser |
| **Subject:** | Attached Bates-Stamped Documents POM 004700 - POM 004712   POM v. PSG - Civil Action No. 18-cv-00722-PLD (USDC WD Pa.) [STB-WORKSITE.FID831017] |
| **Attachments:** | 2021 02 03 Ltr GRZegarelli Esq encl Bates Stamped POM 004700 - POM 004712.pdf |
| | |
| **Categories:** | PSG |

*Sent on behalf of Julian E. Neiser, Esquire*

Dear Mr. Zegarelli,

Please see the attached cover letter enclosing Bates Stamped Documents at Nos. **POM 004700 – POM 004712** in the above-referenced matter.

These documents are designated as **Confidential.**

Best regards,
Marcia

**Marcia A. Craig**
Legal Secretary
Spilman Thomas & Battle, PLLC
One Oxford Centre, Suite 3440 301 Grant Street
Pittsburgh, PA 15219
O 412.325.3307
F 412.325.3324
MCraig@spilmanlaw.com



CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

CIRCULAR 230 DISCLOSURE: This Firm follows the requirements of IRS Circular 230 which directs us to inform you that the tax advice set forth in this electronic mail message may not be relied upon to establish good faith or reasonableness in order to avoid assertion of tax penalties. If you desire to rely upon the advice set forth in this electronic mail message in order to avoid assertion of a tax penalty, please contact the sender to discuss whether such an opinion can be rendered by this Firm.

1

## Gregg R. Zegarelli

| | |
|---|---|
| **From:** | Marcia A. Craig <MCraig@spilmanlaw.com> |
| **Sent:** | Friday, February 5, 2021 4:55 PM |
| **To:** | DG Core Zegarelli |
| **Cc:** | Julian E. Neiser |
| **Subject:** | Attached Bates-Stamped Documents POM 004713 - POM 004715   POM v. PSG - Civil Action No. 18-cv-00722-PLD (USDC WD Pa.) [STB-WORKSITE.FID831017] |
| **Attachments:** | 2021 02 05 Ltr GRZegarelli Esq encl Bates Stamped POM 004713 - POM 004715.pdf |
| | |
| **Categories:** | PSG |

*Sent on behalf of Julian E. Neiser, Esquire*

Dear Mr. Zegarelli,

Please see the attached cover letter enclosing Bates Stamped Documents **POM 004713 - POM 004715** in the above-referenced matter.

These documents are designated as **Confidential - Attorney Eyes Only.**

**Please be advised that we will also update the Privilege Log on these documents.**

Best regards,
Marcia


**Marcia A. Craig**
Legal Secretary
Spilman Thomas & Battle, PLLC
One Oxford Centre, Suite 3440 301 Grant Street
Pittsburgh, PA 15219
O 412.325.3307
F 412.325.3324
MCraig@spilmanlaw.com



CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

CIRCULAR 230 DISCLOSURE: This Firm follows the requirements of IRS Circular 230 which directs us to inform you that the tax advice set forth in this electronic mail message may not be relied upon to establish good faith or reasonableness in order to avoid assertion of tax penalties. If you desire to rely upon the advice set forth in this electronic mail message in order to avoid assertion of a tax penalty, please contact the sender to discuss whether such an opinion can be rendered by this Firm.

# Pennsylvania Skill Games

# EXHIBIT 9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

      Plaintiff,

      V.

PENNSYLVANIA SKILL GAMES, LLC,

      Defendant.

_____

PENNSYLVANIA SKILL GAMES, LLC,

      Plaintiff,

      V.

PACE-O-MATIC, INC. and MIELE MAN-
UFACTURING, INC.

      Defendant.

_____

CIVIL ACTION NUMBER:
2:18-cv-00722-PLD

The Hon. Patricia L. Dodge

**PENNSLYVANIA SKILL GAMES THIRD REQUEST FOR PRODUCTION
PROPOUNDED UPON PACE-O-MATIC, INC., SAVVY DOG SYSTEMS, LLC,
POM OF PENNSYLVANIA, LLC AND MIELE MANUFACTURING, INC.
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(b)**

Pennsylvania Skill Games, pursuant to Rule 34 of the Federal Rules of Civil Procedure

("**F.R.C.P.**", "**Fed.R.Civ.P**" or the "**Rules**", as the context requires), by its undersigned attorney,

hereby requests the parties upon whom these requests are propounded, as set forth in the title

above, to respond to the following requests by producing the requested documents and things to

Pennsylvania Skill Games' representative's offices located at 2585 Washington Road, Suite 134, Pittsburgh, PA  15241 in accordance with the deadline set forth in the Rules.  These requests are supplemental, and, to the extent that any request includes documents and things that are within the scope of a prior discovery request of any nature or type, these requests shall not be deemed to extend the deadline or obligations to respond to any such prior request.

