## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

      Plaintiffs,

      v.

PENNSYLVANIA SKILL GAMES, LLC,

      Defendant.

PENNSYLVANIA SKILL GAMES, LLC,

      Plaintiff,

      v.

PACE-O-MATIC, INC. and MIELE MAN-
UFACTURING, INC.

      Defendants.

CIVIL ACTION NUMBER:
2:18-cv-00722-PLD

The Hon. Patricia L. Dodge

**PENNSYLVANIA SKILL GAMES' MO-
TION FOR *IN CAMERA* REVIEW
OF POM BATES POM 004713–004715**

1.      Reference is made to Orders of Court [ECF 101, 106], the deposition of Mr. Cline conducted yesterday, and the conference call with this Court yesterday afternoon.

2.      Mr. Cline's deposition was terminated on his counsel's direction not to answer, subject to an order of court further defining the scope of its referenced orders for which there is good faith disagreement between counsel regarding "*why Mr. Cline said what he said*" to Mr. Miele on a claimed pivotal telephone call regarding the retaliatory price increase.

3.      When the undersigned sought the deposition of Mr. Cline on December 31, 2020—indeed, when the undersigned conducted the deposition of Mr. Miele on October 5, 2020—the undersigned had no knowledge of <u>critical "cannot miss" pivotal emails</u> that are directly at issue, dated early June, 2020, knowingly withheld from Pennsylvania Skill Games, and to which withholding counsel was a direct recipient and thereby knowing of the existence of the emails.  Mr. Miele testified that the entire event was by a telephone call directive and expressly confirmed "no email." <u>Exhibit 1</u>.  Accordingly, <u>Plaintiff did not have the benefit of cross-examining Mr. Miele regarding those emails in October.</u>

4.      On January 29, 2021, when the undersigned filed the Opposition to the Protective Order sought by Miele Manufacturing, Pace-O-Matic, POM of Pennsylvania and Savvy Dog Systems regarding the deposition of Mr. Cline [ECF 96], the undersigned still did not yet have the withheld critical emails, and, accordingly, was still deprived of and could not address those emails in the motion practice, and so was the Court deprived of the emails.  When  Miele Manufacturing, Pace-O-Matic, POM of Pennsylvania and Savvy Dog Systems filed for a protective order on January 22, 2021 [ECF 94], neither the undersigned knew of the emails, nor did this Court.

5.      On February 5, 2021, the pivotal critical emails were first disclosed, <u>Exhibit 2</u>, with a privilege log on February 16, 2021, <u>Exhibit 3</u>.

6.      The issue is now placed into the contradiction between two of Mr. Neiser's clients, and at least one of Mr. Cline's clients regarding the event of the retaliatory price increases.  Mr. Miele says it was on a telephone call, without emails (that actually existed) and Mr. Cline testified that the price increase was by only now disclosed pivotal emails, with some coordinating telephone calls with Mr. Miele.

7.      *"Why Mr. Cline said what he said,"* has been modified completely by the fault of Miele Manufacturing, Pace-O-Matic, POM of Pennsylvania and Savvy Dog Systems into the recently disclosed emails, issued by Mr. Cline and confirmed by Mr. Cline under oath, from solely a verbal telephone conversation testified to by Mr. Miele under oath.  This Court's orders were implicitly qualified by the facts of which the undersigned and this Court were not aware of the withheld critical emails during motion practice.  If not before, there is a fact question as to the relationship between Miele Manufacturing and the POM Parties, and the "draft" agreement drafted or "iterated" by Mr. Client, as testified to by Mr. Warren, is directly implicated into defining that relationship.  Exhibit 4.  Mr. Cline would not testify to the fact that there is an "agreement" with Miele Manufacturing, but only a "relationship," and yet the emails now reveal that Mr. Cline needed to say, *"I'm ccing Lou and Julian to make sure they are in agreement..."* (emphasis added) It has everything to do with this case and the claims made.

8.      This Court needs to see those emails in unredacted form: a) to understand the basis for production of the "draft agreement" also only recently disclosed to exist, and the subject of pending motion practice ; b) to understand the need for completion of the testimony from Mr. Client with regard to that same issue regarding draft iterations; and c) to ensure that the redactions (confirmed by counsel to be proper at deposition) are properly redacted and withheld on the basis asserted in the privilege log, Exhibit 3.

9.      Pennsylvania Skill Games reserves its rights for sanctions in due course.

WHEREFORE, Pennsylvania Skill Games prays that its Motion for *In Camera* inspection

be granted.

Dated: February 19, 2021               s/Gregg R. Zegarelli
                                       Gregg R. Zegarelli, Esq.
                                       Pa. I.D. #52717

                                       TECHNOLOGY & ENTREPRENEURIAL
                                        VENTURES LAW GROUP, P.C.
                                       2585 Washington Road, Suite 134
                                       Pittsburgh, PA 15241-2565, USA
                                       v.412.833.0600 f.412.833.0601
                                       mailroom.grz@zegarelli.com

4

## CERTIFICATE OF SERVICE

I hereby certify my belief that a true and correct copy of the foregoing Motion was served upon the following counsel via the Court's CM/ECF System on the date set forth below:

February 19, 2021

Julian E. Neiser, Esq.
SPILMAN THOMAS & BATTLE, PLLC
jneiser@spilmanlaw.com

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com