**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

        Plaintiffs,

        v.

PENNSYLVANIA SKILL GAMES, LLC,

        Defendant.

PENNSYLVANIA SKILL GAMES, LLC,

        Plaintiff,

        v.

PACE-O-MATIC, INC. and MIELE MAN-
UFACTURING, INC.

        Defendants.

CIVIL ACTION NUMBER:
2:18-cv-00722-PLD

The Hon. Patricia L. Dodge

**PENNSYLVANIA SKILL GAMES'
EMERGENCY MOTION TO COMPEL
PRODUCTION - SUPPLEMENT**

    1.    Reference is made to Pennsylvania Skill Games' Motion to Compel, filed yesterday, February 16, 2021 [ECF 103], as well as this Court's Order, and partial summary ruling entered this morning [ECF 104] (the "**Order**").  In light of exigent timing constraints, the intervention of the Order summarily entered, and the fact that the Court *sua sponte* raised issues regarding discovery timing for its ruling that modifies the nature of the response, Pennsylvania Skill Games supplements the record so the other parties have an opportunity to address these facts.

    2.    The parties have conducted "rolling" discovery.  Since the month of October, 2020 through to February 5, 2021, Miele Manufacturing, Pace-O-Matic, POM of Pennsylvania and/or Savvy Dog Systems have served an additional 1,612 documents.  *See,* Exhibit 8.

3.      On September 15, 2020, Plaintiff duly served the request for production set forth at Exhibit 9.  The Court is directed to Request 6.iv, page 13, which requests:

> **Documents and communications referring to any "Unis" named person, or "Pennsylvania Skill Games,"** *whether or not those specific names are used* [1] **(or example, if "Unis" and "Pennsylvania Skill Games" are** *otherwise referred to or designated***).**

(emphasis added)

In the Combined Responses of all of the joint parties, Miele Manufacturing, Pace-O-Matic, POM of Pennsylvania and Savvy Dog Systems, the response is simply "**Produced.**"  Exhibit 10, at p. 10.  Yet, the documents were not produced as represented by counsel.  As late as February 5, 2021, similarly after the close of discovery, the undersigned received critical "you can't miss" documents that were claimed to have been produced in Exhibit 10, but were not, exactly as is the case with the recent disclosure of the documents requested in the Motion.  *See,* Exhibit 11.[2]

Accordingly, the undersigned would not know to file a motion to compel when the jointly represented parties upon whom the requests for discovery were propounded: a) do not provide drafts of otherwise responsive documents, notwithstanding that "drafts" are expressly included in the definition in the request [E.g., Exhibit 6.1, II.1 definition of "documents"] and/or cover communications; b) do not state any qualification in the response, but only an absolute "**Produced**" as indicated in the Motion; and c) neither state any objection with specificity nor indicate that documents are being withheld pursuant to any objection as required by Fed.R.Civ.P. 34(b)(2)(C).  Moreover, good faith reliance is corroborated by extenuating issues, such as counsel's "we've

---

1   This language was specifically used because emails were not produced pursuant to prior requests [Exhibit 6] and the undersigned was trying to catch "clever filters" like references to Pennsylvania Skill Games by some other name. For example, "Albie" is the nickname of Albert Unis, IV, well-known to the parties and counsel, and so designated during depositions in this action.

2 Exhibit 11 was marked Attorney Eyes Only but that designation was withdrawn, and all information has been redacted except dates, non-confidential reference points, and confirmed demonstration of Mr. Neiser as an addressee.

produced every document" representations regarding the documents recently disclosed to exist [Motion, *fn. 2*] and, *e.g.,* Mr. Miele's "no emails" testimony at Exhibit 7, P63:L18–21, and, that the undersigned hereby declares under penalty of perjury that counsel for Miele Manufacturing, Pace-O-Matic, POM of Pennsylvania and Savvy Dog Systems, has similarly repeatedly indicated that nothing was withheld and had been produced, including all emails, notwithstanding that he and others are copied on the very emails that were not produced.[3]  Similarly, when the drafts were referenced in the Warren Deposition, counsel induced fair reliance with an explicit "produced every document" representation. [Exhibit 3, Warren Deposition, P47:L2–P50:L13]

Good faith confirmations by the undersigned are not waivers of the initial timely requests. The fact that the undersigned sent a crystal clear and focused letter to "lock down" the issue, addressing it again in the context of a deposition, does not operate to exculpate the continued failure of Miele Manufacturing, Pace-O-Matic, POM of Pennsylvania and Savvy Dog Systems to produce or accurately to respond to discovery requests as required by the Federal Rules.  This Supplement and the Motion identify critical items that are the subject of prior requests with "**Produced**" responses, which were untrue responses.  The undersigned was not expecting any new documents to be referenced, and was not expecting the production of absolutely critical June, 2020, emails to be produced all of a sudden either, after discovery, as late as February 5, 2021, never previously disclosed and well-known to exist.

The question is not why the undersigned did not file a motion to compel, but under what excuse have all four jointly represented parties, Miele Manufacturing, Pace-O-Matic, POM of Pennsylvania and Savvy Dog Systems, withheld documents that could have and should have been produced long ago, and were not produced under the pretense that production had been fully made.

---

3 It is one thing to say that the client made a mistake or did not give the attorney a document, but, here, Mr. Neiser was copied directly on the email only recently provided.

WHEREFORE, Pennsylvania Skill Games prays that its Motion to Compel Production be granted.

Dated: February 17, 2021                    s/Gregg R. Zegarelli
                                            Gregg R. Zegarelli, Esq.
                                            Pa. I.D. #52717

                                            TECHNOLOGY & ENTREPRENEURIAL
                                              VENTURES LAW GROUP, P.C.
                                            2585 Washington Road, Suite 134
                                            Pittsburgh, PA 15241-2565, USA
                                            v.412.833.0600 f.412.833.0601
                                            mailroom.grz@zegarelli.com

4

**CERTIFICATE OF SERVICE**

I hereby certify my belief that a true and correct copy of the foregoing Motion to Compel was served upon the following counsel via the Court's CM/ECF System on the date set forth below:

February 22, 2021

Julian E. Neiser, Esq.
SPILMAN THOMAS & BATTLE, PLLC
jneiser@spilmanlaw.com

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com