**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

        Plaintiffs,

        v.

PENNSYLVANIA SKILL GAMES, LLC,

        Defendant.

PENNSYLVANIA SKILL GAMES, LLC,

        Plaintiff,

        v.

PACE-O-MATIC, INC. and MIELE MAN-
UFACTURING, INC.

        Defendants.

CIVIL ACTION NUMBER:
2:18-cv-00722-PLD

The Hon. Patricia L. Dodge

**PENNSYLVANIA SKILL GAMES' MO-
TION TO COMPEL DEPOSITION TES-
TIMONY RESPONSES OF B. GREG-
ORY CLINE**

1.    Reference is made to the Transcript of Deposition of B. Gregory Cline [ECF 115], Pennsylvania Skill Games' Motion to Compel [ECF 105, 116, 117] regarding the "draft" agreement/relationship document withheld from proper timely production, objection or disclosure, and with the "emails" regarding which there is a pending motion for *in camera* review. [ECF 112/113] The arguments made in the referenced ECF filings are incorporated herein by this reference.

2.     The "relationship" between Pace-O-Matic and Miele Manufacturing is: a) relevant evidence for the jury trial; b) discoverable evidence; c) the "relationship" testified to by both Mr. Miele and by Mr. Cline, between Pace-O-Matic and Miele Manufacturing, directly bears upon what and why Mr. Cline (Pace-O-Matic) said (aurally or only now known to be [also] in writing) to Mr. Miele (Miele Manufacturing) on the referenced telephone call, and understood only now *as has been disclosed* and testified to in the referenced emails; d) any "draft" "relationship" agreement (and related communications) bears directly upon that "relationship"[1]; and e) a jury is entitled to the testimony at trial in the interests of justice.

3.     Miele Manufacturing, Pace-O-Matic, POM of Pennsylvania and/or Savvy Dog Systems have filed the entire deposition of Mr. Cline,[2] the undersigned requests responses to the following inquiries by the deposition of Mr. Cline:[3]

    a.  The inquiry at 29:16–19.  The deponent can answer the question if he has an understanding of the "relationship."  The legal effect of that answer is a different matter.

    b.   The inquiry at 29:21–22.  The deponent can answer the question if he has an understanding of documents that embody the "relationship."

    c.  The inquiry at 43:18–20.  The deponent can answer the question if he has an understanding of "PA Skill Games" as used in the now-discovered emails.

    d.  The inquiry at 58:13–18 regarding the testimony of Mr. Warren that directly implicates Mr. Cline into the drafting and/or iteration of the "relationship" document that is a proper trial question and is discoverable.

---

1 Neither the undersigned nor this Court had the benefit of the now-disclosed emails in the motion practice when initiated by Miele Manufacturing, Pace-O-Matic, POM of Pennsylvania and/or Savvy Dog Systems at ECF 94 (Protective Order), continuing thereafter.

2 Exhibit 1, attached hereto, is for the Court's convenience of reference.

3 The testimony of Mr. Cline regarding the "draft" agreement/relationship document is already the subject of the Court's consideration pursuant to conference call on the date of the deposition, February 18, 2021.

4.    The Court will take notice of the inquiry at 47:2–17 whereby the undersigned was seeking a simple good faith confirmation of the basis redactions made to the now-discovered emails.  The undersigned simply stated the request, for which the response by counsel was neither a direct confirmation nor a denial, but a vague and evasive re-direction to the privilege log.  That said, there were errors discovered in the redactions only disclosed by further questioning regarding the redactions; to wit: 53:18–P56:24 [ECF 113]

WHEREFORE, Pennsylvania Skill Games prays that B. Gregory Cline be compelled to testify as set forth above.

Dated: February 22, 2021                    s/Gregg R. Zegarelli
                                            Gregg R. Zegarelli, Esq.
                                            Pa. I.D. #52717

                                            TECHNOLOGY & ENTREPRENEURIAL
                                              VENTURES LAW GROUP, P.C.
                                            2585 Washington Road, Suite 134
                                            Pittsburgh, PA 15241-2565, USA
                                            v.412.833.0600 f.412.833.0601
                                            mailroom.grz@zegarelli.com

3

## RULE 26(c)(1) and 37(a)(1) CERTIFICATION

I hereby certify that on February 18, 2021 at deposition, and at oral conference with the Court on the subject-matter of this motion, I conferred in good faith with the counsel for the non-moving party in attempt to resolve the within discovery dispute without court intervention, but was unable to do so.

February 22, 2021

Julian E. Neiser, Esq.
SPILMAN THOMAS & BATTLE, PLLC
jneiser@spilmanlaw.com

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

**CERTIFICATE OF SERVICE**

I hereby certify my belief that a true and correct copy of the foregoing Motion to Compel was served upon the following counsel via the Court's CM/ECF System on the date set forth below:

February 22, 2021

Julian E. Neiser, Esq.
SPILMAN THOMAS & BATTLE, PLLC
jneiser@spilmanlaw.com

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
  VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com