## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

CIVIL ACTION NO. 2:18-CV-00722-PLD

CONSOLIDATED

        Plaintiffs/Counterclaim
        Defendants,

The Honorable Patricia L. Dodge

        v.

PENNSYLVANIA SKILL GAMES, LLC,

        Defendant/Counterclaim
        Plaintiff.

-------------------------------------------------------------------------------------------------------------------------

PENNSYLVANIA SKILL GAMES, LLC

        Plaintiff,

        v.

PACE-O-MATIC, INC. and MIELE
MANUFACTURING, INC.,

        Defendants.

## MOTION FOR SUMMARY JUDGMENT

Pursuant to F.R.C.P. 56 and LCvR 56B.1, POM of Pennsylvania, LLC, ("POM"), Savvy

Dog Systems, LLC ("Savvy Dog"), Pace-O-Matic, Inc. ("Pace") and Miele Manufacturing, Inc.

("Miele") (together, the "POM Parties"), move this Honorable Court to enter Summary Judgment

on all counts brought by or against these parties, or in the alternative, for partial summary

judgment, and in support thereof states as follows:

## INTRODUCTION AND SUMMARY OF MOTION

1.      For the reasons set forth herein and stated more fully in the Memorandum of Law, Concise Statement of Facts, and Appendix being filed concurrently with this Motion, the contents of which are incorporated herein as set forth at length, the POM Parties seek summary judgment pursuant to F.R.C.P. 56.

2.      This case involves matters of trademark ownership, trademark infringement, unfair competition, breach of contract, and unjust enrichment.

3.      The POM Parties and PSG each claim ownership of the word and stylized version of the trademark PENNSYLVANIA SKILL (the "Marks").

4.      PSG has made claims for breach of a contract known as the "Equipment Purchase Agreement" that was executed by Pace, Miele, and PSG.

5.      The POM Parties and PSG accuse each other of other claims related to the Marks and Equipment Purchase Agreement, which will be discussed below.

6.      The POM Parties seek summary judgment on all claims against and by PSG, or alternatively, partial summary judgment.

## PROCEDURAL HISTORY

7.      POM and Savvy Dog commenced this action against Pennsylvania Skill Games, LLC on May 31, 2018. (ECF No. 1)(the "POM Complaint").

8.      PSG filed an Answer and Counterclaim against POM and Savvy Dog on July 18, 2018. (ECF No. 7)(the "PSG Counterclaim").

9.      POM and Savvy Dog filed an Answer to the counterclaim on August 20, 2018. (ECF. No 15).

10.      PSG then filed a separate complaint against Pace and Miele at 2:18-cv-941 (ECF No. 1) which was consolidated into this matter on August 27, 2018 (the "PSG Complaint").

11. An answer to the PSG Complaint was filed on September 14, 2018. (ECF Nos. 19 and 20).

12. On January 11, 2019, the POM Complaint was amended and remains the operative pleading. (ECF No. 29).

13. PSG filed an Amended Answer and Counterclaim on February 8, 2019, which remains its operative pleading that asserts claims against POM and Savvy Dog. (ECF No. 30).

14. On November 3, 2020, PSG filed an Amended Complaint that amended PSG's Complaint and asserted additional claims for tortious interference and civil conspiracy against Pace and Miele (ECF No. 87). This document is the operative pleading.

15. Pace and Miele filed an Answer to the Amended Complaint on February 1, 2021. (ECF No. 97). This document is the operative pleading.

