## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

      Plaintiffs,

      V.

PENNSYLVANIA SKILL GAMES, LLC,

      Defendant.

PENNSYLVANIA SKILL GAMES, LLC,

      Plaintiff,

      V.

PACE-O-MATIC, INC. and MIELE MAN-
UFACTURING, INC.

      Defendants.

CIVIL ACTION NUMBER:
2:18-cv-00722-PLD

The Hon. Patricia L. Dodge

**PENNSYLVANIA SKILL GAMES' RE-
PLY TO COMBINED BRIEF IN OPPO-
SITION [ECF 127]**

1.     Pace-O-Matic, POM of Pennsylvania, Savvy Dog, and Miele Manufacturing ("POM Parties") have conflated a volume of issues, including timing logistics. [ECF 126, 127] In prudence and caution, Pennsylvania Skill Games files this short Reply with salient points for the Court's consideration.

2.     The general issue began *during the discovery period prior to closure*, on December 31, 2020, with the informal request for the deposition of Mr. Cline. [ECF 96-5[1]]  On January 22,

---

[1] At that time, the request was informal, without specifying the type of witness, which was summarily rejected by counsel for the POM Parties.  ECF 96, Exhibit 5]

2021, when the POM Parties filed their motion for a protective order [ECF 95], neither the newly disclosed emails were known [ECF 112/113], nor was the "draft" agreement [ECF 95, 105].  Neither the undersigned nor this Court had the documents for purposes of briefing or review.

3.    The POM Parties cite to *Upjohn Co. v. United States*, 449 U.S. 383, 389–90, 394–395 (1981) and *Se. Pennsylvania Transp. Auth. v. Caremarkpcs Health,* 254 F.R.D. 253, 258 (E.D. Pa. 2008) both of which are inapplicable.  Once the POM Parties put the emails into play, albeit late, they are responsible for the result.  They put them in late, but they put it in.  The Privilege Log was not even provided until February 16, 2021.  *Compare*, Exhibit 1, September 10, 2020.[2]

4.    At the deposition of Mr. Warren on October 8, 2020, counsel for the POM Parties represented that "*whatever is in existence* has been sent over to you that falls within the scope of the discovery requests." [ECF 105, *fn.* 2 (emphasis added)[3]]  This context is placed in conjunction with ostensible "**Produced.**" responses to discovery requests [ECF 105, ¶5], in conjunction with no statement of withheld documents [Id.] required by Fed.R.Civ.P. 15(b)(2)(C), Mr. Miele's clear and confirmed testimony at P63:L17–21, and the fact that boilerplate objection are waivers. *See, e.g., Smash Technology v. Smash Solutions*, 107 Fed.R.Serv.3d 417, 335 F.R.D. 438 (2020)[4]

---

[2] The date is prior to the referenced Miele deposition, and noting that counsel for the POM Parties was a direct recipient on the now disclosed emails, appearing for the first time on the *post-discovery,* February 16, 2021, Privilege Log. [ECF 112-2]

[3] The *representation* was stated in the context of a specific document or documents being discussed.  In retrospect, the closing qualifier by counsel then effectively contradictorily evaded the very essence of the representation, as is only now known.  The undersigned requests that the court consider the "draft" document objection and this context and intention, particularly in light of the required good faith, the discovery requests, discovery responses, and the clear and confirmed testimony of Mr. Miele "No e-mail?  No, sir.  No follow up e-mail?  No, Sir." [ECF 105, Exhibit 7, P63:L17–21]

[4] "[I]t leaves the propounding party unclear about which of the numerous general objections is purportedly applicable as well as whether the documents or answers provided are complete, or whether responsive documents are being withheld." 335 F.R.D., at 447; *see, also,* FED. RULES HANDBOOK, 2021, at 940, ¶1.

