## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

          Plaintiffs/Counterclaim
          Defendants,

          v.

PENNSYLVANIA SKILL GAMES, LLC,

          Defendant/Counterclaim
          Plaintiff.

CIVIL ACTION NO. 2:18-CV-00722-PLD

CONSOLIDATED

The Honorable Patricia L. Dodge

---------------------------------------------------------------------------------------------------------------------

PENNSYLVANIA SKILL GAMES, LLC

          Plaintiff,

          v.

PACE-O-MATIC, INC. and MIELE
MANUFACTURING, INC.,

          Defendants.

## POM PARTIES' MOTION TO STRIKE
## PENNSYLVANIA SKILL GAMES, LLC'S RESPONSIVE STATEMENT OF FACTS

POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic, Savvy Dog Systems, LLC, Pace-O-Matic, Inc. and Miele Manufacturing, Inc., (collectively the "POM Parties"), by counsel, move to strike *Pennsylvania Skill Games' Responsive Concise Statement of Facts to POM Parties Concise Statement of Material Facts* [ECF No. 135-1] due to its failure to comply with Local Rule of Civil Procedure 56(C). For the reasons stated below and for the reasons stated more fully in the POM Parties' supporting brief, the POM Parties respectfully request that the Court grant the proposed Order, which is attached as **Exhibit A**. In support of this motion, the POM Parties state:

{13886229.1}

**INTRODUCTION**

1. The POM Parties timely moved for summary judgment in accordance with Fed. R. Civ. P. 56, and filed a motion for summary judgment [ECF No. 122], concise statement of material facts [ECF No. 122-1], an appendix [ECF No. 122-2], numerous exhibits supporting the POM Parties' motion for summary judgment [ECF Nos. 122-3–82; 124-1-7; and 125-1–2], and a supporting memorandum of law [ECF No. 123].

2. Defendant Pennsylvania Skill Games, LLC ("PSG") timely responded to the POM Parties' motion for summary judgment by filing Pennsylvania Skill Games' Memorandum in Opposition to POM's Motion for Summary Judgment ("Responsive Statement of Facts") [ECF No. 135], Pennsylvania Skill Games' Responsive Concise Statement of Facts to POM Parties Concise Statement of Material Facts [ECF No. 135-1], an appendix [ECF No. 135-2], as well as supporting exhibits.

3. Now, the POM Parties move to strike PSG's Responsive Statement of Facts because it is not concise, it includes irrelevant information that does not contradict or explain the undisputed facts asserted by the POM Parties, it fails to identify specific material facts that are genuinely at issue, and it fails to identify specific portions of the record that support denials of the undisputed facts asserted by the POM Parties.

**LEGAL STANDARD**

4. A party may move to strike portions of a responsive statement of facts that fail to conform to LCvR 56(B) or (C). *See Weitzner v. Sanofi Pasteur, Inc.*, No. 3:11-CV-02198, 2017 WL 3894888, at *3 (M.D. Pa. Sept. 6, 2017), aff'd, 909 F.3d 604 (3d Cir. 2018); *see also See Brugh v. Mount Aloysius Coll.*, No. 3:17-CV-71, 2019 WL 7505741, at *2 (W.D. Pa. Aug. 15, 2019).

5.      "The purpose of a concise statement of material facts and responsive concise statement under Local Rule 56 is to provide a mechanism by which courts can expeditiously determine what, if any, material facts are in dispute." *Lewis v. Delp Fam. Powder Coatings, Inc.*, No. CIV.A 08-1365, 2010 WL 3672240, at *4 (W.D. Pa. Sept. 15, 2010).

6.      The party opposing a motion for summary judgment must specifically respond to the movant's concise statement of material facts by: (a) admitting or denying whether each separately numbered fact is undisputed and/or material; (b) setting forth the basis of each denial with appropriate references to particular pleadings, depositions, answers to interrogatories, admissions on file or other part of the record supporting the opposing party's denial; and (c) the opposing party may "set forth in separately numbered paragraphs any other material facts that are allegedly at issue, and/or that the opposing party asserts are necessary for the Court to determine the motion for summary judgment." LCvR 56(C)(1) and 56(B)(1).

7.      The Court may strike noncompliant responses. *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 614 (3d Cir. 2018).

8.      Additionally, the Court may deem unsupported responses to be admitted. LCvR 56(E); *Keith v. Charter Commc'ns, Inc.*, No. 1:18-CV-110, 2020 WL 2394997, at *2 (W.D. Pa. May 12, 2020) (referencing FRCP 56(e) and LCvR 56(E)).

## ARGUMENT

9.      PSG's Responsive Statement of Facts fails to comply with LCvR 56(C) in a number of significant ways: (a) PSG fails to appropriately reference particular evidence in the record in support of its denials, (b) PSG includes irrelevant information in direct response to the POM Parties' undisputed facts, (c) PSG improperly inserts arguments, opinions, and personal attacks

{13886229.1}

throughout its Responsive Statement of Facts, and (d) PSG relies on improper documents that are either inadmissible or not included in either party's appendix.

