**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | CIVIL ACTION NO. 2:18-CV-00722-PLD |
| | CONSOLIDATED |
| Plaintiffs/Counterclaim Defendants, | The Honorable Patricia L. Dodge |
| v. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Defendant/Counterclaim Plaintiff. | |

-----------------------------------------------------------------------------------------------------------------------

PENNSYLVANIA SKILL GAMES, LLC

Plaintiff,

v.

PACE-O-MATIC, INC. and MIELE MANUFACTURING, INC.,

Defendants.

**BRIEF IN SUPPORT OF POM PARTIES'**
**MOTION TO STRIKE PENNSYLVANIA SKILL GAMES, LLC'S**
**RESPONSIVE STATEMENT OF FACTS**

The *Responsive Statement of Material Facts to POM Parties Concise Statement of Material Facts* [ECF No. 135-1] ("Responsive Statement of Facts") filed by Pennsylvania Skill Games, LLC ("PSG") does not comply with Local Rule of Civil Procedure 56(C). Specifically, PSG's Responsive Statement of Facts: (a) fails to appropriately reference particular evidence in the record in support of its denials; (b) impermissibly includes irrelevant information in direct response to the POM Parties' undisputed facts; (c) improperly inserts legal arguments, opinions, and personal attacks; and (d) relies on improper documents that are either inadmissible or not

{13883275.2}

included in either party's appendix. These nonconformities are significant and pervasive. PSG's Responsive Statement of Facts should be stricken in its entirety. Otherwise, it is respectfully submitted that this Court exclude certain proposed findings PSG offers in support of its response and deem PSG's nonconforming responses admitted.

## I.    LEGAL STANDARD

A party may move to strike portions of a responsive statement of facts that fail to conform to LCvR 56(B) or (C). *See Weitzner v. Sanofi Pasteur, Inc.*, No. 3:11-CV-02198, 2017 WL 3894888, at *3 (M.D. Pa. Sept. 6, 2017), *aff'd*, 909 F.3d 604 (3d Cir. 2018); *see also See Brugh v. Mount Aloysius Coll.*, No. 3:17-CV-71, 2019 WL 7505741, at *2 (W.D. Pa. Aug. 15, 2019) (granting plaintiff's motion to strike immaterial facts contained in defendant's 381-paragraph statement of material facts and holding that plaintiff need not respond to paragraphs that were not used in defendant's memorandum of law in support of its motion for summary judgment). The Court may strike entire paragraphs that are noncompliant. *See Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 614 (3d Cir. 2018). Additionally, the Court may deem facts that are not properly opposed to be admitted. LCvR 56(E); *Keith v. Charter Commc'ns, Inc.*, No. 1:18-CV-110, 2020 WL 2394997, at *2 (W.D. Pa. May 12, 2020) (referencing FRCP 56(e) and LCvR 56(E)).

"[A] proper statement of facts should enable 'the court to identify contested facts expeditiously and [prevent] factual disputes from becoming obscured by a lengthy record.'" *Weitzner v. Sanofi Pasteur, Inc.*, No. 3:11-CV-02198, 2017 WL 3894888, at *11 (M.D. Pa. Sept. 6, 2017), aff'd, 909 F.3d 604 (3d Cir. 2018) (quoting *Pinegar v. Shinseki*, No. 1:07-CV-0313, 2009 WL 1324125, at *1 (M.D. Pa. May, 12, 2009). "The purpose of a concise statement of material facts and responsive concise statement under Local Rule 56 is to provide a mechanism by which courts can expeditiously determine what, if any, material facts are in dispute." *Lewis v. Delp Fam. Powder Coatings, Inc*., No. CIV.A 08-1365, 2010 WL 3672240, at *4 (W.D. Pa. Sept. 15, 2010).

In other words, in the movant's concise statement of material facts, the movant must identify the facts it believes to be undisputed in separately numbered paragraphs and reference the specific evidence supporting its motion for summary judgment. *See* LCvR 56(B)(1). By identifying specific material facts that are supported by evidence in the appendix, the movant carries its burden of proving that there is no genuine issue of material fact. The opposing party, through its responsive statement of material facts, must then identify which of the movant's facts are material and cite to *specific* evidence that demonstrates the movant's facts are genuinely disputed. LCvR 56(C)(1). If opposing party denies the substance of the factual statement, citation to specific evidence in the record supporting such denial is required. *Lewis*, 2010 WL 3672240, at *3.

