**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | CIVIL ACTION NUMBER: 2:18-cv-00722-PLD |
| Plaintiffs, v. | The Hon. Patricia L. Dodge |
| PENNSYLVANIA SKILL GAMES, LLC, | **PENNSYLVANIA SKILL GAMES' MEMORANDUM IN OPPOSITION TO COMBINED POM PARTIES MOTION TO STRIKE** |
| Defendant. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Plaintiff, v. | |
| PACE-O-MATIC, INC. and MIELE MAN- UFACTURING, INC. | |
| Defendants. | |

1. The POM Parties have now filed a joint motion to strike off a volume of factual references that support the existence of genuine issues of material fact and the need for a trial. [ECF 137] Facts are facts, and Pennsylvania Skill Games is bound by duty to provide references to facts that contradict the unsupported contention that no genuine material issue of fact exists. Genuine issues of material fact are certain and obvious.[1]

---

[1] The overreach here and in the Motion for Summary Judgment by the POM Parties is clear from the volume of evidence of disputed facts, and, *e.g.,* the POM Parties setting forth a claim to a non-existent copyright not even at issue before this Court, [ECF 124, at p. 20], claiming lack of consideration of a contract that their own legal counsel acknowledged [ECF 135, *fn*. 2 and related text, at pp. 4, 16], claiming by untenable inversion of presumptions that Pennsylvania Skill Games did not pay an invoice even though their own Chief Financial Officer confirmed the account was clean in writing. [ECF 123, at 33; ECF 135, at p. 19].

2.    So that the trees are not lost for the forest, there is an implied presupposition by the POM Parties that a response in opposition to a motion with 94 averments and 73 exhibits—*representing only the POM Parties' side of the story*—could be or should be an easy task.  The assertion by the complaining party of <u>no issue</u> *on every count* requires like contention.  A response with 94 or more concise counter-contentions of fact by Pennsylvania Skill Games, or perhaps 188 averments in total, or more (particularly in light of text required for partial admission/denials), plus exhibits, requires significant effort, and setting forth a volume of facts does not mean that any precise fact, as such, is not concisely stated.[2]

3.    As to the format, *first,* the *table cell/matrix format* that was conceded for use by the POM Parties and was used likewise for the response.  Responses are made in-cell within the table matrix and separated for readability.  *Second,* forms of incorporation by reference are used because it modularizes the averments of fact.  In voluminous complex factual pleadings, incorporation by reference has never eliminated the alternate work of managing the references, but the Rules contemplate that it is often preferred to the alternative: voluminous burdensome repetition of contrary averments each of which then has to be tested against all the others.  The moving party cites no reference that commands otherwise.  Incorporation by reference does not move the ball, and for the same reason contemplated by the Rules for factual pleading, it is contemplated to ease the burden from the more difficult alternative.[3]

---

[2] For example, the POM Parties' own concise statements having, in one case, 55 words and another 65 words, which is more than some of what the POM Parties assert is too long, at ECF122-1, No. 24 and 55, respectively.  *See, e.g., fn.,* 7, *infra* and related text.

[3] There are so many references to entwined disputed factual points reserved for the jury, that what might have been a difficult process for the Court hopefully has become easier.  The POM Parties must take responsibility for the volume of citations resulting from their own conduct in asking the same question, over and over, and over—which might be permitted for a deposition, but the tactic has a consequence later.  *See, fn.* 9*, infra* and related text.

4.   The relief sought by the POM Parties is technical and formative, rather than substantive, as the relief is clearly not directed to any need by the POM Parties to frame their reply; indeed, the filing at issue was sufficiently clear for each and all of four separate parties to file their Reply at ECF 136 without any necessary relief.[4]  Their joint Reply was filed prior to the Motion to Strike at ECF 137, without any prejudice averred, and their Proposed Order at ECF 137-1 self-evidences the admission that no relief was required for the POM Parties to file their Reply.  *Simmons v. Nationwide Mut. Fire Ins. Co.,* 788 F.Supp.2d 404 (WD.Pa 2011), citing, *Hanover Ins. Co. v. Ryan,* 619 F.Supp.2d 127, 133 (E.D.Pa.2007) and *Miller v. Group Voyagers, Inc.,* 912 F.Supp. 164, 168 (E.D.Pa.1996) (a motion to strike is not favored, a court will generally not grant such a motion unless the material to be stricken bears no possible relationship to the controversy and may cause prejudice to one of the parties).

