**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | CIVIL ACTION NO. 2:18-CV-00722-PLD |
| | CONSOLIDATED |
| Plaintiffs/Counterclaim Defendants, | The Honorable Patricia L. Dodge |
| v. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Defendant/Counterclaim Plaintiff. | |

------------------------------------------------------------------------------------------------------------------------

PENNSYLVANIA SKILL GAMES, LLC

Plaintiff,

v.

PACE-O-MATIC, INC. and MIELE MANUFACTURING, INC.,

Defendants.

### POM PARTIES' OPPOSITION TO PENNSYLVANIA SKILL GAMES, LLC'S REQUEST FOR LEAVE TO SUPPLEMENT ITS APPENDIX

POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic, Savvy Dog Systems, LLC, Pace-O-Matic, Inc. ("Pace") and Miele Manufacturing, Inc., (collectively the "POM Parties"), by counsel, oppose *Pennsylvania Skill Games' Request for Leave to Supplement* [ECF No. 141]. This Court should deny Pennsylvania Skill Games, LLC ("PSG") leave to amend its Appendix [ECF No. 137–2] because the leave sought by PSG is futile.

{13935268.1}

## **INTRODUCTION**

The POM Parties moved to strike PSG's Responsive Statement of Facts, in part, because PSG's Responsive Statement of Facts relied on inadmissible evidence and evidence that was not included in PSG's Appendix. [ECF No. 137, at ¶¶ 31–46; ECF No. 138, at 12–13]. Relevant to PSG's pending request for leave to supplement its Appendix, the POM Parties moved to strike PSG's denials in its Responsive Statement of Facts that relied on Exhibit Nos. 24.1–24.4, and 26 to PSG's Appendix. The POM Parties also requested that this Court strike PSG's denials of the POM Parties' undisputed facts that relied on references to the transcript of the October 9, 2020 Deposition of Rick Goodling ("Goodling Dep."), as PSG neglected to include the deposition transcript in its Appendix. Now, PSG requests leave to supplement its appendix by adding the Goodling Dep. and a declaration offered by PSG's Counsel ("Zegarelli Declaration") in support of Exhibit Nos. 24.1–24.4, and 26. This Court should deny PSG's request for leave to supplement its Appendix because PSG's supplemental evidence is irrelevant and does not cure the defects within PSG's Responsive Statement of Facts.

## **ARGUMENT**

This case centers on two issues: (a) who holds the rights to a trademark; and (b) whether a May 20, 2015 Equipment Purchase Agreement between PSG, Pace, and Miele Manufacturing, Inc. is valid and enforceable (and if so, to what extent). PSG seeks to supplement its Appendix with evidence related to whether Louis Miele is an operator. This fact is irrelevant. Mr. Miele is not a party to this consolidated action. PSG already attempted to bring Mr. Miele into this case and that request was denied by this Court. [ECF No. 61, Order denying PSG's Motion to Join Necessary Parties]. Rather, Mr. Miele is the owner of Miele Manufacturing, Inc, which is a party to this consolidated action and a party to the subject Equipment Purchase Agreement. Mr. Miele is also a

principal of other non-party entities including, L&M Music Company, Inc. and Miele Amusements. Mr. Miele's actions in his personal capacity, and the actions of L&M Music Company, Inc. and Miele Amusements have no bearing on this case. PSG's assertion that Mr. Miele is an operator is immaterial, and does not relate to the ownership of the disputed trademark or the validity of the Equipment Purchase Agreement. Thus, the Court should deny PSG's request to supplement its Appendix.

**A.      The facts PSG seeks to support with Goodling Dep. are irrelevant and immaterial.**

PSG seeks to offer the Goodling Dep. in support of its assertion that Mr. Miele is an operator. [ECF No. 141, at ¶ 3]. Mr. Goodling testified that he believed that Mr. Miele's company "L & M" was an operator. Goodling Dep. 85:3–5. Neither Mr. Miele, nor L&M are parties to this action. Mr. Goodling's equivocal testimony does not contradict the undisputed fact that none of the POM Parties are operators—nor would this evidence have any materiality or relevance related to the actual contract claims at issue.

