IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> PENNSYLVANIA SKILL GAMES, LLC, <br><br> Defendant. <br><br> ——————————————————— <br><br> PENNSYLVANIA SKILL GAMES, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> PACE-O-MATIC, INC. and MIELE MANUFACTURING, INC. <br><br> Defendants. | Civil Action No. 18-722 |

## **ORDER**

Presently pending is the Motion to Strike Pennsylvania Skill Games, LLC's Responsive Statement of Facts (ECF No. 137) and supporting Brief (ECF No. 138) filed by POM of Pennsylvania, LLD t/d/b/a Pace-O-Matic, Savvy Dog Systems, LLC, Pace-O-Matic, Inc., and Miele Manufacturing, Inc., (collectively referred to as the "POM Parties"). Pennsylvania Skill Games, LLC ("PSG") has filed a memorandum in opposition to this motion (ECF No. 142).

At issue in the POM Parties' Motion is PSG's Responsive Concise Statement of Facts to the Concise Statement of Material Facts filed by the POM Parties in support of its pending Motion for Summary Judgment. The POM Parties contend that PSG's Responsive Concise Statement is not concise, includes irrelevant information, fails to identify specific material facts that are

genuinely at issue, and fails to identify specific portions of the record that support its denial of undisputed facts. In turn, PSG argues, among other things, that the relief sought by the POM Parties is technical rather than substantive and should be denied. Each of the issues raised by the POM Parties will be addressed herein.

1. <u>References to the record</u>

Citing a number of examples, the POM Parties first assert that PSG's responses fail to cite to specific portions of the record in support of its denials and ask that these responses be stricken. Local Rule 56(C)(1) requires that a responsive concise statement must either admit or deny each fact in the moving party's concise statement and set forth the basis for the denial with appropriate reference to the record. PSG states, among other things, that the relief sought by the POM Parties is technical rather than substantive, and that its responses, including incorporation by reference to other paragraphs of its response, are appropriate given the volume of facts asserted by the POM Parties.

While there is little question that the nature and content of PSG's responses make it difficult to ascertain if, or how, PSG denies a number of the paragraphs of POM Parties' material facts, the Court declines to strike PSG's responses on this basis. At the same time, however, if it is ultimately determined that any of PSG's responses, including but not limited to those which respond by incorporation by reference, do not adequately set forth the basis for its denial of a material statement of fact with adequate references to the record, or otherwise support its denial, Rule 56 of the Federal Rules of Civil Procedure and well-established case law require that any such responses are deemed to be an admission.

2. <u>Other material facts not set forth in separate paragraphs</u>

The POM Parties also assert that most of PSG's responses improperly include facts that are additional or irrelevant to its concise statement of material facts, citing to LCvR 56(C)(1)(c). They have provided an annotated copy of PSG's responsive facts as Exhibit B to their Motion to Strike in which they highlight these facts. PSG argues that it must state contrary facts somewhere, and that the facts stated are the basis for its denial.

Upon review of Exhibit B, it is clear that PSG has, on multiple occasions, provided other material facts that are allegedly at issue and/or that it asserts are necessary for a determination of the merits of POM Parties' motion for summary judgment, but have not set forth these facts in separately numbered paragraphs as the Local Rules require. *See* LCvR 56(C)(1)(c). As a result, all such statements are stricken. This includes portions of the following responsive paragraphs: Paragraphs 1, 3, 4, 6, 7, 8, 9, 11, 13, 15, 18, 25, 29, 33, 36, 44, 50, 56, 57, 60, 62, 65, 66, 75, 77, 78, 82, 87, 90, and 93. If PSG takes the position that additional facts are at issue or necessary to the outcome of the pending motion for summary judgment, it is required to set forth those facts in separate numbered paragraphs.

3. <u>Responses that include legal argument and other commentary</u>

The POM Parties indicate that some of PSG's responses include legal argument or other commentary that are not responsive to the paragraphs of the Concise Statement of Material Facts. The Court agrees that legal opinions and conclusions, statements about opposing counsel, what evidence is admissible at trial and other extraneous commentary, including whether a fact proffered by the POM Parties is "immaterial," are not facts and thus, are not proper responses to a statement of a material facts. All such statements will be disregarded in connection with determining if a material fact is disputed. Legal arguments that have been made in a brief or

memoranda or are otherwise relevant will be considered in resolving the motion for summary judgment.

### 4. Inadmissible evidence

Finally, the POM Parties contend that evidence that is not in the record, that was not produced or that is inadmissible at trial cannot be considered in resolving their dispositive motion. PSG did not provide any response to this contention. An independent review confirms that certain evidence or statements by PSG will be stricken and not considered in connection with determining the pending motion for summary judgment. That includes the news article submitted by PSG as Exhibit 26, as it is hearsay, and pages 14-27 and 33-34 of PSG's Exhibit 1, that were not produced in discovery.[1]

For these reasons, it is ORDERED that the POM Parties' Motion is granted in part and denied in part as follows:

1) The motion is denied with respect to their request to strike those paragraphs which it alleges do not reference evidence to support PSG's denials. However, all denials that are not supported by record evidence will be deemed to be admitted.

2) The motion is granted regarding additional facts stated by PSG that are not responsive to the paragraphs of the POM Parties' Concise Statement of Material Facts. As set forth herein, all such facts are stricken.

3) No later than two weeks from the date of this Order, PSG may supplement the record by setting forth in separately numbered paragraphs any other material facts that are allegedly at issue or it asserts are necessary for the Court to resolve the motion for summary judgment. Such supplement shall be limited to those facts that

---

[1] In a separate ruling, the Court permitted PSG to supplement the record to include the deposition of Rick Goodling. (ECF No. 145.)

are already set forth in PSG's Responsive Concise Statement of Facts and shall not include any other facts.

4) The POM Parties may respond to any supplementation of material facts submitted by PSG. Such response shall be submitted within three weeks of the filing of PSG's supplement.

5) The motion is granted in part regarding legal opinions and conclusions, statements about opposing counsel, what evidence is admissible at trial and other extraneous commentary that is not responsive to a material fact. Because such statements are not responsive facts, they will be disregarded in determining whether a material fact is disputed.

6) The motion is granted regarding inadmissible hearsay or citation to evidence that is not part of the record.

SO ORDERED this 5th day of May 2021

s/ Patricia L Dodge
PATRICIA L DODGE
UNITED STATES MAGISTRATE JUDGE