IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 18-722 |
| vs. | ) ) | |
| PENNSYLVANIA SKILL GAMES, LLC, | ) ) | |
| Defendant. | ) ) | |
| PENNSYLVANIA SKILL GAMES, LLC, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| PACE-O-MATIC, INC. and MIELE MANUFACTURING, INC. | ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Pace-O-Matic, Inc. (Pace-O-Matic"), POM of Pennsylvania, LLC ("POM"), Miele Manufacturing, Inc. ("Miele Manufacturing") and Savvy Dog Systems, LLC ("Savvy Dog") (sometimes collectively referred to as the "POM Parties") have filed a Motion to Reopen Discovery (ECF No. 150).

In their motion, the POM Parties seek an order reopening discovery through September 10, 2021 in order to request documents from Defendant Pennsylvania Skill Games, LLC ("PSG") regarding certain conduct by Albert Unis, IV, as described in their motion. Further, the POM Parties intend to depose Kenton Hatch, whose declaration is attached to their motion as well as a designee of PSG and/or Mr. Unis. According to the POM Parties, the conduct of Mr. Unis "goes to every claim"

they have asserted against PSG.  While they reported this conduct to PSG and requested consent to reopen discovery, PSG declined to agree to do so.

PSG has filed a brief in opposition to the motion of the POM Parties (ECF No. 153). It argues that the evidence cited by POM Parties was obtained in late May 2021, certain relevant evidence has been destroyed and the discovery sought lacks any probative value regarding the issues and claims in this case, including the matter of who owns the Pennsylvania Skill trademark.

The POM Parties' motion for summary judgment was filed before the events at issue took place. It remains pending at this time.  Notably, the POM Parties state in their motion that the discovery they seek "would likely not impact" their motion but "would relate to damages sought at summary judgment or trial."  However, they also state that they "reserve all rights." (POM Motion, ¶ 16.)

Upon review of the parties' arguments in the pending motions, the Court agrees that the subject matter of the discovery sought *may* relate to the claims and defenses in this case.

However, the POM Parties do not explain why they did not more timely seek relief when PSG disagreed with their request to reopen discovery and instead, waited until after summary judgment briefing had concluded to file this motion.  Moreover, given the ambiguity expressed by the POM Parties regarding the possible impact of this discovery on their summary judgment motion and their reservation of rights regarding the same, permitting discovery during the pendency of their dispositive motion could result in undue delay (and possible prejudice) if any of the parties seek leave to supplement their submissions.

Therefore, it is ORDERED that the Motion to Reopen Discovery is denied without prejudice to renew after resolution of the pending Motion for Summary Judgment.  Alternatively, if upon further review, the POM Parties take the position that the anticipated discovery will impact resolution of their motion for summary judgment, they shall withdraw their pending motion for summary judgment without prejudice no later than August 6, 2021. In that event, the Court will issue a further order

regarding the timing and scope of discovery that will be permitted.  Furthermore, after discovery has concluded, the Court will reset the deadline for motions for summary judgment.

SO ORDERED this 3rd day of August 2021.

s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge