**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | CIVIL ACTION NUMBER: 2:18-cv-00722-PLD |
| Plaintiffs, v. | The Hon. Patricia L. Dodge |
| PENNSYLVANIA SKILL GAMES, LLC, | **PENNSYLVANIA SKILL GAMES' BRIEF IN OPPOSITION TO COMBINED POM PARTIES MOTION TO WITHDRAW EXPERT DESIGNATION AND REPORT** |
| Defendant. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Plaintiff, v. | |
| PACE-O-MATIC, INC. and MIELE MANUFACTURING, INC. | |
| Defendants. | |

1.    More than two years ago, on September 16, 2019, the POM Parties filed their expert report and designation [EFC 44], Report of Nick Farley & Associates (the "**POM Expert Report**"). Only now, immediately prior to Mr. Farley's expert deposition, and after a huge volume of substantive dispositive motion practice during which the POM Parties used the POM Expert Report, the POM Parties seek to withdraw the POM Expert Report.[1]

---

[1] This Court may view PSG's Response in Opposition, Concise Statement [ECF 135 No. 25, ECF 147 No. 25.1], which indicated and portended to this circumstance. The truth of the matter is Nick Farley is not professionally competent to render the opinions he is rendering to this Court or the county courts, but the counties are not professionally equipped to discredit his opinion. Therefore, the POM Parties have escaped exactly the proper scrutiny that is required. Only after playing the "Farley Card" over and over for this entire case, only now, immediately prior to his deposition, the POM Parties seek to escape proper scrutiny. However, they played the Farley Card too long, and PSG is entitled to his deposition, whether as their expert or as a fact witness, without which extreme prejudice will occur. Whether or not Mr. Farley is intended to testify at trial as the POM Parties' expert, he is independently subject to deposition as a fact witness with independent knowledge and was noticed in PSG own Initial Disclosures.

2.    The POM Parties already used Nick Farley reports; to wit at ECF 122-2, Appendix:

| U | 3/25/14 **Report of Nick Farley & Associates** to Wayne V. DeLuca, Esquire on the review and analysis of *United Skill of America Pennsylvania Skill Game version 402.44 PEN* developed by Pace-O-Matic, Inc. |
|---|---|

| FF | 7/30/19 Louis R. Pomerico, Esquire, Deposition Exhibit No. 50<br><br>2/13/18 **Report of Nick Farley & Associates** to Gianni Floro, P.C. regarding "Review and analysis of the *Encore Skill Systems version 1.00* developed by Pennsylvania Skill Games, LLC." |
|---|---|

| YY | 9/16/19 [ECF 44] POM's Expert Witness Disclosure<br><br>9/13/19 [ECF 44-01] Exhibit 1 - **Report of Nick Farley & Associates** regarding "Review and Examination of the *Cutting EDGE Pennsylvania Skill System version SKL 402.52 PEN* developed by POM of Pennsylvania, LLC |
|---|---|

| ZZ | 7/10/20 Wayne V. DeLuca, Esquire, Deposition Exhibit Nos. B.2 and B.3 **Exhibit ZZ-1**<br><br>Deposition Exhibit B.2 - 1/3/18 **Report of Nick Farley & Associates** to Wayne V. DeLuca, Esquire regarding "Review and examination of the *Cutting EDGE Pennsylvania Skill System version SKL 402.49 PEN 1565* developed by POM of PA, LLC, successor to Pace-O-Matic, Inc. **Exhibit ZZ-2**<br><br>Deposition Exhibit B.3 - 3/26/19 **Report of Nick Farley & Associates** to Wayne V. DeLuca, Esquire regarding "Review and examination of the *Cutting EDGE Pennsylvania Skill System version SKL 402.52 PEN* developed by POM of Pennsylvania, LLC. |
|---|---|

3.    Reference is made to the filings by the POM Parties, ECF 122-1 (Concise Statement), Nos., 25, 64, 65, ECF 123 (MSJ Brief), P.30, ¶¶1–3, as well as factual references at ECF 122-1 No. 7, 14, 15, 23, 58, 59, 60, 61, 62, and 63.

