**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

---

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

      Plaintiffs, v.

PENNSYLVANIA SKILL GAMES, LLC,

      Defendant.

---

PENNSYLVANIA SKILL GAMES, LLC,

      Plaintiff, v.

PACE-O-MATIC, INC. and MIELE MAN-
UFACTURING, INC.

      Defendants.

---

CIVIL ACTION NUMBER:
2:18-cv-00722-PLD

The Hon. Patricia L. Dodge

**PENNSYLVANIA SKILL GAMES'
SUR-REPLY BRIEF IN OPPOSITION
TO COMBINED POM PARTIES MO-
TION TO WITHDRAW EXPERT DES-
IGNATION AND REPORT**

1.      In the POM Parties' 12-page Reply, they assert various characterizations of context that are simply not supported in the record. What is actually in the record is that the POM Parties took a fact witness—voluntarily designated by them for more than two years as such—out of the market during fact discovery by designation as an expert, then at the exact moment of expert deposition, now attempts to take the expert out of the scope of expert discovery, playing it both ways. PSG suggest that this context is not accidental, but strategic. POM Parties' excuses aside, which PSG suggests are and should be unacceptable for the context, are simply too late. Whether it is "playing a Farley card" or the POM Parties trying to "unring their bell," it is simply too late. The POM Parties, by their own admissions made in their Motion to Dismiss, identified Mr. Farley on independent bases not part of the Expert Report, and Mr. Farley was referenced by other fact witnesses on matters not part of the Expert Report at issue that are the proper subject of fact inquiry.

2.        A party cannot strategically entirely take a proper fact witness out of play by hiring the witness as an expert or consultant and then, by doing so, to claim a holistic unlimited protection, by accidents and shifts.  The POM Parties simply cannot deny the material facts that they—by their own voluntary admission—have already placed into the record as material facts.

3.        The POM Parties cite to the unreported <u>Elena Myer Court v. LLB Gym LLC</u>, No. 16-4848, 2018 WL 3156800 (E.D. Pa. 2018) (unreported).  This case is inapplicable.  If the engagement of a purported expert is isolated within a consultancy engagement for litigation or as a trial expert, then what is withdrawn is scoped as such.  But, here, references to Mr. Farley exceed the scope of the Expert Report at issue, as clearly set forth in the record in the POM Parties' own dispositive motion practice, and testified to by witnesses; therefore, Mr. Farley's withdrawal as an expert cannot properly subsume beyond its own admitted scope.  It is unfair.

4.        In pp. 6–9 of their brief, the POM Parties intrude a variety of excuses and speculative mischaracterizations on "what-if's" that divert the attention from the clarity of the context at that time.  At that time, Mr. Farley was and remained the POM Parties' designated expert of record, on their own admitted issues of material facts for more than two years, and later referenced during their own Motion to Dismiss, dispositive motion practice.  At that time, the POM Parties had indicated that they would proffer Mr. Farley for deposition during expert discovery, and at which time the source code would be provided by special arrangement.[1]

---

[1] The POM Parties did not want to produce replicable copies of the software, their counsel stating they would put the software code on a special site for review in due course during expert discovery, so that PSG could review what was referenced in the Expert Report.  Therefore, the source code at issue in this case was not otherwise produced during fact discovery, and no objection was raised at that time by PSG regarding non-production of the source code, because it was stipulated to be provided in due course during expert discovery.

Proper questions to Mr. Farley would include questions regarding the material facts raised by the POM Parties in their dispositive motion practice, and by other witnesses, because those question would be relevant to his disqualification on a number of bases. However, trying to withdraw Mr. Farley as their expert at the last minute does not shield the discovery as a fact witness.

5.      The POM Parties also directly or indirectly cite to Callaway Golf Co. v. Dunlop Slazenger Group Americas Inc., No. Civ. 01-669, 2002 WL 19906628 (D. Delaware 2002); Babcock & Wilcox Ebensburg Power, Inc. v. Zurich American Ins. Co., No. 3:02-299, 2005 WL 6763296 (W.D. Pa. Sep. 8, 2005) and House v. Combined Ins. Co. of America, 168 F.R.D. 236 (N.D. Iowa 1996) and, yet, none of these cases address these exceptional contexts, individually or in totality; to wit: where the moving party has strategically allowed the designation to remain pending for more than two years,[2] where the moving party actually referenced the Expert Report in the moving party's own dispositive motion practice, where the moving party used citations to material facts regarding witnesses addressing factual matters outside of the Expert Report, and where the moving party agreed to proffer the witness during expert discovery with the software code. If anything, while the cases support their own factual contexts, they are simply non-responsive to, or do not support—and indeed suggest against—granting the request made by the moving parties. This is not *just a withdrawal* of an expert as characterized by the POM Parties.

---

[2] PSG trusts that this Honorable Court will not be persuaded, and perhaps will even find it absurd, for the POM Parties to suggest that they filed the Expert Report under some form of scheduling duress, remaining filed for more than two years, then having expressly referred to it as such in their own dispositive motion practice, and having made arrangements for the expert's deposition during expert discovery. *See,* fn. 1, *infra*.

6.      This Court will note that it is uncontested that Mr. Farley was designated as a fact witness by PSG in PSG's Initial Disclosures, because it is true.  Moreover, this Court will note that it is uncontested that, during fact discovery, arrangements were made in writing for the deposition of Mr. Farley during expert discovery, with special constraints addressed for PSG's review of the confidential source code he referenced in the Expert Report, because it is true.  PSG has a reasonable basis to rely upon the representations of counsel for the POM Parties to produce the witness.

7.      For years, and only until a couple of weeks ago, the POM Parties would have expected—and certainly had the basis to expect that PSG had expected—to conduct the deposition of Mr. Farley.  Mr. Farley was presumably on notice accordingly.  To conduct the expected deposition of Mr. Farley, albeit incidentally during the expert discovery period, would not be prejudicial to the POM Parties and would avoid prejudice to PSG.  Moreover, the deposition of Mr. Farley as an independent fact witness, if that is this Court's judgment, would be less costly and burdensome than what was anticipated for him as an expert witness, and would serve the interests of justice.

WHEREFORE, Pennsylvania Skill Games requests that the motion to withdraw be DENIED.  If this Honorable Court is inclined to permit the withdrawal contrary to the foregoing, and notwithstanding the timing, POM's failure to show good cause, exceptional circumstances, and extreme prejudice to PSG, then, in the alternative, the PSG requests that it be granted leave to depose Mr. Farley as serves the interests of justice to the fullest extent permitted by the Rules, including as a fact witness.

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.

4

2585 Washington Road, Suite 134
Pittsburgh, PA 15241-2565, USA
v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

## CERTIFICATE OF SERVICE

I hereby certify my belief that a true and correct copy of the foregoing document was served upon the following counsel via the Court's CM/ECF System on the date set forth below:

 February 3, 2022

Julian E. Neiser, Esq.
SPILMAN THOMAS & BATTLE, PLLC
jneiser@spilmanlaw.com

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com