IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, d/b/a )
PACE-O-MATIC and SAVVY DOG )
SYSTEMS, LLC, )
) 2:18-CV-00722-PLD
)
)
Plaintiffs/Counterclaim Defendants, )
)
vs. )
)
PENNSYLVANIA SKILL GAMES, LLC, )
)
)
Defendant/Counterclaim Plaintiff. )

**ORDER**

Plaintiffs POM of Pennsylvania, Savvy Dog Systems, Inc. and Miele Manufacturing, Inc. (collectively "POM") have moved to withdraw the expert report and disclosure of Nick Farley. Defendant Pennsylvania Skill Games, LLC ("PSG") opposes their motion.

By way of background, the Court issued an Order on July 8, 2019 that set a schedule for expert disclosures. POM filed an Expert Witness Disclosure on September 16, 2019 (ECF No. 44) that identified Mr. Farley as an expert witness who may be called to testify. As discussed in his September 13, 2019 expert report, Mr. Farley opined that POM's Cutting Edge Pennsylvania Skill System version SKL 402.52 PEN and the game themes offered on this system are predominantly skill-based. PSG did not submit any expert disclosures at that time.

Following the Court's ruling on POM's dispositive motion, the parties requested an expert discovery scheduling order (ECF No. 161). The Court set a January 31, 2022 deadline for expert reports, a March 15, 2022 deadline for rebuttal reports and an April 30, 2022 deadline for expert discovery. POM moved to withdraw Mr. Farley's report and disclosure on January 13, 2022, prior to the deadline for the submission of expert reports. It therefore seeks to convert Mr. Farley to a consulting expert.

In part, POM bases its motion to withdraw Mr. Farley as an expert on its contention that that PSG will not sustain any prejudice by the withdrawal of Mr. Farley as an expert because there is no cause of action related to the legality of the software and PSG has not asserted that it has sustained any damages as a result of the PENNSYLVANIA SKILL-branded Pace-O-Matic software.  It disputes that Mr. Farley's report was used in any substantive way in its dispositive motion, which, at any rate, was denied by the Court.  Moreover, it notes that PSG's opposition cites to other Farley reports that were not submitted by POM as expert reports in this case. In addition, POM contends, since Mr. Farley was identified by PSG as a fact witness in initial disclosures, PSG could have sought to depose him in that context at any time during discovery but failed to do so.

In opposing POM's motion, PSG contends, among other things, that POM breached the parties' contract by selling non-compliant games to PSG.  Further, both parties identified Mr. Farley in their initial disclosures, and PSG claims that the factual issues discussed in his report remain relevant.  PSG contends that POM has shielded Mr. Farley from being deposed as a fact witness during discovery by designating him as an expert in 2019.  Thus, it argues, it is highly prejudicial to PSG if it is unable to depose Mr. Farley as an expert witness, or alternatively, as a fact witness.

The Court notes that one of PSG's Counterclaims against POM alleges that POM breached its contract with PSG by, among other things, selling video game machines that do not contain the skill games and software plays determined to be legal and instead contain games of chance and software plays which are not in compliance with Pennsylvania law (ECF No. 30 at 40-41).  In moving for summary judgment on PSG's breach of contract counterclaim, POM argued that there is no evidence that POM sold non-compliant games to PSG (ECF No. 123 at 29-31).  In making

this argument, POM submitted evidence to this effect, including Mr. Farley's report, documents that it produced to PSG and the testimony of a corporate designee on this topic, and PSG neither supplied an expert report nor any other evidence to support its breach of contract claim. *Id.* at 30. In opposing POM's dispositive motion on this issue, PSG asserted that the games have changed and are not compliant, citing to certain record evidence. The Court denied POM's motion on this issue, noting that there is an issue of disputed fact about whether the terminals were compliant (ECF No. 157 at 26).[1]

