**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| POM OF PENNSYLVANIA, LLC, | ) | |
| t/d/b/a PACE-O-MATIC, and SAVVY | ) | |
| DOG SYSTEMS, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civ. A. No. 2:18-722 |
| v. | ) | |
| | ) | |
| PENNSYLVANIA SKILL GAMES, | ) | |
| LCC, | ) | |
| | ) | |
| Defendant. | ) | |

**PRETRIAL ORDER**

It is hereby ORDERED as follows:

1. **Jury Selection and Trial**.  Jury selection and trial have been set for Monday, December 5, 2022 in Courtroom 9A, 9th Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania.

2. **Pretrial Conference(s).**  A final pretrial conference shall be held on November 22, 2022 at 9:30 a.m. in Courtroom 9A, 9th Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania.

3. **Exchange of Witness Lists and Exhibits.**

   a. Plaintiffs' Pretrial Statement shall be filed by September 6, 2022 and shall comply with the requirements of LCvR 16.1C(1). Plaintiffs' Pretrial Statement shall list separately (1) the witnesses they will call and (2) the witnesses they may call if needed (other than purely for impeachment).

b.  Defendant's Pretrial Statement shall be filed by September 20, 2022 and shall comply with the requirements of LCvR 16.1C(1).  Defendant's Pretrial Statement shall list separately (1) the witnesses it will call and (2) the witnesses it may call if needed (other than purely for impeachment).

c.  All exhibits must be exchanged and marked in advance of trial. Counsel shall supply two complete sets, in binders, of all exhibits to the Court and to the opposing party no later than November 14, 2022. Counsel must be prepared to indicate a position at the final pretrial conference regarding the authenticity and admissibility of the opponent's exhibits.

d.  Counsel is reminded that voluminous data must be presented by summary exhibits pursuant to Fed. R. Evid. 1006, and voluminous exhibits shall be redacted to eliminate irrelevant material (which shall remain available for examination by opposing counsel).  Where copies of documents are offered, the originals shall be available for examination, unless waived by stipulation.

4.  **Motions.**  The parties shall file all motions in limine together with supporting briefs or memoranda of law by September 30, 2022. Responses shall be filed by October 11, 2022. No reply briefs are permitted unless ordered by the Court.  All briefs supporting or opposing such motions are limited to ten (10) pages.

5.  **Designation of Discovery Excerpts to be Offered at Trial**.  The parties shall submit a designation of excerpts from depositions, interrogatory answers, and responses to requests for admission to be offered at trial (other than for impeachment) by November 4, 2022. Objections and/or counter-designations must be submitted by November 14, 2022. Objections to counter-designations must be submitted by November 18, 2022. Designations

of deposition testimony shall include the inclusive page number(s) and lines of the designated testimony.  Objections shall include the page number(s) and lines of the testimony to which an objection is made, as well as a succinct statement of the basis for the objection. The designating party shall supply a complete transcript of any deposition in which designations have been made by emailing a copy to Nicole Starr, the Court's law clerk, at Nicole_Starr@pawd.uscourts.gov.

6.  **Proposed Voir Dire**.  Counsel may submit proposed voir dire as a supplement to the Court's standard voir dire by November 28, 2022.

7.  **Proposed Jury Instructions and Verdict Slips.**  Counsel shall meet in an effort to agree on a joint verdict slip and a joint set of substantive jury instructions regarding plaintiff(s)' claims and their elements, any defenses and their elements, and any evidentiary or other matters particular or unique to this case.  The parties need not submit "boilerplate" or standard civil jury instructions.  On or before November 21, 2022, counsel shall file a **joint** set of proposed jury instructions, and email to a copy of the joint instructions in Word format to Nicole Starr at Nicole_Starr@pawd.uscourts.gov.

The filed set of instructions shall include both the agreed upon instructions and proposed instructions to which the parties have not agreed.  Each agreed upon instruction shall include the following notation at the bottom of each instruction: "This proposed instruction is agreed upon by the parties."  Each instruction to which the parties have not agreed shall indicate at the bottom the name of the party proffering the instruction, along with the legal authority relied upon by each party in support of and in opposition to each such instruction.  The Court will not accept separate proposed jury instructions from the parties. A charging conference will be held during the course of the trial before the jury is charged, at which time a ruling

will be made on each proposed jury instruction.  A copy of the Court's proposed charge will be supplied to counsel.  Counsel is required to state objections to the proposed instruction at the charging conference and to supply the alternate language, together with case authority.

A **joint** proposed verdict slip shall be filed by November 21, 2022. If the parties, after meeting in an attempt to agree on a joint verdict slip, are unable to agree, the parties may submit their respective proposed verdict slips.

8. **Joint Stipulations**.  The parties shall file joint stipulations by December 5, 2022. The parties are encouraged to reach agreement on as many facts as possible. All possible stipulations shall be made, as applicable, as to facts; issues to be decided; the authenticity and admissibility of exhibits; expert qualifications; deposition testimony to be read into the record; a brief and simple statement of the nature of the case, claims and defenses to be read to the jury to introduce the trial; and exhibits or other presentation aids to be used in opening statements.

9. **Side Bar Conferences.** The Court believes that counsel should be considerate of the jurors' time. Consequently, side bar conferences are highly disfavored. The Court will meet with counsel before and after each day of trial to discuss issues that would otherwise necessitate a side bar conference. If necessary, counsel may amplify their objections and the Court may amplify its rulings on the record after the jury has been excused for a break, for lunch or for the day. In addition, it is expected that counsel will anticipate evidentiary issues requiring lengthy argument and will address such matters outside of the presence of the jury.

10. **Witness List.** Immediately preceding the first day of trial and each day during trial, counsel shall provide opposing counsel with the list of the next day's witnesses by 5:00 p.m. Counsel

should take the necessary steps to ensure that they have adequate witnesses to fill each trial day.

**SO ORDERED** this 24th day of May 2022.

/s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge