IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, SAVVY DOG SYSTEMS, LLC, PACE-O-MATIC, INC., MIELE MANUFACTURING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PENNSYLVANIA SKILL GAMES, LLC, <br><br> Defendant. | 2:18-cv-00722 |

**PRE-SETTLEMENT CONFERENCE ORDER**

And now, this 28th day of July, 2022, it is hereby ORDERED that a Settlement Conference in this case is scheduled for **September 8, 2022** at **9:00 AM**. This Settlement Conference shall be conducted via **videoconference**. More specific information regarding the videoconferencing instructions and parameters of attendance will be forthcoming. Set forth below are the responsibilities of the parties to be completed prior to the Settlement Conference, and the procedures that the Court will employ in conducting the Settlement Conference.

1. **Pre-Settlement Conference Exchange of Demand and Offer**

The Settlement Conference is more likely to be productive if, prior to the Conference, the parties have exchanged written settlement proposals. Accordingly, on or before **August 11, 2022**, Plaintiffs' counsel shall submit a written itemization of damages and settlement demand to Defendant's counsel with a brief explanation of why such a settlement is appropriate. No later than **August 18, 2022**, Defendant's counsel shall submit a written offer to Plaintiffs' counsel with a brief explanation of why such a settlement is appropriate. If settlement is not achieved, Plaintiffs' counsel shall deliver copies of all letters to Judge Wiegand's chambers by e-mailing

1

**Wiegand_Chambers@pawd.uscourts.gov** no later than **August 25, 2022**.  Do not file copies of these letters on the court docket.

2. **Joint Proposed Settlement Agreement and Joint Pre-Settlement Conference Statement**

On or before **August 25, 2022**, the parties shall also submit a joint proposed settlement agreement.  The proposed settlement agreement shall include all terms; however, the parties may use a blank line to indicate those terms which have not yet been agreed upon (e.g. damages in the amount of _____ shall be paid. . .”).

The parties shall also submit a Joint Pre-Settlement Conference Statement with the proposed settlement agreement. The Joint Statement should provide a very brief description of the procedural history and factual background of the case, and should identify any issues, in the order of necessary resolution, that will need to be resolved at the settlement conference for final settlement to be achieved. The parties should briefly describe their respective position on each issue; however, specific monetary amounts need not be discussed. The statement should identify which issues will require the most concerted effort to resolve.

The proposed settlement agreement, together with the statement, should be sent to the above e-mail address.  Do not file copies of the Joint Proposed Settlement Agreement and the Joint Pre-Settlement Conference Statement on the court docket.

3. **Parties' Confidential Settlement Position Letters**

On or before **September 1, 2022**, the parties shall separately submit confidential letters of no more than 5 pages (including any exhibits) to the Court at the above e-mail address detailing the relative strengths and weaknesses of their case, as well as settlement postures including monetary amounts.   The letter will not be shared with opposing counsel.  Accordingly, candor is expected.

**4.   Requirement that all Parties, Representatives with Complete Settlement Authority, and Lead Trial Counsel Attend in Person/via VIDEOCONFERENCE**

All parties, representatives with full and complete settlement authority, and lead trial counsel are required to attend the videoconference. An insured party shall appear by a representative of the insurer who is authorized to negotiate, and who has authority to settle the matter up to the entire policy limits.  Having a client, insurance carrier, or lead attorney with authority available only by telephone, while not preferred, is an acceptable alternative, given the present circumstances surrounding the COVID-19 pandemic.

**5.   Settlement Conference Format**

The Court will use a facilitative mediation format.  The Settlement Conference will begin with a joint session with opening presentations by each side.  The parties may utilize whatever presentation they believe will be most effective, including charts, audiovisual, and oral presentations by counsel and principals.

The joint session shall be followed by private caucusing by the Court with each party.  In caucus, you should discuss information which may assist in working toward a resolution, but which you would prefer not to disclose in direct negotiations.  The caucuses are also utilized to provide an opportunity to assess realistic options for resolution, without endangering any party's negotiation posture.  Caucusing will continue until an option has been developed which all sides feel is acceptable.

The Court expects both the lawyers and party representatives to be fully prepared to participate.  The Court encourages all parties to keep an open mind in order to reassess their previous positions and to consider creative means for resolving the dispute.

3

**6.   Confidentiality**

All statements made in the course of joint sessions, including opening presentations, are confidential settlement discussions.  Statements may not be used in discovery and are inadmissible at trial.  Any statements made or information disclosed to the Court in private caucus is also privileged and that disclosure cannot be compelled under any circumstances.

DATED this 28th day of July, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

4