**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

        Plaintiffs,

        v.

PENNSYLVANIA SKILL GAMES, LLC,

        Defendant.

CIVIL ACTION NUMBER:
2:18-cv-00722-PLD

The Hon. Patricia L. Dodge

**PENNSYLVANIA SKILL GAMES' MOTION *IN LIMINE***

PENNSYLVANIA SKILL GAMES, LLC,

        Plaintiff,

        v.

PACE-O-MATIC, INC. and MIELE MAN-
UFACTURING, INC.

        Defendants.

## PENNSYLVANIA SKILL GAME' MOTION IN LIMINE

Pennsylvania Skill Games hereby moves this Court to enter an Order in the interests of justice and a fair trial as follows and as set forth in the Memorandum in Support filed herewith and hereby incorporated herein by this reference; to wit:

1.      The POM Parties' proffered rebuttal expert, William Krieger, is not qualified and applied invalid methodologies and assessments. Mr. Krieger did not even know the if-once-known-never-forgotten answer to the easiest and most straight-forward question regarding trademarks and related matters ever presented, particularly to a proffered expert witness: "*How long does a trademark last?*" Among other such basic things, and failures to apply correct protocol, a Daubert Hearing is requested to exclude all or portions of the intended rebuttal.

2.      The POM Parties have referenced, in their Motion to Dismiss and in their Pretrial Statement, certain emails with attachments.  In the context of emails being used at trial for any purpose, it is yet unclear exactly which witness the POM Parties will be present in-person at trial.[1] The referenced email communications and their attachments are voluminous.  Although emails are properly admissible as admissions against the interests of the authoring party, emails cannot competently testify and be cross-examined in support of a case by the authoring party.  For emails to be used without supporting testimony at trial, the author or custodian would need to testify—even if then potentially admissible—that the proffered email is the final and complete thread of the subject of the conversation by all parties to any portion of the email thread for the record to have integrity.  Accordingly, emails for which there is not any reply or clear closure of the conversation purported by all parties thereto, the emails must be excluded.  Emails are conversational, unlike, *e.g.,* a tax return business record.  [Exhibit A - POM Parties Pretrial, Exhs. 1, 40, 42]

3.      The POM Parties have set forth certain invoices that suggest sales by Pace-O-Matic within the Commonwealth.  These invoices are irrelevant, because they are not probative of any issue in this case, being use of the trademark at issue.  The purported recipient of these invoices is not identified on the POM Parties witness list.  To the extent that the POM Parties seek to introduce these records under a hearsay exception, Pennsylvania Skill Games requests this Court to deny that request in advance of trial.  [Exhibit B - POM Pretrial Statement, Ex. 14]

4.      The POM Parties use the term "compliance" and have instituted "badged" "Compliance Officers" who write up self-serving internal so-titled "Compliance Reports."  Evidence

---

1 At the meet and confer meetings, the POM Parties vacillate as to who will appear for the "Will Call" list, sometimes representing "everyone" on that list will appear, and sometimes representing everyone who is an employee will appear, for which Ryan Wood and Daniel Warren, key witnesses—and no longer employees—are out of the jurisdiction who "might refuse to appear."  Notwithstanding that Counsel for the POM Parties, in their joint Pretrial Statement, have identified Ryan Wood and Daniel Warren as "care of" by representation of counsel for the POM Parties, the POM Parties will not stipulate that those persons will actually be made to appear at trial.

proffered to be used in this regard by the POM Parties is prejudicial and confusing, such as the police being called, "Murderer Catchers" with "Murderer Sheet" intake reports shown to a jury. Pennsylvania Skill Games requests that this Court exclude evidence (or redact where it serves justice) that would confuse the jury in this regard. If a jury is permitted to see a "Compliance Report" from "Compliance Officers" being a self-serving construct by the POM Parties, it will tend to prejudice the jury; however, PSG reserves the right to use it for its purposes. Moreover, such "Compliance Reports" use phraseology and opinions that suggests that Pennsylvania Skill games has used games that are illegal, but this self-serving fact has not been finally adjudicated. It is a convenient self-serving position for the POM Parties to assert that any game "not finally adjudicated to be legal" is thereby in any regard, "illegal" which is contrary to presumptions as a matter of law. Accordingly, Pennsylvania Skill Games requests that this Court limit all evidence that is nominated to assert that Pennsylvania Skill Games has been adjudicated to operate illegal games. Moreover, the POM Parties have presented to this Court a volume of information regarding PSG's "compliance." However, without this Court's control over the evidence presented, this assertion will confuse the jury, because of timing post-litigation. *See* ECF 135, pgs. 2–5 (timeline). The Lead Case was filed when Pennsylvania Skill Games sent an advance copy of a lawsuit pleading, and the POM Parties filed the Lead Case, after which it created all sorts of unilateral self-serving "clean up" terms, post litigation, that confounded PSG's benefits pursuant to the EPA [ECF 135-9]. In the interest of advance notice to the Court, PSG does not want continually to be objecting at trial over questions that confuse the timing, and a jury will become confused in hearing "failed to comply" with *ex post facto* new POM Parties' self-serving post-litigation terms and conditions as set forth in the Proposed Order.

WHEREFORE, Pennsylvania Skill Games prays that its Motion *In Limine* be granted.

This motion is without waiver of proper objections to be made at trial as circumstances require.

Dated: September 30, 2022

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Pittsburgh, PA 15241-2565, USA
v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

4

**CERTIFICATE OF SERVICE**

I hereby certify my belief that a true and correct copy of the foregoing Motion was served upon counsel of record via the Court's CM/ECF System on the date set forth below:

September 30, 2022

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com