14601922

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

          Plaintiffs/Counterclaim
          Defendants,

          v.

PENNSYLVANIA SKILL GAMES, LLC,

          Defendant/Counterclaim
          Plaintiff.

CIVIL ACTION NO. 2:18-CV-00722-PLD

CONSOLIDATED

The Honorable Patricia L. Dodge

## BRIEF IN SUPPORT OF MOTION IN LIMINE TO LIMIT TESTIMONY AND EVIDENCE RELATED TO OWNERSHIP OF TRADEMARKS

AND NOW COMES Pace-O-Matic, Inc. ("Pace"), POM of Pennsylvania, LLC ("POM"), Savvy Dog Systems, LLC ("Savvy Dog"), and Miele Manufacturing, Inc., ("Miele") (hereinafter referred to collectively as the "POM Parties"), by and through their undersigned counsel, and file the within Brief in Support of their Motion *in Limine* to Limit Testimony Related to Ownership of Trademarks:

## INTRODUCTION

POM of Pennsylvania and Savvy Dog filed this lawsuit, in part, because Pennsylvania Skill Games, LLC ("PSG") filed with the United States Patent and Trademark Office ("USPTO") trademark applications for the word and design mark[1] related to PENNSYLVANIA SKILL on May 30, 2018 [ECF Nos. 122-50; 135-15]. Savvy Dog subsequently filed competing trademark applications for the word and design mark related to PENNSYLVANIA SKILL[2].

---

[1] USPTO Serial Numbers 87856441 and 87856442, respectively.
[2] USPTO Serial Numbers 87941545 and 87941440, respectively.

It is believed that PSG will attempt to introduce evidence and testimony that it has successfully registered a trademark with the USPTO and therefore "owns" or holds a superior right to the trademark by virtue of those filings. It is expected that this argument will be made to the jury during opening statements. Any such assertion would be legally and factually incorrect. Further, it would be unfairly prejudicial to the POM Parties, especially considering that ownership of the PENNSYLVANIA SKILL trademark is in dispute and directly at issue in this case.

The POM Parties therefore move *In Limine* to limit the use of any trademark application by any Party as *prima facie* proof of ownership of the PENNSYLVANIA SKILL word or design mark. Any such attempts to offer evidence, testimony, or argument by PSG at trial that claims a superior right to ownership of the PENNSYLVANIA SKILL marks at issue by virtue of any filings with the USPTO should therefore be excluded.

### 1.  *The Procedural Posture of the Trademark Filings*

Attached as consolidated Exhibit 1 are true and correct orders from the USPTO Trademark Trial and Appeal Board ("TTAB"). These orders note that the proceedings before the TTAB regarding an opposition to PSG's trademark application for the PENNSYLVANIA SKILL design mark and a cancellation action related to the word mark are suspended pending the outcome of this case. To be fair, POM's application for registration of the design mark for PENNSYLVANIA SKILL is also suspended.

PSG's application for the word mark was amended to the supplemental register on October 15, 2019 after the USPTO determined that the application was not eligible for registration on the principal register. To ensure full candor to the Court, the docket related to the word mark cancellation is attached as Exhibit 2 and the docket for the design mark opposition is attached as Exhibit 3.

14516869

Because: (1) registration on the supplemental register confers no right of ownership; (2) all applications related to the PENNSYLVANIA SKILL mark have been challenged and opposed at the USPTO; and (3) the USPTO has deferred any decision pending resolution of this matter, there is no legal or factual basis for *either* party to claim, at trial, ownership of the trademarks at issue by virtue of any action or inaction by the USPTO.

### 2. *Filing of Trademark Applications and Registration of the Word Mark on the Supplemental Register Confers No Legal Rights and Are Irrelevant for that Purpose*

Registration on the supplemental register alone confers no ownership rights on any party absent proof of underlying facts that establish trademark rights, i.e., secondary meaning and other issues in dispute here. 15 U.S.C.A. § 1094. This process of registration involves publishing trademarks for opposition and a procedural mechanism whereby parties can litigate ownership issues before the USPTO. The only reason PSG was able to amend their word mark application to the supplemental register is because POM only became aware of the PSG filings before it had an opportunity to file an opposition due to a lack of notice by PSG. POM instead filed a cancellation proceeding, which is stayed as mentioned above.

POM of Pennsylvania and Savvy Dog, filed this suit, in part, because of PSG's predatory trademark filing, which the POM Parties claim is illegal, fraudulent, and in bad faith. Neither party concedes ownership to the other. Therefore, until a decision in this case occurs and all appeals are exhausted, filings at the USPTO are irrelevant to the legal and factual determinations related to ownership, especially because the only "registration" by PSG related to the PENNSYLVANIA SKILL mark relates only to the word mark, and the word mark is on the supplemental register (and subject to cancellation). Most important, as discussed below, this Court already has ruled that the word mark for PENNSYLVANIA SKILL is merely descriptive and cannot be enforced.

14516869

### 3. No Prejudice to PSG or the POM Parties Will Occur if the Testimony and Evidence is Limited As Requested

The POM Parties do not object to the use of the trademark applications themselves, as they contain admissions of fact and other related evidence the jury should hear. However, *neither* party should be permitted to offer the applications as *prima facie* proof of ownership or to make related claims to the jury.

Any evidence or testimony by PSG to claim ownership or some superior right to the marks by virtue of filing the applications themselves, even if relevant, would be unfairly prejudicial and would confuse the issues. The same objection holds true regarding PSG's registration regarding the word mark on the supplemental registry. As such, any such evidence or testimony is objectionable pursuant to F.R.E. 403.

### 4. This Court Already Has Ruled that the Word Mark PENNSYLVANIA SKILL is Descriptive, and Therefore any Registration of that Mark is Not Yet Probative of any Material Fact

This Honorable Court ruled that the word mark for PENNSYLVANIA SKILL is descriptive, and therefore a secondary meaning must be shown at trial. [ECF No. 157, at 14]. PSG may argue that the registration of the word mark is *prima facie* evidence of ownership, but this argument is incorrect. First, the POM Parties have filed a cancellation of the registration, as noted above. Second, even if PSG has moved its registration of PENNSYLVANIA SKILL onto the secondary register, such a move confers no rights of ownership. (15 U.S. Code § 1094)("… applications for and registrations on the supplemental register shall not be subject to or receive the advantages of sections 1051(b), 1052(e), 1052(f), **1057(b)**, 1057(c), 1062(a), 1063 to 1068, inclusive, 1072, 1115 and 1124")(emphasis supplied).

In particular, the advantages of 15 U.S.C.A. § 1057(b) is identified by Section 1094 as something a supplemental registrant cannot receive and states:

**(b) Certificate as prima facie evidence**

A certificate of registration of a mark upon the principal register provided by this chapter shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate, subject to any conditions or limitations stated in the certificate.

Said otherwise, PSG cannot claim *prima facie* evidence of ownership or exclusive use of the word mark by virtue of its supplemental registration. As such, it should not be able to make such an argument to the jury. PSG has no basis whatsoever to claim ownership of the design mark by virtue of filing a trademark application with the USPTO because no registration has been granted, according to the USPTO website[3], which displays the following:

| | Serial Number | Reg. Number | Word Mark | Check Status | Live/Dead | Class(es) |
|---|---|---|---|---|---|---|
| 1 | 87856442 | | PENNSYLVANIA SKILL | TSDR | LIVE | |
| 2 | 87856441 | 5887224 | PENNSYLVANIA SKILL | TSDR | LIVE | |
| 3 | 87941545 | | PENNSYLVANIA SKILL | TSDR | LIVE | 009; 028; 041 |
| 4 | 87941440 | | PENNSYLVANIA SKILL H N CON 1776 | TSDR | LIVE | 009; 028; 041 |

As noted above, Serial Number 878565441 is the word mark and 87856442 is the design mark. No registration number is indicated for the design mark.

## CONCLUSION

Based on the foregoing, the POM Parties move this Court *in limine* to limit the use of any trademark application by any Party as *prima facie* proof of ownership of the PENNSYLVANIA SKILL word or design mark. Further, PSG should be precluded from claiming an ownership right to the word mark PENNSYLVANIA SKILL due to its amendment to the supplemental registry on October 15, 2019. This limitation should extend to opening statements, any witness

---

[3] https://tmsearch.uspto.gov/bin/showfield?f=toc&state=4809%3A8jp56e.1.1&p_search=searchss&p_L=50&BackReference=&p_plural=yes&p_s_PARA1=&p_tagrepl%7E%3A=PARA1%24LD&expr=PARA1+AND+PARA2&p_s_PARA2=%22Pennsylvania+Skill%22&p_tagrepl%7E%3A=PARA2%24COMB&p_op_ALL=AND&a_default=search&a_search=Submit+Query&a_search=Submit+Query

examination, documentary evidence, and/or argument. The trademark applications submitted by either party may be used for any other purpose.

Respectfully submitted,

Dated:  September 30, 2022

SPILMAN THOMAS & BATTLE, PLLC

By:/s/ Julian E. Neiser
    Julian E. Neiser
    Pa. Id. No. 87306
    One Oxford Centre, Suite 3440
    301 Grant Street
    Pittsburgh, PA  15219
    T:  (412) 325-1116
    F:  (412) 325-3324
    E:  jneiser@spilmanlaw.com

**Attorneys for Pace-O-Matic, Inc., Miele Manufacturing, Inc., POM of Pennsylvania, LLC, and Savvy Dog Systems, LLC**

6

14601922

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a      CIVIL ACTION NO. 2:18-CV-00722-PLD
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,                          CONSOLIDATED

      Plaintiffs/Counterclaim      The Honorable Patricia L. Dodge
      Defendants,

      v.

PENNSYLVANIA SKILL GAMES, LLC,

      Defendant/Counterclaim
      Plaintiff.

## <u>CERTIFICATE OF SERVICE</u>

I, Julian E. Neiser, counsel for POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic, Savvy

Dog Systems, LLC, Pace-O-Matic, Inc. and Miele Manufacturing, Inc., do hereby certify that on

the 30th day of September, 2022, I served the foregoing **Brief** to counsel of record via the Court's

CM/ECF System:

Via email to [mailroom.grz@zegarelli.com](mailto:mailroom.grz@zegarelli.com)

Gregg R. Zegarelli, Esquire
Technology & Entrepreneurial
  Ventures Law Group, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA  15241-2565

**Counsel for Pennsylvania Skill Games, LLC**

SPILMAN THOMAS & BATTLE, PLLC

By:  /s/ Julian E. Neiser
     Julian E. Neiser