14601922

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

CIVIL ACTION NO. 2:18-CV-00722-PLD

CONSOLIDATED

    Plaintiffs/Counterclaim
Defendants,

The Honorable Patricia L. Dodge

    v.

PENNSYLVANIA SKILL GAMES, LLC,

    Defendant/Counterclaim
Plaintiff.

## BRIEF IN SUPPORT OF MOTION IN LIMINE TO LIMIT OR EXCLUDE TESTIMONY AND EVIDENCE RELATED TO NON-POM PARTIES

AND NOW COMES Pace-O-Matic, Inc. ("Pace"), POM of Pennsylvania, LLC ("POM"),

Savvy Dog Systems, LLC ("Savvy Dog"), and Miele Manufacturing, Inc., ("Miele") (hereinafter

referred to collectively as the "POM Parties"), by and through their undersigned counsel, and file

the within Brief in Support of Motion *In Limine* to Limit or Exclude Testimony and Evidence

Related to Non-POM Parties:

## INTRODUCTION

PSG attempted in February 2020 to join twenty-eight unrelated parties into this litigation

under the theory of a widespread conspiracy and fraudulent alter-ego conveyances. [ECF No. 61,

pgs. 5, 6].

This motion was denied. [ECF No. 61]. A copy of this Court's Order is attached as

Exhibit 1. Subsequently, PSG was granted leave and latitude to conduct sweeping discovery.

However, PSG never returned to this Court with a renewed motion or to obtain leave to amend is

pleadings.

14516869

PSG is expected at trial to reintroduce theories of fraud, conspiracy, and other irrelevant claims allegedly related to interplay between entities affiliated with the POM Parties, but not parties to this action—theories that have already been rejected by this Court for joinder purposes. This evidence includes an organization chart attached to the aforementioned Motion for Joinder and a group exhibit related to the formation of the POM Parties[1]. Any attempt by PSG to replow this territory at trial will result in a waste of time, confusion of the issues, and unfair prejudice to the POM Parties. It is also expected that PSG will attempt to offer this same irrelevant evidence to put in front of the jury claims that are neither material nor pleaded.

As such, the POM Parties move this Honorable Court, *in limine*, to limit or exclude argument, testimony, and evidence regarding affiliates or related parties to the POM Parties.

### 1. *The Organization and Relationship of Entities Unrelated to this Suit are Irrelevant*

PSG is expected to argue that entities unrelated to this suit, but "affiliated" with the POM Parties are proof of a widespread conspiracy to collectively harm PSG. Additionally, PSG is expected to argue that the POM Parties allegedly "usurped" a "right" to be a "distributor" in Pennsylvania. However, the organization of the POM Parties or any related entities is irrelevant to any actual claim or controversy between the parties, nor does it relate to any damages theory. This Court noted in Footnote 4 of the above-referenced Order denying joinder that, "Notably, PSG does not allege that any of the other POM entities which it seeks to join as necessary parties engaged in any of the wrongful conduct that forms the basis for the claims asserted in its Counterclaim and Complaint." [ECF No. 60, pg. 7, fn. 4]. Nothing has changed since that time.

Indeed, the organization of the POM Parties is simple. They are all going concerns, separately organized in compliance with the law, and their existence is not remotely connected to

---

[1] See, PSG Pretrial , Exhibit List, ECF No. 204-2, Exhibits CCC and DDD. A copy of the exhibits we believe PSG will attempt to use at trial are attached as Exhibit 2.

any claim or affirmative defense asserted by PSG. If PSG believed otherwise, it needed to raise a challenge properly and within the rules. It did not. Still, it is expected that PSG will try and offer evidence regarding subsidiaries and other affiliated entities related to the POM Parties at trial for irrelevant purposes (as noted above), which is why PSG has identified the organizational chart on its Pretrial Statement and the group exhibit related to the POM Parties' formation. (See, Ex. 2 to this motion; and PSG Pretrial , Exhibit List, ECF No. 204-2, Exhibits CCC and DDD).

The organization and/or existence of non-POM Party entities is irrelevant to this case. The organization of the POM Parties or the existence of any subsidiaries or affiliated companies does not make any claim or defense at issue more or less likely. Instead, allowing PSG to offer such irrelevant evidence will result in a waste of time and confusion of the issues.

The only allegations in this case relate to the parties to this suit. PSG's damages expert focused solely on damages related to parties to this suit. Therefore, the introduction of evidence or testimony related to ancillary entities "connected" to the POM Parties—but not to the underlying allegations—is irrelevant.

As to the alleged "distributor" status that PSG is expected to raise, there is no agreement between PSG and any other party to this litigation regarding distribution or any alleged right as a "distributor." PSG has not pleaded any such claim, it has not even hinted at such a claim through its damages expert, and any such allegation is so far afield that it would be a tremendous waste of everyone's time. If PSG is going to make such a claim, it should be compelled to make an offer of proof.

Further, if PSG seriously believed assets were hidden (which they are not), it could have petitioned the Court for a constructive trust or sought injunctive relief. It did not. Notably, PSG received the financials from all the POM Parties, which were reviewed by PSG's expert. If there

14516869

were any issues found in those financials that would make entities related to the POM Parties

relevant, PSG should have raised them by now. It did not.

This Court should note that the "relationship" of the POM Parties themselves are not in

controversy. The identity and "relationship" of the POM Parties have been pleaded. This Motion

instead seeks to prevent a fishing expedition, at trial, over collateral matters that are not at issue.

### 2. *Even if Relevant, the Anticipated Use of the Organization Chart or Related Testimony Should be Excluded Under F.R.E. 403*

F.R.E. 403 states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Even if evidence or testimony on this subject stated above were relevant, the anticipated

use would be unfairly prejudicial. If past is prologue, PSG is expected to introduce evidence and

testimony to claim the POM Parties engaged in activities—outside the allegations of this

litigation—that were somehow harmful to PSG or "usurped" some right that has not been

pleaded. This anticipated evidence and testimony would likely reference certain

subsidiaries/affiliates of the POM Parties that are not part of this litigation. These entities were

not permitted to be joined by this Court's Order (referenced supra), and have nothing to do with

any the claims or defenses of the parties. If they were, they should have been made a party to this

case. They were not.

To the extent that PSG is claiming a right as a "distributor" or some right that has not

been pleaded, the POM Parties cite to this Court's Order of April 20, 2021 [ECF No. 140], a true

and correct copy of which is attached as Exhibit 3. PSG had raised the need to compel

production of documents, which included an alleged "distributor" agreement that never

materialized, never was pleaded, and likely is a pure fiction. This Court directly addressed those

4

14516869

issues in her ruling, holding that draft agreements would not be "admissible or relevant to the terms or interpretation of the Equipment Purchase Agreement, including the duties of Miele Manufacturing or Pace-O-Matic to PSG or their relationship as "Sellers" under the terms of the Equipment Purchase Agreement." Id. at pg. 5. Because PSG had previously suggested potential relevance due to an alleged "distribution" agreement and raised it in its Motion to Compel [ECF No. 105, 118], this Court ruled, "Similarly, later negotiations about a distributorship relationship has no bearing on whether either or both of these parties engaged in the trademark infringement alleged in the Complaint." Id.

Any testimony regarding any related entity of the POM Parties would fall squarely within Rule 403 and/or this Court's prior orders and should be excluded from the trial.

### 3. No Prejudice to PSG Will Occur if the Testimony and Evidence is Excluded

No prejudice will occur to PSG regarding its expansive damages or liability claims if this Motion *In Limine* is granted. PSG has claims against the existing parties that will be heard before a jury or this Court. If PSG is successful and believes assets are hidden (which they are not), it can explore such claims after trial. See, e.g. ECF No. 61, pg. 8. PSG had the opportunity at all times in this matter to amend its pleadings, add new counts, and add new parties if PSG truly believed those entities had liability. This Honorable Court denied PSG's ability to expand the litigation and add additional parties to this case for good reason. Therefore, the proper parties to this litigation are all present and accounted for. PSG will not be prejudiced if required to focus only on the entities present in the caption; however, the POM Parties will be unfairly prejudiced if PSG is permitted to offer irrelevant evidence on far-ranging theories that create unfair suspicion against the POM Parties simply because they have chosen to legally organize their companies.

14516869

This especially is true if PSG is permitted to utilize the existence of related or affiliated entities that have no involvement in this case as part of an unpleaded theory of a "distributor" agreement or relationship without a pretrial offer of proof.

No prejudice will occur to PSG if the POM Parties' motion is granted. All "damages" alleged by PSG and referenced in its expert report are related only to the parties named in this litigation. Conversely, the POM Parties would be prejudiced if such evidence or testimony is permitted and what is bound to be an unwieldy trial will be made even more confusing and time consuming.

### CONCLUSION

Based on the foregoing, the POM Parties move this Court *in limine* to limit or exclude the use of the Exhibits CCC and DDD identified in PSG's pretrial exhibit list and for PSG to be prevented from introducing testimony or evidence related to any subsidiary or affiliate of the POM Parties, to include any reference thereto in an opening statement. Alternatively, PSG should be required to make a pretrial offer of proof as to relevance.

Respectfully submitted,

Dated:  September 30, 2022

SPILMAN THOMAS & BATTLE, PLLC

By:/s/ Julian E. Neiser
    Julian E. Neiser
    Pa. Id. No. 87306
    One Oxford Centre, Suite 3440
    301 Grant Street
    Pittsburgh, PA  15219
    T:  (412) 325-1116
    F:  (412) 325-3324
    E:  jneiser@spilmanlaw.com

**Attorneys for Pace-O-Matic, Inc., Miele Manufacturing, Inc., POM of Pennsylvania, LLC, and Savvy Dog Systems, LLC**

14601922

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | CIVIL ACTION NO. 2:18-CV-00722-PLD |
| | CONSOLIDATED |
| Plaintiffs/Counterclaim Defendants, | The Honorable Patricia L. Dodge |
| v. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Defendant/Counterclaim Plaintiff. | |

**CERTIFICATE OF SERVICE**

I, Julian E. Neiser, counsel for POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic, Savvy

Dog Systems, LLC, Pace-O-Matic, Inc. and Miele Manufacturing, Inc., do hereby certify that on

the 30th day of September, 2022, I served the foregoing **Brief** to counsel of record via the Court's

CM/ECF System:

Via email to mailroom.grz@zegarelli.com

Gregg R. Zegarelli, Esquire
Technology & Entrepreneurial
  Ventures Law Group, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA  15241-2565

**Counsel for Pennsylvania Skill Games, LLC**

SPILMAN THOMAS & BATTLE, PLLC

By:  /s/ Julian E. Neiser
        Julian E. Neiser