14601922

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | CIVIL ACTION NO. 2:18-CV-00722-PLD |
| | CONSOLIDATED |
| Plaintiffs/Counterclaim Defendants, | The Honorable Patricia L. Dodge |
| v. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Defendant/Counterclaim Plaintiff. | |

## BRIEF IN SUPPORT OF MOTION IN LIMINE TO LIMIT OR EXCLUDE TESTIMONY AND EVIDENCE RELATED TO B. GREG CLINE, ESQ.

AND NOW COMES Pace-O-Matic, Inc. ("Pace"), POM of Pennsylvania, LLC ("POM"), Savvy Dog Systems, LLC ("Savvy Dog"), and Miele Manufacturing, Inc. ("Miele"), (hereinafter referred to collectively as the "POM Parties"), by and through their undersigned counsel, and file the within Brief in Support of Motion *in Limine* to Limit or Exclude Testimony and Evidence Related to B. Greg Cline, Esq.:

## INTRODUCTION

Pennsylvania Skill Games, LLC ("PSG") listed B. Greg Cline, Esq. on its "will call" witness list. [ECF No. 204-1, No. 3]. Mr. Cline is an attorney for Pace, POM of Pennsylvania, LLC, and Savvy Dog and has served in that role at all times in this litigation. Therefore, his communications with and between those parties are privileged and protected from disclosure absent waiver or consent by his clients. F.R.E. 501 and 502. It also is submitted that any communications involving Attorney Cline with and between Miele regarding this litigation would be protected under a common interest.

14516869

As this Court may recall, the deposition testimony of Mr. Cline involved a subsequent failed attempt by PSG to compel the production of documents related to draft agreements between Pace and Miele. [ECF Nos. 105, 112, and 118]. Due to PSG's overreaching approach to obtaining evidence/testimony regarding the relationship of Pace and Miele under a theory that PSG is a "master distributor" or holds some other unknown status, the POM Parties were forced to submit emails *in camera* to this Court and engage in needless motions practice—all of which were resolved in the POM Parties' favor. The POM Parties also were required to expend time and money in motions practice because PSG completely disregarded this Court's February 9, 2021 Order, which imposed a limiting instruction on the scope and extent of Attorney Cline's deposition. As a result of PSG's misconduct, the deposition needed to be halted. It was never reconvened.

In fact, this Honorable Court subsequently denied PSG's Motion to Compel the continued deposition testimony of Mr. Cline and ruled that draft agreements were irrelevant. [ECF No. 140], a true and correct copy of which is attached as Exhibit 1. This Court also ruled that privilege redactions to email messages and the accompanying privilege log produced by the POM Parties was proper. Id.

The POM Parties acknowledge that Mr. Cline did indeed write a letter in February 2018 to counsel for PSG, in which Mr. Cline advised PSG the Equipment Purchase Agreement was terminated and that PSG had abandoned locations due to inactivity. PSG identified this letter as an exhibit in its pretrial. [ECF No. 204-2, FFFF] (the "Cline Letter"). However, Mr. Cline should not be compelled to testify to the substance or intent of the letter, as any related conversations are privileged and the document speaks for itself. PSG is free to question other fact witnesses at trial on the substance of the letter without requiring Attorney Cline's testimony.

In light of these issues and the anticipation that PSG will attempt to elicit privileged testimony, Pace, POM of Pennsylvania, and Savvy Dog move *in limine* to preclude and limit any testimony from Attorney Cline that involve matters of privilege.

### 1. Mr. Cline's Testimony Will Involve Privileged Information

This Court has acknowledged that Attorney Cline is a lawyer for Pace, POM of Pennsylvania, and Savvy Dog. [Ex. 1, ECF No. 140, pg. 3]. Therefore, those entities can assert attorney-client privilege over his communications.

As a result, Mr. Cline should not be subjected to open-ended questioning by PSG at trial that will result in the repeated assertion of privilege. Such a tactic by PSG would be unfairly prejudicial and would result in a waste of time at trial, which makes such anticipated testimony objectionable pursuant to F.R.E. 403 and 502, without any exception for wavier. Attorney Cline should be precluded from testifying entirely, or PSG should be required to submit an offer of proof in its response to this Motion.

### 2. No Prejudice to PSG Will Occur if the Testimony and Evidence is Excluded

This Court has already ruled on the scope and extent of Attorney Cline's testimony during discovery and has ruled that draft agreements are irrelevant. [Ex. 1, ECF No. 140, pg. 4]. As a result, there is no need to address those issues and no prejudice can be claimed by PSG as a result of those rulings. These are bright-line issues that should not be controversial. Even if Attorney Cline's testimony is precluded entirely, PSG will not be prejudiced because it is free to examine numerous fact witnesses at trial. Conversely, Pace, POM of Pennsylvania, and Savvy Dog will be prejudiced if there is no pretrial limitation on their attorney's testimony.

3

14516869

## **CONCLUSION**

Based on the foregoing, the POM Parties move this Court *in limine* to preclude the

testimony of Attorney Cline entirely.


Respectfully submitted,

Dated:  September 30, 2022                    SPILMAN THOMAS & BATTLE, PLLC

By:/s/ Julian E. Neiser                    
     Julian E. Neiser
     Pa. Id. No. 87306
     One Oxford Centre, Suite 3440
     301 Grant Street
     Pittsburgh, PA  15219
     T:  (412) 325-1116
     F:  (412) 325-3324
     E:  jneiser@spilmanlaw.com

**Attorneys for Pace-O-Matic, Inc., Miele
Manufacturing, Inc., POM of Pennsylvania,
LLC, and Savvy Dog Systems, LLC**

4

14601922

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

        Plaintiffs/Counterclaim
        Defendants,

        v.

PENNSYLVANIA SKILL GAMES, LLC,

        Defendant/Counterclaim
        Plaintiff.

CIVIL ACTION NO. 2:18-CV-00722-PLD

CONSOLIDATED

The Honorable Patricia L. Dodge

## CERTIFICATE OF SERVICE

I, Julian E. Neiser, counsel for POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic, Savvy

Dog Systems, LLC, Pace-O-Matic, Inc. and Miele Manufacturing, Inc., do hereby certify that on

the 30th day of September, 2022, I served the foregoing **Brief** to counsel of record via the Court's

CM/ECF System:

Via email to mailroom.grz@zegarelli.com

Gregg R. Zegarelli, Esquire
Technology & Entrepreneurial
  Ventures Law Group, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA  15241-2565

**Counsel for Pennsylvania Skill Games, LLC**

SPILMAN THOMAS & BATTLE, PLLC

By:  /s/ Julian E. Neiser
     Julian E. Neiser