14601922

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC,

           Plaintiffs/Counterclaim Defendants,

           v.

PENNSYLVANIA SKILL GAMES, LLC,

           Defendant/Counterclaim Plaintiff.

CIVIL ACTION NO. 2:18-CV-00722-PLD

CONSOLIDATED

The Honorable Patricia L. Dodge

### BRIEF IN SUPPORT OF MOTION IN LIMINE TO LIMIT OR EXCLUDE TESTIMONY AND EVIDENCE RELATED TO MIELE MANUFACTURING

AND NOW COMES Pace-O-Matic, Inc. ("Pace"), POM of Pennsylvania, LLC ("POM"), Savvy Dog Systems, LLC ("Savvy Dog"), and Miele Manufacturing, Inc., ("Miele") (hereinafter referred to collectively as the "POM Parties"), by and through their undersigned counsel, and file the within Brief in Support of Motion *In Limine* to Limit or Exclude Testimony and Evidence Related to Miele Manufacturing:

### INTRODUCTION

It is believed Pennsylvania Skill Games ("PSG") will attempt to introduce evidence and testimony at trial that Miele Manufacturing, Inc. (or any entity affiliated with Miele) competes with PSG. Unless such evidence or testimony directly relates to PSG's breach of contract claim involving Beaver County, Pennsylvania, e.g., Miele is directly competing with PSG in Beaver County in violation of the Equipment Purchase Agreement ("EPA"), this area of inquiry is either irrelevant or subject to exclusion under F.R.E. 403.

14516869

### 1.  *Miele's Activities or Related Businesses Outside of Beaver County Are Irrelevant*

F.R.E. 401 states that evidence is relevant if:

> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

> (b) the fact is of consequence in determining the action.

PSG is expected to argue that Miele, directly or through related entities or subsidiaries, is a competitor of PSG.  For example, PSG identifies Exhibit R on its Exhibit List [ECF No. 204-2], which relates to MDM Ventures (a Miele company) and a group picture (without any Bates number) showing Miele as competitive vendor. This agreement is dated December 23, 2014 – months before the EPA was executed. There is no geographic limitation or location identified in these exhibits.

Unless PSG's claims relate to Beaver County or the allegations contained within the pleadings, any allegation that Miele is a competitor is irrelevant. PSG's claims against Miele relate solely to contract claims limited to Beaver County and usage of the trademark on gaming machines allegedly without PSG's "permission" that resulted in deceptive marketing and misleading information "regarding their association with electronic video game machines" without PSG's permission. See, e.g., ECF No. 7, Counts I through IV, ¶¶ 67, 68. The issue of "competition" by Miele or any related company with PSG as a gaming operator is not at issue in this case unless PSG can connect the dots between Miele and operations in Beaver County.

Said otherwise, PSG should be limited to testimony and evidence related to Miele's conduct: (1) regarding the trademark; and (2) the Equipment Purchase Agreement limited to

2

alleged damages in Beaver County, Pennsylvania[1]. Otherwise, PSG is going to waste a significant amount of time at trial and completely confuse the jury.

### 2. Even if Relevant, the Anticipated Testimony and Evidence Against Miele Should be Limited or Excluded Under F.R.E. 403

The trial in this case will be complex due to the breadth of PSG's claims. If PSG attempts to offer testimony or evidence that Miele, through related entities, is a competitor or has engaged in "unfair competition" for reasons unrelated to a pleaded cause of action (e.g. outside of Beaver County), Miele and the POM Parties will be unfairly prejudiced and the jury will be misled.

For example, there are no claims within PSG's pleadings related to Miele and/or its related entities directly or indirectly "competing" with PSG as an operator. Therefore, PSG should be precluded *in limine* from doing so, as PSG will waste time, Miele will be unfairly prejudiced, and the jury will be confused about which issues it is deciding.

### 3. No Prejudice to PSG Will Occur if the Testimony and Evidence is Excluded

PSG had four years to develop its case. PSG could have added Miele-related companies if it chose and had evidence to support such a strategy. It did not. Therefore, a ruling *in limine* to exclude such testimony or evidence or limit it to activities related to Beaver County is necessary. PSG would not be prejudiced in the slightest by such a ruling, as it is still free to introduce evidence and testimony that relate to the claims stated in its pleadings. Conversely, Miele would be substantially prejudiced if such testimony or evidence sought to be excluded/limited in this Motion were adduced at trial.

---

[1] This Motion is related to another Motion *In Limine* filed by the POM Parties to limit or exclude evidence related to the organization of or relationship to non-party entities to the parties to this litigation.

14516869

## CONCLUSION

Based on the foregoing, the POM Parties move this Court *in limine* to exclude testimony regarding any Miele-related entity unless directly related to PSG's claims involving Beaver County.

Respectfully submitted,

Dated:  September 30, 2022

SPILMAN THOMAS & BATTLE, PLLC

By:/s/ Julian E. Neiser
    Julian E. Neiser
    Pa. Id. No. 87306
    One Oxford Centre, Suite 3440
    301 Grant Street
    Pittsburgh, PA  15219
    T:  (412) 325-1116
    F:  (412) 325-3324
    E:  jneiser@spilmanlaw.com

**Attorneys for Pace-O-Matic, Inc., Miele Manufacturing, Inc., POM of Pennsylvania, LLC, and Savvy Dog Systems, LLC**

14601922

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a          CIVIL ACTION NO. 2:18-CV-00722-PLD
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,                              CONSOLIDATED

         Plaintiffs/Counterclaim          The Honorable Patricia L. Dodge
         Defendants,

         v.

PENNSYLVANIA SKILL GAMES, LLC,

         Defendant/Counterclaim
         Plaintiff.

## <u>CERTIFICATE OF SERVICE</u>

I, Julian E. Neiser, counsel for POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic, Savvy

Dog Systems, LLC, Pace-O-Matic, Inc. and Miele Manufacturing, Inc., do hereby certify that on

the 30th day of September, 2022, I served the foregoing **Brief** to counsel of record via the Court's

CM/ECF System:

Via email to [mailroom.grz@zegarelli.com](mailto:mailroom.grz@zegarelli.com)

Gregg R. Zegarelli, Esquire
Technology & Entrepreneurial
  Ventures Law Group, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA  15241-2565

**Counsel for Pennsylvania Skill Games, LLC**

SPILMAN THOMAS & BATTLE, PLLC

By:  /s/ Julian E. Neiser
     Julian E. Neiser