**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

        Plaintiffs,
        v.

PENNSYLVANIA SKILL GAMES, LLC,

        Defendant.

PENNSYLVANIA SKILL GAMES, LLC,

        Plaintiff,
        v.

PACE-O-MATIC, INC. and MIELE MAN-
UFACTURING, INC.

        Defendants.

CIVIL ACTION NUMBER:
2:18-cv-00722-PLD

The Hon. Patricia L. Dodge

**PENNSYLVANIA SKILL GAMES'
MEMORANDUM IN OPPOSITION TO
POM PARTIES MOTION IN LIMINE
ECF 209–210 REGARDING EVIDENCE
OF TRADEMARK REGISTRA-
TION/APPLICATIONS**

The POM Parties overreach to exclude exactly the evidence that a jury needs to hear and conflate and assume evidentiary foundations relating to the filings.

As an initial consideration, this Court should note that what is good for the goose is good for the gander; to wit: the POM Parties have filed multiple state trademark registrations and federal trademark applications.  [ECF 204-1, S–U]  It is presumed that the POM Parties' request to exclude those filing by PSG would be to exclude the filings by the POM Parties, although they do not say so.  PSG did not file any such motion, because it cannot be said, and should not be said, as a matter of law in the abstract, that there can be no foundation for introduction of those trademark filings as evidence in a trademark case, and which are signed, and are thereby proper admissions.  The

fact that the parties made the filings, and the whys, and hows, and whens of the filings, are certainly relevant, or can be, with legal consequences as may be developed as a jury instruction.

It is rather absurd, and perhaps frivolous—if not clearly unsupported by any applicable law in the POM Parties' memorandum—to say that evidence must be excluded in the abstract in advance of trial in a trademark case, regarding trademark federal trademark registration filings made and signed by the parties. This is the space of a proper jury instruction regarding how the jury should use those documents, but they remain admissions: if nothing else, the admission that each party believes the mark is able to be registered at the time of signing the document. Moreover, lest the POM Parties lull us into forgetting, in this case, there is a deep and wide market that developed exactly because of the Beaver County Court case—exactly as intended by the parties—which immediately bore the trademark and tradename of PSG and signified the "compliant" games, creating immediate value and reputation in the relevant market. Therefore, the question reserved to the jury because, in this case, the fame of the mark in the relevant market, if not before, became immediately associated with PSG exactly as intended as master distributor, and the usurping of that mark by the POM Parties must be exposed. *First Brands Corp. v. Fred Meyer, Inc,* 809 F.2d 1378, 87 A.L.R. Fed. 1, 55 USLW 2496, 1 U.S.P.Q.2d 1779 ("intent is a pure question of fact"); *Flynn v. AK Peters, Ltd.,* 377 F.3d 13 (1st Cir., Mass. 2004); *Peoples Federal Sav. Bank v. People's United Bank,* 672 F.3d 1 (1st Cir. Mass. 2012); *Browne Drug Co. v. Cococare Products,* 538 F.3d 185 (3rd Cir. NJ 2008); *Dranoff-Perlstein Associates v. Sklar,* 967 F.2d 852 (3rd. Cir. PA, 1992); *Tillery v. Leonard & Sciolla,* 521 F.Supp.2d 346 (E.D.Pa 2007) (whether a term is generic, descriptive, or inherently distinctive, is a question of fact, as is the question of whether the mark has acquired secondary meaning).

The Proposed Order is inherently flawed and a legal *non sequitur*. Indeed, such a suggestion clearly would eliminate proper evidence under Counts I, II, III, and V of PSG's Complaint. [ECF 1, 2:18-cv-941]. Moreover, to the extent that the jury finds that PSG is entitled to ownership of the word mark, with a personal license granted to Miele and Pace per the EPA, the derivative logo mark and the good will necessarily inure to PSG. *See,* 15 USC 15 U.S.C. 1055.

The amendment to the Supplement Register is not a concession or substantive admission regarding legal claims, and filing on the same does not eliminate or vitiate common law rights, but grants what the law provides by construct. The undersigned has personally filed more than 500 federal trademark applications: indeed, among other things, there are simply times when the decision to concede to the Supplemental is to avoid costly appeals. A federal registration is not required to own a trademark in the first place, and a Supplement Registry registration is still a statutory construct for evidentiary purposes, such as intended by law.

A descriptive mark is not a generic mark, the latter not being capable of registration, and the former, by virtue of the Supplement Registration, satisfying the federal standard for what is capable of registration by the statutory construct. *T-Mobile US, Inc. v. AIO Wireless,* 991 F.Supp.2d 888 (SDTX 2014), *citing,* 15 USC §§ 1057(b), 1091, 1094, Lanham Act, 7, 23, 26. The POM Parties' joint suggestion that a Supplement Registration vitiates substantive rights is ungrounded, the grant of the registration is scoped within that particular registration.

The POM Parties assert a "predatory trademark filing" and PSG invites them to convince the jury of that fact.[1] PSG will defend against that accusation, and such accusation itself argues

---

[1] In the same area of their Memorandum, p.3, ¶4, and No. 4 at p.4, the POM Parties seem to imply that this Court issued a final fact finding on the trial merits from the POM Parties' joint Motion to Dismiss. The undersigned disagrees, deferring, of course, to this Court knowing what it did better than either party can assert. In any case, the MSJ ruling, it appears that the Court expressly reserved judgment and any such final ruling on the trial merits was scoped against only the POM Parties' by their joint Motion to Dismiss and applicable to them only.

the POM Parties out of court, as it is clear that they intend to make that accusation, one way or another; even if they do not do so in their case in chief, they could do so in their defense to their infringement.  At No. 4, p.4 of their Memorandum, the POM Parties also provide a list of statutory references that are not germane to the precise question.  15 USC § 1091(a)–(b) (supplemental registration is prima facie evidence that the USPTO finds the mark "capable of distinguishing applicant's goods or services").

**(c) Nature of mark**

**For the purposes of registration on the supplemental register, a mark may consist of any trademark, symbol, label, package, configuration of goods, name, word, slogan, phrase, surname, geographical name, numeral, device, any matter that as a whole is not functional, or any combination of any of the foregoing, but such mark must be capable of distinguishing the applicant's goods or service**

Id., at § 1091(c).  The POM Parties seek to deny PSG of the evidence relating to the statutory construct to which PSG is entitled, being the USPTO's determination of capability of registration. The POM Parties may claim to seek to "cancel" the registration by this action, but they cannot exclude from evidence the evidence of the thing they have made relevant by their own claim.[2]

In short, PSG met the requirements for a Supplemental Registration of the trademark, and the facts regarding cancellation of that registration must be presented to the jury.

Moreover, pennsylvaniaskillgames.com has been in exclusive use by PSG since March 2, 2016, created a brief time after the EPA and in use now for more than 5 years.  *See, Patent and Trademark Office v. Booking.com B. V.,* 591 U.S. ___, 140 S.Ct. 2298, 207 L.Ed.2d 738, 20 Cal. Daily Op. Serv. 6243 ("Booking.com" was not generic for federal trademark registration purposes

---

[2] This Court will note that the POM Parties cite to 15 USC § 1094 and repeat the listing for the specific exclusions from the listing of additional statutory benefits for a Supplemental Registry registration, yet they fail to cite to 15 USC § 1091(a)–(c), which set forth the statutory construct of standards achieved in acquiring the Supplemental Registration in the first place.

and depends upon whether consumers in fact perceive that term as the name of a class or, instead, as a term capable of distinguishing among members of the class); 15 U.S.C. 1052.

PSG filed and is the valid owner of a Supplemental Registration, the existence of which is a fact of record that the exists for that very purpose, to evidence the claim, such as the law recognizes that claim. It is certainly permissible to show to the jury. There can be a jury instruction as to its legal effect for consideration of that proper evidence. The POM Parties seek to exclude from the jury the very registration that they claim to seek cancelation, without any supporting law for the proposition.

In their Motion to Dismiss, the POM Parties argued that the mark is descriptive in only in PSG's hands seeming to forget that, if a jury finds that PSG owns the trademark in question, and if the POM Parties usage is by permissive right and license, then any usage rights inure to PSG. *See,* 15 USC 15 U.S.C. 1055. Notwithstanding a huge volume of admissions related to the value of the brand in light of the Beaver County case, the POM Parties now seem to argue that the mark is descriptive against their own interest, again moving the target argument. The POM Parties would now rather the mark be unregisterable than to allow it to be owned by PSG, but there is simply too much evidence in this case that must go to the jury, provided that there is instruction as approved by this Honorable Court.

If this Honorable Court excludes the evidence, prejudice will occur. Accordingly, PSG requests that the POM Parties' motion be DENIED. In the alternative, PSG requests that the ruling be deferred as justice requires for a ruling at trial in the context.

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

**CERTIFICATE OF SERVICE**

I hereby certify my belief that a true and correct copy of the foregoing Memorandum in Opposition was served upon all counsel of record via the Court's CM/ECF System on the date set forth below:

October 11, 2022

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
  VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

7