## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

      Plaintiffs,

      v.

PENNSYLVANIA SKILL GAMES, LLC,

      Defendant.

PENNSYLVANIA SKILL GAMES, LLC,

      Plaintiff,

      v.

PACE-O-MATIC, INC. and MIELE MAN-
UFACTURING, INC.

      Defendants.

CIVIL ACTION NUMBER:
2:18-cv-00722-PLD

The Hon. Patricia L. Dodge

**PENNSYLVANIA SKILL GAMES'
MEMORANDUM IN OPPOSITION TO
POM PARTIES MOTION IN LIMINE
ECF 211-212, RE PSG EXPERT, JEFF
ANDERSON**

The POM Parties present a motion regarding the that is substantively effectively subsumed in part by their Motion to Exclude Testimony of Jeff Anderson. [ECF 213–21] Both motions rely upon exactly the same seven pages of substantive transcript testimony [ECF 211-1, p.5–11 and ECF 213-1, p.3–9]. Accordingly, PSG hereby incorporates by this reference its response to ECF 213–214, as if set forth herein.

By way of further response in opposition, the POM Parties move this Court regarding exclusion regarding one of the three damages calculations by PSG's expert. The POM Parties assert that the case must be bifurcated. To the contrary, this case is not simply a trademark case, but a contract case with damages on a "most favored nation" basis as set forth in the EPA. [ECF 135-

9, Exhibit 7]  The evidence and testimony cannot be adduced in a "bifurcated" manner, but will necessarily be adduced during the trial on liability.

The Lanham Act permits the Court to take such action only for the count related to the Lanham Act.  Unjust enrichment is a proper measure of damages to place before the jury.  If the Lanham Act grants the Court power over a verdict, that power is *per se* reserved for the Lanham Act counts only, and an instruction can be provided to the jury if and as appropriate, for the count claiming the statute as the cause of action.  The motion by the POM Parties does not account for or argue the fact that the jury can and commonly do make proper unjust enrichment determinations for common law counts.  *See, e.g., Mitchell v. Moore,* 729 A.2d 1200, 1999 PA Super 77 (Pa.Super 1999)

The POM Parties direct this Court to and cite to *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 478 (1962), *citing, Kirby v. Lake Shore & Michigan Southern R. Co.,* 120 U.S. 130, 134, 7 S.Ct. 430, 432, 30 L.Ed. 569, but the POM Parties fail to forthrightly disclose that neither of those cases were expert witness cases, and both are even devoid of the word "expert."  The expert's role is to do exactly what all experts do, synthesize the scientific data into a cogent opinion for use at the trial; otherwise, the objection, if granted, would systemically paradoxically subsume the intended purpose for having an expert in the first place.  Indeed, Mr. Anderson has done exactly that heavy lifting and is prepared to defend his report and provide such explanations and opinions as will aid the trial and this Court.  The fact that the task was significant in light of the volume of financial evidence, does not mean that it cannot be comprehended by the jury as presented by the expert.

Bifurcating the adduction of evidence, testimony and issues, on the splice of only one calculation of damages, would cause far more complexity than it seeks to resolve.  The violation of the most favored nation clause is inherently a conjoined issue of liability and damage properly

placed before the jury.  To the extent that this Court determines it has a role as granted by a federal statute count as pleaded, that role can be fulfilled to the extent statutorily granted for the related cause of action without introducing more complexity otherwise into the flow of the trial.  The jury will be aided by expert testimony and can be instructed accordingly with proper if/then determinations as is usual and customary.

Moreover, this Honorable Court retains all powers that are granted to it for post-verdict determinations, and the POM Parties are preserved to avail themselves of such right at that time, without creating significant trial evidentiary complexities.

If this Honorable Court excludes the evidence, prejudice will occur.  Accordingly, PSG requests that the POM Parties' motion be DENIED.  In the alternative, PSG requests that the ruling be deferred as justice requires for a ruling at trial in the context.

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

3

## CERTIFICATE OF SERVICE

I hereby certify my belief that a true and correct copy of the foregoing Memorandum in Opposition was served upon all counsel of record via the Court's CM/ECF System on the date set forth below:

October 11, 2022

Julian E. Neiser, Esq.
jneiser@spilmanlaw.com
James C. Walls , III
jwalls3@spilmanlaw.com
SPILMAN THOMAS & BATTLE, PLLC

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

4