### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

        Plaintiffs,

        v.

PENNSYLVANIA SKILL GAMES, LLC,

        Defendant.

PENNSYLVANIA SKILL GAMES, LLC,

        Plaintiff,

        v.

PACE-O-MATIC, INC. and MIELE MAN-
UFACTURING, INC.

        Defendants.

CIVIL ACTION NUMBER:
2:18-cv-00722-PLD

The Hon. Patricia L. Dodge

**PENNSYLVANIA SKILL GAMES'
MEMORANDUM IN OPPOSITION TO
POM PARTIES MOTION IN LIMINE
ECF 213-214, RE PSG EXPERT, JEFF
ANDERSON**

1.      By conspicuous omission, the POM Parties cite to Mr. Anderson's deposition only, rather than to their own rebuttal witness' report, which is where the challenge to PSG's expert should be set forth. Indeed, the POM Parties do not generally challenge the credentials of CON-SOR, but only one aspect of the expert report regarding one of the three measures of damages, being unjust enrichment. *See,* Proposed Order, ECF 213-2, 213-3. [PSG's Expert Report (unre-dacted) at ECF 172, 184 and 202].

2.	This Honorable Court should note that the POM Parties use the term "disgorge-ment," in both ECF 211/212 and 213/214, pg.1 in all cases, which is their own characterization and not referenced into PSG's Expert Report at issue as a term being used.  The law seeks equity for damages, but that fact does not convert the cause of action into an equity count.  Moreover, this case is not does not only regard a trademark, but the violation of the sales and pricing objec-tions by the EPA. [ECF 135-9, Exh. 7]  Accordingly, the damages do not flow solely from the Lanham Act, irrespective of the science used to determine damages by an expert, there being mul-tiple counts and counterclaims for which damages are applicable.  [*See,* ECF 1, Case 2:18-cv-00941-RCM; ECF 30 (multiple counts and causes of action)]

3.	As a critical matter, the POM Parties argue themselves out of court; to wit, they set forth items that they claim should have been deducted from Mr. Anderson's gross sales calculation, yet, "*[u]nder the Lanham Act, it is quite clear that the defendant's profits, the defendant has the burden of proof as to the allowance of any deduction from his gross sales.*" McCarthy on Trade-marks, 4th Ed. § 30:66; 15 U.S.C. § 117.  Respectfully, the POM Parties' expert, William Kieger, having no credentials to support a trademark calculation rebuttal, failed to offer the deductions and none are referenced in the POM Parties' memorandum.  [Mr. Kieger's, "$50,000" damage specu-lation (because the parties just should have agreed to it) is a quintessential example of an "*ipse dixit*" opinion.  ECF 207]

4.	The POM Parties' contention that an "unjust enrichment" damages calculation is held from the jury as a count in equity is clearly incorrect.[1]  *See,* 1 Handling Business Tort Cases

---

[1] The POM Parties float a non-issue regarding the extent of the calculation of $211M, and perhaps that amount being trebled.  However, the machines at issue are cash-creation machines, literally, producing what is very much like ca-sino-like, slot-machine-like, revenue, "legally" at the local gas station and mini-mart stores, and an entire floor at the highly traveled Breezewood Gateway Plaza.  The amount is immaterial to the issue being presented.  The size of the damages is grounded by the financial data.  The POM Parties actually have that money in their pockets, derived from that seminal Beaver County case that was grounded by the corporate partnering with PSG at PSG's venue.  The mark is so valuable that the POM Parties have adopted it as their trade name and used the term generally on their website.

§ 2:8 Unjust enrichment, Robert J. Caldwell, Joel W. Mohrman, June 2020 Update, Chapter 2. Quasi-Contracts, II. Forms, A. Jury Instructions.[2]  Jury instructions for unjust enrichment claims are horizontally replete through legal proceedings; to wit, in the *Newark Group, Inc. v. Sauter,* Civ. Action No. C2:01-CV-1247, 2004 WL 5782100 (S.D. Ohio), the same question was before the court on exactly the same or similar basis, with defendant's motion as to whether the plaintiff was entitled to a trial by jury on its claims for damages in a trade secrets case under a theory of unjust enrichment.  Such as here, defendants argued that the unjust enrichment claim was nothing more than a count in equity, not triable to a jury.  The court opined that the statute:

> **acknowledges that calculating monetary damages for trade secret misappropriation may be difficult to ascertain, it therefore provides specific methods by which to calculate monetary damages.  One method for measuring damages is by calculating the amount of unjust enrichment caused by such misappropriation.  The fact that the statute contemplates different means of calculating damages does not transform the statutorily created legal theory of recovery . . . to become an equitable claim to relief.**

The other two methods of calculating damages in that case: actual loss caused by the misappropriation and imposition of a reasonable royalty were also are not equitable relief, but just other methods of calculating the monetary damages available to a successful plaintiff.  Even though the statute refers to "equitable," it simply means fair.  The damages remedies are legal in nature and thus triable to a jury — even if difficult to ascertain.  *See, Martin v. Ford Motor Co.,* 292 F.R.D. 252 (USDC ED.Pa 2013) (addressing elements of unjust enrichment in context of a jury instruction); Business Torts, § 40.54[4] (Matthew Bender).

---

It would be a paradoxical escape route as suggested by the POM Parties: the greater the extent of the injury, the greater it will defeat presentation of the injury.

[2] ISSUE NO. 1: Do you find by a preponderance of the evidence that Defendant was unjustly enriched? ... Answer: Yes or No ... ISSUE NO. 2: What amount, if any, was Defendant unjustly enriched? Answer in dollars and cents. $_____ ...

5.      The POM Parties conflate questions and mischaracterize Mr. Anderson's testimony.  At ECF 213-1, Exhibit 1, pg. 5 of 9, P86:L7–13, Mr. Anderson clearly testifies to the attribution of his calculation to the trademark at issue—multiple times—understanding the statutory standard that the POM Parties are responsible for the deductions, not Mr. Anderson, as a result of the justice embodied by 15 U.S.C. § 117; to wit, if the plaintiff had to do the deducts, the defendant would always present the "you missed something" challenge to defeat the calculation. Again, Mr. Krieger's lack of credentials simply missed the long-established applicable standard of calculation.  [ECF 206–207]  Mr. Anderson testified, at *Id.,* ECF 313-1, Exhibit 1, pg 9 of 9, P98:L4–12 as to attribution to the trademark, and Mr. Krieger failed to present deductions and none are referenced by the POM Parties in their motion.  *See, e.g., Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.,* 316 U.S. 203, 206, 62 S.Ct. 1022, 1024, 86 L.Ed. 1381, 53 U.S.P.Q. 323 (1942) (burden on infringer to prove infringement had no value; if he does not do so, the profits made on sales of goods bearing the infringing mark properly belong to the owner of the mark. "There may well be a windfall to the trade-mark owner where it is impossible to isolate the profits which are attributable to the use of the infringing mark. But to hold otherwise would give the windfall to the wrongdoer.")  In short, the POM Parties argue a general rule that is not germane by failure of the POM Parties to address the applicable exception.  Mr. Anderson did actually testify to the damages calculation being attributable to the trademarks at issue, but the POM Parties failed to isolate the deductions to the calculation that is their own burden to set forth, as justice and jurisprudence require.  ECF 213-1, P85:L19, P97:L25–P98:L12; 15 U.S.C. § 117; 54 PA Cons Stat § 1125 (2021), McCarthy on Trademarks, 4th Ed. § 30:66.

4

6.      The POM Parties have not set forth any basis for the exclusion of Mr. Anderson or his report that are not otherwise more fairly simply resolved by proper jury instructions.

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
  VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

**CERTIFICATE OF SERVICE**

I hereby certify my belief that a true and correct copy of the foregoing Memorandum in Opposition was served upon all counsel of record via the Court's CM/ECF System on the date set forth below:

 October 11, 2022

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

6