**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

---

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

        Plaintiffs,
        v.

PENNSYLVANIA SKILL GAMES, LLC,

        Defendant.

---

PENNSYLVANIA SKILL GAMES, LLC,

        Plaintiff,
        v.

PACE-O-MATIC, INC. and MIELE MAN-
UFACTURING, INC.

        Defendants.

---

CIVIL ACTION NUMBER:
2:18-cv-00722-PLD

The Hon. Patricia L. Dodge

**PENNSYLVANIA SKILL GAMES'
MEMORANDUM IN OPPOSITION TO
POM PARTIES MOTION IN LIMINE
ECF 215–216 REGARDING NON-POM
PARTIES**

The POM Parties uses the phrase "related to non-POM parties." This phrase is oblique and not precisely stated to focus the issue to be determined. The subject evidence is related to the actions by the POM Parties in dispute regarding their own *ex post facto* reorganization and the purported assignment of the rights and the delegation of obligations at issue in this litigation, *vis a vis* why the very plaintiffs in the Lead Case are not signatories to the seminal EPA. [*See, generally* ECF 1; id., at ¶¶2–4, ¶¶13–14; ECF 30 at¶¶2–4, ¶¶13–14] The facts to be adduced are not related to the later conduct of the POM Parties, as suggested by the POM Parties, but were at issue from the onset of this litigation. *Id.*

Whether those purportedly spun-out entities are proper parties for joining, pursuant to previous motion practice, is not even near the same question presented.

The POM Parties set forth a very broad stroke regarding the entities that they made relevant by virtue of their own case filings, and their own admitted conduct, but now claim some form of cleansing "relevance" objection to the very evidence that they made relevant, with facts in dispute. [*See, generally* ECF 1; id., at ¶¶2–4, ¶¶13–14; ECF 30 at¶¶2–4, ¶¶13–14]  Evidence of the reorganization is not some incidental evidence, it is story-critical evidence, and the jury cannot be left to wonder why the plaintiffs in the Lead Case are not signatories to the EPA, and the answer to that question is a proper jury fact question to be determined.

Indeed, the EPA was by and between PSG, one the one hand, and Miele and Pace, on the other hand.  This Lead Case was filed by POM of Pennsylvania and Savvy Dog Systems, who are not parties to the EPA.  The POM Parties do not get to escape from telling the jury why they reorganized from the party who signed the EPA into the plaintiffs.  And, the POM Parties are estopped from arguing the extent of the reorganization—that is, arguing that the larger and more complex facts they themselves created for a reason in dispute—is what grounds their relevance objection.  Indeed, Michael Pace himself signed many of the documents regarding the reorganization and can testify to purpose and timing of the reason why Pace did what it did, and this fact bears on the conduct and operations of the parties that will be testified to at the trial for liability and damage reasons.  *See, generally,* ECF 215-2.  The jury would otherwise be left in a lurch of wondering why the plaintiffs in the Lead Case are not Pace-O-Matic and Miele Manufacturing, clearly and convincingly grounding the necessary relevance.  Even splicing and dicing one item of the reorganization from the context is prejudicial and not the whole truth.  The extent of the secret reorganization bears on the overall assignment that the POM Parties themselves are

proffering, implied covenants of good faith, liability and damages, and PSG's position is that the EPA only permits PSG to assign the rights or delegate the duties as part of the EPA determination. PSG asserts that the POM Parties do not get to move all the property and rights around *ex post facto* in the context of a breach of contract and trademark property dispute and then have a ruling of permissibility for those action, as a matter of law, eliminating the very evidentiary fact trial question in dispute.

PSG must be allowed to present its case, and its defenses. The POM Parties will receive a full and fair trial to determine if the reorganization was permissible and what was the mindset of the POM Parties in doing so, again bearing on good faith, liability, and damages.

Whether this Court, by applicable standards, held properly or not that PSG could not join those entities at the time of that decision, is not currently at issue for trial. Moreover, this Court now understands the case better than it did at the time of earlier motions.

The evidence is a necessary part of the core foundation when addressing transfer costs, admissions, and non-arms' length fees paid by the plaintiffs in the Lead Case. *Mens rea* is clearly part of the Lanham Act and trademark jurisprudence and subsumed into "willfulness" and damage calculations and the implied covenant of good faith. *See, e.g.,* §§ 1117; 5 McCarthy on Trademarks and Unfair Competition § 30:62 (5th ed. 2019).

PSG's position is that the POM Parties absolutely knew that the name and marketing was to be by PSG—the POM Parties knowingly, willfully, and capriciously violated the EPA, having the lucrative offers that were to be directed to PSG by the right of refusal. The POM Parties knew the value of the brand in the relevant market particularly upon the Beaver County case that grounded the legality ruling (with replete evidence of that fact), usurped it in a money grab, then reorganized for the purpose of avoiding the liability.

> **Evidence is admissible that person after happening of accident, or occurrence of some other event which might render him liable, disposed of his property, on ground that such evidence tends to show consciousness of liability and purpose to evade satisfaction of it.**

*Batick v.Seymour,* 443 A.2d 471, 186 Conn. 632 (1982); *see McCool v. Gehret,* 657 A.2d 269 (Del. Super. 1995) ("absolutely" entitled to allow jury to draw inferences). Accordingly, the evidence is critical to PSG's case. PSG is entitled and must be provided with a fair opportunity to present the evidence.

PSG's position is that the POM Parties, knowing their risk in light of their intentional and willful violations of the EPA and law, conducted the reorganization. The body of this evidence presented to the jury is not expected to be overly time consuming, but the evidence needs to get to the jury, as that evidence grounds important issues in the case reserved for the jury's consideration of the facts to be presented in this case.

As to the conduct of the POM Parties, they will have a full and fair opportunity to defend these actions at trial. PSG does not concede that the purported assignments are lawful or permitted by the EPA, as set forth in the pleadings cited above, and the jury should not be left confused as to why the parties are who they are and the context. This is the very purpose of the jury function. If the jury finds or does not find that the POM-proffered reorganization was not for the *mens rea* purpose of evading liability, then, either way, it has an impact on liability and damages, being thereby clearly relevant. The extent of the reorganization cannot be, such as the POM Parties similarly claim for damages, that the volume and complexity created by the POM Parties by their own conduct is their very escape route from responsibility.

4

If this Honorable Court excludes the evidence, prejudice will occur.  Accordingly, PSG requests that the POM Parties' motion be DENIED.  In the alternative, PSG requests that the ruling be deferred as justice requires for a ruling at trial in the context.

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

5

## CERTIFICATE OF SERVICE

I hereby certify my belief that a true and correct copy of the foregoing Memorandum in Opposition was served upon all counsel of record via the Court's CM/ECF System on the date set forth below:

October 11, 2022

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com