**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

        Plaintiffs,

        v.

PENNSYLVANIA SKILL GAMES, LLC,

        Defendant.

PENNSYLVANIA SKILL GAMES, LLC,

        Plaintiff,

        v.

PACE-O-MATIC, INC. and MIELE MAN-
UFACTURING, INC.

        Defendants.

CIVIL ACTION NUMBER:
2:18-cv-00722-PLD

The Hon. Patricia L. Dodge

**PENNSYLVANIA SKILL GAMES'
MEMORANDUM IN OPPOSITION TO
POM PARTIES MOTION IN LIMINE
ECF 217 RELATED TO B. GREG
CLINE, ESQ.**

The undersigned has no interest whatsoever in repeating questions directed to Mr. Cline that needlessly adduce a privilege objection, but it does not follow that, because there could be a privilege objection, that the witness or "related" testimony should be abstractly excluded.

Indeed, Mr. Cline was the purported author ECF 135-23, Exh. 21.3., on behalf of a plaintiff in the Lead Case, as "POM of Pennsylvania d/b/a Pace-O-Matic, the successor-in-interest to Pace-O-Matic, Inc." Mr. Unis is competent to testify that he received the notice letter, and what he understood by the notice letter, and Mr. Cline can testify what he meant by his language, including all the "may haves" "ors" and "either ors" admission of "lead distributor" self-serving language interpreting the EPA, and request for compliance with the EPA (rightly or wrongly) that was in effect by that admission. This Court will also find his signature on, *eg,* ECF 215-2, at p.61.

If Mr. Cline asserts a privilege objection, which he might do, depending upon the question asked, is for this Court to rule upon. Nevertheless, the relevance exists and should await trial, and the proposed order by the POM Parties is ungrounded, speculative and clearly overbroad.[1]

The POM Parties set forth an exhibit of the prior Order of this Court which is limited to the facts and circumstances presented for a ruling at that time for that context and should be disregarded for this purpose. Mr. Cline is a competent witness with potentially relevant testimony. He is entitled to claim privilege, but that does not *per se* make all "testimony and evidence related to him" excluded as a matter of law. Saying that referenced letter "speaks for itself" is not a valid reason for a broad-stroke ungrounded speculative exclusion of evidence.[2]

The POM Parties have offered in the record to conduct trial depositions for those out of state witnesses that POM does not control. [ECF 198] Although the POM Parties are the contact persons for Mr. Cline, it may be that he is no longer under the control of the POM Parties. If this is the case, and if the POM Parties will not produce him for trial, then PSG requests the trial deposition and PSG is willing to meet and confer to accomplish that deposition.

Therefore, *e.g.,* although the Cline letter, ECF 135-2, is an admission, authentic, and can be testified to by PSG as to PSG's understanding of it as recipient, documents that bear Mr. Cline's signature are relevant, and whether he will assert a privilege is speculation. Accordingly, as the POM Parties have proffered in the record to offer witnesses who will not be present at trial, PSG

---

[1] Without suggesting that the POM Parties calculated to exclude the swans with the claimed geese, the proposed order as suggested might exclude proper relevant evidence in advance of trial abstractly, such as the referenced Cline letter that is chock full of admissions, such as PSG being lead distributor, the effectiveness of the EPA, the basis or lack thereof for the POM Parties claims, including that the right of refusal was not offered to PSG because PSG did not already have the location that would have been offered.

[2] This Court will take notice that the POM Parties have not proffered which witness that they would stipulate will testify to the content and exactly how that foundation would be expressed at trial for the jury, without which trial testimony would be passed around by the POM Party witnesses like a hot potato.

suggests that counsel meet and confer regarding the proffered trial deposition, and contact this Court as necessary after trying to coordinate accordingly.

If this Honorable Court excludes the evidence, prejudice will occur.  Accordingly, PSG requests that the POM Parties' motion be DENIED.  In the alternative, PSG requests that the ruling be deferred as justice requires for a ruling at trial in the context.

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

## CERTIFICATE OF SERVICE

I hereby certify my belief that a true and correct copy of the foregoing Memorandum in Opposition was served upon all counsel of record via the Court's CM/ECF System on the date set forth below:

 October 11, 2022

                    Respectfully submitted,

                    s/Gregg R. Zegarelli
                    Gregg R. Zegarelli, Esq.
                    Pa. I.D. #52717

                    TECHNOLOGY & ENTREPRENEURIAL
                     VENTURES LAW GROUP, P.C.
                    2585 Washington Road, Suite 134
                    Summerfield Commons Office Park
                    Pittsburgh, PA 15241-2565, USA
                    v.412.833.0600 f.412.833.0601
                    mailroom.grz@zegarelli.com