**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

---

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

        Plaintiffs,

        v.

PENNSYLVANIA SKILL GAMES, LLC,

        Defendant.

---

PENNSYLVANIA SKILL GAMES, LLC,

        Plaintiff,

        v.

PACE-O-MATIC, INC. and MIELE MAN-
UFACTURING, INC.

        Defendants.

---

CIVIL ACTION NUMBER:
2:18-cv-00722-PLD

The Hon. Patricia L. Dodge

**PENNSYLVANIA SKILL GAMES'
MEMORANDUM IN OPPOSITION TO
POM PARTIES MOTION IN LIMINE
ECF 219 – MIELE EVIDENCE**

The POM Parties overshoot their premise; that is, "Beaver County" as a scoping of the claims or evidence to be presented. For a trademark case, exclusion of evidence related to competition is or borders on desperate frivolity.

First, the use of the trademark, and the related infringement, exceeds Beaver County. Indeed, the POM Parties and PSG have machines outside of Beaver County. Second, the POM Parties frame the question with a hidden premise in that activities outside of Beaver County do not, as a matter of law in advance, bear on the claims made in the pleadings. [See, generally ECF 1; id., at ¶¶32–35; ECF 30 at¶¶32–35] Competitors intentionally desire to hurt their competition and vitiate the EPA implied covenant of good faith, and this fact, commonly known to jurors, is a matter of evidentiary fact. The POM Parties are seeking to exclude relevant evidence regarding

competition that is clearly relevant by ECF 2:18-cv-00941-RCM ECF 1, ¶¶ 68–70, and Count V UNFAIR COMPETITION.

The EPA [ECF 135-9] only refers to Beaver County in the standard of "compliance" and for the purpose of the exclusivity right of refusal clause of Section 4.  Testimony will be adduced that the "most favored nations clause" for pricing purposes is not constrained to Beaver County, nor are the other provisions of the EPA.  Bad faith, motive and *mens rea,* and suggesting that should be spliced into only one geography is novel, unsupported, and can be so adduced or so qualified at trial.

Trademark infringement is a function of *mens rea,* and willfulness, and Mr. Miele's state of mind as a competitor of PSG, is always part of the relevant evidence in a trademark case.  15 USC § 1117; *First Brands Corp. v. Fred Meyer, Inc,* 809 F.2d 1378, 87 A.L.R. Fed. 1, 55 USLW 2496, 1 U.S.P.Q.2d 1779 ("intent is a pure question of fact").  Respectfully, this is another desperate attempt to keep relevant evidence on a trademark case, intention, willfulness, that exists and is true for a just verdict, from the jury determination.

If this Honorable Court excludes the evidence, prejudice will occur.  Accordingly, PSG requests that the POM Parties' motion be DENIED.  In the alternative, PSG requests that the ruling be deferred as justice requires for a ruling at trial in the context.

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601

3

mailroom.grz@zegarelli.com

## CERTIFICATE OF SERVICE

I hereby certify my belief that a true and correct copy of the foregoing Memorandum in Opposition was served upon all counsel of record via the Court's CM/ECF System on the date set forth below:

October 11, 2022

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

4