**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | CIVIL ACTION NUMBER: 2:18-cv-00722-PLD |
| Plaintiffs, v. | The Hon. Patricia L. Dodge |
| PENNSYLVANIA SKILL GAMES, LLC, | **PENNSYLVANIA SKILL GAMES' COMBINED OBJECTIONS TO THE POM PARTIES' DESIGNATIONS, TES-TIMONY, ECF 239, AND WRITTEN DISCOVERY RESPONSES, ECF 240** |
| Defendant. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Plaintiff, v. | |
| PACE-O-MATIC, INC. and MIELE MAN-UFACTURING, INC. | |
| Defendants. | |

In accordance with this Court's Pretrial Order [ECF 194], No. 5, PSG hereby makes the following objections to designations of the POM Parties. In the presence of this Court on November 9, 2022, the POM Parties have stipulated that all persons on their "Will Call" list [ECF 198-1] will appear at trial and be available to PSG to call at trial, as well as Bentley Cline, Rick Goodling and Chris O'Bier who are on the POM Parties' "May Call" list and PSG's "Will Call" list [ECF 204-1].

PSG hereby incorporates by this reference its own designations within ECF 238 incorporated by this reference.

A.      **Objections to POM Designated Deposition Testimony [ECF 239]**

   i.      **Designations No. 1, Albert Unis, III; Designations Nos. 2 and 8, Albert Unis,**

**IV.**  Objection.  PSG asserts that the POM Parties are apparently trying to use testimony that is

factually voluminous, repetitive on the subjects, intertwined within two discovery depositions for

each of Albert and Albie Unis.  These witnesses will be made available and will be testifying at

trial.  These designations are hearsay in context and not the best available evidence for the jury.

*See, EcoServices, LLC v. Certified Aviation Servs.,* 312 F.Supp. 3d 830, 839 (CD Cal. 2018), *Gon-*

*zalez Production Systems v. Marinrea Int'l,* 310 FRD 341, 343 (E.D. Mich. 2015).    The party

seeking use of the transcript has the burden of establishing criterial for admissibility.  *Powertrain,*

*Inc. v. Ma,* 88 F.Supp. 3d 679, 692 (N.D. Miss. 2015).   In denying use of the deposition at trial in

this venue, Judge McVerry opined:

> **A witness's testimony at trial must be taken in open court unless a federal stat-
> ute, the Federal Rules of Evidence, the Federal Rules of Civil Procedure, or
> other rules adopted by the Supreme Court provide otherwise. Fed.R.Civ.P. 43.
> The preference for live testimony at trial rather than deposition testimony as a
> substitute is uniformly stressed in case law.**
> **...**
> **For all the hereinabove stated reasons, Defendant's Motion in Limine to Pre-
> clude Use of Deposition Excerpts of Geraldine Gardner as Trial Testimony is
> GRANTED to the extent that Plaintiff is precluded from introducing the depo-
> sition of [the witness] in the place of in-court testimony, as Plaintiff has failed to
> show a basis to do so under Rule 32(a)(4). Plaintiff remains free to use the dep-
> osition excerpts for any other purpose permitted under the federal rules and
> under the law.**

*Kirby v. J.C. Penney Corp., Inc.,* 2009 WL 3651199 (WD.Pa 2009).

      This Court will recall the volumes of testimony by these deponents, repetitive citations and

similar questions on the same issue by counsel for the POM Parties.  [*See, e.g.,* PSG Concise

Statement and Supplement, ECF 135-1, 147, respectively.]   Entering evidence by piecemeal

evidence, each being the subject of other parts of the transcript, with a witness present and testifying as to the same general issues, will not simplify the case, but it will complicate the testimony, it will complicate the flow of the case, and will certainly confuse the jury with the respective witness reading his own testimony–both ways–into the record, suggesting it by positive evidence simply to be attempted to be refuted in due course.  Indeed, this usage is effectively disguised impeachment and could be used for that purpose, rather than constraining available party witnesses.

      **ii.**      **Designations No. 3, James McDanel; Designations No. 4, Michael Mangerie; No. 5., Richard Bigrigg; No. 6, Robert McDanel; No. 7, Brent Mayes.**  Objection.  Objection is based upon Rule 32 does not grant the designation as proper under FRCP 32.  The requested use and designation is not for impeachment.  The witnesses related to the respective designations have been subpoenaed for trial by PSG, no witness related to a designation is a party representative, and, so far as is known, every referenced witness is available for trial.

      **iii.**      **Designations No. 9, Jeffery Mayle.**  Objection.  Objection is based upon Rule 32 does not grant the designation as proper under FRCP 32.  The witness was a deponent for a non-party in this case, in a different case with different issues, parties, and is not a deponent representative of any party in this case.  Mr. Mayle's deposition testimony is not grounded to meet the issues in this case without in-person testimony, and PSG was not examining the witness regarding issues in this case at the time of that deposition.

**B.**      **Objections to Written Discovery [ECF 240]**

      Objection.  PSG hereby incorporates the general objections and objections made within each of the referenced POM Parties' designations.  PSG's responses were made subject to objection and are so qualified, the POM Parties not seeking a timely ruling to permit any conclusive

determination on any matter referenced, and, accordingly, do not and cannot replace competent

testimony at trial.   The documents may be used for other purposes at trial, if otherwise proper.

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
  VENTURES LAW GROUP, – p.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

## CERTIFICATE OF SERVICE

I hereby certify my belief that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF System on the date set forth below:

 November 14, 2022

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, – p.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

5