**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

                Plaintiffs/Counterclaim
                Defendants,

v.

PENNSYLVANIA SKILL GAMES, LLC,

                Defendant/Counterclaim
                Plaintiff.

CIVIL ACTION NO. 2:18-CV-00722-PLD

CONSOLIDATED

The Honorable Patricia L. Dodge

## OBJECTIONS AND CROSS-DESIGNATIONS TO PENNSYLVANIA SKILL GAMES' TRIAL DEPOSITION DESIGNATIONS

AND NOW COME Defendants Pace-O-Matic, Inc. ("Pace"), Miele Manufacturing, Inc., ("Miele"), POM of Pennsylvania ("POM"), and Savvy Dog Systems, LLC ("Savvy Dog") (hereinafter referred to as the "POM Parties"), by and through their undersigned counsel and pursuant to the Court's Pre-Trial Order (ECF 194), and file the following Objections and Cross-Designations to Pennsylvania Skill Games' ("PSG") Trial Deposition Designations (ECF 238) on the basis that the designated testimony is either irrelevant under F.R.E. 402 or its probative value is substantially outweighed for the reasons under F.R.E. 403, as discussed in detail below. Further, to the extent there are objections to conclusions of law in the individual transcripts, those objections are incorporated by reference.

## INTRODUCTION

Through its deposition designations, PSG attempts to rehash issues already eliminated from trial by the Court on summary judgment, and PSG further attempts to confuse the issues at trial by

seeking to admit wholly irrelevant testimony dealing with matters not at issue in this case. The Court should exclude this irrelevant testimony pursuant to F.R.E. 402.

## I.    Specific Objections to PSG's Designations

### A.    Deposition of Bentley Cline

The entirety of Mr. Cline's testimony designated by PSG should be excluded from trial as irrelevant pursuant to F.R.E. 402. The Court already granted summary judgment eliminating PSG's counterclaims for intentional interference with contract and civil conspiracy, and the designated portions of Mr. Cline's testimony would exclusively have relevance to those now non-existent claims. Accordingly, the Court has already determined that Mr. Cline's testimony was ineffective to support claims against the POM Parties for interference with contract or civil conspiracy, and the Court should exclude the testimony from trial to avoid confusion of the issues.[1]

Further, significant portions of the testimony designated by PSG deal with discovery issues, such as the completeness of e-mail chains produced during discovery (*See, e.g.* Cline Depo. 48:24-51:4; 57:1-25). Such matters lack any probative value and are irrelevant for trial purposes. Accordingly, the entirety of PSG's designations from the deposition of Mr. Cline should be excluded.

### B.    Deposition of Robert Hawk

The entirety of Mr. Hawk's testimony designated by PSG should be excluded from trial as irrelevant pursuant to F.R.E. 402. The testimony designated by PSG shows nothing of relevance for the issues at trial, only that Mr. Hawk met Albert Unis III and Albert Unis IV and that Mr. Hawk had no knowledge of another lawsuit referenced by PSG's counsel.[2] In fact, Mr. Hawk's

---

[1] The POM Parties also filed a separate motion *in limine* and brief concerning testimony by Mr. Cline (ECF 217 and 218), and the entirety of PSG's deposition designations should be excluded on the same grounds.

[2] Even if deemed relevant, the testimony concerning another lawsuit between Pace-O-Matic and Jay Young should also be excluded pursuant to F.R.E. 403, as it would have no probative value and would only prejudice the POM Parties and unnecessarily waste time and delay the trial.

testimony primarily was that he did not recall the facts sought by PSG's counsel. Presentation of such testimony, even if deemed relevant, would waste the Court's time, which will be a precious commodity considering the laundry list of live witnesses PSG apparently intends to call at trial. Accordingly, the Court should exclude the testimony of Mr. Hawk designated by PSG.

### C.    Deposition of Daniel Miser

The testimony of Daniel Miser is either irrelevant and subject to exclusion under F.R.E. 402 or has no probative value and will waste the Court's time, subjecting it to exclusion under F.R.E. 403. First and foremost, Mr. Miser testified that he is a programmer, and he had little to no information about the substance of any matters inquired into by PSG's counsel regarding "terms and conditions" and "privacy policies." Additionally, PSG inquired in multiple pieces of testimony regarding Lawrence County, which is irrelevant to the matters at issue for trial, because the Equipment Purchase Agreement being litigated dealt only with Beaver County, Pennsylvania.

Further, the only designated testimony that is even potentially relevant simply authenticates documents whose authenticity have been or will be stipulated to or references which data was and was not mandatory for customer entry into RouteBoost. Since authenticity of the documents in question is not at issue, any testimony authenticating them is cumulative and a waste of time that serves no probative purpose, subjecting the testimony to exclusion under F.R.E. 403. Similarly, evidence concerning RouteBoost and the available and mandatory fields for customer entry is available through other documents and testimony being offered into evidence. The designations from Mr. Miser's deposition will be cumulative and a waste of the Court's time. Accordingly, the entirety of the testimony designated by PSG should be excluded under both F.R.E. 402 and F.R.E. 403.

**D.      Deposition of Norman Stahl**

The testimony PSG designated from the deposition of Mr. Stahl is irrelevant and should be excluded under F.R.E. 402. Mr. Stahl testified that he was not responsible for the Pennsylvania market (Stahl Depo. 31:12-18), and he did not have any specific information about the Pennsylvania market, the details or terms of any deals with Albert Unis III or Albert Unis IV, or any conditions that existed on PSG's orders for terminals, hardware, or fills. In short, Mr. Stahl's testimony clearly showed that PSG was speaking to the wrong person if it wanted any information relevant to this case, and presentation of testimony from Mr. Stahl's deposition at trial would be a waste of the Court's time. Accordingly, the Court should exclude the testimony of Mr. Stahl as irrelevant pursuant to F.R.E. 402.

**II.      Cross-Designations**

To the extent the Court does not exclude the entirety of the deposition designations filed by PSG, the POM parties offer the following cross-designations from the depositions of Bentley Cline, Robert Hawk, Daniel Miser, and Norman Stahl.

**A.      Deposition of Bentley Cline**

In the event the Court chooses not to exclude the entirety of PSG's designations from the deposition of Mr. Cline, the POM Parties offer the following cross-designations:

| FROM | TO |
|---|---|
| p. 12, ln 14 | p. 12, ln 18 |
| p. 13, ln 13 | p. 13, ln 20 |
| p. 29, ln 4 | p. 29, ln 8 |
| p. 41, ln 20 | p. 42, ln 7 |

**B.      Deposition of Robert Hawk**

In the event the Court chooses not to exclude the entirety of PSG's designations from the deposition of Mr. Hawk, the POM Parties offer the following cross-designations:

| FROM | TO |
|---|---|
| p. 5, ln 14 | p. 6, ln 16 |
| p. 7, ln 1 | p. 7, ln 17 |
| p. 7, ln 25 | p. 8, ln 11 |
| p. 24, ln 20 | p. 24, ln 25 |

**C.      Deposition of Daniel Miser**

In the event the Court chooses not to exclude the entirety of PSG's designations from the deposition of Mr. Miser, the POM Parties offer the following cross-designations:

| FROM | TO |
|---|---|
| p. 58, ln 14 | p. 59, ln 1 |

**D.      Deposition of Norman Stahl**

In the event the Court chooses not to exclude the entirety of PSG's designations from the deposition of Mr. Stahl, the POM Parties offer the following cross-designations:

| FROM | TO |
|---|---|
| p. 71, ln 1 | p. 71, ln 10 |

**CONCLUSION**

Based on the foregoing, the POM Parties respectfully request this Court exclude PSG's deposition designations in their entirety.

Respectfully submitted,

Dated: November 14, 2022

SPILMAN THOMAS & BATTLE, PLLC

By:/s/ Julian E. Neiser
    Julian E. Neiser
    Pa. Id. No. 87306
    One Oxford Centre, Suite 3440
    301 Grant Street

Pittsburgh, PA  15219
T:  (412) 325-1116
F:  (412) 325-3324
E:  jneiser@spilmanlaw.com

**Attorneys for Pace-O-Matic, Inc., Miele
Manufacturing, Inc., POM of Pennsylvania,
LLC, and Savvy Dog Systems, LLC**

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | CIVIL ACTION NO. 2:18-CV-00722-PLD |
| | CONSOLIDATED |
| Plaintiffs/Counterclaim Defendants, | The Honorable Patricia L. Dodge |
| v. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Defendant/Counterclaim Plaintiff. | |

**CERTIFICATE OF SERVICE**

I, Julian E. Neiser, counsel for POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic, Savvy Dog Systems, LLC, Pace-O-Matic, Inc. and Miele Manufacturing, Inc., do hereby certify that on the 14th day of November, 2022, I served the foregoing **OBJECTIONS AND CROSS-DESIGNATIONS TO PENNSYLVANIA SKILL GAMES' TRIAL DEPOSITION DESIGNATIONS** to counsel of record via the Court's CM/ECF System:

Via email to mailroom.grz@zegarelli.com

Gregg R. Zegarelli, Esquire
Technology & Entrepreneurial
Ventures Law Group, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA  15241-2565

**Counsel for Pennsylvania Skill Games, LLC**

SPILMAN THOMAS & BATTLE, PLLC

By:  /s/ Julian E. Neiser
      Julian E. Neiser