**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

        Plaintiffs,

        v.

PENNSYLVANIA SKILL GAMES, LLC,

        Defendant.

PENNSYLVANIA SKILL GAMES, LLC,

        Plaintiff,

        v.

PACE-O-MATIC, INC. and MIELE MAN

        Defendants.

CIVIL ACTION NUMBER:
2:18-cv-00722-PLD

The Hon. Patricia L. Dodge

**PENNSYLVANIA SKILL GAMES' OBJECTION OR RESPONSE IN OPPOSITION TO POM PARTIES' COUNTER-DESIGNATIONS [ECF 245]**

    PSG hereby objects or otherwise responds in opposition to the POM Parties objections set forth in ECF 245; to wit:

    A.  **Bentley Cline.**  The POM Parties place an objection regarding Bentley Cline.  This issue is the subject of ECF 217, and PSG incorporates by this reference its response in ECF 233.  Moreover, the POM Parties have represented that Mr. Cline will be available to testify in open court.

    B.  **Robert Hawk.**  The testimony of Robert Hawk is not voluminous or repetitive.  The testimony should not be excluded, but await the opportunity of a foundation at trial.  The designations by the POM Parties require P6:L17–L24; P7:L8–P8:14.  The designation by the POM Parties at P24:L15–L25 is irrelevant as it is not a positive fact and lacks foundation for its context.

**C. Daniel Miser.** Mr. Miser has a significant amount of important testimony, particularly regarding MCM Elements, which he owned with Lou Miele, prior to the purchase of MCM Elements by Pace-O-Matic. MCM Elements owns software that tracks operator confidential details, including locations. A key issue in this case is location data; that is, where machines are placed by operators. One of PSG's defenses is that it did and do not have machine location information. The testimony should not be excluded, but await the opportunity of a foundation at trial. The POM Parties raise issues that are for the jury to determine. The designation requested by the POM Parties requires P59:L2.

**D. Norman Stahl.** Norman Stahl has information regarding operations as well as the parties. For example, at P33:L1–P34:10, he testifies as to the distinction between Miele Manufacturing and Miele Amusements, the former being the claimed distributor and the latter being an operator. Mr. Stahl also testified to operations of the POM Parties. The testimony should not be excluded, but await the opportunity of a foundation at trial. The designation requested by the POM Parties requires P71:L1–P72:L24.

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, – p.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

## CERTIFICATE OF SERVICE

I hereby certify my belief that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF System on the date set forth below:

 November 18, 2022

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, – p.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com