IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN PENNSYLVANIA

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | CIVIL ACTION NO. 2:18-CV-00722-PLD |
| | CONSOLIDATED |
| Plaintiffs/Counterclaim Defendants, | The Honorable Patricia L. Dodge |
| v. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Defendant/Counterclaim Plaintiff. | |

**OBJECTIONS AND CROSS-DESIGNATIONS TO PENNSYLVANIA SKILL GAMES'
TRIAL DEPOSITION DESIGNATIONS**

AND NOW COMES Pace-O-Matic, Inc. ("Pace"), POM of Pennsylvania, LLC, Savvy

Dog Systems, LLC, and Miele Manufacturing, Inc., ("Miele") (hereinafter referred to as the

"POM Parties"), by and through their undersigned counsel and pursuant to the Court's Amended

Pretrial Order [ECF 256], and files the following Objections and Cross-Designations to

Pennsylvania Skill Games' ("PSG") Trial Designations [ECF 264]. In support of this filing, the

POM Parties' state the following:

**Specific Objections**

**I.        Deposition of Wayne DeLuca (July 10, 2020)**

The POM Parties object to PSG's designation of Mr. DeLuca's Deposition taken on July

10, 2020 as PSG failed to sufficiently identify the inclusive page numbers and lines of the

designated testimony. As set forth in the Court's Amended Pretrial Order, "[d]esignations of

deposition testimony shall include the inclusive page number(s) and lines of the designated

testimony." [ECF 256 at ¶ 5]. Again, however, PSG's filing does not identify a single page

number or line to which the POM Parties can ascertain the specific testimony designated by PSG. To the extent that PSG seeks to designate the entirety of Mr. DeLuca's deposition testimony, the POM Parties object as this designation will cause undue delay and result in the needless presentation of cumulative evidence under F.R.E. 403. If this Court for some reason is willing to entertain PSG's request, all of the time spent reading the transcript should be charged to PSG's allotment on the "chess clock."

## II.     Deposition of Wayne DeLuca (May 24, 2021)

The POM Parties object to PSG's designation of Mr. DeLuca's deposition taken on May 24, 2021 and request that the Court exclude the entirety of PSG's designation as it is irrelevant under F.R.E. 401. The testimony designated by PSG largely pertains to Mr. DeLuca's representation of Action Skill Games and its subsequent termination of Mr. DeLuca's services, as well as an exclusive distribution agreement between Action Skill Games and Blue Sky Games. This testimony shows nothing of relevance for the issues at trial. Further, presentation of such testimony, even if deemed relevant, would waste the Court's time and cause undue delay under F.R.E. 403. Accordingly, the Court should exclude the deposition testimony of Mr. DeLuca designated by PSG.

## III.    Deposition of Michael Boodram (October 22, 2020)

The entirety of Mr. Boodram's testimony designated by PSG should be excluded from trial as irrelevant pursuant to F.R.E. 401. The testimony designated by PSG shows nothing of relevance for the issues at trial, only that Mr. Boodram met with Norman Stahl to gather information pertaining to the Pennsylvania market. However, as originally stated in the POM Parties' Objections and Cross-Designations to PSG's Trial Deposition Designations [ECF 245 at ¶ D], Mr. Stahl testified that he was not responsible for the Pennsylvania market and did not have

any specific information about the market, the details, or terms of any deals with Albert Unis III or Albert Unis IV. As such, the presentation of testimony from Mr. Boodram's deposition at trial would cause undue delay and needlessly waste the Court's time. Accordingly, the Court should exclude the deposition testimony of Mr. Boodram as irrelevant pursuant to F.R.E. 401.

Additionally, the POM Parties object to PSG's designation as PSG has failed to offer any reason suggesting Mr. Boodram will be unavailable to testify at trial under F.R.C.P. Rule 32(a)(4). Pursuant to the Court's Amended Pretrial Order, the parties were to submit a "notice indicating which of the previously designated deposition and discovery excerpts they plan to offer at trial." [ECF 256 at ¶ 5]. Those previous designations were originally due November 4, 2022. [*See* ECF 194]. PSG however did not designate Mr. Boodram's deposition testimony at that time and is now attempting to circumvent this prior deadline. Moreover, this Court's Order provides that additional designations will permitted only if a witness is "now unavailable, as defined in Rule 32(a)(4)." [*See* ECF 256 at ¶ 5]. Again, however, PSG has failed to offer any reason as to why Mr. Boodram will be unavailable to testify at trial. Accordingly, this Court should exclude PSG's designation of Mr. Boodram's deposition as improper and untimely.

### Cross-Designations

The POM Parties do not offer any cross-designations of PSG's designation of Mr. DeLuca's or Mr. Boodram's deposition testimony and instead will rely on its designations of Mr. DeLuca's depositions taken on July 10, 2020 and May 24, 2021. [*See* ECF 266].

### The POM Parties Prior Objections and Cross-Designations

The POM Parties contend that PSG failed to submit a notice indicating which of the previously designated deposition and discovery excerpts it plans to offer at trial, as directed by the Court in its Amended Pretrial Order. To the extent that this Court finds PSG's incorporation

of "its filing at ECF 238 by reference" [ECF 264 at ¶ 1] as sufficient notice, the POM Parties rely

on its previous objections and counter-designations as set forth at ECF 245.

Respectfully submitted,

Dated:  January 25, 2023                              SPILMAN THOMAS & BATTLE, PLLC

By:/s/ Jonathan A. Deasy
     Jonathan A. Deasy
     Pa. Id. No. 327496
     One Oxford Centre, Suite 3440
     301 Grant Street
     Pittsburgh, PA  15219
     T:  (412) 325-3306
     F:  (412) 325-3324
     E:  jdeasy@spilmanlaw.com

**Attorneys for Pace-O-Matic, Inc., Miele
Manufacturing, Inc., POM of Pennsylvania,
LLC, and Savvy Dog Systems, LLC**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | CIVIL ACTION NO. 2:18-CV-00722-PLD |
| | CONSOLIDATED |
| Plaintiffs/Counterclaim Defendants, | The Honorable Patricia L. Dodge |
| v. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Defendant/Counterclaim Plaintiff. | |

**CERTIFICATE OF SERVICE**

I, Jonathan A. Deasy, counsel for POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic, Savvy Dog Systems, LLC, Pace-O-Matic, Inc. and Miele Manufacturing, Inc., do hereby certify that on the 25th day of January, 2023, I served the foregoing **Objections and Cross-Designations to Pennsylvania Skill Games' Trial Deposition Designations** to counsel of record via the Court's CM/ECF System:

Via email to mailroom.grz@zegarelli.com

Gregg R. Zegarelli, Esquire
Technology & Entrepreneurial
Ventures Law Group, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA  15241-2565

**Counsel for Pennsylvania Skill Games, LLC**

SPILMAN THOMAS & BATTLE, PLLC

By:  /s/ Jonathan A. Deasy
        Jonathan A. Deasy