IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF PENNSYLVANIA


POM OF PENNSYLVANIA, LLC                    CIVIL NO. 2:18cv722

t/d/b/a PACE-O-MATIC, and
SAVVY DOG SYSTEMS, LLC,

          Plaintiffs,

v.


PENNSYLVANIA SKILL GAMES, LLC,

          Defendant.

## MOTION TO QUASH SUBPOENA

1. POM of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, and Savvy Dog Systems, LLC (collectively "POM Parties"), commenced this action against Pennsylvania Skill Games, LLC ("PSG") in May 2018, asserting claims of trademark infringement, breach of contract, and declaratory relief. In the applicable complaint, the POM Parties allege that PSG's use of "PENNSYLVANIA SKILL" and its stylized form (collectively "Marks") violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 *et seq.*, Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. and Cons. Stat. Ann. § 201-1 et seq. and the Pennsylvania Trademark Act, 54 Pa. Stat. and Cons. Stat Ann. § 1101, et seq.

2. It is believed that counsel for PSG deposed and took recorded testimony from Mr. DeLuca on two separate occasions in preparation for trial.

1

3.  A Jury Trial was scheduled to commence on December 5, 2022, before this Honorable Court.

4.  Both Plaintiffs and Defendant served a subpoena on Mr. DeLuca to secure his appearance to testify at the trial on December 5, 2022.

5.  Trial was postponed however from the December 5, 2022 trial date to February 13, 2023.

6.  On or about December 12, 2022, both counsel provided notice to Mr. DeLuca of their intent to have the original subpoena serve as Mr. DeLuca's notice to appear and testify at trial.

7.  On or about January 11, 2023, undersigned provided counsel a reasonable basis due to a physical illness for requesting that Mr. DeLuca be excused from his subpoena to testify at trial on February 13, 2023, pursuant to Rule 32.

8.  Plaintiffs' counsel consented to release Mr. DeLuca from his subpoena however, Defendant's counsel requested that this request be made on the record.

9.  Undersigned now seeks to preclude counsel for PSG from calling Mr. DeLuca at trial and instead asks this Court to find that pursuant to Fed. R. Civ. P. 32, "that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment." Fed. R. Civ. P. 32(a)(4)(C).

10. It is submitted that after deposing Mr. DeLuca at two separate depositions, his testimony has been fully developed and that his attendance is neither material nor necessary.

11. Further it is submitted that Rule 804 of the Federal Rules of Evidence provides an exception for the admissibility of prior testimony of a witness who "cannot be present or testify at the trial or hearing because of…a then existing infirmity, physical illness, or mental illness…" Fed. R. Evid. 804(a)(4), (b)(1).

WHEREFORE, undersigned counsel for Mr. DeLuca hereby respectfully requests that this Honorable Court grant this Motion to Quash Subpoena.

s/ Steven C. Townsend
Steven C. Townsend, Esq.

Eddy Townsend Gravina & Bendik
564 Forbes Ave., PH
Pittsburgh, PA. 15219
stownsend@pghlaw.com
PA. I.D. No. 89263
Attorney for Wayne V. DeLuca