**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

        Plaintiffs,

        v.

PENNSYLVANIA SKILL GAMES, LLC,

        Defendant.

PENNSYLVANIA SKILL GAMES, LLC,

        Plaintiff,

        v.

PACE-O-MATIC, INC. and MIELE MAN-
UFACTURING, INC.

        Defendants.

CIVIL ACTION NUMBER:
2:18-cv-00722-PLD

The Hon. Patricia L. Dodge

**PENNSYLVANIA SKILL GAMES' OM-
NIBUS PRETRIAL MOTIONS**

Reference is made to the Court's Order, dated January 23, 2023, preparing for the Pre-Trial Conference, PSG moves the Court as follows:

1.    Reference is made to the Official Transcript, dated November 21, 2022, ECF 258 (the "**Transcript**") and related ECF 254 regarding the testimony of B. Greg Cline. Further reference is made to Transcript P25:L1–L6 (referencing Orders ECF 101 and 140), and P34:L24-P35:L1 (referencing leave for clarification).

It is clear by this Court's ruling, Transcript P25:L2, that Mr. Cline is a fact witness, and counsel have made accommodation to inform the jury of privilege issues. This Court denied the POM Parties' motion in limine, but the undersigned is not clear as to the implication of the two referenced orders, which may have been incidental or dicta. ECF 101 was an order that rested upon the specific language of a deposition notice, and ECF 140 rested upon a precise discovery timing and requested question to be addressed. Moreover, at the time of those Orders, this Court did not have the benefit of a more fully developed record, as the POM Parties' Motion to Dismiss was not yet reviewed by this Court. ECF 122. As the undersigned expressed in the text preceding P34:L24, PSG seeks fair clarification accordingly to avoid delays at trial.

2.      This Court ruled regarding "legality" at ECF 249. However, whether or not the software is "legal" is a different issue that whether seizures have occurred and brought to finality with or without judicial ruling. "Compliant Terminals" are referenced in the EPA to the law and the Beaver Case, and the parties were able to agree to a standard of performance that is an adoption of the standards set forth by law on a civil basis. Moreover, if any of the POM Parties references that they only sell "legal" games, or some other credibility statement, it will open the door for contradictory evidence, such as seizures, that can be explained to the jury, for what it is worth. PSG believes that it is permitted to explain "compliant terminals" without adjudicating "legal" games in the case, as well as to raise the issue of seizures if the foundation or purpose is otherwise proper. To avoid delays at trial, PSG seeks clarification of the metes and bounds of the distinction between the introduction of evidence for the purpose of proving "legality" versus the introduction of evidence for other purposes. Exhibit A demonstrates that this case cannot be litigated fully and fairly without reference to legality and clarification is required to avoid delays at trial.

2

3.	PSG seeks to conform usage of the term, the "POM Parties" more accurately as implied by its Verdict Slips, ECF 262.  The parties, and the Court, for convenience of motion practice over many years of reference have defined the "POM Parties" as a homogenous group. However, for purposes of the trial, the evidence and references must be matched to the claims in the respective two cases, and the jury instructions and initial case statement should be conformed accordingly.  Pace-O-Matic and Miele have no claims in either of the two cases, and they are not parties to the POM case; POM of Pennsylvania and Savvy Dog have claims only in the POM case. PSG has claims against all four of the POM Parties.

4.	In accordance with LCvR 16.1.C.6.f, PSG seeks to amend its Pre-Trial Statement to include Deleo Games, Inc. and related evidence; to wit: Deleo Games was subpoenaed for the December trial date as a rebuttal witness, Exhibit B, and counsel for the POM Parties was aware of it without objection.  By refusing to retrieve Certified Notice of the new trial date, Deleo Games was re-served, Exhibit B.  On January 23, 2023, PSG learned of Deleo Games having competitive games in Beaver County, Exhibit C.   Accordingly, PSG seeks to use Deleo Games in its case in chief.  Deleo having already been served without objection for the first trial date as a rebuttal witness, there is no prejudice in assigning the witness to PSG's case in chief, or rebuttal.  It is noted that the POM Parties did not update their discovery to inform PSG of even more competitive vendors in Beaver County.  Counsel intend to meet and confer regarding the POM Parties bring-down production providing fill and purchase information.  Moreover, PSG seeks to add Exhibit D to its Exhibit list; the document was provided to the Court and counsel on November 9, 2022.

5.	PSG seeks clarification that the POM Parties have an aggregate of preemptory strikes.

6.	PSG seeks clarification that as to the jury number and the presentation logistics.

3

WHEREFORE, Pennsylvania Skill Games prays for the relief set forth herein.

Dated: January 26, 2023

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Pittsburgh, PA 15241-2565, USA
v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

4

## CERTIFICATE OF SERVICE

I hereby certify my belief that a true and correct copy of the foregoing document was served upon the following counsel via the Court's CM/ECF System on the date set forth below:

 January 26, 2023

Julian E. Neiser, Esq.
SPILMAN THOMAS & BATTLE, PLLC
jneiser@spilmanlaw.com


Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com