## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

        Plaintiffs,

        v.

PENNSYLVANIA SKILL GAMES, LLC,

        Defendant.

PENNSYLVANIA SKILL GAMES, LLC,

        Plaintiff,

        v.

PACE-O-MATIC, INC. and MIELE MAN-
UFACTURING, INC.

        Defendants.

CIVIL ACTION NUMBER:
2:18-cv-00722-PLD

The Hon. Patricia L. Dodge

**PENNSYLVANIA SKILL GAMES'
REQUEST FOR EVIDENTIARY HEAR-
ING AND LEAVE TO SERVE SUBPOE-
NAS IN OPPOSITION TO MOTION TO
QUASH SUBPOENA OF WAYNE
DELUCA [ECF 270/272]**

1. Reference is made to ECF 269, which was filed yesterday by PSG as anticipatory at the time filed. ECF 270 was filed a few hours later yesterday by counsel for Mr. Deluca. This morning the undersigned filed ECF 271, to which counsel for Mr. Deluca, out of order and without leave of Court, filed ECF 272. The content of ECF 269 and ECF 272 are incorporated herein by this reference.

2. Further reference is made to ECF 273, which schedules a hearing on the Motion to Quash in seven (7) calendar days. Oral arguments constrained to advocacy by Attorney Townsend, which is not evidence for cross-examination, and an unsworn hearsay letter that cannot be cross-examined, will severely prejudice PSG.

3.  At ECF 272, respectfully, Counsel for Mr. Deluca introduces what amounts to a grade school excuse.  In three sentences, it states the date of the trial in one sentence, it states an uncontested fact in the second sentence—that Mr. Deluca underwent surgery.  And, in the third sentence, it simply states an ungrounded conclusion.  The letter is unsworn, it does not assert that the doctor is the attending physician, and, indeed, it does not state any facts whatsoever from which the conclusion can be drawn.  It does not state the basis of the condition as physical or mental, it does not state any remarkable probable preventing attendance or testimony more than three months following surgery.

4.  Mr. Deluca, a former FBI agent and trial attorney for many years, is claimed to not be able to sit in a chair and tell the truth.

5.  Mr. Deluca is a key witness.  There are significant rights at stake.  Although the POM Parties appear to desire to try the case on paper and discovery, PSG is prejudiced without the testimony of an available witness to testify at trial.  Use of a deposition at trial is a remedy and not a cause for dismissal.  The POM Parties expressly referenced Mr. Deluca multiple times in their Motion to Dismiss because he is a key witness.

6.  Accordingly, PSG seeks an evidentiary hearing with an opportunity to review the medical records with PSG's expert and cross-examine the witness accordingly.  There are approximately 20 days to trial and there is sufficient time for prompt discovery of the materials that Dr. O'Toole relied upon and to conduct a proper evidentiary hearing.  PSG seeks leave to serve the Subpoenas, Exhibit A–B, with dates of production and testimony (either with a discovery deposition first or a unified evidentiary hearing) to be set forth by order.

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
  VENTURES LAW GROUP, – p.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

3

## CERTIFICATE OF SERVICE

I hereby certify my belief that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF System on the date set forth below:

January 26, 2023

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, – p.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com