## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | CIVIL ACTION NUMBER: 2:18-cv-00722-PLD |
| Plaintiffs, v. | The Hon. Patricia L. Dodge |
| PENNSYLVANIA SKILL GAMES, LLC, | **PENNSYLVANIA SKILL GAMES' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DELEO GAMES** |
| Defendant. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Plaintiff, v. | |
| PACE-O-MATIC, INC. and MIELE MANUFACTURING, INC. | |
| Defendants. | |

1.    Reference is made ECF 276/278, incorporated herein by this reference, and more particularly, Item No. 2 regarding Deleo Games as an operator placing games into Beaver County.[1]

2.    The undersigned has presented this Court with evidence of further breach of contract by the POM Parties at issue in this case; to wit, the presence of Deleo Games machines in Beaver County in breach contract.  [ECF 276-3/278] There is no difference between the existence of Deleo Games within Beaver County with the long-established violative games that have been at issue in this entire case, including for GMR Games, ProATM, Mac Vending, etc. [*See, e.g.,* Ev. Ex. List Nos. 8–10, 43, 102, 126, 127, 130, 131, 135, 138, 143, 207.]

---

[1] For purposes of this motion, the POM Parties' often-used argument that they "don't know where the games are located" is a triable fact and not material for the question presented at this time.  Indeed, these games have now been brought to their attention as being in Beaver County, at a quite notable franchise account, Primanti Brothers.

3.      Counsel for the parties had a meet and confer already scheduled for Friday, January 27, 2023, at 1:00 P.M., and, in accordance with as stated in ECF 276, conferred regarding Deleo Games and production of evidence regarding the same.  Plaintiff seeks production of documents regarding purchase and fills by Deleo Games only in Beaver County.  The POM Parties can simply request the information of games locations from their operator (assuming a claim they do not already know of the locations), or, as was done with the other vendors, (*e.g.,* Ev. Ex. List 135-A), Deleo Games can be subpoenaed for a listing of Terminal IDs [TIDs] for machines placed into Beaver County, at which time the POM Parties can supply the purchase/fill information accordingly.  To the extent that the POM Parties refuse to cooperate in this regard for their operator, PSG requests leave to issue the Subpoena at Exhibit A.

4.      So far as the basis for the POM Parties' refusal to supply the data is cognizable to the undersigned, the undersigned believed that counsel for the POM Parties read verbatim on the telephone call this Court's statement at P29:L23, *et. seq.,* of the November 21, 2022 pretrial transcript.[2]  POM apparently asserts an interpretation in the nature of a summary judgment ruling on a triable fact; to wit, something like, the game machines (notwithstanding the POM Parties assert they don't know where they are, or therefore, their TIDs) are not "compliant terminals" being not exactly 402.44 that was released initially at the time of the Beaver lawsuit. [Indx 4, 85]3, and, as a result, PSG has been forestalled from any claim other than the exact version released at the time of the lawsuit.[4]  PSG's position is that the POM Parties are wielding something like a summary

---

[2] This is also referenced as grounds in the Proposed Jury Instructions [ECF 263] , at A. Breach of Contract – Nature of Claims.

[3] And notwithstanding the monstrously large volume of evidence that the 402.xx games currently released are compliant with law exactly because of the 402.44 ruling.

[4] The undersigned hopes not to mischaracterize the statement made by counsel for the POM Parties during the meet and confer, but it was something of the nature that "there's nothing left" in the lawsuit as a result of the referenced ruling.

judgment ruling that is an improper interpretation of this Court's statement in the record, and a conflation of issues that this Court was ruling upon at the time.[5]

PSG seeks to obtain information that is readily available from either or both of Deleo Games and the POM Parties.[6]

WHEREFORE, Pennsylvania Skill Games prays that its Motion to Compel Production be granted as set forth in the proposed Order attached hereto.

Dated: January 30, 2023

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Pittsburgh, PA 15241-2565, USA
v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

---

[5] If this Court ruled, by a motion in limine the effect that, *e.g.,* update 402.45 (not being the exact version of the Beaver County case (402.44), is not within the scope of, *e.g.,* the EPA, as a matter of law or by factual ruling, that should be revisited by this motion to avoid delays at trial and begs the clarification requested at ECF 276 as justice requires.

[6] Mr. Deleo has been subpoenaed to attend trial and has indicated a conflict. He has been advised to bring an appropriate motion before this Court for a ruling. Counsel for the POM Parties may be undertaking his representation.

**RULE 26(c)(1) and 37(a)(1) CERTIFICATION**

I hereby certify that on January 16, 2021, at 4:54 P.M., I conferred in good faith with the counsel

for the non-moving party in attempt to resolve the within discovery dispute without court inter-

vention, but was unable to do so.


 January 30, 2023

Julian E. Neiser, Esq.
SPILMAN THOMAS & BATTLE, PLLC
jneiser@spilmanlaw.com

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

**CERTIFICATE OF SERVICE**

I hereby certify my belief that a true and correct copy of the foregoing Motion to Compel was served upon the following counsel via the Court's CM/ECF System on the date set forth below:

January 30, 2023

Julian E. Neiser, Esq.
SPILMAN THOMAS & BATTLE, PLLC
jneiser@spilmanlaw.com

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com