15501755

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | CIVIL ACTION NO. 2:18-CV-00722-PLD CONSOLIDATED |
| Plaintiffs/Counterclaim Defendants, | The Honorable Patricia L. Dodge |
| v. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Defendant/Counterclaim Plaintiff. | |

-----------------------------------------------------------------------------------------------------------------

PENNSYLVANIA SKILL GAMES, LLC

Plaintiff,

v.

PACE-O-MATIC, INC. and MIELE
MANUFACTURING, INC.,

Defendants.

**POM PARTIES' RESPONSE TO**
**PENNSYLVANIA SKILL GAMES' ("PSG") MOTION TO COMPEL**

AND NOW COMES Pace-O-Matic, Inc. ("Pace"), POM of Pennsylvania, LLC, Savvy

Dog Systems, LLC, and Miele Manufacturing, Inc., ("Miele") (hereinafter referred to as the

"POM Parties"), by and through their undersigned counsel, and files the within Response to

Motion to Compel and Objection to Subpoena and state as follows:

1.      The POM Parties primary objection to PSG's Motion to Compel is due to a lack

of information and explanation by PSG to justify a last-minute discovery demand. PSG has yet to

provide, despite being asked, basic information regarding the scope of its Motion to Compel,

15501755

such as where the allegedly offending machine is, when was it discovered, or any other basic identifying information.

2.    Without this information, the POM Parties cannot even make the most basic assessment of whether or how it could comply with PSG's demands, even if they were meritorious. It is incredible that PSG is raising this issue at this stage in the proceedings without more than a bald demand.

3.    Specifically, PSG's Motion and the subpoena attached thereto seeks to obtain information regarding DeLeo Games, Inc. ("DeLeo") a company to whom PSG previously issued a subpoena to attend and testify on November 4, 2022 in the trial in this matter originally scheduled on December 5, 2022. A true and correct copy of this subpoena is attached hereto as **Exhibit 1.**

4.    The POM Parties do not believe they were served with this subpoena in November, 2022.

5.    PSG apparently reissued a subpoena to attend and testify for the trial currently scheduled on February 13, 2023. See, **Exhibit 1.**

6.    PSG also is seeking to amend its witness list to add DeLeo and is attempting to add additional documents, to which the POM Parties will object as being wholly irrelevant to this case and violative of this Court's pretrial Motion in Limine rulings excluding testimony regarding legality.

7.    According to email communications from Tom DeLeo, who is the president of DeLeo, he is unavailable to attend the trial due to a pre-planned family vacation. A copy of the email from Mr. DeLeo is attached hereto as **Exhibit 2.**

15501755

8.    Counsel for PSG is unwilling to voluntarily allow Mr. DeLeo to go on vacation and wants him to endure the expense and disruption of hiring a lawyer and engaging in motions practice. **See, Ex. 2.**

9.    Counsel for the POM Parties lodged "objections" via email to PSG about the scope of PSG's request regarding the allegedly infringing machines owned by DeLeo, including some of the matters alluded to in PSG's Motion to Compel. However, those objections were withdrawn via email several minutes before the Motion to Compel was filed.

10.    The POM Parties instead restated a request for additional information regarding the scope of the demand for additional discovery. The entirety of the POM Parties' objections are enclosed herein.

11.    **First**, if PSG thought DeLeo was material to this matter in any way, it arguably had knowledge of this fact in November, 2022, if not before. Why we are now just hearing about a potential "breach of contract" two weeks before trial is not answered and PSG should provide sufficient proof.

12.    **Second**, PSG sent the undersigned photographs of the allegedly offending machines only a few days ago with no other identifying information. The POM Parties requested additional information such as the terminal IDs and location to make inquiries. That information has not been forthcoming (though PSG suggested in its motion these terminals are in an unnamed "Primanti's Brothers"). Without further information, the POM Parties cannot provide the 11th hour information now being sought, even if they agreed. Whether PSG likes it or not, the reality is that the POM Parties **do not** know where operators place machines, a fact that has been established on the record by every single witness with knowledge in this case.

13.     Notably, the metadata in the photographs provided by PSG are empty, to include GPS information common in most photographs taken with a mobile phone. PSG should have to identify the exact date when they became aware of the allegedly offending machines owned by DeLeo. This is material, as it goes to waiver by PSG and a determination by this Court whether PSG was diligent in its "discovery request."

14.     Ultimately, the POM Parties have no idea when the photos were taken, where the machines are, when PSG allegedly had this information, when the machines were allegedly placed and why it has not diligently pursued this issue prior to two weeks before trial.

15.     **Third**, it is unnecessary and unfair to compel DeLeo to have to hire a lawyer and to force him to cancel a family vacation (as he represents) for this case, under these facts, and based on PSG's flimsy demand. It is unconscionable to create such a situation for a third-party witness in a callous, invasive way, much like PSG is attempting to do with Attorney DeLuca.

16.     Absent a showing by PSG as to the location of the machines, the TIDs, when they were identified, and a thorough explanation of why discovery is needed at the very last minute (especially regarding a witness ostensibly identified as necessary months ago), PSG should not be permitted to continue to waste the parties' time and drive up costs.

17.     The parties and this Court should be entitled to see PSG's best proof when considering a Motion to Compel. If this is all PSG has to justify its tactics, then its request should be denied.

4

WHEREFORE, the POM Parties request that this Honorable Court deny PSG's Motion to Compel and quash any subpoena to Mr. DeLeo. Alternatively, it is requested that Mr. DeLeo have an opportunity to call into the Court at the Pretrial Conference on February 2, 2023 to be heard by the Court without need to obtain counsel, and enter the attached proposed order.

Respectfully submitted,

Dated:  January 30, 2023

SPILMAN THOMAS & BATTLE, PLLC

By:/s/ Julian E. Neiser
    Julian E. Neiser
    Pa. Id. No. 87306
    One Oxford Centre, Suite 3440
    301 Grant Street
    Pittsburgh, PA  15219
    T:  (412) 325-1116
    F:  (412) 325-3324
    E:  jneiser@spilmanlaw.com

**Attorneys for POM Of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, Savvy Dog Systems, LLC, Pace-O-Matic, Inc. and Miele Manufacturing, Inc.**

5

15501755

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

POM OF PENNSYLVANIA, LLC, t/d/b/a      CIVIL ACTION NO. 2:18-CV-00722-PLD
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,      CONSOLIDATED

         Plaintiffs/Counterclaim      The Honorable Patricia L. Dodge
         Defendants,

         v.

PENNSYLVANIA SKILL GAMES, LLC,

         Defendant/Counterclaim
         Plaintiff.

**<u>CERTIFICATE OF SERVICE</u>**

I, Julian E. Neiser, counsel for POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic, Savvy

Dog Systems, LLC, Pace-O-Matic, Inc. and Miele Manufacturing, Inc., do hereby certify that on

the 30th day of January, 2023, I served the foregoing **POM Parties' Response to Pennsylvania**

**Skill Games' Motion to Compel** to counsel of record via email as follows:

Via email to mailroom.grz@zegarelli.com

Gregg R. Zegarelli, Esquire
Technology & Entrepreneurial
   Ventures Law Group, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA  15241-2565

**Counsel for Pennsylvania Skill Games, LLC**

SPILMAN THOMAS & BATTLE, PLLC

By:   /s/ Julian E. Neiser
       Julian E. Neiser