**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN PENNSYLVANIA**

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

                Plaintiffs/Counterclaim
                Defendants,

                v.

PENNSYLVANIA SKILL GAMES, LLC,

                Defendant/Counterclaim
                Plaintiff.

CIVIL ACTION NO. 2:18-CV-00722-PLD

CONSOLIDATED

The Honorable Patricia L. Dodge

**POM PARTIES' CONSOLIDATED RESPONSE JOINING MOTION TO
QUASH AND IN OPPOSITION TO PSG'S REQUEST FOR EVIDENTIARY HEARING**

Plaintiffs and Counterclaim Defendants POM of Pennsylvania, LLC, ("POM"), Savvy

Dog Systems, LLC ("Savvy Dog"), Pace-O-Matic, Inc. ("Pace") and Miele Manufacturing, Inc.

("Miele") (together, the "POM Parties"), by and through their counsel, Spilman Thomas &

Battle, PLLC, files the within:

1.      Rule 1 of the Federal Rules of Civil Procedure states the rules "should be

construed, administered, and employed by the court ***and the parties*** to secure the just, speedy,

and inexpensive determination of every action and proceeding."

2.      As of the date of this filing, jury selection will commence in 14 days. While the

POM Parties and presumably the Court are hastily preparing for that day, PSG is just now

launching a needless crusade with an end goal of  placing an elderly man, currently recovering

from quadruple bypass surgery while dealing with the lasting effects of stroke, on the witness

stand. This demand is replete with a request for evidentiary hearings and other unnecessary

procedural burdens. Indeed, this campaign violates the first rule of civil procedure and the mandate on both litigants and the Court.

3.      PSG's Opposition to Attorney DeLuca's Motion to Quash [ECF 271] is baseless, and is the type of unnecessary, expensive, and tedious practice that has become PSG's calling card in every evolution. Likewise, it's Request for an Evidentiary Hearing [ECF 277] and opportunity to review Attorney DeLuca's medical records is unnecessary.

4.      To be clear, the POM Parties accept the representations of Attorney DeLuca. We wish him well and hope he recovers quickly. Indeed, we support the Motion to Quash [ECF 270], not because of any perceived advantage or disadvantage in litigation, but because it is the right thing to do.

5.      In support of Attorney DeLuca's Motion, the POM Parties aver the Court "*must* quash or modify a subpoena that … subjects a person to undue burden." F.R.C.P. 45(d)(3)(A)(iv) (emphasis added); See Whitlow v. Martin, 263 F.R.D. 507, 512 (C.D. Ill. 2009) ("Non-party status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue"). Accordingly, the Court may quash or modify a subpoena if it finds that compliance with the subpoena would be "unreasonable and oppressive." Prime Energy and Chemical, LLC v. Tucker Arensberg, P.C., No. 2:18-cv-0345, 2020 WL 922918 at *2 (W.D. Pa. Feb. 26, 2020) (citations omitted).

6.      As set forth in Dr. O'Toole's letter to Attorney Townsend, Attorney DeLuca is "recovering from major heart surgery and currently in Cardiac Rehabilitation" and is "not medically able to testify." [ECF 272]. Accordingly, Attorney DeLuca is an unavailable witness. F.R.E. 804(a)(4); See also U.S. v. Faison, 679 F.2d 292 (3d Cir. 1982) (reversing lower court's

refusal to put off a criminal trial when a key government witness was expected to recover from heart surgery within five weeks).

7.      More importantly, forcing Attorney DeLuca to appear at trial for the purpose of undergoing what would surely be vigorous cross-examination would not only constitute an extremely significant burden, but would also impose a serious risk of worsening his already fragile condition. See Elsevier, Inc. v. Comprehensive Microfilm & Scanning Services, Inc., 3:10-cv-02513, 2013 WL 5797639 at *2 (M.D. Pa. Oct. 28, 2013) (quashing subpoena requiring attendance of witness suffering from ALS).

8.      Additionally, PSG (again) fails to cite a single case, rule, or otherwise in support of its opposition.

9.      This Court must be aware that counsel for PSG deposed Attorney DeLuca twice. Counsel for PSG lead off the examination and was able to ask questions related to his case. Twice. The subject matter of the examinations were relevant to this litigation, involved the same or similar issues, and the POM Parties were participants and had an equal opportunity to develop testimony.

10.      Attorney DeLuca definitively and unequivocally offered testimony that is absolutely devastating to PSG with regard to material issues in this case, e.g., the fact that a "trademark" was not discussed in any contract negotiations, and that despite Albert Unis, III fantastic and unsupported conclusions that he was involved in the lawsuit that lead to the Beaver County decision, that Mr. Unis' involvement was that of a courier. See POM Parties' Deposition Designations of Wayne DeLuca at [ECF 266].

11.      To offset this reality and the absolute lack of any proof to support the existence of "oral agreements" for which there is zero support other than the testimony of Albert Unis, III and

his son, PSG needs to create a circus atmosphere and distract the Court and jury through confusion.

12.     One of those distractions clearly will be an attempt to take advantage of an elderly attorney who is in poor medical and physical condition, if Attorney DeLuca is dragged into Court[1].

13.     Despite PSG's suggestions that Attorney DeLuca is somehow untruthful and he should be subjected to cross in a federal jury trial, the reality is that PSG needs to confuse and harass this witness in an infirm condition.  It is their only hope, and it is pursing this issue without a modicum of decency.

14.     PSG goes as far as to say, "Mr. DeLuca, a former FBI agent and trial attorney for many years, is claimed to not be able to sit in a chair and tell the truth." [ECF 277, at ¶ 4).

15.     The reality is that Attorney DeLuca "sat in a chair" and told the truth twice in this case, there is zero evidence that he did not, and any suggestion otherwise is performative nonsense. PSG simply does not like the truth that has been offered because it is fatal to PSG's case.

16.     Finally, the rhetoric and use of language such as a "grade school" excuse and stating that counsel for Attorney DeLuca is uninformed is unsurprising, yet inexcusable. [ECF 277, at ¶ 2]. The suggestions that Attorney DeLuca is somehow untruthful or otherwise in a public filing—after a long and distinguished career as an attorney and law enforcement agent—is unconscionable.

---

[1] Notably, PSG neither volunteered nor offered medical evidence to support the claim that its expert witness was unavailable due to a motorcycle accident, which necessitated the continuance of the entire trial. The POM Parties took PSG at its word and all courtesies were extended based upon proffer by counsel. That should be enough. However, PSG demands more from others than what it is willing to do for itself. This time, PSG has gone even further, describing the Motion to Quash as "noting but air, completely ungrounded, harassing, and frivolous." [ECF 271 at ¶ 4].

WHEREFORE, the POM Parties respectfully request that this Honorable Court grant Attorney DeLuca's Motion to Quash and deny PSG's Request for an Evidentiary Hearing and Leave to Serve Subpoena's on Dr. Joseph O'Toole.

Respectfully submitted,

Dated:  January 30, 2023

SPILMAN THOMAS & BATTLE, PLLC

By:/s/ Jonathan A. Deasy
   Jonathan A. Deasy
   Pa. Id. No. 327496
   One Oxford Centre, Suite 3440
   301 Grant Street
   Pittsburgh, PA  15219
   T:  (412) 325-3306
   F:  (412) 325-3324
   E:  jdeasy@spilmanlaw.com

**Attorneys for Pace-O-Matic, Inc., Miele Manufacturing, Inc., POM of Pennsylvania, LLC, and Savvy Dog Systems, LLC**

5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

                Plaintiffs/Counterclaim
                Defendants,

                v.

PENNSYLVANIA SKILL GAMES, LLC,

                Defendant/Counterclaim
                Plaintiff.

CIVIL ACTION NO. 2:18-CV-00722-PLD

CONSOLIDATED

The Honorable Patricia L. Dodge

## CERTIFICATE OF SERVICE

I, Jonathan A. Deasy, counsel for POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic, Savvy Dog Systems, LLC, Pace-O-Matic, Inc. and Miele Manufacturing, Inc., do hereby certify that on the 30th day of January, 2023, I served the foregoing **POM Parties' Consolidated Response Joining Motion to Quash and in Opposition to PSG's Request for Evidentiary Hearing** to counsel of record via the Court's CM/ECF System:

Via email to mailroom.grz@zegarelli.com

Gregg R. Zegarelli, Esquire
Technology & Entrepreneurial
Ventures Law Group, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA  15241-2565

**Counsel for Pennsylvania Skill Games, LLC**

SPILMAN THOMAS & BATTLE, PLLC

By:  /s/ Jonathan A. Deasy
        Jonathan A. Deasy

6