15501755

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

CIVIL ACTION NO. 2:18-CV-00722-PLD

CONSOLIDATED

        Plaintiffs/Counterclaim
        Defendants,

The Honorable Patricia L. Dodge

        v.

PENNSYLVANIA SKILL GAMES, LLC,

        Defendant/Counterclaim
        Plaintiff.

-------------------------------------------------------------------------------------------------------------------

PENNSYLVANIA SKILL GAMES, LLC

        Plaintiff,

        v.

PACE-O-MATIC, INC. and MIELE
MANUFACTURING, INC.,

        Defendants.

### POM PARTIES' REPLY TO RESPONSE TO MOTION TO
### COMPEL AND OBJECTION TO SUBPOENA

AND NOW COMES Pace-O-Matic, Inc. ("Pace"), POM of Pennsylvania, LLC, Savvy

Dog Systems, LLC, and Miele Manufacturing, Inc., ("Miele") (hereinafter referred to as the

"POM Parties"), by and through their undersigned counsel, and files the within Response to

Motion to Compel and Objection to Subpoena and state as follows:

1.      PSG is misrepresenting facts and accusing the POM Parties of not being

"forthright." PSG also is (again) making overly broad legal statements that are baseless and a

mishmash of terms.

2.      Notably, PSG does not address the POM Parties' substantive response.

3.      PSG has the burden to establish foundation for its request. It must have gotten the photographs it provided to the POM Parties and provided to the Court from somewhere. This is why the POM Parties made a request to PSG, outside of motions practice, for some details. Any details. Something.

4.      PSG also must show to the Court a reason why it waited until now to file its "Motion to Compel." It has not even attempted to do so in its Motion or its response at ECF 286.

5.      The POM Parties withdrew an "objection" to counsel for PSG in the form of sending an email to opposing counsel. This was pointed out in the POM Parties' response at ECF 284 ¶ 9. We could not be more forthright.

6.      The withdrawal of the "objection" had nothing to do with what PSG references in Paragraph 3 of its Response or any other reason. The "objection" was merely an email to counsel in an effort to avoid unnecessary motions practice on the eve of trial and included a request for more information – which PSG has yet to provide despite having the burden—to enable fact finding. Instead of providing the "who, why, what, when" information regarding 11th hour discovery to obtain a reasoned response, PSG instead chooses to attack opposing counsel, make baseless arguments, and confuse the issues. This is *status quo* for PSG.

7.      The reality is that the undersigned reconsidered the issue from a discovery perspective and relevancy is not a reason to object to discovery. Asking PSG to provide the bare minimum of information to avoid imposing the burden on the POM Parties to go on a fishing expedition for them really shouldn't be too much to ask.

8.      It especially is true when considering PSG is demanding that a third-party witness cancel a family vacation (at least that is what the witness is representing).

2

15501755

9.      It should go without saying that PSG is flatly wrong in saying that the POM Parties are acting as "*de facto*" legal counsel. The POM Parties are simply trying to be rational and compassionate to matters involving a third party.

10.     Finally, the POM Partes at ECF No. 284 at ¶ stated that we "do not believe" we were served with the first subpoena to Mr. DeLeo. PSG offers an email to show that we were aware of the subpoena. Those are two different things, and in all candor to the Court, at the eve of trial, we did not have an opportunity to scrub the file for an ancillary issue (which is why a more definitive statement was not made).

11.     However, the point is, if PSG knew about this operator and had any type of suspicion of relevance to this case, why did it not take any action for three months?

12.     The POM parties have endured significant burdens in acquiescing to PSG's endless demands and last-minute dashes to complete everything. Enough is enough.

13.     The POM Parties reserve all rights to raise any and all evidentiary, contract interpretation, and relevancy issues regarding this issue or the underlying agreements.

WHEREFORE, the POM Parties request that this Honorable Court deny PSG's Motion to Compel and quash any subpoena to Mr. DeLeo. Alternatively, it is requested that Mr. DeLeo have an opportunity to call into the Court at the Pretrial Conference on February 2, 2023 to be heard by the Court without need to obtain counsel.

Respectfully submitted,

Dated:  January 31, 2023                    SPILMAN THOMAS & BATTLE, PLLC

By:/s/ Julian E. Neiser
　　Julian E. Neiser
　　Pa. Id. No. 87306
　　One Oxford Centre, Suite 3440
　　301 Grant Street
　　Pittsburgh, PA  15219
　　T:  (412) 325-1116
　　F:  (412) 325-3324
　　E:  jneiser@spilmanlaw.com

**Attorneys for POM Of Pennsylvania, LLC, t/d/b/a Pace-O-Matic, Savvy Dog Systems, LLC, Pace-O-Matic, Inc. and Miele Manufacturing, Inc.**

4

15501755

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | CIVIL ACTION NO. 2:18-CV-00722-PLD |
| | CONSOLIDATED |
| Plaintiffs/Counterclaim Defendants, | The Honorable Patricia L. Dodge |
| v. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Defendant/Counterclaim Plaintiff. | |

## CERTIFICATE OF SERVICE

I, Julian E. Neiser, counsel for POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic, Savvy

Dog Systems, LLC, Pace-O-Matic, Inc. and Miele Manufacturing, Inc., do hereby certify that on

the 31st day of January, 2023, I served the foregoing **POM Parties' Reply** to counsel of record via

email as follows:

Via email to mailroom.grz@zegarelli.com

Gregg R. Zegarelli, Esquire
Technology & Entrepreneurial
  Ventures Law Group, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA  15241-2565

**Counsel for Pennsylvania Skill Games, LLC**

SPILMAN THOMAS & BATTLE, PLLC

By:  /s/ Julian E. Neiser
     Julian E. Neiser