## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

   Plaintiffs,
   v.

PENNSYLVANIA SKILL GAMES, LLC,

   Defendant.

PENNSYLVANIA SKILL GAMES, LLC,

   Plaintiff,
   v.

PACE-O-MATIC, INC. and MIELE MAN-
UFACTURING, INC.

   Defendants.

CIVIL ACTION NUMBER:
2:18-cv-00722-PLD

The Hon. Patricia L. Dodge

**PENNSYLVANIA SKILL GAMES'
STATUS REPORT ON COMPLIANCE
REPORT REDACTION**

1. Reference is made to Exhibits 44/129-B.  PSG does not have an objection to a proper business record frame without prejudice to PSG's case; however, PSG has not stipulated to the redaction version that is believed to have been distributed to the Court.[1]  Counsel for PSG and counsel for the POM Parties stipulated to present the matter to this Court at the Pre-Trial Conference.  *See, also,* ECF 258, November 21, 2022 Transcript P21:L19 (Court will decide redactions).

2. The POM Parties propose a sample, such as Exhibit A.

3. PSG's tried to redact, but, in all candor, the "form" is so wrought with prejudicial hearsay, that PSG believes it is unworkable.  It can be used to reference recollection outside of the

---

[1] At the time of this writing there are a number of new exhibits that were identified by the POM Parties in good faith but PSG believes have not yet provided to PSG.  PSG understands that the documents are in the process of being replicated.  The exhibit is marked with reservation pending review of redaction.

jury view, but the gridding, and all the words like "violation" "incident" etc. are post-litigation prejudicially loaded.  The prejudice is outweighed by the value of the evidence as such.  Moreover, removal of words baits the jury to speculate and "fill in the blanks."

4.      PSG would suggest something to this Court in the nature of Exhibit B,[2] but PSG does not want to waive or preserve its objection in doing so, and reserves rights and objections accordingly.

5.      By ECF 276 seeking clarification, PSG is still unsure how "legality" and "compliance" are going to be permitted by this Court at trial, and how evidence will be accordingly adduced.  If there is a record that "compliance officers" have entered into establishments and suggested illegality (whether or not that is an issue for precise adjudication at trial), the evidence may enter for a different purpose, and would seizures as evidence that games are not legally compliant terminals pursuant to the EPA, for the civil weight assigned by the jury.[3]  Indeed, the reason, *by admission,* that the POM Parties stopped selling hardware to PSG was "illegality" and exclusion of otherwise properly admitted evidence is prejudicial.  [*See, e.g.,* ECF 276-1][4]

---

[2] Counsel for the POM Parties has not seen this document, although it will be discussed later today at a scheduled meet and confer.  This document is presented in the record as a convenience to the Court.

[3] As set forth at ECF 276, ECF 283, *fn.* 4, there is a significant difference between saying that the EPA uses the term "Compliant Terminals" and a final (summary) judgment by the Court as to what actually are "Compliant Terminals" and the grounds for the determination.  The POM Parties are conflating issues, and PSG believes, if not otherwise clarified, delays at trial will occur and be difficult to rule upon at that time.  A wrong word, concept or statement by any POM Party will open the door for PSG to defend itself.  To avoid delays at trial, it is noted that PSG's Motion in Limine, ECF 205, No. 4, was directed only to the POM Parties' use of the exhibit without proper redaction.  In good faith, unless otherwise clarified by the Court, PSG reserves the right to use the exhibit unredacted if appropriate at trial for PSG to contradict testimony by the POM Parties.

[4] Rick Goodling is going to testify.  He will be asked for his title "Compliance" (with what) and position responsibilities. There is simply no way he can truthfully exhaust the scope of testifying to his duties at trial without testifying as to "legality."

6.      Exhibit C is attached for reference.  Also, it might go without saying, but, in all prudence and caution, PSG reserves it rights regarding an incomplete business record intended to be used by the POM Parties.


Dated: February 1, 2023                         s/Gregg R. Zegarelli
                                                Gregg R. Zegarelli, Esq.
                                                Pa. I.D. #52717

                                                TECHNOLOGY & ENTREPRENEURIAL
                                                  VENTURES LAW GROUP, P.C.
                                                2585 Washington Road, Suite 134
                                                Pittsburgh, PA 15241-2565, USA
                                                v.412.833.0600 f.412.833.0601
                                                mailroom.grz@zegarelli.com

3

## CERTIFICATE OF SERVICE

I hereby certify my belief that a true and correct copy of the foregoing document was served upon the following counsel via the Court's CM/ECF System on the date set forth below:

February 1, 2023

Julian E. Neiser, Esq.
SPILMAN THOMAS & BATTLE, PLLC
jneiser@spilmanlaw.com

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
 v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com