# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM OF PENNSYLVANIA, LLC
t/d/b/a PACE-O-MATIC, and
SAVVY DOG SYSTEMS, LLC,

CIVIL NO. 2:18cv722

        Plaintiffs,

v.

PENNSYLVANIA SKILL GAMES, LLC,

        Defendant.

## RESPONSE TO MOTION FOR DISCOVERY AND EVIDENTIARY HEARING

1. Undersigned filed a Motion to Quash Subpoena on January 25, 2023, at ECF 270.

2. PSG filed a Response in Opposition on January 26, 2023, at ECF 271.

3. Undersigned subsequently filed an Exhibit (opinion letter from Mr. DeLuca's treating cardiologist, Dr. O'Toole) in Support of the Motion to Quash at ECF 272 on January 26, 2023.

4. It is submitted that the opinion letter Dr. O'Toole referenced at ECF 272 although brief and to the point, speaks for itself with regard to the physician's medically sound opinion.

## CITATION OF AUTHORITY

On timely motion, an issuing court must quash or modify a subpoena which subjects a person to undue burden. Fed.R.Civ.P. 45. The grant or denial of a motion to quash a subpoena is a matter of the Court's discretion and is reviewed only for an abuse of that discretion. Rule 45(c) of the Federal Rules of Civil Procedure provides additional protection for nonparties to litigation subject to a subpoena by mandating that a court "quash or modify the subpoena if it ... subjects a

person to undue burden."  "Determinations of issues of 'undue burden' are committed to the discretion of the trial court." *Jones v. Hirschfeld*, 219 F.R.D. 71, 74 (S.D.N.Y.2003).   A determination of witness unavailability is a preliminary question that this Court may decide with evidence that may be found to be inadmissible during trial. Fed. R. Evid. 104(a) ("The court must decide any preliminary question about whether ... evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege.").

"Under the Federal Rules of Civil Procedure and Federal Rules of Evidence, deposition transcripts may be used at trial where a witness is unavailable due to infirmity, physical illness, or mental illness. Fed. R. Evid. 804(a)(4); Fed.R. Civ. P. 32(a)(4)(C). Deposition testimony may only be presented if the opposing party had the opportunity to conduct proper direct, cross, or redirect examination. Fed. R. Evid. 804(b)(1)(B); Fed. R. Civ. P. 32(a)(1)(A). The burden is on the party seeking to declare a witness unavailable by reason of infirmity or illness to provide objective medical support for the assertion. See *Complaint of Bankers Trust Co.*, 752 F.2d 874, 888 (3d Cir. 1984).

The declaration of a medical professional will suffice and "[n]o more is required." *Finzie v. Principi*, 69 F. App'x 571, 573 (3d Cir. 2003) (not precedential)." *Sheetz v. Wal-Mart Stores, Inc.*, 2018 WL 8344383, at *1 (M.D. Pa. Mar. 28, 2018).  On this score, all that is required is the declaration of a medical professional. Id. (quoting *Finizie v. Principi*, 69 F. App'x 571, 573 (3d Cir. 2003)).  It is submitted that the Court should not allow any party to substitute the opinion of Mr. DeLuca's treating physician as it relates to his medical opinion contained in Doc 272.

Instantly, Mr. DeLuca is not a party and therefore he neither has an interest nor risk of jeopardy in the outcome of this case. Further, the basis for the Motion to Quash is not based on mere inconvenience or a competency issue, rather it is submitted to prevent this litigation from

becoming a detriment to his recovery and in accordance with his treatment plan and recovery. His true and only interest is to heed the medical advice of his physician so that he has the best opportunity for a full recovery. Based on his physician's letter, the Court should defer to said letter and grant Mr. DeLuca's Motion to Quash.

Finally, although I do not agree with PSG's arguments, I can see right through PSG's tactic in trying to discredit Mr. DeLuca on the witness stand knowing of his condition. However, "[c]redibility inferences that may arise on an in-person cross-examination do not outweigh the medical concerns that may also come from testimony. *Elsevier, Inc. v. Comprehensive Microfilm & Scanning Serv's, Inc.*, No. 3:10-CV-02513, 2013 WL 5797639, *2 (M.D. Pa. Oct. 28, 2013).

s/ Steven C. Townsend
Steven C. Townsend, Esq.

Eddy Townsend Gravina & Bendik
564 Forbes Ave., PH
Pittsburgh, PA. 15219
stownsend@pghlaw.com
PA. I.D. No. 89263
Attorney for Wayne V. DeLuca

3