**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

---

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

      Plaintiffs,

      v.

PENNSYLVANIA SKILL GAMES, LLC,

      Defendant.

---

PENNSYLVANIA SKILL GAMES, LLC,

      Plaintiff,

      v.

PACE-O-MATIC, INC. and MIELE MAN-
UFACTURING, INC.

      Defendants.

---

CIVIL ACTION NUMBER:
2:18-cv-00722-PLD

The Hon. Patricia L. Dodge

**PENNSYLVANIA SKILL GAMES'
REPLY IN OPPOSITION TO THE MO-
TION TO QUASH TRIAL SUBPOENA**

1. The POM Parties specifically asserted Mr. Deluca's critical involvement in the case, both in their Motion to Dismiss [ECF 122-1, nos. 15, 20, 21, 22, 23, 25 and 27] and in their Pre-Trial Statement [*e.g.,* ECF 198, pp. 2–3]. From any balancing perspective, it is indisputable that Mr. Deluca is not just "any witness," but a "key" witness. Indeed, by the POM Parties' own admission and assertions, Mr. Deluca handled the "controlled pickup," involvement with PSG, the Beaver County case litigation, the EPA drafting, and subsequent market scope issues [Evid. Idx. 3, 4, 7, 37, 74, 85, 86, 29-A, 119-F, 128-A–129-F, 155] And yet, now the POM Parties *vehemently* argue to *exclude* his testimony at trial, in front of this Court and the jury, where justice is determined.

2. Mr. Deluca's counsel cites to law that admits Mr. Deluca has the burden regarding his motion. To this point, PSG agrees.

3. However, by conspicuous omission, Mr. Deluca's brief fails to disclose the substantive gist of the law; to wit: that the moving party *is required to* "**provide *objective* *medical support* for the assertion.**" *See Complaint of Bankers Trust Co.,* 752 F.2d 874, 888 (3d Cir. 1984). Not **_subjective_** medical support, but, rather, the expressly stated distinguishing attribute of the applicable standard: **objective** medical support.

4. By ECF 282, this Honorable Court expressly provided a full and fair opportunity for Mr. Deluca to come forward with *objective* grounds "supporting materials," but he has failed to do so, because he cannot do so; to wit: Mr. Deluca has *no objective evidence* whatsoever, but only the unsworn hearsay one *subjective* sentence statement that:

- does not objectively state that the hearsay speaker is the treating physician
- does not objectively state that the speaker conducted an examination, and if so, how so
- does not objectively state that the speaker reviewed the medical file and if so, what so
- does not objectively state the exact medical condition
- does not objectively state the medical procedure conducted
- does not objectively state the date of Mr. Deluca's operation or whether the date of any procedure was an elective date, to occur at the first scheduled trial date[1]
- does not objectively state any recovery timing parameters
- does not objectively state the precise question posed to him (such as whether his subjective "opinion" rested on testimony for one hour or two weeks
- does not objectively state whether the condition is grounded by physical issues, and if so, what so
- does not objectively state whether the condition is grounded by mental issues, and if so, what so
- does not objectively state whether the condition is grounded by drug effects of identified drugs, and if so, what so
- fails to provide any cooperative or coordinated judicial context assistance whatsoever, and does not set forth reasonable parameters for accommodations

5. Mr. Deluca and his legal counsel, in conjunction with the POM Parties, are seasoned and know exactly what evidence would be conclusive on the point they assert and failed to provide it.

---

[1] This Court may recall a thread of email on November 29, 2022, regarding the selection of February 13, 2023, being both the earliest and only date the POM Parties claimed to be available to conduct the trial.

6. With some assumption of timing not duly of record, after three months, there is most probably some form of a qualified "resume normal activities" already in Mr. Deluca's medical file. Everyone knows that, by medical sophistication, it is now the exception by which 12 weeks of recovery still prevents someone from sitting in a chair and telling the truth, particularly a trial attorney and former FBI agent who is familiar and skilled in the courtroom.

7. By ECF 282, this Court *expressly elicited* Mr. Deluca's counsel to put *objective* "supporting materials" evidence into the record, which could also have even been done under seal. If what was provided by the moving party is the best that the moving party can provide, it is clearly and convincingly insufficient. That is the truth, and that is the law.

8. Counsel for Mr. Deluca cites to *Finizie*, but did not cite to the complete holding; to wit, what the Third Circuit actually held:

> **In deciding that [the witness] was unavailable, the District Court relied on a <u>declaration</u> by Falast's <u>physician</u>, Anad K. Salem, M.D., which <u>explained</u> Falast's <u>medical condition</u> and <u>precisely</u> <u>why</u> <u>that</u> medical <u>condition</u> <u>rendered</u> Falast "unavailable" to testify.**
>
> **<u>We require</u> the party seeking to introduce hearsay testimony based on medical unavailability to provide <u>objective</u> medical support for its claim that a witness is ill or infirm. *See Complaint of Bankers Trust Co.,* 752 F.2d 874, 888 (3d Cir.1984) (<u>refusing to find that witness was unavailable, where party's <u>attorney testified</u> that witness was physically infirm but introduced "<u>no affidavits or other information supporting the assertion</u> of medical disability.")**

*Finizie v. Principi,* 69 Fed.Appx. 5712003 WL 21702278 2, 574, *citing, United States v. Faison,* 679 F.2d 292, 297 (3d Cir.1982) (emphasis added) (it is essential for appellate review that the district judge elaborate considerations and explain reasons for admitting prior testimony [to] permit to review the soundness of the exercise of discretion....)

3

9. If Mr. Deluca wanted to be dismissed from trial testimony, and then if the POM Parties stayed neutral or challenged it for their own asserted key witness, or if PSG supported the dismissal, that might be *natural*. But, the POM Parties seeking to exclude *their own purported key witness* that they have relied upon in paper arguments is *unnatural*.[2]

The motion to quash filed by Mr. Deluca, and effectively joined by the POM Parties, is not supported with supporting *objective* medical materials. The hearsay one-subjective-sentence neither *explains* the medical condition nor *precisely explains why* that medical condition renders Mr. Deluca "unavailable" to testify. PSG will clearly be prejudiced by the failure of Mr. Deluca to appear.

PSG prays that this Honorable Court to review the matter great scrutiny for its actual context and DENY the motion to quash.

Respectfully submitted,

s/Gregg R. Zegarelli
Gregg R. Zegarelli, Esq.
Pa. I.D. #52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, – p.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241-2565, USA
v.412.833.0600 f.412.833.0601
mailroom.grz@zegarelli.com

---

[2] It is noted that the POM Parties also proffered to this Honorable Court, for paper arguments, an expert witness of record, then withdrew him immediately before he would be cross-examined in deposition. [ECF 164, ECF 169]

**CERTIFICATE OF SERVICE**

I hereby certify my belief that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF System on the date set forth below.  The undersigned also served counsel for Mr. Deluca, Steven C. Townsend, Esq., at stownsend@pghlaw.com.

 February 2, 2023

                                Respectfully submitted,

                                s/Gregg R. Zegarelli
                                Gregg R. Zegarelli, Esq.
                                Pa. I.D. #52717

                                TECHNOLOGY & ENTREPRENEURIAL
                                 VENTURES LAW GROUP, – p.C.
                                2585 Washington Road, Suite 134
                                Summerfield Commons Office Park
                                Pittsburgh, PA 15241-2565, USA
                                v.412.833.0600 f.412.833.0601
                                mailroom.grz@zegarelli.com