**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WESTERN PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | CIVIL ACTION NO. 2:18-CV-00722-PLD |
| | CONSOLIDATED |
| Plaintiffs/Counterclaim Defendants, | The Honorable Patricia L. Dodge |
| v. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Defendant/Counterclaim Plaintiff. | |

**POM PARTIES' SUPPLEMENTAL TRIAL BRIEF**

Plaintiffs and Counterclaim Defendants POM of Pennsylvania, LLC ("POM"), Savvy

Dog Systems, LLC ("Savvy Dog"), Pace-O-Matic, Inc. ("Pace"), and Miele Manufacturing, Inc.

("Miele") (together, the "POM Parties"), by and through their undersigned counsel, hereby

submit the following supplemental trial brief, the purpose of which is to provide the Court

guidance on issues recently raised by Pennsylvania Skill Games, LLC ("PSG") during the

charging conference held on February 21, 2023.

**INTRODUCTION**

PSG, on the night before closings, is asserting argument that certain agreements

involving Pace, POM of Pennsylvania, and Savvy Dog require judicial scrutiny on some claim

that an "assignment" of the trademarks is invalid due to timing between incorporation and a

written agreement.

This argument is baseless. Not only has PSG failed to offer any authority on its argument

and instead is again throwing out allegations for the parties and the court to scramble over at the

last second, its basis is flawed due to its *own* lack of standing. PSG is not a third party that seeks to hold, for example, a promoter, liable for acts occurring before a corporation is formed. It cannot raise any basis to challenge the internal corporate transactions among the POM Parties in the hopes that it changes claims that have been litigated for approximately five years. PSG cannot and has not raised how it is aggrieved regarding corporate transactions that occurred approximately 1.5 years before this lawsuit was filed, especially when PSG has dealt with POM of Pennsylvania as a corporation *by filing suit against it*. Also, PSG has had information regarding the corporate structure of the POM Parties since February 2020 when it filed its Motion for Joinder.

After a week of testimony, after which PSG may have met the bare minimum threshold to avoid judgment as a matter of law, it now seeks to trigger a technicality that exposes its own lack of standing.

## ARGUMENT

I.   **The POM Parties have ratified any pre-organization documents through conduct, and the doctrines of estoppel or *de facto* organization stand in opposition to PSG's arguments.**

Michael Pace testified that the intent of the assignments and transfers set forth in Exhibits 17 through 20 was to consolidate the intellectual property into Savvy Dog and allow the state-specific entities to use them. See 2/14/2023 Transcript, pp. 16:16 – 20:15. This includes the PENNSYLVANIA SKILL mark. Indeed, the PENNSYLVANIA SKILL word and design marks both are expressly referenced in Exhibit 19. See Id. Apparently, POM of Pennsylvania, LLC was not created until several months later – to the practical disadvantage or detriment of no one, not even PSG – but there is no question that Savvy Dog was incorporated in 2016. Even if POM of Pennsylvania was incorporated at a later date than January 1, 2017 when Exhibits 17 through 20

2

were executed, it does not change the reality that: (1) Savvy Dog has a valid assignment that included goodwill; (2) POM of Pennsylvania, LLC was ultimately organized and conducted business with Pace and Savvy Dog; (3) it was Pace's stated intention to effect and act upon the aforementioned agreements; (4) the lawsuit was filed after POM of Pennsylvania was incorporated. Further, the IP Fee Agreement between Savvy Dog and POM of Pennsylvania clearly established a right to use all IP for the Pennsylvania market.

There should be no question that Pace and Savvy Dog ratified the later organization of POM of Pennsylvania and the applicability of the IP Fee Agreement and the Pace "successor" agreement. The parties have continued to operate side by side. They have submitted financials together in the form of summaries that all were testified to jointly by Dan Jones. Michael Pace testified on behalf of all entities at trial. And, there can be no greater ratification of the intentions of POM, Pace, and Savvy Dog than the conduct in this trial. Pace clearly agreed to have POM of Pennsylvania assert claims in this suit and Savvy Dog served as a co-party asserting and defending similar claims. Nothing else need be done.

The ratification becomes even more crystal clear when considering that the lawsuit in this case was filed in May of 2018 and the eventual organization of POM of Pennsylvania occurred in the summer/fall of 2017.

PSG's argument fails based upon the doctrine of corporate estoppel and *de facto* corporation. Generally, under the doctrine of corporation by estoppel, "one who contracts and deals with an entity as a corporation thereby ***admits that the entity is a corporation*** and is estopped to deny its incorporation in an action arising out of the contract or course of dealing." Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc., 59 F.Supp.2d 398, 405

(D.N.J. 1999) (emphasis added). Indeed, PSG dealt with POM of Pennsylvania as a limited liability company by filing suit against it. PSG cannot have it both ways.

The doctrine is well-recognized by the State of Georgia, whose laws govern the agreements set forth in Exhibits 18, 19, and 20. Under Georgia law, "[t]he existence of a corporation claiming a charter under color of law cannot be collaterally attacked by persons who have dealt with it as a corporation. Such persons are estopped from denying its corporate existence." GA Code § 14-5-4 (2021); See also Wright Co. v. Saul, 120 S.E. 23 (Ga. Ct. App. 1923) ("[a] corporation is a *de facto* corporation where there is a law authorizing such a corporation and where the company has made an effort to organize under the law and is transacting business in a corporate name."); Elizabeth S. Miller, Are the Courts Developing a Unique Theory of Limited Liability Companies or Simply Borrowing From Other Forms? 42 Suffolk U.L. Rev. 617, 631 n. 67 (2009) ("Courts have consistently borrowed principles developed in the corporate context regarding de facto incorporation, corporation by estoppel, and promoter liability in cases that involve transactions in the LLC name prior to the filing of the articles of organization."). More importantly, "[a]fter a contract entered into by a corporation has been performed by either of the contracting parties, the fact that the making of the contract involved an unauthorized exercise of corporate power on the part of the company will not constitute a defense to an action brought by the party having performed the contract to recover compensation for a breach of the contract by the other party." Flatauer Fixture & Sales Corp. v. Garcia & Assocs., 109 S.E.2d 818 (Ga. Ct. App. 1959). While not directly on point, this case certainly stands for the proposition that the "timing" issue raised by PSG is a technicality of no moment.

4

Ultimately, as held by the Supreme Court in <u>Lexmark Intern., Inc. v. Static Control Components, Inc.</u>, the issue of "statutory standing" is not a question of federal court subject matter jurisdiction. 572 U.S. 118, 128 n.4 (2014). Rather, it is an issue of whether there is pleaded and proven a viable statutory cause of action. <u>Id.</u>; <u>McCarthy on Trademarks and Unfair Competition</u> § 32.3.50 (5th Ed.). **Stated differently, the proper procedural device to challenge "statutory standing" is a Rule 12(b)(6) motion to dismiss for failure to state a claim.** <u>See</u> <u>Id.</u>[1]

## II. PSG has failed to offer evidence that Pennsylvania Skill Games, LLC is an assignee of its own alleged mark.

Despite its pretrial claims, PSG offered zero evidence that it was assigned the PENNSYLVANIA SKILL trademark from Albert Unis Affiliates, Aliquippa Industrial Partk, Inc., or any alleged sole proprietorship called "Pennsylvania Skill Games." Albert Unis, III offered zero testimony that this alleged "mark" was transferred, licensed, or otherwise along with goodwill. There are no agreements of record to support the contention of such an assignment.

Therefore, PSG has failed to articulate a basis to even make its own trademark claim, as its entire case is based upon prior usage by a "predecessor," which in turn gave those rights to Pennsylvania Skill Games, LLC. Therefore, it is PSG, not POM of Pennsylvania, whose ability to raise a trademark claim should be challenged. Notably, only the POM Parties have raised the defense of standing.

---

[1] Section 43(a) of the Lanham Act provides that a person who violates the prohibitions set forth in § 1125(a) shall be liable in a civil action "by any person who believes that he or she is or is likely to be damaged" by an act in violation of § 43(a). Accordingly, a non-owner of a mark may have standing to sue in federal court under the Lanham Act. <u>See</u> <u>Belmora LLC v. Bayer Consumer Care AG</u>, 819 F.3d 697 (4th Cir. 2016) (holding that to have standing to sue under Lanham Act § 43(a) under either the false association or false advertising prong, plaintiff need not have made use of its mark in the United States).

**III.    PSG cannot avoid the fact that Pace-O-Matic's assignment to Savvy Dog is valid.**

Although Pace-O-Matic's assignment to Savvy Dog is in writing, it is worth nothing that the Lanham Act only requires that assignments of federally registered marks be in writing. 15 U.S.C.A. § 1060; Doeblers' Pennsylvania Hybrids, Inc. v. Doebler, 442 F.3d 812, 823 (3d Cir. 2006). As such, "nonregistered trademarks (so-called 'common law' trademarks) can be transferred via oral contract." I.M. Wilson, Inc. v. Otvetstvennostyou "Grichko", No. 18-5194, 2022 WL 2703618 at *8 (E.D. Pa. July 12, 2022).

Should this Court find the assignment between Savvy Dog and POM of Pennsylvania to be invalid based upon POM of Pennsylvania's corporate existence at the time, such assignment may alternatively still be valid when "there exists clear and uncontradicted oral testimony of a person in a position to have actual knowledge." Doebler, 442 F.3d 812 at 822; See generally 2/14/2023 Transcript, pp. 16:16 – 22:12. Even if still insufficient, rights to the PENNSYLVANIA SKILL mark would revert back to Savvy Dog where they would reside unless abandoned through Savvy Dog's non-use. interState Net Bank v. NetB@nk, Inc., 348 F. Supp. 2d 340, 352, 77 U.S.P.Q.2d 1015 (D.N.J. 2004). PSG however has failed to plead to the affirmative defense of abandonment. See generally ECF 30.

## **CONCLUSION**

For the above stated reasons, the POM Parties respectfully request that this Honorable Court ignore PSG's last-ditch attempt to resurrect its failed invalid assignment claim. To the extent this Court remains unclear as to whether POM of Pennsylvania has an ownership interest in the PENNSYLVANIA SKILL mark, the POM parties suggest that this Court look no further than Pace-O-Matic's conduct allowing both Savvy Dog and POM of Pennsylvania to claim and assert trademark rights on its behalf.

Respectfully submitted,

Dated:  February 21, 2023

SPILMAN THOMAS & BATTLE, PLLC

By:/s/ Jonathan A. Deasy
    Jonathan A. Deasy
    Pa. Id. No. 327496
    One Oxford Centre, Suite 3440
    301 Grant Street
    Pittsburgh, PA  15219
    T:  (412) 325-3306
    F:  (412) 325-3324
    E:  jdeasy@spilmanlaw.com

**Attorneys for Pace-O-Matic, Inc., Miele Manufacturing, Inc., POM of Pennsylvania, LLC, and Savvy Dog Systems, LLC**

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

POM OF PENNSYLVANIA, LLC, t/d/b/a
PACE-O-MATIC, and SAVVY DOG
SYSTEMS, LLC,

                Plaintiffs/Counterclaim
                Defendants,

           v.

PENNSYLVANIA SKILL GAMES, LLC,

                Defendant/Counterclaim
                Plaintiff.

CIVIL ACTION NO. 2:18-CV-00722-PLD

CONSOLIDATED

The Honorable Patricia L. Dodge

**CERTIFICATE OF SERVICE**

I, Jonathan A. Deasy, counsel for POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic, Savvy

Dog Systems, LLC, Pace-O-Matic, Inc. and Miele Manufacturing, Inc., do hereby certify that on

the 21st day of February, 2023, I served the foregoing **POM Parties' Supplemental Trial Brief**

to counsel of record via the Court's CM/ECF System:

Via email to mailroom.grz@zegarelli.com

Gregg R. Zegarelli, Esquire
Technology & Entrepreneurial
Ventures Law Group, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA  15241-2565

**Counsel for Pennsylvania Skill Games, LLC**

SPILMAN THOMAS & BATTLE, PLLC

By:  /s/ Jonathan A. Deasy
       Jonathan A. Deasy