IN THE UNITED STATES DISTRICT COURT
                FOR THE WESTERN DISTRICT OF PENNSYLVANIA


        POM of PENNSYLVANIA, LLC,
        et al.,

                        Plaintiffs,    Civil Action No. 18-722
              vs.

        PENNSYLVANIA SKILL GAMES,
        LLC,

                        Defendant.

                                - - -


        Transcript of Jury Trial on February 24, 2023, United
        States District Court, Pittsburgh, Pennsylvania,
        BEFORE:  Judge Patricia L. Dodge, Magistrate Judge.


     APPEARANCES:

      For the Plaintiffs:      Julian E. Neiser, Esquire
                               Jonathan Deasy, Esquire
                               SPILMAN, THOMAS & BATTLE, PLLC
                               301 Grant Street
                               Suite 3440
                               One Oxford Centre
                               Pittsburgh, Pennsylvania 15219

      For the Defendant:       Gregg R. Zegarelli, Esquire
                               Technology & Entrepreneurial Ventures
                               Law Group
                               2585 Washington Road, Suite 134
                               Summerfield Commons Office Park
                               Pittsburgh, Pennsylvania 15241

      Court Reporter:          Sharon Siatkowski, RMR, CRR, CBC, CRI
                               700 Grant Street, Ste. 6260
                               Pittsburgh, Pennsylvania 15219


Proceedings recorded by mechanical stenography;
transcript produced by computer-aided transcription

P R O C E E D I N G S

- - -

(Whereupon, the following discussion was held in chambers.)

THE COURT:  We received a question from the jurors that I'm going to quote, and then certainly counsel can see it. But as I noted off the record, our copy machine is currently down.

The question reads as follows:  Quote, "Are we able to see the transcript of Albert Unis IV testimony, please?" close quote.

When we received this question, I advised my courtroom deputy to tell them that we would bring counsel in to discuss it, but to the extent that they could continue deliberations, they should.

About ten minutes later, we received the following: Quote, "We would like to withdrawal our request for Albert Unis IV testimony," close quote.

So let me show both of you copies so you can see them.

Before we address this, I certainly want to give you the opportunity to think about it.

MR. ZEGARELLI:  But, Your Honor, is there a question before us at this point?  It sounds like they had the question and then they withdrew the question.

THE COURT:  They have withdrawn it.  I think I want to

make sure that both counsel are comfortable that, because they're withdrawing it, there's nothing further that we need to communicate to them.

MR. NEISER:  I don't see any need to do anything, Your Honor.

MR. ZEGARELLI:  Nor do I, Your Honor.

THE COURT:  Okay.  Then what I'm going to do -- of course, these will both be in the record.  We'll docket these after the trial.

MR. NEISER:  Sure.

THE COURT:  What I would suggest is, on the second one that says they are withdrawing their request, I'd just say, "Thank you.  Please continue your deliberations."  And at least we've said something back to them.

So I'm going to write that in right now and let you see it, just to make sure that you know exactly what's going back to them.

MR. NEISER:  Sure.

THE COURT:  What I have written in the second question withdrawal is:  "Thank you.  Please continue your deliberations."  And I signed my name.

MR. ZEGARELLI:  Works for PSG, Your Honor.

MR. NEISER:  That's fine.

THE COURT:  Off the record.

(Off-the-record discussion.)

THE COURT:  Back on the record for a moment.  While we were off the record, we discussed the fact that the parties agree that the other's expert can be present during the opposing party's expert testimony.  And since Mr. Zegarelli's expert is not local, we will make whatever arrangements are necessary for him to be able to listen to the testimony of Mr. Krieger.

MR. ZEGARELLI:  Thank you, Your Honor.

THE COURT:  Acceptable to everybody?

MR. ZEGARELLI:  Yes.

MR. NEISER:  It is, Your Honor.

(Whereupon, in chambers session ended.)

(Whereupon, a recess was taken.)

THE COURT:  We have been advised that the jury has reached a verdict.  Ms. Kim will now retrieve the jury and have them resume their seats in the jury box.

(Pause as the jury enters courtroom.)

THE COURT:  Please be seated.  Members of the jury.  Who is the foreperson of the jury?  Would you please rise.

Has the jury reached a unanimous verdict?

THE FOREPERSON:  We have, Your Honor.

THE COURT:  Please hand the envelope to Ms. Kim, and she in turn will hand it to me.  Thank you.  You can be seated.

THE FOREPERSON:  Thank you, Your Honor.

THE COURT:  Counsel, you can be seated.  I'm sorry.

MR. NEISER:  Thank you, Your Honor.

THE COURT:  I apologize.

All right.  The verdict will now be published.  That means, ladies and gentlemen, it will be read in open court by Ms. Kim.  Please pay close attention to the reading of the verdict.  Ms. Kim.

THE CLERK:  And now, this 24 day of February, 2023, the jury empaneled in Civil Action No. 18-722, POM of Pennsylvania, LLC, trading and doing business as Pace-O-Matic, and Savvy Dog Systems, LLC, vs. Pennsylvania Skill Games, LLC, returns the following verdict:

Question Number 1:  Has any party established by a preponderance of the evidence that the Pennsylvania Skill "word" trademark is valid and has acquired a secondary meaning in the marketplace through their efforts?

Response:  Yes.

Question Number 2:  Who has established by a preponderance of the evidence that the Pennsylvania Skill "word" trademark is valid and has acquired a secondary meaning in the marketplace through their efforts?

Response:  POM of Pennsylvania, LLC, and Savvy Dog Systems, LLC.

Question Number 3:  Have POM of Pennsylvania, LLC, and Savvy Dog Systems, LLC, established by a preponderance of the evidence that Pennsylvania Skill Games, LLC, infringed the Pennsylvania Skill "word" trademark under federal law, the

Pennsylvania Trademark Act, and Pennsylvania common law?

Response: Yes.

Question Number 4: Have POM of Pennsylvania, LLC, and Savvy Dog Systems, LLC, established by a preponderance of the evidence that the Pennsylvania Skill Games, LLC, willfully infringed on the Pennsylvania Skill "word" trademark?

Response: Yes.

Question Number 9: Has any party established by a preponderance of the evidence that the Pennsylvania Skill "design" trademark is valid and is inherently distinctive or has acquired a secondary meaning in the marketplace through their efforts?

Response: Yes.

Question Number 10: Who has established by a preponderance of the evidence that the Pennsylvania Skill "design" trademark is valid and is either inherently distinctive or has acquired a secondary meaning in the marketplace through their efforts?

Response: POM of Pennsylvania, LLC, and Savvy Dog Systems, LLC.

Question Number 11: Have POM of Pennsylvania, LLC, and Savvy Dog Systems, LLC, established by a preponderance of the evidence that Pennsylvania Skill Games, LLC, infringed the Pennsylvania Skill "design" trademark under federal law, the Pennsylvania Trademark Act, and Pennsylvania common law?

Response:  Yes.

Question 12:  Have POM of Pennsylvania, LLC, and Savvy Dog Systems, LLC, established by a preponderance of the evidence that the Pennsylvania Skill Games, LLC, willfully infringed on the Pennsylvania Skill "design" trademark?

Response:  Yes.

Question Number 17:  Has Pennsylvania Skill Games, LLC, established by a preponderance of the evidence that POM of Pennsylvania, LLC, Savvy Dog Systems, LLC, Pace-O-Matic, Inc., or Miele Manufacturing, Inc., engaged in unfair competition?

Response:  No.

Question Number 19:  Has Pennsylvania Skill Games, LLC, established by a preponderance of the evidence that POM of Pennsylvania, LLC, Savvy Dog Systems, LLC, Pace-O-Matic, Inc., or Miele Manufacturing, Inc., engaged in false advertising?

Response:  No.

Question Number 21:  Is the Equipment Purchase Agreement still in effect today?

Response:  Yes.

Question Number 23:  Has Pennsylvania Skill Games, LLC, established by a preponderance of the evidence that Pace-O-Matic, Inc., Miele Manufacturing, Inc., or POM of Pennsylvania, LLC, breached the Equipment Purchase Agreement?

Response:  No.

THE COURT:  Thank you, Ms. Kim.  Does either party

wish to have the jury polled?

MR. NEISER:  We do not, Your Honor.

MR. ZEGARELLI:  No, Your Honor.

THE COURT:  All right.  Thank you very much.

Mr. Foreperson, does the verdict, as read, represent your verdict?

THE FOREPERSON:  Yes, it does, Your Honor.

THE COURT:  All right.  Thank you very much.

Ms. Kim certainly will file and record the verdict.

May I see counsel very briefly at sidebar?

MR. NEISER:  Yes, Your Honor.

(Whereupon, sidebar conference held:)

THE COURT:  Unless counsel disagrees, I feel this is the appropriate time to dismiss the jury.

MR. NEISER:  Yes.

MR. ZEGARELLI:  When you say "dismiss the jury," are you saying there are no other matters remaining?

THE COURT:  Yes.

MR. ZEGARELLI:  I think that's right, Your Honor.

THE COURT:  I think any other matter that would be remaining is not for the jury but for the Court.

MR. NEISER:  Agree.

THE COURT:  But I wanted to make sure everyone agreed with that before we proceeded.

MR. ZEGARELLI:  Thank you, Your Honor.

THE COURT:  Thank you.

(Whereupon, sidebar conference concluded.)

THE COURT:  Ladies and gentlemen of the jury, your work is now concluded.  Before you leave, I want to express on behalf of myself, on behalf of counsel, and on behalf of their parties our sincere appreciation for your efforts in this case.

As I told you at the beginning of this case, other than serving in the military, service as a juror is the highest civic duty that a citizen can perform.  Without your willingness to give your full and undivided attention to the matters before the Court, justice cannot be done.  That justice must be done in every case is, in essence, our democratic form of government.

You are now discharged.  I hope that despite any obstacles this trial may have caused to you, including an interruption of your personal and professional obligations, your experience has been a rewarding one.  Again, we thank you for your service.

I'm going to take a few minutes to speak to you informally in the jury room.  After that time, you may, if you choose to do so, talk with the lawyers.  You do not have to talk to the lawyers.  That's totally up to you.  But I would like to take a few minutes just to talk to you privately and thank you personally.

So, Ms. Kim, at this point, if you could escort the jury back to the jury room to collect their belongings, and you

are discharged.  Thank you.

(Pause as the jury exits courtroom.)

(Whereupon, the following discussion was held in chambers.)

THE COURT:  I'm happy to discuss further events today, but I wonder if the parties want to have an opportunity to discuss how we best proceed, and then we can schedule a status conference do that at some later point.

MR. NEISER:  We do, Your Honor.  I think that would be helpful so everybody can process, just so we can make sure that we're communicating what we think is the next step, or requests, Your Honor.  One, we do have injunctive relief, and we'd ask for the imposition of a final injunction.

Number two, we have a number of requests that we've set forth in our prayer of relief with respect to the declaratory judgment.

There's a little bit of a conflict because the jury award held that the contract was continuing.  We are going -- we want to make it very clear on the record here, and I can do it in a letter to Mr. Zegarelli today, that the contract is over, terminated, unequivocally done, just as belt and suspenders.  But we would ask for that to be stated as of a certain date by -- as a declaratory judgment, and that was one of the requests that he we had.

Mechanically, I'm not sure how that works, but we want this to be over, final and done, and not get a lawsuit in two

weeks that tries to start the entire thing over again.

THE COURT:  I understand.  Would you like some time to process everything because I -- I think on the heels of all of this work sometimes everybody needs to think about their next steps.  My suggestion would be, subject to both parties, is that perhaps, since we know we had days next week reserved for the trial, that we convene on one of those dates, perhaps on Tuesday, and just talk about how the parties wish to proceed from here.

MR. ZEGARELLI:  I think -- taking the hit that is necessary to take, I think probably would use Monday, if you presuppose that, to talk to Mr. Neiser about how we might try to resolve the things that you would otherwise rule upon as a matter of efficiency.

But I'm fine with a Tuesday conference, either way, of course.

THE COURT:  I'm happy to give you more time, and I do think it's a good idea for the parties to talk and see if you agree on a framework, anything that potentially could be resolved or agreed to.  And if you need more time than just doing it on Monday, I'm happy to give you that time.

So I think it's more a matter of -- I think the parties should talk soon.  We can reconvene, I think, just by -- frankly, by telephone, unless -- I'm happy to see all of you, but we can do that on Tuesday to see where things stand and

whether you need more time to talk.

MR. NEISER:  I think scheduling a telephonic conference Tuesday would probably be helpful just to make sure we're staying on task.

THE COURT:  Any objection to that?

MR. ZEGARELLI:  No objection, Your Honor.

THE COURT:  Then what we'll do is defer any further discussion at this point.  We'll schedule something -- I'm thinking probably 9:30 on Tuesday.  If that ends up being a problem, please let me know.  Or if you need more time to talk, all you have to do is give us a call and let us know that you need some more time to talk, and we'll put it off, pending further discussions.

If you're done with discussions and I don't hear from you, we'll talk on Tuesday by telephone, and we'll go from there.

MR. NEISER:  Thank you, Your Honor.  Thank you for everything and your team and their diligence and their effort, after hours.  It's been a privilege.

MR. ZEGARELLI:  Yes, thank you, Your Honor.

THE COURT:  I want to thank all of you for your courtesy, your professionalism.  I know this has been a long and hard-fought case.  And, all of you, I commend you, and I commend you and your team for your efforts in assisting me to understand what the issues are and your professionalism throughout.  So

thank you all very much.

MR. ZEGARELLI:  Thank you, Your Honor.

THE COURT:  All right.  Then let's reconvene on Tuesday unless I hear from you.  And we'll talk then.

MR. ZEGARELLI:  Thank you, Your Honor.

THE COURT:  Thank you.

(Whereupon, the above-entitled jury trial was concluded at 10:40 a.m.)

- - -

**I N D E X**

**Proceeding**                                                                                    **Page**

  Jury Questions                                                                          2
  Verdict                                                                                     5

**C E R T I F I C A T E**


        I, SHARON SIATKOWSKI, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

s/Sharon Siatkowski
SHARON SIATKOWSKI, RMR, CRR, CBC, CRI
Official Court Reporter