**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WESTERN PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | CIVIL ACTION NO. 2:18-CV-00722-PLD |
| | CONSOLIDATED |
| Plaintiffs/Counterclaim Defendants, | The Honorable Patricia L. Dodge |
| v. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Defendant/Counterclaim Plaintiff. | |

**POM PARTIES OMNIBUS**
**POST-TRIAL MOTION FOR EQUITABLE RELIEF**

AND NOW COMES Pace-O-Matic, Inc. ("Pace"), POM of Pennsylvania, LLC ("POM"),

Savvy Dog Systems, LLC ("Savvy Dog"), and Miele Manufacturing, Inc. ("Miele") (hereinafter

referred to as the "POM Parties"), by and through their undersigned counsel and pursuant to the

Court's Amended Order [ECF 340], files this Motion setting forth the POM Parties' requested

equitable relief in light of the jury verdict rendered on Friday, February 24, 2023.

**INTRODUCTION**

Pursuant to Federal Rules of Civil Procedure ("FRCP") 54(d) and 65, 15 U.S.C. §§ 1116-

1119, 54 Pa.C.S.A. § 1125(a), and LCvR 54, the POM Parties seek equitable relief as set forth in

detail below:

**RELIEF SOUGHT**

I.    **Imposition of Preliminary Injunction**

1.    The POM Parties seek relief in the form of a preliminary injunction pursuant to 15

U.S.C. § 1116, Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700 (3d Cir. 2004), and Novartis

Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co., 290 F.3d 578 (3d Cir. 2002) prior to the entry of a final judgment in this matter.

2.    The purpose of a preliminary injunction "is to maintain the *status quo*, defined as the last, peaceable, non-contested status of the parties." Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187,197 (3d Cir. 1990).

3.    While the POM Parties have succeeded at trial, permanent injunctive relief will not likely be entered within the immediate future given the number of issues that remain at this time.

4.    Despite PSG's representations (through counsel only) that it has removed all infringing marks, to date, no proof of same has been provided.

5.    Therefore, in order truly to preserve the *status quo*, the POM Parties request that this Court immediately enjoin PSG, its respective representatives, and all those persons or entities in privity with or in active participation with it from using the PENNSYLVANIA SKILL word or design mark, as set forth more fully in the Proposed Preliminary Injunction Order (attached hereto as **Exhibit A** and incorporated herein).

6.    Additionally, the jury in this matter found PSG willfully infringed on both the PENNSYLVANIA SKILL word and design marks.

7.    Considering the willful nature of PSG's trademark infringement under both Pennsylvania and federal law, it is further requested that this Court require proof of compliance with the injunction to be filed, as set forth in **Exhibit A.**

8.    Finally, the POM Parties request that this Court either dispense with the security requirement altogether or enter a bond in a nominal amount pursuant to FRCP 65(c). See Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 426 (3d Cir. 2010) (observing the

amount of the bond is left to the discretion of the court, but is not required "when complying with the preliminary injunction raises no risk of monetary loss to the defendant.").

## II.    Imposition of Permanent Injunction

9.    Pursuant to 15 U.S.C. § 1116 and FRCP 65, the POM Parties request that this preliminary injunction be immediately converted to a permanent injunction following the entry of a final judgment in this matter.[1]

10.    However, the permanent injunction, which should include the relief set forth in Proposed Permanent Injunction Order (attached hereto as **Exhibit B** and incorporated herein) should be more extensive and reflect matters resolved within a final judgment, to include:

    a.    Cessation of use of the business name Pennsylvania Skill Games, LLC;

    b.    Transfer of the domain name www.pennsylvaniaskillgames.com to POM of Pennsylvania, LLC/Savvy Dog Systems, LLC;

    c.    Cancellation of the PENNSYLVANIA SKILL word mark existing on the supplemental register at Reg. No. 5,887,224;

    d.    Withdrawal or abandonment of all pending trademark applications involving the PENNSYLVANIA SKILL word or design mark, including any actions, proceedings, or appeals pending before the United States Patent and Trademark Office ("USPTO") or Trademark Trial and Appeal Board ("TTAB").

11.    "The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success." Ferring Pharmaceuticals, Inc. v. Watson Pharmaceuticals,

---

[1] If necessary, the POM Parties are prepared to seek leave to amend its pleadings to conform with its request for relief.

Inc., 765 F.3d 205, 215 n. 9 (3d Cir. 2014) (quoting Amoco Prod. Co. v. Vill. of Gambell, Alaska, 480 U.S. 531, 546 n. 12 (1987)).

12.    Accordingly, to avoid the "needless duplication of proceedings," this Court should convert the preliminary injunction into a permanent injunction without holding a trial on the merits. Penn Cent. Corp. v. U.S.R.R. Vest Corp., 995 F.2d 1158, 1164 (7th Cir. 1992); See William v. Curtiss-Wright Corp., 681 F.2d 161, 163 (3d Cir. 1982) ("a court may issue an injunction without a hearing if the evidence submitted by both sides does not leave unresolved any relevant factual issue.").

### III.    Disgorgement of Profits

13.    All or some of PSG's profits should be disgorged in favor of the POM Parties pursuant to 15 U.S.C. § 1117(a) and/or 54 Pa.C.S.A. § 1125(a), Banjo Buddies, Inc. v. Renosky, 399 F.3d 168 (3d Cir. 2005), Covertech Fabricating, Inc. v. TVM Bldg. Prods., Inc., 855 F.3d 163 (3d Cir. 2017), and Marshak v. Treadwell, 595 F.3d 478 (3d Cir. 2009).

14.    Generally, a court may award profits to prevent the defendant's unjust enrichment, deter future misconduct or infringement, or compensate the plaintiff, regardless of proof or loss. Banjo Buddies, Inc., 399 F.3d at 178.

15.    Proof of actual damages is not necessary. Marshak, 595 F.3d at 495. To justify an award of profits, plaintiffs need only show that disgorgement is necessary to deter infringement, prevent unjust enrichment, or compensate plaintiff. See Id.; Banjo Buddies, Inc., 399 F.3d at 178 ("These are stated disjunctively; any one will do.").

16.    The disgorgement amount should be in excess of $565,069.05 as identified in PSG's Declaration of Gross Revenue incorporated within its Response to the USPTO's Rejection of Trademark Application No. 87856441. See Trial Exhibit 33.

17.    PSG has provided certain of its financial information, but it has failed to update those data in accordance with FRCP 26.[2]

18.    Ultimately, however, the calculation of PSG's profits is left to a court's discretion, and will not be disturbed unless "it rests on clearly erroneous findings of fact, incorrect legal standards, or a meaningful error in judgment." Banjo Buddies, 399 F.3d at 176; See also Covertech Fabricating, Inc., 855 F.3d at 177 ("where a district court endeavors to calculate damages under the Lanham Act on the basis of the defendant's profits … it must ground its estimate in the record—e.g., business records, credible witness testimony, expert testimony, or industry data—in order to pass muster as a reasonable estimate and an appropriate exercise of discretion.").

19.    Considering this Court's discretion, the POM Parties are prepared to establish their burden favoring disgorgement in any manner deemed appropriate by this Court, whether in the form of findings of fact and conclusions of law or at a later-scheduled hearing. It is the POM Parties' preference to schedule a one-day hearing. See ECF 251 ("The determination of the entitlement of Pennsylvania Skill Games to unjust enrichment disgorgement damages under the Lanham Act will be resolved by the Court, not by the jury.").

20.    Alternatively, the POM Parties are prepared to present this request to a master as FRCP 53(a)(1)(B)(ii) permits the appointment of a master "to perform an accounting or resolve a difficult computation of damages."

---

[2] Contemporaneously with this filing, the POM Parties plan to submit a letter to PSG requesting that it supplement its production of documents to include updated financial records, balance sheets, profits and loss statements, and tax returns.

**IV.    Trebling of Damages (and Enhancement of Profit Disgorgement)**

21.    Any award of PSG's profits should be enhanced under 15 U.S.C. § 1117(a) and/or trebled under 54 Pa.C.S.A. § 1125(a).

22.    15 U.S.C. § 1117(a) provides, in pertinent part, that "[i]f the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case."

23.    54 Pa.C.S.A. § 1125(a) similarly provides: "[t]he court, in its discretion, may enter judgment for an amount not to exceed three times such profits and damages and/or reasonable attorney fees of the prevailing party in such cases where the court finds the other party committed such wrongful acts with knowledge or in bad faith or otherwise as according to the circumstances of the case."

24.    Enhanced monetary relief generally is limited to cases comparable to the matter at hand, i.e. where the defendant willfully infringed the plaintiff's mark. See Citizen Financial Group, Inc. v. Citizens Nat. Bank of Evans City, No. 01-1524, 2003 WL 24010950 at *17 n. 8 (W.D. Pa. April 23, 2003) ("willful infringement provides usual basis for enhancing profit award.").

25.    Here, the jury found PSG willfully infringed on both the PENNSYLVANIA SKILL word and design marks. At trial, 16 discreet violations were offered as evidence without contradiction or challenge by witness Chris O'Bier. Subsequently, counsel for PSG has suggested approximately 20 machines have been "rebranded."

26.     It also should be noted that, while PSG was obligated to identify each and every machine in its possession, to include photographs of same, approximately 40 machines are unaccounted for.

27.     The POM Parties maintain PSG should be required to identify each and every machine, to include photographs of their branding and locations.

28.     Therefore, considering the jury's willful infringement findings, the POM Parties request that this Court enhance any profits award to an amount deemed just under 15 U.S.C. § 1117(a) and/or treble this award up to three times the amount under 54 Pa.C.S.A. § 1125(a).

## V.     **Declaratory Relief**

29.     The Declaratory Judgment Act  empowers district courts to "declare the rights and other legal relations of any interested party seeking such declarations." J&D Home Improvement, Inc. v. Basement Doctor, Inc., 90 Fed.Appx. 616, 619 (3d Cir. 2004) (citing 28 U.S.C. § 2201(a)).

30.     Pursuant to 28 U.S.C. § 2201(a), the POM Parties seek entry of a declaratory order providing as follows:

    a.  Any contract or agreement entered into between the parties, including the Equipment Purchase Agreement, was terminated by the POM Parties following notice to PSG on February 24, 2023, which appears on the docket at ECF No. 336;

    b.  Savvy Dog Systems, LLC and POM of Pennsylvania, LLC are the owners of the PENNSYLVANIA SKILL word and design mark, which are both valid and have established a secondary meaning in the market place;

c.   The USPTO shall register the PENNSYLVANIA SKILL word and design mark, as set forth in Savvy Dog Systems, LLC's trademark applications at Nos. 87941545 and 87941440, in accordance with 15 U.S.C. § 1119; See Tillamook Country Smoker, Inc. v. Tillamook County Creamery Ass'n., 333 F.Supp.2d 975, 980 (D. Or. 2004), aff'd, 465 F.3d 1102, 1112 (9th Cir. 2006) ("While the Act does not expressly allow a court to order registration of an unregistered mark … courts generally presume that the statute confers such authority."); McCarthy on Trademarks, § 30:113:50 (5th Ed.) ("A federal court can determine the registrability of an as-yet-unregistered mark in a lawsuit in which a different registered mark is involved if there is a sufficiently close nexus or relationship between the marks and issues in the pending application and those in the federal court dispute involving the registered mark.") (citations omitted);

d.   The USPTO shall cancel the PENNSYLVANIA SKILL word mark as registered by PSG on the supplemental register at Reg. No. 5,887,224 in accordance with 15 U.S.C. § 1119; See Gracie v. Gracie, 217 F.3d 1060 (9th Cir. 2000) (holding that when a jury finds that a party does not have a valid trademark in a designation, it is error for the trial court judge to refuse to cancel that party's trademark registration for the designation);

e.   PSG shall file a written request for abandonment or withdrawal of trademark application No. 87856442 involving the PENNSYLVANIA SKILL design mark under 37 C.F.R. § 2.68;

8

    f.   PSG shall transfer ownership of the domain name

www.pennsylvaniaskillgames.com to POM of Pennsylvania and/or Savvy

Dog Systems, LLC.

31.    Similar to the POM Parties' suggestion with respect to disgorgement, the POM Parties are prepared to submit proposed findings of fact and conclusions of law to effectuate this request for declaratory relief.

## VI.    **Attorneys' Fees**

32.    Pursuant to 15 U.S.C. § 1117(a) and/or 54 Pa.C.S.A. § 1125(a), the POM Parties are the prevailing party and therefore should be awarded reasonable attorneys' fees in accordance with Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545 (2014) and Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303 (3d Cir. 2014).

33.    The POM Parties are still evaluating fees at this time, but plan to submit the appropriate motion within 14 days after the entry of judgment in accordance with FRCP 54(d)(2).

34.    Following this submission, the POM Parties recommend this Court appoint a master under FRCP 53.[3]

## VII    **Taxation of Costs**

35.    Because the POM Parties are the prevailing party, costs for this matter should be taxed to PSG pursuant to FRCP 54(d)(1), 15 U.S.C. § 1117(a), and LCvR 54.

---

[3] It should be noted that, in related proceedings, PSG challenged the authority of the Court requiring it to contract with a third party in the administration of certain parts of the case. See PSG Response in Opposition to Motion to Stay Filed by Action Skill Games [ECF 54, 2:20-cv-01177].

36.     While there is no strict deadline for filing a bill of costs, LCvR 54(B)(2) provides that such bill "must be filed within a reasonable period of time, which should be no later than 45 days after a final judgment is entered by the District Court."

37.     Similar to its attorneys' fees, the POM Parties are currently evaluating a bill of costs at this time, but plan to submit an appropriate filing in accordance with LCvR 54.

38.     Additionally, consistent with the "exceptional case" standard governing the award of attorneys' fees under 15 U.S.C.§ 1117(a), this Court should impose upon PSG and/or its counsel the jury costs, including mileage, after 14 days-notice and a reasonable opportunity to be heard.[4] See LCvR 54(A)(1).

---

[4] A rule to show cause shall be ordered by the Court prior any such hearing inquiring into the facts underlying this sanction. LCvR 54(A)(2).

**CONCLUSION**

As indicated above, the POM Parties request relief in this matter as set forth in this motion. Depending on how this Court envisions moving forward, the POM Parties plan to submit any accompanying memorandum of law, documents cited therein including trial testimony and trial exhibits, and declarations in support of this requested relief at the appropriate time. Accordingly, the POM Parties reserve its rights to amend or supplement this motion, and any subsequent request for relief, unless ordered otherwise.

Dated: March 15, 2023                    SPILMAN THOMAS & BATTLE, PLLC

                                         By:/s/ Jonathan A. Deasy
                                            Jonathan A. Deasy
                                            Pa. Id. No. 327496
                                            One Oxford Centre, Suite 3440
                                            301 Grant Street
                                            Pittsburgh, PA  15219
                                            T:  (412) 325-3306
                                            F:  (412) 325-3324
                                            E:  jdeasy@spilmanlaw.com

                                         **Attorneys for Pace-O-Matic, Inc., Miele
                                         Manufacturing, Inc., POM of Pennsylvania,
                                         LLC, and Savvy Dog Systems, LLC**

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, t/d/b/a PACE-O-MATIC, and SAVVY DOG SYSTEMS, LLC, | CIVIL ACTION NO. 2:18-CV-00722-PLD |
| | CONSOLIDATED |
| Plaintiffs/Counterclaim Defendants, | The Honorable Patricia L. Dodge |
| v. | |
| PENNSYLVANIA SKILL GAMES, LLC, | |
| Defendant/Counterclaim Plaintiff. | |

**CERTIFICATE OF SERVICE**

I, Jonathan A. Deasy, counsel for POM of Pennsylvania, LLC t/d/b/a Pace-O-Matic, Savvy Dog Systems, LLC, Pace-O-Matic, Inc. and Miele Manufacturing, Inc., do hereby certify that on the 15th day of March, 2023, I served the foregoing **Omnibus Post-Trial Motion for Equitable Relief** to counsel of record via the Court's CM/ECF System:

Via email to mailroom.grz@zegarelli.com

Gregg R. Zegarelli, Esquire
Technology & Entrepreneurial
  Ventures Law Group, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA  15241-2565

**Counsel for Pennsylvania Skill Games, LLC**

SPILMAN THOMAS & BATTLE, PLLC

By:  /s/ Jonathan A. Deasy
    Jonathan A. Deasy