**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

POM OF PENNSYLVANIA, LLC, d/b/a )
PACE-O-MATIC and SAVVY DOG )
SYSTEMS, LLC, )
       )
       )   2:18-CV-722-PLD
       )
   Plaintiffs/Counterclaim Defendants, )
       )
   vs. )   CONSOLIDATED WITH
       )   2:18-CV-941-PLD
PENNSYLVANIA SKILL GAMES, LLC, )
       )
       )
   Defendant/Counterclaim Plaintiff. )

**ORDER PURSUANT TO 15 U.S.C. § 1119 AND 28 U.S.C. § 1338**[1]

This matter has been presented to the Court by and with the consent of POM of Pennsylvania, LLC, ("POM"), Savvy Dog Systems, LLC ("Savvy Dog"), Pace-O-Matic, Inc. ("Pace"), and Miele Manufacturing, Inc. ("Miele") (collectively, the "POM Parties") and Pennsylvania Skill Games, LLC and Albert Unis, IV (collectively, "PSG"), states as follows:

1.      The POM Parties commenced the above-captioned action (the "Litigation") against PSG in May 2018, asserting, *inter alia*, claims of trademark infringement arising out of PSG's use of the word mark "PENNSYLVANIA SKILL" and its design/combination form (collectively, the "Marks") in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 *et seq.*, Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. and Cons. Stat. Ann. § 201-1 *et seq.*, the Pennsylvania Trademark Act, 54 Pa. Stat. and Cons. Stat. Ann. § 1101 *et seq.*

---

[1] In accordance with the provisions under 28 U.S.C. § 636, the parties voluntarily consented to having a United States Magistrate Judge conduct all proceedings in this case.

2.      The Court presided over the liability phase of a jury trial involving these claims from February 13, 2023 to February 24, 2023, at which point the POM Parties obtained a jury verdict on the merits, specifically finding "PENNSYLVANIA SKILL" to have acquired distinctiveness (i.e., secondary meaning) and its stylized form to be either inherently distinctive or to have acquired distinctiveness.

3.      The consolidated proceedings comprising Cancellation No. 92073170 and Opposition No. 91254233 (Parent) pending before the United States Patent and Trademark Office (separately, the "USPTO") Trademark Trial and Appeal Board (the "Board") regarding the Marks have been suspended pending resolution of the Litigation. These proceedings involve Savvy Dog's pending and currently suspended trademark applications at Serial Nos. 87941545 and 87941440, PSG's trademark application at Serial No. 87856442, and PSG's registration on the Supplemental Register at Registration No. 5,887,224.

4.      The parties, seeking to avoid post-trial motions, hearings regarding equitable relief, and potential appeals and having agreed to resolve and settle the controversy between them on a permanent and final basis, entered into a Confidential Settlement Agreement and Release dated May 22, 2023 (the "Settlement Agreement").

Upon consent of the parties, by their attorneys and representatives, and  pursuant to the terms of the Settlement Agreement, **IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that:

1.      In accordance with the jury's findings at trial, and upon acknowledgement of the parties' agreement, this Court determines the Marks are solely, exclusively, and completely owned by POM of Pennsylvania and Savvy Dog and have acquired distinctiveness or a

secondary meaning in the marketplace. See ECF No. 332. This Court also determines that the design/combination form is inherently distinctive. See Id.

2.    This Court exercises its authority under 15 U.S.C. § 1119 and orders the USPTO to cancel the "PENNSYLVANIA SKILL" mark, as registered on the Supplemental Register by PSG at Registration No. 5,887,224 as soon as practicable within the due course of business.

3.    Within ten (10) days of the entry of this Order, PSG shall provide to the Director of the USPTO (the "Director") a Surrender of Registration for Cancellation pursuant to 15 U.S.C. § 1057(e). This document shall be prepared by the POM Parties and delivered to counsel for PSG to execute and file.

4.    Additionally, within ten (10) days of the entry of this Order, PSG shall file a written request for abandonment or withdrawal of trademark application at Serial No. 87856442 in accordance with 37 C.F.R. § 2.68. This document shall be prepared by the POM Parties and delivered to counsel for PSG to execute and file.

5.    This Court further determines, upon acknowledgment of the parties' agreement, that the marks and issues identified in Savvy Dog's trademark applications at Serial Nos. 87941545 and 87941440 are substantially identical and/or sufficiently related to the mark registered by PSG at Registration No. 5,887,224, as well as PSG's trademark application at Serial No. 87856442. Therefore, no substantial purpose is served in preventing the continued examination of the Marks set forth in Savvy Dog's trademark applications at Serial Nos. 87941545 and 87941440.

6.    For these reasons, this Court exercises its authority under 15 U.S.C. § 1119 and orders the USPTO to rectify the register accordingly as Savvy Dog has the right to continued

examination of the Marks set forth in its trademark applications at Serial Nos. 87941545 and 87941440.

7.      This Order shall provide notice to the Director that the Litigation has been terminated and that parties have waived any and all rights to appeal the entry of judgment by the Court.

8.      Accordingly, within twenty (20) days of the entry of this Order, the parties shall notify the Board of the Court's final determination in the Litigation by entry of this Order.

9.      Pursuant to its authority under 15 U.S.C. § 1119 and 28 U.S.C. § 1338, this Court hereby orders the Board, by way of the Director, to find in favor of the Plaintiff, Savvy Dog, in the consolidated proceedings comprising Cancellation No. 92073170 and Opposition No. 91254233 (Parent) and to conclude such proceedings with prejudice in accordance with this Order.

10.      All documents required to effectuate this Order shall be drafted by the POM Parties.

SO ORDERED this 25th day of July, 2023.


/s/ Patricia L Dodge
PATRICIA L DODGE
United States Magistrate Judge