## I.  INSTRUCTIONS

Please follow these instructions and use the following definitions in responding to this request for discovery.

a.    Each of the following requests for discovery shall be responded to separately and fully in writing.  Objections, if any, shall be signed by the attorney making them.

b.    Once any person, document or other matter required to be identified has been identified properly, it shall be sufficient thereafter, when identifying that same person, document or other matter, to state the name of the person, title of the document or sufficient information to refer to the previous response in which a complete identification has been given.

c.    Where knowledge or information in possession of a party is requested, such request includes knowledge of such party's agents, employees, servants, officers, directors, accountants, attorneys (except only to whatever extent privileged), and any other person acting or purporting to act on behalf of the party to whom these requests for discovery are addressed.  You must make inquiries of your agents, employees, etc., whenever such inquiry is necessary to enable you to respond to this request for discovery completely and accurately.

d.    When, after a reasonable and thorough investigation, you are unable to answer any request for discovery, or any part thereof, because of lack of information available to you, specify

in full and complete detail the reason the information is not available to you and what has been done to locate such information.  In addition, specify what knowledge or belief you have concerning the unanswered portion of the request for discovery and set forth the facts upon which such knowledge or belief is based.

e.    Where a request for discovery does not specifically request a particular fact, but where such fact or facts are necessary to make the response to discovery either comprehensible, or complete, or not misleading, you are required to include such fact or facts as part of the response, and the request shall be deemed specifically to require such fact or facts.  In the event that you object to any question as overbroad or similar objection, you must answer the question on a basis to the extent you can do so and frame any objection accordingly.

f.    If, in responding to these requests for discovery, you encounter any ambiguity or vagueness  in a request, instruction, or definition, state in your response the matter so characterized and the interpretation you used in responding.

g.    If you assert a privilege, work product immunity, or decline to provide a response on the basis of some other objection:

      i.    identify and describe the document or communication in question;

      ii.    describe the basis for the asserted privilege or objection;

      iii.    identify every person to whom the document was sent, or eve-ry person present when the communication was made;

      iv.    identify the present custodian of the document, if any; and

      v.    include sufficient facts for the court to make a full determination of whether the claim or objection is valid.

3

h.    If you make an objection to any request, you are required to indicate whether documents and things are being withheld pursuant to the objection, including, without limitation, any objection based upon relevancy or burdensomeness.

i.    Unless otherwise indicated, these requests for discovery refer to the time, places and circumstances of the occurrences mentioned or complained of in the pleadings. If the responding party has filed (or intends to file prior to responding to these requests for discovery) any responsive pleadings, then unless otherwise indicated, these requests refer to the times, places and circumstances of the occurrences mentioned or complained of in said responsive pleadings. Unless otherwise specifically stated, the time period to which these requests for discovery pertain to is from January 1, 2010.

j.    These requests for discovery are deemed to be continuing to the fullest extent provided in the Rules.

k.    To the extent that any request for discovery made herein duplicates any other request for production made in another request for discovery otherwise fully responded to, then you may specifically identify such the other response in lieu of providing a response for the request made herein. Nothing in these requests shall operate to delay or supersede a prior request made for which a deadline or obligation has been established thereby.

l.    These requests are applicable and seek responses regarding throughout the world, not merely the United States, state, county or jurisdiction thereof, unless otherwise expressly indicated.

m.    This set of requests for discovery is propounded upon the POM Parties; however, to the extent that the POM Parties have possession, control or access to the requested information

4

claimed to be in the name of any of the POM Companies, the POM Parties are directed to produce as requested.

## II. DEFINITIONS

All definitions provided in this Section II of this request for discovery shall apply to the term so defined, and also to such term whether or not capitalized, and also to grammatical variations and formatives (including, without limitation, mood, tense, number) of such term. Such definitions shall be broadly construed so that the construction provides the broadest request for discovery permitted under the Rules. Specific requests are intended to supplement the following definitions.

a.    "You" (including "your" and "yourself"), and "Company" refer to the party to whom the request for discovery is addressed, acting in any capacity, and any person, including agents, representatives, attorneys (except only to whatever extent privileged), and each person acting or purporting to act on behalf of the party to whom the request for discovery is addressed. Additionally, if "you" is a corporation, limited liability company or any other business entity, then "you" refers to each parent, predecessor, subsidiary, affiliate, and each present and former officer, employee, agent, representative, and attorney of the party to whom this request for discovery is propounded.

b.    "Representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the principal in question.

c.    "Person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, or other units therein, and shall include, but not be limited to, a public or private corporation, limited liability company, partnership, joint venture,

5

voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau or department.

d.    "Document" means any medium in which information, data or intelligence can be contained, recorded or retrieved, and includes, without limitation, the original (or copy if the original is unavailable), regardless of origin and location, electronic mail, and all tangible things of every type and description, however produced, copied or reproduced, whether draft or final, original or reproduction, signed or unsigned, approved, sent, received, redrafted, executed, erased or otherwise defaced or mutilated, from whomever and wherever obtained, along with all non-identical (or, by reason of subsequent annotation, no longer identical) copies, drafts, or versions thereof and all copies thereof containing any commentary, notations or markings, whatsoever,  which is or was in your possession, custody or control, including, but not limited to: any book, pamphlet, periodical, letter, memorandum, (including any memorandum or report of a meeting or conversation), invoice, bill, magnetic media, order, form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet, or data processing card, or any other written, recorded, transcribed, punched, taped, filed, or graphic materials.

e.    The word "identify" (including, without limitation, formatives thereof, such as "identification" and "identity") when used in reference to:

i.    a natural individual, requires you to state his or her full name, and present or last known residential address, business address, and telephone number;

ii.    a corporation or limited liability company requires you to state its full company name including "corporate designator," and any names under which it does business, its state of

6

formation, the address and telephone number of its principal place of business, and the name, address and telephone number for each and every officer;

iii.    any other type of business or not within the scope of the prior sub-definitions, requires you to state the full name or style under which the business is conducted, the types of businesses in which it is engaged and the geographic areas in which it conducts those businesses, each business address, its telephone number, and the name, address and telephone number for each and every of person and/or business entity which owns, operates, and/or controls each such business;

iv.    a document, requires you to state its title, its date, the names of its authors and/or recipients, number of pages and nature of the document, and its present or last known location and custodian, including any documents prepared subsequent to any time period; and

v.    a communication, requires you: i) if any part of the communication was written, to identify the documents (as provided above) which refer to or evidence the communication; and ii) to the extent that the communication is unwritten, to identify each and every person participating in, or otherwise present during, all or any part of the communication, and to describe the communication and to state the date, manner, place and substance of the communication.  Where a communication occurs over the telephone, the location of such communication is requested, and state the location of the parties thereto.

f.    "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever between or among two or more persons, by or to whomsoever made, and including, without limitation, correspondence, electronic mail, documents, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings.

g.    When request for discovery requests that you "describe," or to "state the basis of," or to "state the facts" on which you rely to support a particular claim, contention, or allegation, state in

7

your answer each and every fact and legal theory, and identify each and every communication and/or document, which you contend supports, refers to, or evidences such claim, contention, or allegation. When request for discovery requires you otherwise to describe or state the facts relating to any particular set of circumstances, act, event, transaction, occurrence, meeting, purchase, sale, agreement, contract, venture, relationship, conversation, representation, communication, or other item of information, state in your answer the facts (including dates and places) relating to such transaction, occurrence, relationship, set of circumstances, etc., as the case may be; and identify any persons who are or were parties thereto or have knowledge thereof; and identify any communications and documents relating to, or evidencing, such transaction, occurrence, relationship, set of circumstances, etc., as the case may be.

h.      "Or" appearing in a request for discovery should not be read so as to eliminate any part of the request for discovery, but, whenever applicable, it should have the same meaning as the word "and" or "and/or." For example, a request for discovery stating "support" or "refer" should be read as "support and refer" if a response that does both can be made.

i.      Unless otherwise specified, any reference to a judicial pleading, including, without limitation, complaint, answer, new matter, and counterclaim, refers to such pleading as served in the same action for which this request for discovery relates.

j.      The term "Reference Date" means January 1, 2010, or the date of the respective entity formation, organization or operations, whichever is earliest, to the date on which these requests for discovery are responded to, inclusive.

k.      The term "Miele Companies" means, individually and jointly, Lou Miele t/d/b/a Miele Manufacturing, Miele Manufacturing and Distribution LLC (a Wyoming limited liability company), Miele Manufacturing, Inc. (a Pennsylvania corporation) Miele, Inc. (a Pennsylvania

8

corporation), Miele Amusements including as an unregistered fictitious name, Miele Manufacturing including as an unregistered fictitious name, Miele Sales & Services, including as an unregistered fictitious name, MDM Ventures, Inc. (a Pennsylvania corporation).

l.      The term "POM Parties" means, individually and jointly, Pace-O-Matic, Inc., Savvy Dog Systems, LLC, POM of Pennsylvania, LLC, and Miele Manufacturing, Inc., and each of their respective parents, subsidiaries and related companies.

m.      The term "POM Companies" means, individually and jointly, the POM Parties, the Miele Companies, and includes Pace-O-Matic, Inc. (a Wyoming corporation), POM of Pennsylvania, LLC (a Wyoming limited liability company), POM of Pennsylvania as an unregistered fictitious name, Pace-O-Matic as an unregistered fictitious name, Savvy Dog Systems, LLC (a Wyoming limited liability company), Bison Amusements, LLC (a Wyoming limited liability company), POM of Alabama, LLC (a Wyoming limited liability company), POM of District of Columbia, LLC (a Wyoming limited liability company), POM of Florida, LLC (a Wyoming limited liability company), POM of Kansas, LLC (a Wyoming limited liability company), POM of Iowa, LLC (a Wyoming limited liability company), POM of Missouri, LLC (a Wyoming limited liability company), POM of Nebraska, LLC (a Wyoming limited liability company), POM of POM of Hawaii, LLC (a Wyoming limited liability company), POM of Illinois, LLC (a Wyoming limited liability company), POM of Massachusetts LLC (a Wyoming limited liability company), POM of New York, LLC (a Wyoming limited liability company), POM of North Carolina, LLC (a Wyoming limited liability company), POM of Ohio, LLC (a Wyoming limited liability company), POM of South Carolina, LLC (a Wyoming limited liability company), POM of Texas, LLC (a Wyoming limited liability company), POM of Utah, LLC (a Wyoming limited liability company), POM of Virginia, LLC (a Wyoming limited liability company), POM of Wyoming, LLC (a Wyoming

9

limited liability company).

n.    The term "Pennsylvania Skill Mark" means brands using any cognizable formative of "Pennsylvania Skill" with or without the term "Games," whether or not a word, phrase, logo, stylized design, or slogan.

o.    "Beaver County Deal" means any of the POM Companies known to have done any or all the following or with knowledge of any or all of the following, or otherwise satisfying any or all of the following: i) shipped a commercial product into or performed a service in Beaver County; ii) any operator with an mailing or physical address in Beaver County; iii) any site with a terminal (whether or not bearing the Pennsylvania Skill Games Mark) having an address in Beaver County; iv) any terminal bearing the Pennsylvania Skill Games Mark in Beaver County; v) with an operator known or reasonably believed to operate in Beaver County; vi) reason to believe terminal is in Beaver County; vii) invoice with or including any reference in any regard to Beaver County.

### III.  REQUESTS

1.    In the Motion to Intervene in Civil Action Case 2:20-cv-01177-PLD, Counsel for one or more of the parties in this action, represented to the Court:

> **10. Intervenors also have obtained third party evidence that portions of PSG's trademark applications are false, particularly with respect to the dates that PSG claims to have been using the Marks in commerce.**

Produce the evidence that is referenced in the foregoing representative text.

2.    Produce all invoices, including but not limited to for hardware and software fills/refills, for the following Terminal Identification Numbers:



10



11



3.      Produce all invoices, including but not limited to for hardware and software fills/re-fills, for Scottsdale Music, LLC/Jim Tartal.

4.      Produce all invoices, including but not limited to for hardware and software fills/re-fills, for Lou Miele, any "Miele" named entity or enterprise operating in Beaver County.

5.      Produce all documents and communications regarding the development of any stylized formative that includes "PENNSYLVANIA SKILL."  This request includes documents, invoices, emails and other communications to any third party who participated in the development, as well as internal communications.

6.      Produce the following communications:

    i.   between or among any of the parties (and any "Miele" designated entity) to this action regarding customers, sales, transactions (existing or potential) in Beaver County, PA.

    ii.  Any documents, communications and reports of complaints regarding locations in Beaver County, including, but not limited to, compliance officer reports.

    iii. Documents and communications between or among any party regarding any cease and desist, or similar communication, issued by Pennsylvania Skill Games to any other operator.

iv.  Documents and communications referring to any "Unis" named person, or "Pennsylvania Skill Games," whether or not those specific names are used (or example, if "Unis" and "Pennsylvania Skill Games" are otherwise referred to or designated).

v.  Documents and communications referring to any "Medure" named person, whether or not those specific names are used.

7.  Produce all witness statements.

8.  Produce all evidence that you intend to offer and/or to introduce at trial.

Dated: September 15, 2020

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.

Administrative Office:
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
v.412.833.0600
f.412.833.0601
mailroom.grz@zegarelli.com

13

**CERTIFICATE OF SERVICE**


I hereby certify my belief that a true and correct copy of the foregoing Second Set of Request for Production was served upon the following on the date set forth below by electronic mail:

September 15, 2020


**For Pace-O-Matic, Inc.,
Miele Manufacturing, Inc.,
POM of Pennsylvania, LLC,
Savvy Dog Systems, LLC**

Julian E. Neiser, Esq.
SPILMAN THOMAS & BATTLE, PLLC
jneiser@spilmanlaw.com

Respectfully submitted,

s/Gregg R. Zegarelli

Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.

Administrative Office:
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600
 f.412.833.0601
mailroom.grz@zegarelli.com

# Pennsylvania Skill Games

# EXHIBIT 10

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

            Plaintiffs/Counterclaim
            Defendants,

            v.

PENNSYLVANIA SKILL GAMES, LLC,

            Defendant/Counterclaim
            Plaintiff.

CIVIL ACTION NO. 2:18-CV-00722-PLD

CONSOLIDATED

The Honorable Patricia L. Dodge

----------------------------------------------------------------------------------------------------------------

PENNSYLVANIA SKILL GAMES, LLC

            Plaintiff,

            v.

PACE-O-MATIC, INC. and MIELE
MANUFACTURING, INC.,

            Defendants.

**PACE-O-MATIC, INC., SAVVY DOG SYSTEMS, LLC,
POM OF PENNSYLVANIA, LLC AND MIELE MANUFACTURING, INC.
RESPONSE AND OBJECTION TO
PENNSYLVANIA SKILL GAMES' FOURTH
REQUEST FOR PRODUCTION OF DOCUMENTS
PURSUANT TO FEDERAL RULE OF CIVIL ROCEDURE 26(B)**

AND NOW COMES Pace-O-Matic, Inc. (hereinafter referred to as "Pace-O-Matic" or

"Pace"), Savvy Dog Systems, LLC (hereinafter referred to as "Savvy Dog" or "SD"), POM of

Pennsylvania, LLC (hereinafter referred to as "POM") and Miele Manufacturing, Inc.

(hereinafter referred to as "Miele") (herein collectively referred to as "Responding Parties") by

and through its undersigned counsel Spilman Thomas & Battle, PLLC, Julian E. Neiser, Esquire,

and hereby serve the within Response and Objection to Pennsylvania Skill Games, LLC's

("PSG") Fourth Request for Production of Documents ("Discovery Requests") as follows:

## GENERAL OBJECTIONS

The following objections apply to each of the Discovery Requests and are incorporated

into the answers of Pace-O-Matic, Inc., Savvy Dog Systems, LLC, POM of Pennsylvania, LLC,

and Miele Manufacturing, Inc. as though the same were repeated at length therein:

1.      Pace-O-Matic, Inc., Savvy Dog Systems, LLC, POM of Pennsylvania, LLC, and

Miele Manufacturing, Inc., object to the Discovery Requests and their instructions and

definitions to the extent that they exceed the scope of and/or are inconsistent with the Federal

Rules of Civil Procedure and/or are improper requests for admissions.

2.      Pace-O-Matic, Inc., Savvy Dog Systems, LLC, POM of Pennsylvania, LLC, and

Miele Manufacturing, Inc., object to the Discovery Requests and their instructions and

definitions to the extent that they are vague, ambiguous, overly broad, unintelligible, cumulative,

duplicative, argumentative, compound, unreasonable, oppressive, unduly burdensome and/or

require the making of unreasonable investigation in contravention of Federal Rules of Civil

Procedure.

3.      Pace-O-Matic, Inc., Savvy Dog Systems, LLC, POM of Pennsylvania, LLC, and

Miele Manufacturing, Inc., object to the Discovery Requests and their instructions and

definitions to the extent they seek information that is not relevant to the within proceedings, is

disproportionate, is not reasonably calculated to lead to the discovery of admissible evidence,

and to which PSG is not entitled under the Federal Rules of Civil Procedure.

4.      Pace-O-Matic, Inc., Savvy Dog Systems, LLC, POM of Pennsylvania, LLC, and

Miele Manufacturing, Inc., object to the Discovery Requests and their instructions and

2

definitions to the extent they seek discovery of information that is equally accessible and available to PSG or that is already in PSG's possession, custody, or control on the ground that providing such information will impose an unreasonable burden and expense on Pace-O-Matic, Inc., Savvy Dog Systems, LLC, POM of Pennsylvania, LLC, and Miele Manufacturing, Inc.

5.    Pace-O-Matic, Inc., Savvy Dog Systems, LLC, POM of Pennsylvania, LLC, and Miele Manufacturing, Inc., object to the Discovery Requests and their instructions and definitions to the extent that they require supplemental responses in contravention of the Federal Rules of Civil Procedure or suggest that this admissions are supplemental to any other Discovery Requests.

6.    Pace-O-Matic, Inc., Savvy Dog Systems, LLC, POM of Pennsylvania, LLC, and Miele Manufacturing, Inc., object to the Discovery Requests and their instructions and definitions to the extent that they seek information that is confidential, protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege, or otherwise protected against disclosure by law or rule of court.

7.    Pace-O-Matic, Inc., Savvy Dog Systems, LLC, POM of Pennsylvania, LLC, and Miele Manufacturing, Inc., object to the Discovery Requests and their instructions and definitions to the extent that a response implies that Pace-O-Matic, Inc., Savvy Dog Systems, LLC, POM of Pennsylvania, LLC, and Miele Manufacturing, Inc. has waived all objections as to relevancy, materiality, confidentiality, privilege and/or admissibility of such response as evidence for any purpose in any proceeding or in the trial of this action or any other action. Rather, Pace-O-Matic, Inc., Savvy Dog Systems, LLC, POM of Pennsylvania, LLC, and Miele Manufacturing, Inc. state that its responses herein are made without waiving or intending to waive any such objection(s).

3

8.    Pace-O-Matic, Inc., Savvy Dog Systems, LLC, POM of Pennsylvania, LLC, and Miele Manufacturing, Inc., object to the Discovery Requests' definition of the term "document" to the extent that it exceeds the scope of or is otherwise inconsistent with the definition set forth in the Federal Rules of Civil Procedure.

9.    As the investigation of Pace-O-Matic, Inc., Savvy Dog Systems, LLC, POM of Pennsylvania, LLC, and Miele Manufacturing, Inc., of the circumstances surrounding this action is ongoing and not yet completed, Pace-O-Matic, Inc., Savvy Dog Systems, LLC, POM of Pennsylvania, LLC, and Miele Manufacturing, Inc. reserve the right to supplement and/or amend its answers to the Discovery Requests and/or produce additional documents pursuant to the Federal Rules of Civil Procedure.

10.    The Responding Parties object to any Request that calls for a conclusion of law and/or seeks a legal conclusion regarding an ultimate issue in the case.

11.    PSG propounded these Discovery Requests to Responding Parties as a group, a strategy to which the Responding Parties object, but understand. The responses will be delineated by Responding Party where applicable.


## OBJECTIONS TO DEFINITIONS AND SCOPE

The following objections apply to the Definitions for each of the Discovery Requests and are incorporated into the answers of Pace-O-Matic, Inc., Savvy Dog Systems, LLC, POM of Pennsylvania, LLC, and Miele Manufacturing, Inc. as though the same were repeated at length therein:

1.    The definition for Pace Companies is overly broad, disproportionate, and completely irrelevant. There is no basis, either legally or factually, to inquire into or seek

4

discovery regarding any party other than the ones present in this litigation. As such, all admissions are answered only on behalf of Pace-O-Matic, Inc., POM of Pennsylvania, LLC, Savvy Dog Systems, LLC, and Miele Manufacturing, Inc. The Responding Parties object to and do not accept the definition of "Pace Companies" and will delineate their answers accordingly, subject to these objections and qualifications.

2.      The definition of "You" is overbroad, unduly burdensome, and disproportionate to the litigation. The Responding Parties have objected to the definition of Pace Companies and Miele Companies herein and object to any demand to answer on behalf of any entity or person not a party to this litigation, either legally or factually. The Responding Parties object to and do not accept the definition of "You" and will delineate their answers accordingly, subject to these objections and qualifications.

3.      The time period defined in the Discovery Requests is overbroad and disproportionate to the litigation.

4.      The demand that the Discovery Requests seek responses "regarding throughout the world" and are not limited in geographic scope is overbroad, unduly burdensome, and disproportionate to the litigation. The subject matter of this litigation is based on transactions or occurrences that exist solely in Pennsylvania, and more specifically, Beaver County.

5.      The definition for "Miele Companies" is overly broad, unduly burdensome, and disproportionate to the litigation. The only entity that is a party to this litigation is Miele Manufacturing, Inc. Miele objects to any Discovery Request that demands an answer for any entity or person other than Miele Manufacturing, Inc. The Responding Parties object to and do not accept the definition of "Miele Companies" and will delineate their answers accordingly, subject to these objections and qualifications.

5

6.      The definition for "Pennsylvania Skill Mark" is overly broad and inaccurate and therefore objectionable. There is an alleged word mark, to which the Responding Parties object to its legal existence and enforceability in the broadest form, and a stylized mark that was created solely by Pace-O-Matic and to which Pace-O-Matic owns the copyright. The Responding Parties object to and do not accept the definition of the "Pennsylvania Skill Mark" and will delineate their answers accordingly, subject to these answers and objections.

7.      The definition for "Beaver County Deal" is overly broad, unduly burdensome, and disproportionate to the litigation. The Responding Parties object to and do not accept any characterization that any of the seven subparts of what PSG defines as a "Beaver County Deal" are at issue in this litigation, are relevant, accurately reflect the terms of the contract that PSG drafted, or are proportionate to any claim or defense in this matter. Subject to these objections and qualifications, the Responding Parties will delineate their answers to comply with the Federal Rules of Civil Procedure.

## III.    RESPONSE TO FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

1.      In the Motion to Intervene in Civil Action Case 2:20-cv-01177-PLD, Counsel for one or more of the parties in this action, represented to the Court:

> **10. Intervenors also have obtained third party evidence that portions of PSG's trademark applications are false, particularly with respect to the dates that PSG claims to have been using the Marks in commerce.**

Produce the evidence that is referenced in the foregoing representative text.

**RESPONSE:**      **See responses to subpoenas from Google and refer to PSG's trademark application where Pennsylvania Skill Games, LLC identified an email address and usage date that are false. Further, the statements made in the news articles and web sites attributable to PSG are misstatements. Further,**

6

**PSG has conflated the use of a trade name and a trade mark in those applications.**

2.    Produce all invoices, including but not limited to for hardware and software fills/re fills, for the following Terminal Identification Numbers:



7



**RESPONSE:    Equivalent information has been produced on October 16, 2020.**


3.      Produce all invoices, including but not limited to for hardware and software

fills/re-fills, for

**RESPONSE:    Objection. Unduly burdensome, disproportionate and irrelevant. Fill
information and invoices for sales related to terminals identified as having
any connection to Beaver County have been produced. Otherwise, this
request is overbroad.**


4.      Produce all invoices, including but not limited to for hardware and software

fills/re-fills, for Lou Miele, any "Miele" named entity or enterprise operating in Beaver County.

**RESPONSE:    Objection to any reference related to any entity other than Miele
Manufacturing. Miele will search for and produce any relevant, non-
privileged documents.**

8

5.    Produce all documents and communications regarding the development of any stylized formative that includes "PENNSYLVANIA SKILL." This request includes documents, invoices, emails and other communications to any third party who participated in the development, as well as internal communications.

**RESPONSE:    These documents have been produced.**

6.    Produce the following communications:

i.    between or among any of the parties (and any "Miele" designated entity) to this action regarding customers, sales, transactions (existing or potential) in Beaver County, PA.

ii.    Any documents, communications and reports of complaints regarding locations in Beaver County, including, but not limited to, compliance officer reports.

iii.    Documents and communications between or among any party regarding any cease and desist, or similar communication, issued by Pennsylvania Skill Games to any other operator.

iv.    Documents and communications referring to any "Unis" named person, or "Pennsylvania Skill Games," whether or not those specific names are used (or example, if "Unis" and "Pennsylvania Skill Games" are otherwise referred to or designated).

v.    Documents and communications referring to any "Medure" named person, whether or not those specific names are used.

**RESPONSE:**

i.    **Produced.**

9

      ii.     **Produced.**

      iii.    **Produced.**

      iv.    **Produced.**

      v.     **Objection. Unduly burdensome and disproportionate. It is the Responding Parties' understanding that this request relates to sales outside of Beaver County, which renders it irrelevant and disproportionate to the litigation.**

7. Produce all witness statements.

**RESPONSE:   None.**

8. Produce all evidence that you intend to offer and/or to introduce at trial.

**RESPONSE:   Produced, with a reservation of rights to amend as needed up to and including the date of trial.**

Respectfully submitted,

SPILMAN THOMAS & BATTLE, PLLC

By: /s/ Julian E. Neiser
    Julian E. Neiser
    Pa. Id. No. 87306

    One Oxford Centre, Suite 3440
    301 Grant Street
    Pittsburgh, PA  15219

    T:  (412) 325-1116
    F:  (412) 325-3324
    E:  jneiser@spilmanlaw.com

**Attorneys for Pace-O-Matic, Inc., Savvy Dog Systems, LLC, POM of Pennsylvania, LLC, and Miele Manufacturing, Inc.**

10

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | CIVIL ACTION NO. 2:18-CV-00722-PLD |
| Plaintiffs/Counterclaim Defendants, | CONSOLIDATED |
| | The Honorable Patricia L. Dodge |
| v. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Defendant/Counterclaim Plaintiff. | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **Pace-O-Matic, Inc., Savvy Dog Systems, LLC, POM of Pennsylvania, LLC, and Miele Manufacturing, Inc.'s Response and Objection to Pennsylvania Skill Games, LLC's Fourth Request for Production of Documents** was served upon counsel of record this 27th day of October, 2020 via United States First Class Mail and email to the following:

Via email to mailroom.grz@zegarelli.com

Gregg R. Zegarelli, Esquire
Technology & Entrepreneurial
  Ventures Law Group, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA  15241-2565

**Counsel for Pennsylvania Skill Games, LLC**

SPILMAN THOMAS & BATTLE, PLLC

By:  /s/ Julian E. Neiser
       Julian E. Neiser

11

# Pennsylvania Skill Games

# <u>EXHIBIT 11</u>



Writer's direct dial number and email address:

Julian E. Neiser, Esquire
Pittsburgh Office:  (412) 325-1116
F:  (412) 325-3324
E:  jneiser@spilmanlaw.com

February 5, 2021

Via email to mailroom.grz@zegarelli.com

Gregg R. Zegarelli, Esquire
Technology & Entrepreneurial
   Ventures Law Group, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA  15241-2565

Re:    POM of Pennsylvania, LLC, et al. v. Pennsylvania Skill Games, LLC
       Civil Action No. 18-cv-00722-PLD (Consolidated) (USDC WD Pa.)

Dear Mr. Zegarelli:

       Enclosed for your review in the above-referenced matter are Bates-Stamped Documents at Nos. **POM 004713 – POM 004715** in the above-referenced matter.  These documents are designated as **Confidential - Attorney Eyes Only.**

Sincerely,

Julian E. Neiser

JEN/mac

Enclosures

Spilman Thomas & Battle, PLLC

One Oxford Centre | Suite 3440 | 301 Grant Street | Pittsburgh, Pennsylvania 15219 | **P** 412.325.3301 | **F** 412.325.3324
West Virginia | North Carolina | Pennsylvania | Virginia | **spilmanlaw.com**



-------- Original Message --------
Subject: RE: Albie fill pricing
From: ██████████████████ @paceomatic.com>
Date: Fri, June 12, 2020 2:57 pm
To: ██████████████████ @paceomatic.com>, "Julian E. Neiser" <JNeiser@spilmanlaw.com>
Cc: ███████████████████ @paceomatic.com>, ██████████ ████ @mielemfg.com>

-------- Original Message --------
Subject: RE: Albie fill pricing
From: ██████████████████ @paceomatic.com>
Date: Tue, June 09, 2020 4:04 pm
To: "Julian E. Neiser" <JNeiser@spilmanlaw.com>, ████████ ██████████ @paceomatic.com>
Cc: ██████████████████ @paceomatic.com>, ██████████ ████ @mielemfg.com>

CONFIDENTIAL   ATTORNEY EYES ONLY



On Jun 9, 2020, at 2:08 PM, ███████████ @paceomatic.com> wrote:

-------- Original Message --------
Subject: Albie fill pricing
From: ███████████
███████ @paceomatic.com ███████████
Date: Tue, June 09, 2020 11:55 am
To: ███████████

███████████ change in pricing for fills done by PA Skill Games.

███████████

2

POM 004714



CONFIDENTIAL   ATTORNEY EYES ONLY

3

CONFIDENTIAL   ATTORNEY EYES ONLY

POM 004715