### CAUSES OF ACTION

16. POM and Savvy Dog have asserted the following causes of action against PSG, which include the related claims.

A. **Count One— False Designation of Origin 15 U.S.C. § 1125 *et seq***

In support of their Motion for Summary Judgment with respect to Count One, the POM and Savvy Dog assert:

- All parties agree that the Marks are distinctive and entitled to protection under the Lanham Act;

- PSG filed trademark applications Ser. No. 87856442 and 87856441 in the U.S. Patent and Trademark Office claiming ownership of the PENNSYLVANIA SKILL word and stylized/design Marks under a class of goods that is in use in commerce or in connection with electronic gaming machines that give monetary prices and services; namely, providing the use of electronic gaming machines featuring games of skill and provide monetary prizes;

- That PSG filed trademark applications that were false and with the knowledge that POM, Savvy Dog, and/or Pace were the actual owners

of the Marks and were the source of the game machines bearing the Marks;

- That PSG has intended to and has infringed on the marks owned by POM and Savvy Dog;

- That PSG has offered and sold game machines in the Commonwealth of Pennsylvania using the Marks on electronic gaming machines that do not contain compliant or legal software in the Commonwealth of Pennsylvania;

- That PSG has used the Internet and other means to distribute, sell, and market games bearing the Marks without having any legal authority to do so;

- That PSG's conduct is harmful to the reputation of POM's goods and services for providing legal skill games in Pennsylvania;

- That PSG's use of the aforementioned marks creates confusion, mistake, and deception among the relevant consuming public as to the source or origin of games bearing the Marks; and

- That PSG's conduct is intentional and willful.


### B.     Count Two—Violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et seq.

In support of its Unfair Trade Practices and Consumer Protection Law claims, the POM and Savvy Dog assert:

- That PSG's use in commerce in Pennsylvania of the Marks without the authorization of POM and Savvy Dog constitutes unfair competition and false designation of origin under the UTPCPL; and

- That PSG's conduct is willful and intentional.

### C.     Count Three—Common Law Trademark Infringement

In support of Count Three, the POM and Savvy Dog assert:

- That POM and Savvy Dog have common law trademark rights that are senior to any asserted by PSG; and

- Due to the aforementioned conduct in Counts One and Two, PSG has infringed upon POM and Savvy' Dog's trademark rights.

4

### D.    Count Four—Declaratory Judgment

In Count Four, POM and Savvy Dog respectfully request that this Honorable Court enter an order declaring:

- That POM and Savvy Dog are the owners of Marks at issue;

- The Equipment Purchase Agreement is null, void, and unenforceable;

- That the alleged "right of first refusal" contained in the Equipment Purchase Agreement is null, void, and unenforceable; and

- That, in the alternative, the Equipment Purchase Agreement has been terminated by the parties on a date no later than February 14, 2018.

### E.    Count Five—Common Law Unfair Competition

In support of Count Five, the POM and Savvy Dog assert:

- That PSG has passed off goods and software that are illegal or unadjudicated under Pennsylvania Law under the PENNSYLVANIA SKILL Marks and name, which damages the brand and business of POM and Savvy Dog;

- That PSG has engaged in business practices that substantially interfere with POM and Savvy Dog's ability to compete in the market;

- That PSG has attempted to register the PENNSYLVANIA SKILL Marks without having any right to do so;

- That PSG has advertised on the Internet and other places taking credit for litigating the legality of skill games in Pennsylvania and that it and its principals had substantial involvement in the development and/or creation of the legal skill games in Pennsylvania; and

- That PSG has branded and intentionally distributed illegal gaming machines with the PENNSYLVANIA SKILL Marks without having any right to do so, to include placing a designation of a software version created by Pace and/or POM on machines containing competing software.

### F.    Count Six—Violations of the Pennsylvania Trademark Act

In support of Count Six, the POM and Savvy Dog assert:

- Savvy Dog registered the PENNSYLVANIA SKILL Marks with the Commonwealth of Pennsylvania.

5

- PSG is intentionally using the Marks in the Commonwealth of Pennsylvania without the permission of Savvy Dog and POM.

### G.    Count Seven—Breach of Contract

In support of Count Seven, the POM and Savvy Dog assert:

- PSG has failed to pay invoices in a timely fashion as early as 2017 and has not established proof of payment for invoice 19918 in the amount of $4,490; and

- PSG has breached the duty of good faith and fair dealings inherent in any contract, to include the conduct set forth in Counts One through Six.

### H.    Count Eight- Quantum Meruit/Unjust Enrichment

In support of Count Eight, the POM and Savvy Dog assert:

- PSG has been unjustly enriched by the POM Parties by retaining the goods/services under invoice 19918 without just compensation; and

- It would be unjust to allow PSG to retain the benefits its accepted and appreciated from the POM Parties without compensating the POM Parties for the value of that benefit: $4,490.

17.    Through the PSG Counterclaim and the PSG Complaint, PSG asserts identical claims against the POM Parties, which include the following causes of action:

### A.    False Designation of Origin

In support of its False Designation of Origin claims, PSG asserts:

- That the POM Parties have sold equipment bearing the Marks without PSG's permission, which allegedly was conditioned on Pace fulfilling obligations under an oral agreement and the Equipment Purchase Agreement;

- That the POM Parties have placed the Marks on games that are not legal; and

- That the POM Parties are advertising equipment using the Marks in a way that PSG does not agree, and it creates an unwanted association and confusion among consumers.

### B.    False Advertising

In support of its False Advertising claims, PSG asserts:

- That the POM Parties are falsely advertising their games through misleading statements regarding the legality of the software and equipment.

### C.    Common Law Trademark Infringement

In support of its Common Law Trademark Infringement claims, PSG asserts:

- That PSG holds a common law trademark for the Marks and the POM Parties are infringing on them.

### D.    Breach of Contract

In support of its Breach of Contract claims, PSG asserts:

- That the POM Parties have sold PSG electronic video game machines that do not contain legal games, which would be a breach of the Equipment Purchase Agreement; and

- That the POM Parties have sold, transferred, and assigned electronic video game machines to other vendors for distribution in Beaver County in contravention of the Right of First Refusal allegedly contained in the Equipment Purchase Agreement.

### E.    Common Law Unfair Competition

In support of its Common Law Unfair Competition claims, PSG asserts:

- That the POM Parties have engaged in unfair competition through the aforementioned activities.

18.    In addition to the above claims, PSG also asserted two claims against Pace and Miele, which are summarized as follows:

### F.    Interference with Contract

In support of its Interference with Contract claims, PSG asserts:

- That Pace and Miele have unlawfully increased the prices for software plays without privilege or justification, and therefore they have interfered with prospective or actual contracts with PSG customers.

### G.    Civil Conspiracy

7

In support of its Civil Conspiracy claims, PSG asserts:

- That Pace and Miele acted collusively and unlawfully to harm PSG by increasing the fill prices.

## GROUNDS FOR SUMMARY JUDGMENT

19.    The POM Parties seek summary judgment in their favor and against all claims brought by PSG due to an absence of any genuine issue of material fact that would warrant a trial on the merits on the following issues.

20.    POM and Savvy Dog claim no issue of fact remains regarding their senior use of the Marks, which they claim to have originated and created in conjunction with the development of an electronic gaming machine that would be compliant with Pennsylvania law as a legal game of skill.

21.    POM and Savvy Dog make these claims based upon development of a skill game for the Pennsylvania market that began in or around 2012 and continued use of the Marks since that time.

22.    POM and Savvy Dog claim no genuine issue of fact remains regarding their ownership of the Marks because the uses were done in connection with specific classes of goods used in interstate commerce, was consistent and conspicuous, and meets all the criteria for trademark protection.

23.    POM and Savvy Dog claim that no genuine issue of fact remains as to their ownership of the Marks under the Lanham Act, Pennsylvania law, and common law.

24.    POM and Savvy Dog claim as a matter of law that the Marks are arbitrary or suggestive, which provide protection based on the strength of the Marks themselves.

25.    Alternatively, POM and Savvy Dog claim as a matter of law and because no genuine issue of fact remains, that the Mark has developed secondary meaning as a result of their

8

usage in commerce and the factors set forth in <u>A.J. Canfield Co. v. Honickman</u>, 808 F.2d 291, 297 (3d Cir. 1986); <u>Tillery v. Leonard & Sciolla, LLP</u>, 521 F.Supp.2d 346, 349 (E.D. Pa. 2007); <u>Union Carbide Corp.</u>, 531 F.2d at 380.  <u>Dranoff-Perlstein Assocs. v. Sklar</u>, 967 F.2d 852, 858–59 (3d Cir. 1992).

26.     POM and Savvy Dog claim no genuine issue of fact remains that PSG has engaged in unfair competition through PSG's unauthorized use of the Marks by using the Marks without permission on machines made by competitors, which contain software that is not legal in Pennsylvania.

27.     POM and Savvy Dog claim no genuine issue of fact remains that PSG's use of the Mark creates an unwanted association with illegal gaming and activities that are not associated with legal gaming.

28.     Savvy Dog owns a Pennsylvania trademark on the word and stylized PENNSYLVANIA SKILL marks.

29.     Savvy Dog claims that no genuine issue of material fact remains to preclude summary judgment against PSG for infringing on its Pennsylvania-registered Marks without permission.

30.     As a matter of law, the aforementioned violations under the Lanham Act establish liability against PSG for common law unfair competition, common law trademark infringement, and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, <u>et</u> <u>seq.</u>

31.     POM and Savvy Dog claim no genuine issue of fact remains that PSG failed to satisfy its obligations under Invoice No. 19918 and failed to pay POM and Savvy Dog $4,490 in breach of a contractual agreement represented by the invoice.

32.    POM and Savvy Dog claim no genuine issue of fact remains that it would be unjust for PSG to retain the benefits it knowingly received and appreciated from POM and Savvy Dog under Invoice No. 19918. As PSG compensated POM and Savvy Dog for a portion of the value of the goods, just demands that PSG compensate POM and Savvy Dog for the remaining value, $4,490.

33.    Conversely, the POM Parties believe PSG has failed to establish a genuine issue of material fact with respect to any of its claims against the POM Parties and/or its claims are barred as a matter of law.

34.    There is an absence of any genuine issue of material fact to establish the existence of an enforceable contract with regards to the Equipment Purchase Agreement because: (a) the agreement lacks definite terms; (b) it is unsupported by adequate consideration; (c) it is a unilateral agreement and does not impose any corresponding obligation on PSG, which negates enforceability of the alleged right of first refusal; (d) any alleged prior oral contracts lack sufficient proof of existence and are barred by both the UCC involving sales of goods over $500 and the parol evidence rule; (e) any alleged oral contracts were with third parties not part of the litigation; (f) PSG did not exercise "best efforts" to promote Pace machines as part of the Equipment Purchase Agreement; and (g) the Equipment Purchase Agreement was either abandoned or terminated on or before February 14, 2018.

35.    Alternatively, if it is found that any prior agreements are incorporated into the Equipment Purchase Agreement, which the POM Parties deny, there were performance requirements as consideration that PSG did not meet, to include an implicit promise that PSG would purchase hundreds of games.

10

36.     There is an absence of any genuine issue of material fact regarding PSG's claims that the POM Parties have sold games or software that is not compliant with Pennsylvania law as a legal game of skill.

37.     There is an absence of any genuine issue of material fact regarding any liability to POM of Pennsylvania, LLC or Savvy Dog Systems, LLC on the Equipment Purchase Agreement because they are not parties to the contract.

38.     Counsel for PSG drafted the Equipment Purchase Agreement, which requires all ambiguities to be resolved in favor of the POM Parties and against PSG.

39.     No genuine issue of fact exists to preclude summary judgment against PSG regarding its claims that the POM Parties breached the alleged right of first refusal in the Equipment Purchase Agreement, to the extent it is enforceable. There is an absence of material fact that the POM Parties know where machines are placed after being sold to operators, and the POM Parties have no obligation to "police" the market to remove operators who place games in Beaver County.

40.     There is an absence of any genuine issue of material fact that PSG has any rights under the "right of first refusal," to the extent it is enforceable, because PSG did not place games in certain locations in Beaver County over an extended period of time and forfeited its ability to enforce any alleged rights against the POM Parties or any third parties.

41.     The Equipment Purchase Agreement, by its own terms, allows for the cost of software plays charged to PSG to increase. As such, as a matter of law, summary judgment should be entered against PSG on its claims for interference with contract. Further, the amounts charged to PSG are reasonable and in line with similar operators.

42.     As a matter of law, summary judgment should be entered against PSG on its interference with contract claims because the Equipment Purchase Agreement has been abandoned

or terminated prior to February 14, 2018. As such, PSG has no basis in contract to claim a right to a fixed price for software plays—and without any contractual right, PSG has no right to buy fills at all. Further, the gist of the action doctrine precludes this tort claim in the fact of an existing breach of contract count.

43.     As a matter of law, summary judgment should be entered against PSG on its claims for civil conspiracy because: (a) the gist of the action doctrine precludes it; (b) there is an absence of material fact to show an illegal concert of action; and (c) Pace and Miele have license, privilege, and rights to increase the price of software fills at any time and for any reason without PSG's consent.

44.     There is an absence of any genuine issue of material fact to establish that PSG used the Marks as trademarks, as opposed to a business or trade name.

45.     There is an absence of any genuine issue of material fact to establish priority or ownership of the Marks in favor of PSG.

46.     There is an absence of any genuine issue of material fact that PSG and any of the POM Parties agreed to any contract affecting the rights under the Marks or that any implied or express license existed.

47.     There is an absence of any genuine issue of material fact that any "oral" contract ever existed by and between any of the parties, and to the extent there were any discussions between the parties related to terms of an upcoming written contract, those discussions do not create an enforceable agreement with definite terms and adequate consideration.

48.     There is an absence of a genuine issue of material fact to establish that PSG used the Marks in commerce for the appropriate classes of goods at issue in this case or used them consistently for a period of more than three years, which results in abandonment of the Marks.

49.     Even if this Court does not grant total summary judgment, it is requested that partial summary judgment be entered to narrow the issues before trial, to include:

    a.  Any claims related to breach of contract between the parties is limited to the Equipment Purchase Agreement and sales of equipment and fills in Beaver County;

    b.  That the Equipment Purchase Agreement terminated on February 14, 2018, if not sooner; and/or

    c.  That the Marks are distinctive, as alleged by the parties, and therefore entitled to protection under the Lanham Act.

Respectfully submitted,

SPILMAN THOMAS & BATTLE, PLLC

By:/s/ Julian E. Neiser
    Julian E. Neiser
    Pa. Id. No. 87306

    T: 412-325-1116
    F: 412-325-3324
    E: jneiser@spilmanlaw.com

    One Oxford Centre, Suite 3440
    301 Grant Street
    Pittsburgh, PA  15219

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

PENNSYLVANIA SKILL GAMES LLC,          CIVIL ACTION NO. 2:18-CV-00722-PLD

        Plaintiff,          CONSOLIDATED

        v.          The Honorable Patricia L. Dodge

ACTION SKILL GAMES, LLC,

        Defendant.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **POM's Motion for Summary Judgment** was served upon the undersigned counsel of record this 24th day of February, 2021 via the Court's CM/ECF System:

Via email to mailroom.grz@zegarelli.com

Gregg R. Zegarelli, Esquire
Zegarelli Technology & Entrepreneurial
Ventures Law Group, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA  15241

**Counsel for Plaintiff Pennsylvania
Skill Games LLC**

SPILMAN THOMAS & BATTLE, PLLC

/s/ Julian E. Neiser
Julian E. Neiser