5.      Mr. Cline is the best person to testify to the claimed "telephone call" testified to by Mr. Miele [ECF 105, Exhibit 7, P63:L17–21], Mr. Cline is the best person to testify as to the "iterated" document(s) testified to by Mr. Warren [ECF 105, Exhibit 3, P50:L25–P52:L11], and Mr. Cline is the best person to testify to the recently produced "*speak now or forever hold your peace*" email thread he wrote and of which he is the central participant [ECF 127-2], requiring that he needed to "**make sure**" Mr. Miele is "**in agreement**." [ECF-127-2] The POM Parties seek to argue both sides, as why Mr. Cline "said what he said" for a telephone call that Mr. Cline testified that did not occur as testified to by Mr. Miele, but only through after-discovery emails required to "make sure they are in agreement" presumably because of the very "relationship" to which he was directed not to answer.  [Id., at p. 2; ECF 118, ¶3]

6.      The POM Parties try to argue relevancy, which is frivolous.  The relevance of the discovery sought is clear and convincing.  The inquiry is proper *for trial* and is thereby clearly discoverable.  Whether there is an "agreement" or a "relationship," between Miele Manufacturing and one of the other POM Parties is clearly at issue in the case as set forth of record [ECF 96, 105, 112, 116, 117, 118].[5]  "Why a person says" what he or she says is clearly a function of any agreement or "relationship" between the parties, and any contention to the contrary is, respectfully, absurd.  The "relationship" "draft" document, is, by its proffer, clearly discoverable, proper for questioning during trial, and is a type of admission.  The POM Parties conflate the standards, the contexts and the timing logistics.

---

[5] Moreover, in the meantime, the Court will take notice that the POM Parties have filed a motion for summary judgment with more than 80 exhibits.  In the interest of justice, any contention of proportionality or burden, of producing draft(s) of proposed agreements, and the related communications, is clearly untenable. *Cf.,* Fed.R.Civ.P. 56(d)(2).

7. Regarding the *in camera* review, the Court will take notice that, only by pressing on the redaction at Mr. Cline's deposition, the suspect redaction "error" would not have been discovered. [ECF 18-1, Cline Deposition, P54:L1–P55:L4]

8. With focused view, the Court will take notice that the POM Parties are resisting the three basic *key* questions [ECF 118, ¶3]: "What is the "relationship" [that tends to influence, guide or control why you say what you say]? [ECF 118-1, Cline Deposition, P29:L16–19] Are there documents that embody that "relationship" [that tends to influence, guide or control why you say what you say]? [ECF 118-1, Cline Deposition, P29:L21–22] What is your involvement within or in defining that "relationship" [that tends to influence, guide or control why you say what you say]. [ECF 118-1, Cline Deposition, P58:L13–18]

9. The POM Parties would have this Honorable Court forget the facts that ground the context at issue.

10. Moreover, lest it be lost in the volume of argumentative text, it is telling that Mr. Cline was directed by counsel not to answer a clearly proper critical deposition question regarding the email verbatim text, "*And you understand PA Skill Games here used by Mr. O'Bier is referencing Mr. Unis and Pennsylvania Skill Games, the party in this case?*" [ECF 118-1, Cline Deposition, P43:L18-20; ECF 118, at ¶3]. This is a critical question in the case, and it also implicates the coordinated failure of all four POM Parties in the timely email production that was specifically requested to avoid "clever filters." [ECF 96, *fn.*1–2, p. 2–3; ECF 116, *fn.* 1, at p. 2]

11. Balancing the interest of justice, no prejudice will occur to the POM Parties for this Honorable Court to grant the relief requested, but prejudice will occur if this Honorable Court does not grant the relief. Issues regarding relevance, burdensomeness and proportionality are clearly in favor of Pennsylvania Skill Games. Issues regarding timing are clearly in favor of Pennsylvania

Skill Games; moreover, properly balanced for the injury that would occur in light of context and the conduct of the POM Parties, a punitive result placed onto Pennsylvania Skill Games is not justified and would not serve the interests of justice. Accordingly, Pennsylvania Skill Games prays that this Honorable Court GRANT the relief it has requested of record.

WHEREFORE, Pennsylvania Skill Games prays that this Honorable Court GRANT the relief requested of record.

Dated: March 3, 2021

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717
TECHNOLOGY & ENTREPRENEURIAL
  VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Pittsburgh, PA 15241-2565, USA
v.412.833.0600 f.412.833.0601

## CERTIFICATE OF SERVICE

I hereby certify my belief that a true and correct copy of the foregoing Request for Reconsideration was served upon the following counsel via the Court's CM/ECF System on the date set forth below:

March 3, 2021

Julian E. Neiser, Esq.
SPILMAN THOMAS & BATTLE, PLLC
jneiser@spilmanlaw.com

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
  VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com