**A.    PSG's Responsive Statement of Facts fails to appropriately cite specific portions of the record in support of its denials.**

10.    PSG cites no evidentiary support, other than referring to its own responses in the Responsive Statement of Facts, for paragraphs: 5, 7, 12, 13, 14, 20, 21, 22, 28, 31, 32, 34, 40, 43, 48, 51, 52, 53, 54, 56, 62, 70, 76, 77, 78, 79, 81, 85, 96, 89, 90, 91, and 92.

11.    PSG's practice of supporting denials with references to responses within its Responsive Statement of Facts does not comply with LCvR 56(C)(1)(b), and it creates unnecessary confusion that makes it impossible to determine whether PSG has identified any facts that create a genuine issue of material fact.

12.    As such, these responses must be stricken in their entirety.

13.    Without any support for these responses, the POM Parties undisputed facts identified in the POM Parties Concise Statement of Material Facts at paragraphs 5, 7, 12, 13, 14, 20, 21, 22, 28, 31, 32, 34, 40, 43, 48, 51, 52, 53, 54, 56, 62, 70, 76, 77, 78, 79, 81, 85, 96, 89, 90, 91, and 92, must be deemed admitted.

14.    Additionally, the POM Parties respectfully request that this Court strike all of PSG's improper attempts to support its responses by citing to other responses in its Responsive Statement of Facts.

15.    In addition to citing portions of the record, PSG attempts to support or incorporate its responses in other paragraphs within paragraphs: 6, 8, 9, 10, 11, 15, 16, 18, 23, 24, 25, 27, 29, 30, 33, 25, 26, 41, 42, 44, 45, 46, 47, 49, 50, 57, 60, 65, 67, 71, 73, 74, 75, 80, 82, 84, 87, 88, 93, and 94.

16.     This practice of incorporation by reference is improper and all such references must be stricken.

17.     As a result, PSG's responses to paragraphs 6, 8, 9, 10, 11, 15, 16, 18, 23, 24, 25, 27, 29, 30, 33, 25, 26, 41, 42, 44, 45, 46, 47, 49, 50, 57, 60, 65, 67, 71, 73, 74, 75, 80, 82, 84, 87, 88, 93, and 94, may only be supported by the specific references to the record in each individual paragraph.

**B.     PSG's Responsive Statement of Facts improperly inserts irrelevant and nonresponsive information in response to the POM Parties undisputed facts.**

18.     Rather than admitting or denying each of the POM Parties undisputed facts and concisely supporting each denial, PSG routinely includes irrelevant information that is unresponsive to the POM Parties' undisputed facts.

19.     While a party opposing summary judgment may include additional material facts that it believes to be material and genuinely disputed, LCvR 56(C)(1)(c) requires that such additional facts be included in separately numbered paragraphs.

20.     PSG did not do so, and instead inserted irrelevant and nonresponsive "facts" in direct response to virtually each one of the POM Parties' undisputed facts.

21.     The POM Parties attach as **Exhibit B** an annotated copy of PSG's Responsive Statement of Facts that highlights each irrelevant and nonconforming fact that PSG improperly asserted.

22.     The identified portions of PSG's Responsive Statement of Facts contradict the letter of LCvR 56(C)(1) and undermine its purpose by obscuring the justification of PSG's denials to each undisputed fact.

23.     For these reasons, The POM Parties' request that the Court strike the identified improper portions within Exhibit B.

{13886229.1}

**C.     This Court should strike all legal arguments, opinions, and personal attacks from PSG's Responsive Statement of Facts.**

24.     PSG includes improper argument, opinions, and personal attacks throughout its Responsive Statement of Facts.

25.     "[I]nterspersing opinions, commentary and/or arguments with facts in the concise statements and responsive concise statements is inappropriate and best left to the analysis section of counsels' briefs. Personal attacks, however, are never appropriate in any court filing." *Lewis v. Delp Fam. Powder Coatings, Inc.*, No. CIV.A 08-1365, 2010 WL 3672240, at *4 (W.D. Pa. Sept. 15, 2010).

26.     For example, PSG improperly contend that Pace did not create the Stylized Mark, but rather it merely "refreshed" PSG's existing mark by adding "canned" art. *E.g.* ECF No. 135-1, at ¶¶ 6, 9, 11, 34, 74 and 76.

27.     And, PSG improperly asserts that the POM Parties acted in bad faith, engaged in conspiratorial schemes, and misrepresented testimony, among other personal attacks. *E.g.* ECF No. 135-1, at ¶¶ 1, 3, 8, 9, 10, 11, 18, 46, 70, 71, 82, 89, 90, and 92.

28.     These examples are merely representative of PSG's pervasive practice of improperly inserting legal argument, opinions, and personal attacks throughout PSG's Responsive Statement of Facts.

29.     Instead of overwhelming the Court with each instance of PSG's improper legal argument, opinions, and personal attacks, the POM Parties identified each improper statement within Exhibit B.

30.     The POM Parties respectfully request that this Court strike PSG's improper legal argument, opinions, and personal attacks from its Responsive Statement of Facts as identified in Exhibit B.

6

**D.     PSG's reliance on inadmissible evidence that is not properly before the Court, must be stricken.**

31.     PSG cites to inadmissible evidence in support of its Responsive Statement of Facts.

32.     First, PSG improperly relies on inadmissible hearsay evidence in support of a number of its denials within its Responsive Statement of Facts.

33.     "[I]t is well-established that only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment." *Bouriez v. Carnegie Mellon Univ.*, No. CIV.A. 02-2104, 2005 WL 2106582, at \*3 (W.D. Pa. Aug. 26, 2005).

34.     PSG Exhibit Nos. 24.1–24.4, and 26 are hearsay, and PSG has not provided any indication that it intends to offer this evidence in an admissible form at trial.

35.     Second, PSG improperly cites to evidence that has not been presented to the Court in either the POM Parties appendix or PSG's appendix.

36.     Evidence cited with an opposing party's responsive concise statement of facts must be included in either its appendix or the appendix provided by the movant. *Bouriez*, 2005 WL 2106582, at \*3.

37.     PSG refers to the Deposition of Rick Goodling ("Goodling Dep.") in paragraph 16 and 50 of the Responsive Statement of Facts.

38.     The Goodling Dep. is not included in either party's appendix, and therefore, all citations to and all statements relying on the Goodling Dep. must be stricken.

39.     Similarly, PSG requests that the Court take judicial notice of Pennsylvania State Police citations in paragraph 2 of its Responsive Statement of Facts.

40.     These citations are not contained in either party's appendix.

7

{13886229.1}

41.    All references to documents that are not included in either party's appendix are improper and those references, as well as any statements relying on these documents, must be stricken.

42.    Third, PSG included documents that have were not produced in discovery, namely pages 14–27, and 33–34 of PSG's Exhibit No. 1.

43.    .

44.    Local Rule 56(B)(1) demands that opposing party's cite evidence in the record in support of each denial.

45.    As this evidence was not exchanged in discovery, it is not part of the record.

46.    Thus, References to Exhibit 1 in PSG's Responsive Statement of Facts must be stricken.

**WHEREFORE**, POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic, Savvy Dog Systems, LLC, Pace-O-Matic, Inc. and Miele Manufacturing, Inc., respectfully request that this Court enter the attached proposed Order and:

a. Strike the portions of PSG's Responsive Statement of Fact identified in Exhibit B, including all irrelevant and nonresponsive facts, legal argument, opinions, and personal attacks;

b. Strike all improper attempts to incorporate paragraphs from PSG's Responsive Statement of Facts within PSG's response; and

c. Deem admitted the POM Parties' undisputed facts in its Concise Statement of Facts at paragraphs: 5, 7, 12, 13, 14, 20, 21, 22, 28, 31, 32, 34, 40, 43, 48, 51, 52, 53, 54, 56, 62, 70, 76, 77, 78, 79, 81, 85, 96, 89, 90, 91, and 92,

{13886229.1}

Respectfully submitted,

Dated:  April 7, 2021                         SPILMAN THOMAS & BATTLE, PLLC

By:/s/ Julian E. Neiser
    Julian E. Neiser
    Pa. Id. No. 87306
    One Oxford Centre, Suite 3440
    301 Grant Street
    Pittsburgh, PA  15219
    T:  (412) 325-1116
    F:  (412) 325-3324
    E:  jneiser@spilmanlaw.com

    James C. Walls, III
    Pa. Id. No. 326841
    One Oxford Centre, Suite 3440
    301 Grant Street
    Pittsburgh, PA  15219
    T:  (412) 325-1118
    F:  (412) 325-3324
    E:  Jwalls3@spilmanlaw.com

**Attorneys for POM Of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, Savvy Dog Systems, LLC, Pace-O-Matic, Inc. and Miele Manufacturing, Inc.**

9

{13886229.1}

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

        Plaintiffs/Counterclaim
        Defendants,

        v.

PENNSYLVANIA SKILL GAMES, LLC,

        Defendant/Counterclaim
        Plaintiff.

CIVIL ACTION NO. 2:18-CV-00722-PLD

CONSOLIDATED

The Honorable Patricia L. Dodge

## CERTIFICATE OF SERVICE

I, Julian E. Neiser, counsel for POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic, Savvy Dog Systems, LLC, Pace-O-Matic, Inc. and Miele Manufacturing, Inc., do hereby certify that on the 7th day of April, 2021, I served the foregoing **POM's Motion to Strike Pennsylvania Skill Games, LLC's Responsive Statement of Facts** to counsel of record via the Court's CM/ECF System:

Via email to mailroom.grz@zegarelli.com

Gregg R. Zegarelli, Esquire
Technology & Entrepreneurial
  Ventures Law Group, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA  15241-2565

**Counsel for Pennsylvania Skill Games, LLC**

SPILMAN THOMAS & BATTLE, PLLC

By: /s/ Julian E. Neiser
     Julian E. Neiser

10

{13886229.1}