"Failure to comply with these rules has consequences, as '[a]lleged material facts set forth in the moving party's Concise Statement of Material Facts . . . will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party.'" *Kelly v. Dejoy*, No. CV 19-204, 2021 WL 914207, at *4 (W.D. Pa. Mar. 10, 2021) (quoting *Cuppett v. Rite Aid of Pennsylvania, Inc.*, No. 3:18-CV-14, 2019 WL 5310578, at *1, n. 1 (W.D. Pa. Oct. 21, 2019) (quoting LCvR 56(E)). Courts "in this District have deemed facts to be admitted when responsive summary judgment materials have failed to comply with the Local Rules of Court." *Id*. The opposing must not only comply with the letter of the local rules, but the spirit as well, which is to simplify the issues for summary judgment. *See Weitzner*, 2017 WL 3894888, at *11 (striking statements in responsive statement of facts that contravene the purpose of Local Rule 56.1).

## II.    <u>ARGUMENT</u>

PSG's Responsive Statement of Facts does not comply with the letter or the spirit of Local Rule 56(C)(1). Far from clarifying PSG's position and identifying genuinely disputed material facts, PSG creates confusion and improperly attempts to shifts its burden of identifying disputed

3

facts onto the Court. PSG—not the Court—bears the obligation of identifying specific factual disputes. Yet, PSG's convoluted and improper Responsive Statement of Facts fails to identify specific evidence supporting its denials and asks the Court to scour the record to find the support that PSG could not (or does not have). PSG's Responsive Statement of Facts does not comply with LCvR 56(C)(1), and more importantly, it does not assist the Court in easily determining whether any genuinely disputed material facts exist. For these reason, the POM Parties respectfully request that the Court strike PSG's nonconforming responses within its Responsive Statement of Facts.

A.    **PSG's Responsive Statement of Material Facts must be stricken because it is not concise, it does not specifically identify facts contradicting the POM Parties' undisputed facts, and it fails to provide specific citations to the record in support of its denials.**

PSG's responses within its Responsive Statement of Facts substantially departs from Local Rule of Civil Procedure 56(C)(1) in a number of ways. First, and most glaring, PSG repeatedly incorporates and cites to paragraphs of its Responsive Statement of Facts in other paragraphs of the same document. The result is a web of circular citations that incorporate virtually the entire record in response to discreet factual averments. Second, PSG's responses far exceed the scope of the POM Parties' undisputed facts and include additional irrelevant, immaterial "facts." Third, PSG improperly inserts argument throughout its responses. As a result of these departures from LCvR 56(C)(1), the POM Parties request that this Court strike PSG's noncompliant responses and deem the POM Parties' undisputed facts admitted.

1.    **PSG's denials of the POM Parties' undisputed facts do not properly reference supporting evidence.**

The POM Parties respectfully request that this Court strike the following paragraphs in PSG's Responsive Statement of Fact in their entirety: 5, 7, 12, 13, 14, 20, 21, 22, 28, 31, 32, 34, 40, 43, 48, 51, 52, 53, 54, 56, 62, 70, 76, 77, 78, 79, 81, 85, 96, 89, 90, 91, and 92. PSG supports these responses by incorporating or referencing nothing more than its own denials set out in other

{13883275.2}

paragraphs within its Responsive Statement of Facts. Proper responses must set forth the basis for PSG's denials by referencing a specific portion of a "particular pleading, deposition, answer to interrogatory, admission on file or other part of the record[.]" LCvR 56(B)(1) and (C)(1)(b). PSG does not do so. Instead, PSG's practice of incorporating its own responses within one another obscures any evidence in the record that PSG may rely on in support of its denials. As a result, PSG's responses in the enumerated paragraphs are improper and must be stricken. And, because PSG's responses to the enumerated paragraphs are unsupported by any evidence, the POM Parties' undisputed facts to which these paragraphs relate must be deemed admitted under LCvR 56(E).

Attempting to follow the chain of PSG's incorporated responses demonstrates the significance of PSG's noncompliance. Take for example PSG's response to Paragraph 85 of the POM Parties' Statement of Facts. The POM Parties assert: "Mr. Harris admits that he only went to fewer than 25 locations on behalf of PSG." POM Parties' CSF, ¶ 85 (citing Ex. NNN, Deposition of Marvin Harris ("Harris Depo"), 27:17-28:5). PSG responds to this undisputed fact as follows:

> It is immaterial that Mr. Harris recalled that he went to fewer than 25 locations on behalf of PSG. The Equipment Purchase Agreement specifically did not include minimum performance requirements. PSG incorporates by this reference its responses in ¶84.

PSG's RSF, ¶ 85 (citing PSG RSF ¶ 84). PSG's response to paragraph 84 incorporates its responses to paragraphs 8, 11, 16, 29, 30, 44, 50, and 66. Thus, to support its response to paragraph 85, PSG relies on its responses to paragraphs 84, 8, 11, 16, 30, 44, 50, and 66, as well as the evidence supporting those paragraphs. To complete this exercise, the Court should be aware of the following circuit that must be completed:

- PSG's response to paragraph 8 is two pages long and is supported by 52 citations to the record.

5

- PSG's response to paragraph 11 of the POM Parties' Statement of Facts, which relies on paragraph 8 and 9, is a full page long and is supported by 24 additional citations to the record.
  - o PSG's response to paragraph 9 of the POM Parties' Statement of Facts, cites its response to paragraph 6 and an additional 22 citations to the record.
    - PSG's response to paragraph 6 relies on its responses to paragraphs 1–4, 15, 29, and an additional 34 citations to the record.
      - PSG's response to paragraph 1 cites an additional 23 portions of the record.
      - PSG's response to paragraph 2 relies on two citations to the record.
      - PSG's response to paragraph 3 is supported by seven citations to the record.
      - PSG's response to paragraph 4 relies on five citations to the record.
  - o PSG's response to paragraph 15 is more than two pages long and relies on paragraphs 8 and 11, and **78 citations** to the record.
- PSG's response to paragraph 16 incorporates its response to paragraphs 8 and 15, as well as two additional citations to the record.
- PSG's response to paragraph 29 incorporates its responses to paragraphs 8 and 11, and relies on an additional 21 citations to the record.
- PSG's response to paragraph 30 incorporates its responses to paragraphs 11 and 29, and relies on an additional nine citations to the record.
- PSG's response to paragraph 44 incorporates its responses to paragraphs 8, 15, and 29, and relies on an additional 17 citations to the record.
- PSG's response to paragraph 50 incorporates PSG's responses to paragraphs 8, 15, and 29, and relies on an additional 11 citations to the record.

- PSG's response to paragraph 66 relies on an additional three citations to the record.

Thus, to identify the specific evidence that PSG relies on to support its denial of the fact that "Mr. Harris admits that he only went to fewer than 25 locations on behalf of PSG." (POM Parties' CSF, ¶ 85), this Court and the POM Parties must **analyze 15 of PSG's responses and <u>310 citations to the record</u>**. What's more, none of these facts contradict or call into question the undisputed fact that Mr. Harris only visited 25 or fewer locations on behalf of PSG, a fact that goes to the issue of PSG's efforts to distribute machines in the market and avoid abandonment. Not only that, Mr. Harris did indeed admit this very fact. PSG has taken the position that it "went to every location" in Beaver County to support its contentions of being the be-all-end-all in skill games and directed the POM Parties to talk to Marvin Harris. The express denial by Marvin Harris goes directly to damages, mitigation, and performance. Conversely, sales performance requirements, e.g., how many machines PSG must buy, has nothing to do with this issue or this statement of fact.

Paragraph 85 of PSG's Responsive Statement of Facts is but one example of PSG's noncompliant responses. It is by no means unique. PSG's Responsive Statement of Facts go against the letter of the local rules and completely disregards the purpose of Local Rule 56(C)(1). All responses that fail to cite to a specific portion of a "particular pleading, deposition, answer to interrogatory, admission on file or other part of the record[,]" must be stricken. LCvR 56(B)(1).

In addition, the POM Parties respectfully request that this Court strike PSG's citations to its own responses within paragraphs: 6, 8, 9, 10, 11, 15, 16, 18, 23, 24, 25, 27, 29, 30, 33, 25, 26, 41, 42, 44, 45, 46, 47, 49, 50, 57, 60, 65, 67, 71, 73, 74, 75, 80, 82, 84, 87, 88, 93, and 94. As discussed above, PSG's practice of incorporating its responses within one and another is improper, confusing, and contrary to the purpose of LCvR 56(C). For PSG's responses to be proper under LCvR 56(C)(1), the references to PSG's own responses within the enumerated paragraphs must

7

be stricken. As a result, these responses must rise and fall on the specific references to a "particular pleading, deposition, answer to interrogatory, admission on file or other part of the record[.]" LCvR 56(B)(1). For example, paragraph 6 of PSG's Responsive Statement of Facts cites to and incorporates paragraphs 1–4, 15, and 29, as well as numerous documents within the record. The POM Parties request that PSG's attempts to incorporate its responses in paragraphs 1–4, 15, and 29 within paragraph 6 be stricken. The POM Parties request that the Court strike all PSG's references and citations to its own responses within one another.

The POM Parties' respectfully request that this Court strike PSG's improper attempts to incorporate and/or support its responses to the POM Parties' undisputed facts with other paragraphs within its Responsive Statement of Facts. PSG's responses that are left without support must be deemed admitted pursuant to LCvR 56(E).

### 2. PSG's responses to the POM Parties' undisputed facts dramatically exceed the scope of the POM Parties' assertions and fail to identify the disputed issues of fact.

PSG impermissibly responded to the POM Parties' Statement of Facts by asserting additional "facts" that are not set forth in separately numbered paragraphs as required by Local Rule 56(C)(1)(c). Rather, PSG asserts these additional facts in direct response to the POM Parties' undisputed facts. To make matters worse, the additional facts inserted by PSG frequently have no clear connection to the undisputed fact to which they are purportedly responding or the subject matter at issue. Far from establishing the basis for PSG's denials of the POM Parties' undisputed facts, PSG's inclusion of irrelevant information creates unnecessary confusion as to the facts asserted by the POM Parties to be material and undisputed. As a result, these responses contradict the letter and spirit of LCvR 56(C)(1) and serve only to obstruct the summary judgment process and confuse what should be straightforward issues. The irrelevant information cited by PSG should be stricken.

{13883275.2}

Virtually every paragraph in PSG's Responsive Statement of Facts includes additional and irrelevant "facts" that exceed the scope of the POM Parties' undisputed facts. Because the problem is so pervasive, it is impossible for the POM Parties to efficiently dissect each improper response. Instead, the POM Parties attached an annotated copy of PSG's Responsive Statement of Facts, which highlights the additional and improper facts included by PSG, as Exhibit B to its Motion to Strike PSG's Responsive Statement of Facts. The POM Parties request that this Court strike the highlighted portions of Exhibit B.

### 3. PSG responds to the POM Parties' Concise Statement of Material Facts with inappropriate argument, speculation, and opinions.

In addition to including additional and irrelevant "facts" within its response to the POM parties' undisputed facts, PSG also routinely includes legal argument, opinion, and personal attacks against the POM Parties and their counsel. "[I]nterspersing opinions, commentary and/or arguments with facts in the concise statements and responsive concise statements is inappropriate and best left to the analysis section of counsels' briefs. Personal attacks, however, are never appropriate in any court filing." *Lewis*, 2010 WL 3672240, at *4. As a result, PSG's legal arguments, opinions, and personal attacks must be stricken.

PSG's use of argument and personal attacks is pervasive. Similar to the issues created by PSG's pervasive use of additional and irrelevant facts, the POM Parties cannot reasonably list each instance of noncompliance in this motion. Instead, the POM Parties highlighted nonconforming portions of PSG's Responsive Statement of Fact in Exhibit B. That being said, a number of PSG's improper inclusions warrant special attention.

PSG repeatedly suggests that Pace merely "refreshed" the Stylized Mark and applied "canned art" to an existing design. *E.g.* ECF No. 135-1, at ¶¶ 6, 9, 11, 34, 74 and 76. Yet, PSG offers no evidentiary support for these characterizations. In fact, PSG claims that they granted the

{13883275.2}

POM Parties a "permissive implied oral license . . . in accordance with the Equipment Purchase Agreement." ECF No. 135-1, at ¶ 9. Not only does PSG fail to supply any evidence to support this "permissive implied oral license," PSG ignores the fact that Pace developed the Stylized Mark *before* the parties entered into the Equipment Purchase Agreement on May 20, 2015. *See* ECF 122-1, at ¶ 11. While PSG argues that Pace "refreshed" rather than created the Stylized Mark, PSG offers nothing to contradict the fact that the POM Parties used the Stylized Mark in interstate commerce prior to January 12, 2015. *Compare*, ECF No. 122-1, at ¶ 11; *with* ECF No. 135-1, at ¶ 11.  PSG offers no actual contradictory facts and its "denials" are improper and should be deemed admitted.

PSG offers commentary and opinions on the legality of the Pennsylvania Skill game software in its Responsive Statement of Facts. *See* ECF No. 135-1, at ¶¶ 1 and 25. This commentary is especially improper because PSG has not identified an expert to opine as to the legality of Pace's Pennsylvania Skill game and has expressly stated that its only expert in this case relates to "damages." Without an expert to testify as to the technical aspects of any Pace game, PSG has waived the ability to do so. Any assertions related to whether the Pace software is compliant with Pennsylvania law must be stricken absent an expert opinion.

Throughout the Responsive Statement of Facts, PSG asserts that the POM Parties acted in bad faith, engaged in conspiratorial schemes, and misrepresented testimony, among other personal attacks. *E.g*. ECF No. 135-1, at ¶¶ 1, 3, 8, 9, 10, 11, 18, 46, 70, 71, 82, 89, 90, and 92. Yet, PSG offers *no* substantive evidentiary support for these serious accusations. For example, in paragraph 1 of its Responsive Statement of Facts, PSG boldly asserts that the POM Parties misrepresented Mr. Pace's testimony and that Mr. Pace never said that Pace specializes in "skill-dominant" games. Contrary to PSG's accusation, Mr. Pace did indeed testify that Pace specialized in "skill-dominant

10

doctrinal-type" games. POM Ex. L, Michael Pace April 24, 2019 Dep. 23:18–22. Similarly, in paragraphs 70 and 71 its Responsive Statement of Facts, PSG boldly asserts that the POM Parties made "knowingly false representations" in their federal trademark applications and PSG denies that the POM Parties submitted those applications in "good faith." The only substantive evidence specifically cited by PSG in support of these personal attacks are the trademark applications. ECF No. 135-1, at ¶¶ 70–71. The alleged knowingly false representations and the bad faith intentions behind the filing of these applications is far from obvious on the documents' face. Neither the POM Parties nor this Court should be forced to go on a fishing expedition through the record to figure out what PSG is saying.

Argument and personal attacks have no place in Responsive Statements of Fact. Thus, the POM Parties' highlighted arguments and personal attacks within Exhibit B must be stricken.

**B.      PSG relies on inadmissible evidence in support of its responsive statement of facts. This inadmissible evidence must be stricken.**

Evidence referenced in support of the opposing party's denials of undisputed facts must be included in the appendix and capable of admission at trial. *Bouriez v. Carnegie Mellon Univ.*, No. CIV.A. 02-2104, 2005 WL 2106582, at *3 (W.D. Pa. Aug. 26, 2005). Here, PSG refers to evidence that is not included in either party's appendix and evidence that was not exchanged in discovery. Additionally, PSG relies on hearsay evidence in support of numerous denials of the POM Parties' undisputed facts. PSG's reliance on evidence not included in the record and not capable of admission at trial is misplaced. Reference to this improper evidence must be stricken from PSG's Responsive Statement of Facts.

First, PSG refers to Deposition of Rick Goodling ("Goodling Dep.") in paragraph 16 and 50. The Goodling Dep. is not included in either party's appendix. Thus, under LCvR 56(C)(1) and 56(B)(3), this evidence must be stricken. *See Bouriez*, 2005 WL 2106582, at *3. Similarly, PSG's

11

response to paragraph 2 of the POM Parties Statement of Facts requests that the Court take judicial notice of two Pennsylvania State Police citations and the news article. The citations are not included in the appendix and may not be considered.

Second, PSG offers hearsay in support of its denials of the POM Parties' undisputed facts. "[I]t is well-established that only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment." *Bouriez*, 2005 WL 2106582, at *3. The nonmoving party may offer evidence that is in an inadmissible form in opposition to summary judgment only if the evidence is capable of being admissible at trial. *Robinson v. Hartzell Propeller Inc.*, 326 F. Supp. 2d 631, 645 (E.D. Pa. 2004). "For example, hearsay evidence produced in an affidavit opposing summary judgment may be considered if the out-of-court declarant could later present that evidence through direct testimony, i.e. 'in a form that would be admissible at trial." *Id.* (internal citations omitted). "[T]he mere possibility that hearsay statement will be presented in form of admissible evidence at trial does not warrant consideration of hearsay evidence at summary judgment stage." *Bouriez*, 2005 WL 2106582, at *3 (quoting *Henry v. Colonial Baking Co. of Dothan*, 952 F. Supp. 744, 750 (M.D. Ala. 1996)).

PSG's Exhibit No. 26 is a news article relating to the seizure of numerous gaming machines produced by a variety of manufacturers, including Pace. PSG relies on this article in paragraphs 1, 2, and 93 to demonstrate the fact that Pace's Pennsylvania Skill games have been confiscated. Yet, the news article is hearsay and contains numerous quotations that constitute hearsay within hearsay. More important, these allegations fail to acknowledge what transpired after any alleged seizure and does not negate the fact that the Pace software is legal in Pennsylvania. Thus, PSG's Ex. 26 is inadmissible and must be stricken.

Third, PSG relies on evidence that was not exchanged during discovery, namely pages 14–27, and 33–34 of PSG's Exhibit No. 1. Denials of undisputed facts must include appropriate references to a "particular pleading, deposition, answer to interrogatory, admission on file or other part of the record[.]" LCvR 56(B)(1) and (C)(1)(c). Each of these categories of documents demands that evidence supporting a denial must, at the very least, be part of the record. Even under the most liberal interpretation of the term "record," an opposing party may not rely on evidence that has never been produced throughout discovery. Nevertheless, PSG refers to Exhibit 1 in support of paragraphs 1, 16, 17, 60, 65, 93, and 94.[1] Had PSG believed that pages 14–27 or 33–34 of Exhibit 1 contained material facts, it would surely have produced these documents in discovery. As PSG did not produce pages 14–27 or 33–34 of Exhibit 1, PSG must believe that they contain no significant evidence. Thus, any reliance on pages 14–27 or 33–34 of Exhibit 1, is misplaced and references to this improper evidence must be stricken from PSG's Responsive Statement of Facts.

### III.    CONCLUSION

PSG's Responsive Statement of Facts violates Local Rule of Civil Procedure 56(C)(1). As such, PSG's noncompliant responses within its Responsive Statement of Facts must be stricken. For these reasons, the POM Parties respectfully request that this Court grant their Motion to Strike PSG's Responsive Statement of Facts and enter the proposed order attached to that motion as Exhibit A.

---

[1] Even if Exhibit 1 may be considered, the POM Parties question whether this exhibit provides any support for the denials asserted by PSG in paragraphs 1, 16, 17, 60, 65, 93, and 94 of its Responsive Statement of Fact.

13

Respectfully submitted,

Dated:  April 7, 2021                                   SPILMAN THOMAS & BATTLE, PLLC

By:/s/ Julian E. Neiser
    Julian E. Neiser
    Pa. Id. No. 87306
    One Oxford Centre, Suite 3440
    301 Grant Street
    Pittsburgh, PA  15219
    T:  (412) 325-1116
    F:  (412) 325-3324
    E:  jneiser@spilmanlaw.com

    James C. Walls, III
    Pa. Id. No. 326841
    One Oxford Centre, Suite 3440
    301 Grant Street
    Pittsburgh, PA  15219
    T:  (412) 325-1118
    F:  (412) 325-3324
    E:  Jwalls3@spilmanlaw.com

**Attorneys for POM Of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, Savvy Dog Systems, LLC, Pace-O-Matic, Inc. and Miele Manufacturing, Inc.**

14

{13883275.2}

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | CIVIL ACTION NO. 2:18-CV-00722-PLD |
| | CONSOLIDATED |
|      Plaintiffs/Counterclaim Defendants, | The Honorable Patricia L. Dodge |
|      v. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
|      Defendant/Counterclaim Plaintiff. | |

**CERTIFICATE OF SERVICE**

I, Julian E. Neiser, counsel for POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic, Savvy Dog Systems, LLC, Pace-O-Matic, Inc. and Miele Manufacturing, Inc., do hereby certify that on the 7th day of April, 2021, I served the foregoing **POM's Motion to Strike Pennsylvania Skill Games, LLC's Responsive Statement of Facts** to counsel of record via the Court's CM/ECF System:

Via email to mailroom.grz@zegarelli.com

Gregg R. Zegarelli, Esquire
Technology & Entrepreneurial
  Ventures Law Group, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA  15241-2565

**Counsel for Pennsylvania Skill Games, LLC**

SPILMAN THOMAS & BATTLE, PLLC

By: /s/ Julian E. Neiser
    Julian E. Neiser

15

{13883275.2}