The technical draconian relief sought by the POM Parties—that is, that this Court should consider the references first for the purpose of striking them from consideration after—simply does not serve the purpose of the case posture.  Unlike during the pleading stage, the proposed relief to disregard the denial, and then to create an admission contrary to the contending averment, does not serve the interests of justice.[5]

The factual text is one issue and the citation references is a different issue.  *First,* as to the citations, they support the respective denials.  *Second,* if the Court should strike the text and not strike the supporting references to evidence, it simply becomes technical.  Unlike a jury, the Court

---

[4] The joint POM Parties were able to file a reply without requiring relief by, *e.g.,* by an emergency motion for a ruling to allow them to reply; indeed, their joint Reply was filed at ECF 136 without requesting relief.  *See, e.g., Brugh v. Mount Aloysisus Coll.*, No. 3:17-cv-71, 2019 WL 7505741.

[5] If there is some conformity issue, notwithstanding that the cell/matrix response format was conceded by the POM Parties, and because the relief suggested is directed to the Court for the Court's own review purposes, an appropriate order would simply be to order leave to refile with such technical conformity as the Court itself may require for its own review purposes.

is trained to give things the weight it deems that they deserve in its own consideration.  Moreover, the entire substantive task is for the Court simply to decide that there is a genuine dispute.  The Court can take or leave exactly what it needs to serve justice.  Here the Court must decide, in its discretion, whether it serves the interest of justice for the Court to review the references and then to delete the references after having reviewed them as pertinent, rather than simply to give the references the weight it determines they deserve.

5.    The POM Parties cannot even cite to precedent, *e.g.,* citing "see" references to *Weitzner v. Sanofi Pastuer, Inc.,* No. 3:11-cv-02198, 2017 WL 3894888 (M.D.Pa), an unreported case, in a different district, using different local rules.  *Id.*, at *4.  In that case, Plaintiff, as non-moving party, "failed to make any denial, even generally", and did "not dispute that they failed to make even general denials to the forty-nine (49) statements identified by Defendants", *Id.,* at *11.  And, "Because Plaintiffs failed to provide any opposition to forty-nine (49) of the seventy-three (73) paragraphs" they were "considered unopposed." *Id.*  The case is inapplicable or supports Pennsylvania Skill Games' position that it is required by rule to provide the references that support the denial.[6]  *Id.; see also, Lewis v. Delp Family Power Coatings,* 2010 WL 3672240 (WD.Pa).

6.    Rather than take the time in refuting the averments of fact (which they could not do, because the facts are true), they took the tactic to incur a huge volume of time to document claimed technical issues.  For example, in Pennsylvania Skill Games' Response ("**RCS**" ECF 135-1), at No. 4:

> **The first run of Pace Pennsylvania games had not been made as of January 13, 2015, "I will keep my word on you being part of the first run," as confirmed by Ryan Woods.  - - Ex. 6**

---

[6] In that case, at ECF 145-2, the moving party was required to attempt in good faith to try to work it out first between counsel and the non-moving party refused.  The Court will recall that POM Parties approached the undersigned with an unsupported request for a 40% increase in their briefing allotment, but they did not contact the undersigned on this issue in advance of their Motion to Strike.  *See,* ECF 103.

**On January 30, 2015, Ryan Woods represented by email that the "games are starting assembly next week..." - -  Ex. 8.1; Ex. 8.2**

These two averments of contrary facts are neither long nor argumentative, and are no substantively different that the averments by the POM Parties.[7]  Perhaps there are different ways to articulate the essence of a fact, in light of the citation, for the Court's convenience to make a determination as to whether to use the citation, but the undersigned suggests that its references are clearly proper and the claim now raised by the POM Parties is not worthy of the Court's consideration.

7.  The POM Parties—as a plaintiff and the moving party—further complain, for example, that the undersigned used the term "canned" in referencing the background art, which is simply well-known standard term for "stock" or pre-existing public domain art readily available on the internet.  However, this Court will note that if this is some form of infraction, then the POM Parties have unclean hands and are estopped to claim it.  For example, in their own joint statement of facts, looking at Nos. 1 and 2, the POM Parties removed the "doctrine-type" qualifier from their statement of facts, and then inserted "carefully" and "strict."  In responding to the POM Parties' filing, the undersigned simply qualified its response.  RCS Nos. 1 and 2.  This is exactly as suggested by Judge Lenihan in the case cited by the POM Parties, *Lewis v. Delp Family Power Coatings,* 2010 WL 3672240 (WD.Pa) ("The simple solution is for Plaintiff to admit (or deny)...with citation to specific evidence in the record supporting such denial is required.") *Id.,* at *3.  The POM Parties Motion to Strike is a double-up mechanism simply to avoid a clearly necessary trial: file an overly aggressive Motion for Summary Judgment arguing every possible issue (however

---

[7] *E.g., compare* ECF 122-1, No. 22, by the POM Parties: "Mr. DeLuca tasked AU3 to place Pace's Pennsylvania Skill game because he had represented AU3 in the past, but testified that 'there was really nothing in it for him [AU3]' and that AU3's only involvement or actions in this event or the litigation related to the Beaver County Case were to 'pick up a game and put it in a bar.'"

remote and even including arguments regarding a section for non-existence copyright), and then file a motion to strike the response to redirect the attack to the pleading instead of the facts.

8.   Regarding the volume of references, the Court can take notice that certain concepts are entwined and cannot be separated for Pennsylvania Skill Games to refute the fact without citing to contrary facts.  For example, RCS Nos. 6 and 8 generally unify the concept of the contract formation in an organized way, including the conundrum of the multiple "Miele"/L&M competitive entities, with references to their ostensible relationship voluntarily placed at issue by the POM Parties; RCS Nos. 9 and 11 generally address the trademark; RCS No. 15 generally addresses issues relating to legal representation, legal consideration, and opening the Pennsylvania market. For example, the proposed concepts proffered by the POM Parties regarding "exclusivity" and "affiliates" and "assignment" are conjoined in the testimony: to wit, the referenced testimony is replete *ad nauseum* with the relationship between the three concepts.  Accordingly, these are each referenced in a manner to aid the Court, not to burden it.[8]  Pennsylvania Skill Games is duty bound to put its contrary side of the story "somewhere" and, the document challenged was sufficiently clear to allow the POM Parties to file their joint Reply without requested relief to do so.

There is a significant amount of repetitive testimony by Albert Unis, III on the same or similar questions that he answered multiple times.[9]  In accordance with his testimony, the concepts

---

[8] Some of these issues implicate legal conclusion, but the testimony of "how it worked" goes to the jury.  For example, if a person uses a brand to distinguish the product or services, the designation serving to protect the public social interest and commercial reputation, the legal conclusion of a layperson of a "trademark" is immaterial.  AU3 and AU4 both testified to opening the market and how the "assignment," "exclusivity" and "affiliates" were intended to work *vis a vis* each other, which was for AU3 to transfer control of the exclusive Beaver County market to his son, AU4.

[9] Pennsylvania Skill Games cannot be held responsible for the volume of interlocking testimony, resulting from *ad nauseum* repetitious questioning by counsel of the POM Parties.  Just take the 2019 AU4.19 (first) deposition, and consider the endurance by counsel for PSG; to wit: P115:L12-13 "How many more times does he have to answer that?"; P184:L:25-185:4 Zeszutek "We have been through the May 1st, 2015, 30 times by now, yesterday and today." Neiser "Probably more than that."; P178:24-179:1 "Objection, asked and answered several times now. He's explained how he's advertised. I mean do you want him to go through it again?" P203:L19-25 "He's already testified and yesterday's testimony establishes what the facts are." Neiser "Yesterday was yesterday. Today is today." Zeszutek "Are you going to cross examine over this again? We have been going through this now for an hour."; 206:L22 Zeszutek "One

of exclusiveness, affiliates and assignment are interrelated. Therefore, Pennsylvania Skill Games cannot fully deny without incorporating those concepts. Such as it always is with incorporation by reference, it does require a bounce of reference, but the concept exists and is used because that referential bounce is more efficient than managing and reconciling repetitive references. The volume of work by the undersigned will not prove lack of diligence, but, if anything, a reasonable attempt to make a large volume of interrelated references manageable for this Court's future reference to serve the interests of justice.

9.    There are simply a large number of factual references, converging on the same general points, with 94 averments of fact by POM in conjunction with 73 exhibits for their side of the story, and Pennsylvania Skill Games requests leeway to permit it, as the non-moving party, to defend. Indeed, there is a duty to cite to every fact of record that contradicts the asserted fact or to expose the genuine issue. *Lewis v. Delp Family Power Coatings,* 2010 WL 3672240, actually supports Pennsylvania Skill Games by implication. Clearly not the case here, Judge Lenihan indicated "is devoid of fact and supporting citations." *Id,* at *2. Moreover, Judge Lenihan denied the argument regarding the format, "The simple solution is for Plaintiff to admit (or deny)...with citation to specific evidence in the record supporting such denial is required." Id., at *3: to wit:

> **Plaintiff also contends that Defendants are required to posit undisputed facts yet their Response contains nothing more than efforts to dispute Plaintiff's facts. This argument also lacks merit. There is nothing improper in the party opposing summary judgment attempting to demonstrate that material issues of fact exist which preclude summary judgment. See Local Rule 56.C.l.a & b. Plaintiff's construction of Local Rule 56 would require Defendants to agree with Plaintiff's version of the**

---

second. One second. He's already told you he has these machines in storage, he'll be glad to show you. Remember we went into that?"; 233:L10-14 Neiser Q. Do you agree with that statement, that you opened the market for Pennsylvania?" A. "Yes." Q. "How?" "Objection, asked and answered. Tell him one more time." This is just one of the four depositions comprising of Messrs. Unis. It does not matter whether the objections should be sustained or not; the point is: whether or not the questions were exactly repeated, it demonstrates that PSG must cite to all the scoped repetitions of the testimony. PSG has the affirmative duty to reference and the volume is caused by the daunting volume of repetitive testimony adduced by the conduct of the POM Parties. *See also, id.* at P56:L4–8, P92:L15, P94:L15, P98:L3, P104:L4, P115:L7.

**facts. Nothing in either Local Rule 56 or Federal Rule of Civil Procedure 56 requires such a concession.**

**Finally, the Court is unable to discern Plaintiff's point in paragraph 13 of its motion to strike. Plaintiff asserts that Defendants' Concise Statement in Opposition should identify additional material facts with appropriate citations to the record, and that a mere list of citations undermines the purpose of requiring the opposing party to identify material facts in a concise manner. The Court has reviewed Defendants' Concise Statement (ECF No. 54, at pp. 14–20), and finds that it does not consist merely of a list of citations, and in fact, Defendants appear to have sufficiently complied with Local Rule 56.C.1.c. Accordingly, the Court will deny Plaintiff's motion to strike Defendants' Concise Statement in Opposition.**

Id., at *3.  This is a correct review of not making a mountain out of molehill.  There is such overwhelming clear and convincing evidence of genuine material facts that it is simply untenable for all of the POM Parties to assert otherwise in good faith.  Cutting through all the work that the POM Parties suggest, which is harmless error to the extent that there is any, this is obviously a case for trial on all issues.  The POM Parties simply do not like the facts set out to this Court.

10. Pennsylvania Skill Games must state its contrary facts *somewhere.*  There are denials and contrary facts provided, with respective citations.  The undersigned is required to set forth the basis for the denial if any fact contained in the moving party's concise statement of Material Facts is not admitted in its entirety, with appropriate references to the record.  It did so.

11. If the relief sought by the POM parties is denied, there is no prejudice.  If the relief sought by the POM Parties is granted, there would be prejudice.  The undersigned believes that the facts omitted from the POM Parties' ECF 122-1 statement of facts deeply failed to address the volume of factual issues and related evidence that support the need for trial.  Unlike the cases cited, there is certainly no lack of diligence, but care in light of the necessity to parse out and to contradict 94 averments with 73 exhibits.  It is well-settled that motions to strike are disfavored, and the POM Parties should be estopped from claiming what is similar to or derives from their own filing.  The relief requested by the POM Parties does not serve the case posture or the interests of justice.

9

WHEREFORE, Pennsylvania Skill Games requests that the motion to strike be DENIED.

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

# CERTIFICATE OF SERVICE

I hereby certify my belief that a true and correct copy of the foregoing document was served upon the following counsel via the Court's CM/ECF System on the date set forth below:

April 21, 2021

Julian E. Neiser, Esq.
SPILMAN THOMAS & BATTLE, PLLC
jneiser@spilmanlaw.com

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com