PSG does not rely on Mr. Goodling's deposition for any purpose other than to show that Mr. Miele's company L&M may be an operator. This fact does not relate to the material issues of the case. As such, this Court should deny PSG's request to supplement its Appendix with the Goodling Deposition.

**B.      The Zegarelli Declaration does not render the news article and the outdated screen shot from Miele Amusements' website admissible or relevant.**

PSG offers the Zegarelli Declaration to support the admissibility of a news article [Ex. 26 to PSG's Appendix] and historic screen shots from Miele Amusements' website [Ex. 24.1–24.4 of PSG's Appendix]. As the POM Parties stated in its Brief in Support of its Motion to Strike PSG's Responsive Statement of Facts, both the news article and the screen shots are inadmissible hearsay. [ECF No. 138, at 12–13]. Furthermore, Exhibit Nos. 24.1, 24.3, 24.4, and 26 were not produced

3

by PSG in discovery. The Zegarelli Declaration does not prove that the news article or the screen shots are admissible, or otherwise permissible under Local Rule 56(C).

"[I]t is well-established that only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment." *Bouriez v. Carnegie Mellon Univ.*, No. CIV.A. 02-2104, 2005 WL 2106582, at *3 (W.D. Pa. Aug. 26, 2005). Hearsay, which is an out of court statement offered for the truth of the matter asserted, is inadmissible. Fed. R. Evid. 801(c) and 802. Statements that would otherwise constitute hearsay may only be admitted if the statement falls into one of the recognized exceptions to the rule against hearsay found in Rules 803, 804, or 807 of the Federal Rules of Evidence. If the statement does not fall into a recognized exception to the rule against hearsay, the party offering the statement in support of or in opposition to summary judgment must demonstrate that it will provide the evidence in an admissible form at trial. *See Bouriez*, 2005 WL 2106582, at *8 ("Hearsay evidence produced in an affidavit opposing summary judgment may be considered if the out-of-court declarant could later present that evidence through direct testimony.").

First, the news article offered by PSG constitutes hearsay, which PSG well knows.[1] *Corner Pocket, Inc. v. Travelers Indem. Co.*, CIV.A. 12-288, 2014 WL 657615, at *2 (W.D. Pa. Feb. 20, 2014) ("[N]ewspaper articles are considered hearsay and, only in very exceptional circumstances not present here, may be used as evidence during litigation."). Furthermore, quotations within the news article constitute hearsay within hearsay. *Id.* ("[S]tatements in newspapers by individuals other than the article's author often constitute double hearsay."). PSG relies on the news article,

---

[1] In PSG's Response and Objections to POM of Pennsylvania, LLC's First Request For Admissions (attached hereto as **Exhibit A**), PSG objected to Request For Admission No. 7, and refused to admit or deny whether statements within a news article that PSG submitted to the United States Patent and Trademark Office were truthful and accurate. PSG objected to the request becuase "[t]he request is apparently asking to admit ***hearsay*** 'statements and comments' as reframed and characterized by a third-party media source[.]" *Id*. (emphasis added).

4

and statements in the article, to prove the truth of the matter asserted, i.e. that Pace's Pennsylvania Skill games have been confiscated in Pennsylvania. Thus, the news article is clearly hearsay and inadmissible.

PSG offers the Zegarelli Declaration in a misguided attempt to prove that the news article is admissible. Specifically, the Zegarelli Declaration states that the declarant (PSG's Counsel) personally obtained the article from Pennlive.com, which the declarant believes to be a "credible news source repository." Zegarelli Declaration, at ¶ 5. The manner in which hearsay evidence is obtained does nothing to render the evidence admissible. This evidence could only be admitted if the hearsay declarants—the author of the article and the individuals quoted in the article—were to testify at trial. The Zegarelli Declaration does nothing to demonstrate how the evidence will be available in an admissible form at trial. Thus, the Zegarelli Declaration does not cure the defects with respect to Exhibit 26 of PSG's Appendix and PSG should not be permitted to supplement its Appendix with the Zegarelli Declaration.

Second, PSG offers the Zegarelli Declaration to support the admissibility of screen shots from Miele Amusements' website. One such screen shot (Ex. 24.2) states that "Miele Amusements is Pennsylvania's Leading Amusement Company & Master Distributor of Pennsylvania Skill [g]ames." [Ex. 24.2 to PSG's Appendix]. PSG offers this evidence to suggest that Miele Manufacturing, Inc. was not the exclusive distributor of Pace's Pennsylvania Skill game.[2] Thus, the screen shot is an out of court statement offered for the truth of the matter asserted. Furthermore, the statement was made by Miele Amusements—a non-party—and cannot be admitted as an opposing party admission under Rule 801(d)(2). Its inadmissible hearsay.

---

[2] As noted in the POM Parties' summary judgment filings, the existence of a "master distributor" agreement is not at issue in this case, there is zero evidence to establish the existence of such a thing in favor of PSG, and the only contract in dispute is the Equipment Purchase Agreement.

The Zegarelli Declaration suggests that these screen shots (Exhibits 24.1–24.4 to PSG's Appendix) are admissible because the PSG's Counsel personally obtained these screen shots from the Internet. Again, this has no bearing on the admissibility of the hearsay statements. The Zegarelli Declaration then goes on to (impermissibly) *argue* that the screen shots should be admitted under the residual exception to the rule against hearsay found in Rule 807 of the Federal Rules of Evidence. Setting aside the determinative fact that PSG offers no explanation as to why this exception should apply, the screen shots are irrelevant. Miele Amusements is not a party to this action. Inserting inadmissible statements from non-parties only confuses the issues. For this reason, the Court should deny PSG's request.

## CONCLUSION

For these reasons, the POM Parties respectfully ask this Court to deny Pennsylvania Skill Games, LLC's Request for Leave to Supplement.

Respectfully submitted,

Dated: May 3, 2021

SPILMAN THOMAS & BATTLE, PLLC

By: /s/ Julian E. Neiser
    Julian E. Neiser (Pa. Id. No. 87306)
    T: (412) 325-1116
    E: jneiser@spilmanlaw.com

    James C. Walls, III (Pa. Id. No. 326841)
    T: (412) 325-1116
    E: Jwalls3@spilmanlaw.com

    One Oxford Centre, Suite 3440
    301 Grant Street
    Pittsburgh, PA  15219
    Fax: (412) 325-3324

**Attorneys for POM Of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, Savvy Dog Systems, LLC, Pace-O-Matic, Inc. and Miele Manufacturing, Inc.**

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | CIVIL ACTION NO. 2:18-CV-00722-PLD |
| | CONSOLIDATED |
| Plaintiffs/Counterclaim Defendants, | The Honorable Patricia L. Dodge |
| v. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Defendant/Counterclaim Plaintiff. | |

**CERTIFICATE OF SERVICE**

I, Julian E. Neiser, counsel for POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic, Savvy Dog Systems, LLC, Pace-O-Matic, Inc. and Miele Manufacturing, Inc., do hereby certify that on the 3rd day of May, 2021, I served the foregoing **POM Parties' Opposition to Pennsylvania Skill Games, LLC's Request for Leave to Supplement its Appendix** to counsel of record via the Court's CM/ECF System:

Via email to mailroom.grz@zegarelli.com

Gregg R. Zegarelli, Esquire
Technology & Entrepreneurial
  Ventures Law Group, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA  15241-2565

**Counsel for Pennsylvania Skill Games, LLC**

SPILMAN THOMAS & BATTLE, PLLC

By:  /s/ Julian E. Neiser
     Julian E. Neiser

{13935268.1}