4.      As a result, the POM Expert Report has been entered into the public record by the POM Parties, it has remained filed the entire case, it was used in summary judgment motion substantive dispositive motion practice, and it is referenced by the POM Parties for factual issues remaining in the case, as stated.  The POM Parties have not withdrawn every factual claim of record arising from the version numbering.  It is simply too late to remove the expert witness and designation.  It is highly prejudicial for the POM Parties to withdraw the expert at this late date.[2]

5.      PSG itself has identified Nick Farley as a fact witness in its own Initial Disclosures.  But for the POM Parties' assurances of the ability to depose Mr. Farley during expert discovery, PSG would have deposed Mr. Farley as a fact witness, since he is regularly involved in reviewing factual circumstances regarding games and is a witness to industry practices and product releases. *Indeed, at ECF 122-1, Nos. 64–65, and ECF 122-2, FF, the POM Parties reference a report of Mr. Farley that is not based upon his engagement with any of the POM Parties, but for Mr. Floro who is counsel for PSG.*

6.      The factual issues regarding the subject of the POM Expert Report are still relevant in this case.  The POM Parties have waived any privilege by virtue of the fact that they long-ago—with a full and fair opportunity to withdraw the report prior to summary judgment motion practice—filed the POM Expert Report.  *See,* FRCP 35(b)(4).

---

2 This Court will recall that it was the POM Parties themselves who requested, over PSG's objection, to bifurcate summary judgment motion practice.  The POM Parties could have and should have withdrawn their expert designation prior to the close of fact discovery, as then PSG would have had a full and fair opportunity to notice a fact deposition and fairly to resolve any issues in due course at that time.  Such as it is, the POM Parties pulled the witness from scope during the fact discovery, and then put the witness back into scope after the period of time for proper fact discovery, playing it both ways.  This shell game with the expert is highly prejudicial to PSG.

7.     The POM Parties have used the POM Expert Report is substantive motion practice. They cannot *ex post facto* remove the exact report that they have already used for substantive dispositive motion practice in the record, it is *per se* prejudicial.  It is too late to change their mind without good cause whatsoever and in prejudice of PSG's rights.  The POM Expert Report is already released of record.

8.     PSG itself independently identified Nick Farley as a fact witness in its own Initial Disclosures, and the undersigned hereby declares that, consistent with the state of the record, counsel for the POM Parties had always indicated that PSG would have the opportunity to depose Mr. Farley during expert testimony, with special arrangement made for the providing of the source code and things he used in reviewing the versions at issue deferred until that deposition.  Whether or not Mr. Farley is used by the POM Parties, it is highly prejudicial to PSG to prevent Mr. Farley's deposition on an independent basis at this point in the proceeding, and leave is requested to do so irrespectively of withdrawal.  In this case, there is simply too much volume of record simply to withdraw the designation and/or to prevent PSG from proper discovery for trial.  *See, eg., Guinn v. CRST Van Expedited, Inc. No.,* CIV-09-1198-D, WL 2414393 (W.D. OK 2011).

WHEREFORE, Pennsylvania Skill Games requests that the motion to withdraw be DENIED.  If this Honorable Court is inclined to permit the withdrawal contrary to the foregoing, and notwithstanding the timing, POM's failure to show good cause, and extreme prejudice to PSG, then, in the alternative, the PSG requests that it be granted leave to depose Mr. Farley as serves the interests of justice to the fullest extent permitted by the Rules, including as a fact witness.

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.

Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

## CERTIFICATE OF SERVICE

I hereby certify my belief that a true and correct copy of the foregoing document was served upon the following counsel via the Court's CM/ECF System on the date set forth below:

January 24, 2022

Julian E. Neiser, Esq.
SPILMAN THOMAS & BATTLE, PLLC
jneiser@spilmanlaw.com

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com