Generally, a party may not depose a consulting expert absent a showing of exceptional circumstances. Fed. R. Civ. P. 26(b)(4)(D). *See also Calloway Golf Co. v. Dunlop Slazenger Group Americas Inc.*, No. Civ. 01-669, 2002 WL 19906628 at *3 (D. Del. 2002). While some courts have permitted a party to use the deposition of its opponent's expert at trial despite the withdrawal of this expert on the eve of trial, *see, .e.g., FTC v. Innovative Designs, Inc.,* No, Civ. 16-1669 (May 2, 2019) ("Once an expert has been designated and deposed pursuant to FED. R. CIV. P. 26(b)(4)(A), the expert's opinions are waived from the protection of the nontestifying expert rule."), Mr. Farley has not been deposed as an expert and deadlines for pretrial statements have not yet been established. Expert discovery is still ongoing.

PSG has not demonstrated the existence of any exceptional circumstances that would permit it to take Mr. Farley's deposition as an expert. It is worth noting that PSG has the burden of proof regarding its claim of non-compliance and could, if it chose to do so, offer expert

---

[1] PSG states that POM referenced four different reports of Mr. Farley in its summary judgment papers. Notably, as previously discussed, POM cited to Mr. Farley's expert report in this case as support for the argument that it is entitled to summary judgment regarding PSG's breach of contract claim. That argument was rejected. The remaining reports were not relied upon by POM in moving for summary judgment on this claim. One of the reports relates to Mr. Farley's opinion that the original software and games were games of skill (Ex. U), another was commissioned by PSG relating to different software (Ex. FF), that POM argued was offered to show PSG's bad faith and unfair competition and a third was an exhibit to the deposition of Wayne DeLuca, who previously represented both PSG and POM, that was taken by PSG.

testimony on this issue.  To date, it has chosen a different trial strategy.  This does not require POM to submit any expert testimony as to a claim to which it does not bear the burden, however. Given that PSG has not shown any exceptional circumstances, PSG may not depose Mr. Farley in his capacity as an expert witness.

Although it has not filed a motion to do so, PSG alternatively argues that it should be permitted to depose Mr. Farley as a fact witness.  PSG suggests that it has been prejudiced by POM's designation of Mr. Farley as a testifying expert in 2019 because this designation prevented it from deposing him as fact witness during fact discovery.  Otherwise, PSG states, it would have done so since Mr. Farley is "regularly involved in reviewing factual circumstances regarding games and is a witness to industry practices and product releases."  Based on this explanation, PSG appears, at least in part, to seek Mr. Farley's deposition as an expert in the industry.  As PSG does not assert that it is unable to obtain equivalent information from other sources regarding these issues, it has not established that it would sustain undue prejudice if it is not permitted to depose Mr. Farley on this basis.

PSG solicited a report from Mr. Farley in March 2014, was provided with another report which he authored in February 2018 and identified him in its initial disclosures.  Despite this knowledge, PSG did not seek at any point during fact discovery to request an opportunity to take his deposition with respect to any personal knowledge he possesses about the issues in this case. If raised, this could have been addressed and resolved at that time.  Moreover, PSG fails to identify any specific factual information about this case that it seeks from Mr. Farley other than the game and industry information as noted above.  In short, PSG has provided no compelling reason why it should be permitted to take his deposition now.

4

Thus, the Court does not find that PSG would sustain any undue prejudice by the withdrawal of the expert report and disclosure of Nick Farley.

Finally, PSG also states that it was the agreement of the parties that PSG would have been provided with certain source code information if Mr. Farley's expert deposition proceeded. The Court does not have sufficient information to determine if PSG is requesting the production of this information, how this information may be relevant or if POM opposes such a request. If appropriate, the parties shall confer and may bring any dispute to the Court's attention through an appropriate motion or motions.

For these reasons, POM's Motion to Withdraw Expert Report and Disclosure is GRANTED.

**SO ORDERED** this 16th day of February 2022.

s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge